Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@foley.com
tscannell@foley.com

**PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,**[1] | § | **Case No.: 20-42492** |
| | § | |
| Debtors. | § | **Joint Administration Requested** |

### MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION
### OF CHAPTER 11 CASES PURSUANT TO BANKRUTCY RULE 1015(B)

Spherature Investments LLC ("**Spherature**"), together with its affiliates identified herein, as debtors and debtors-in-possession (collectively, the "**Debtors**") hereby file this *Motion for Order Authorizing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b)* (the "**Motion**") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**") and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Texas (the "**Local Rule(s)**"). In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("**Cases**") are: Spherature Investments LLC ("**Spherature**") EIN#5471; Rovia, LLC ("**Rovia**") EIN#7705; WorldVentures Marketing Holdings, LLC ("**WV Marketing Holdings**") EIN#3846; WorldVentures Marketplace, LLC ("**WV Marketplace**") EIN#6264; WorldVentures Marketing, LLC ("**WV Marketing**") EIN#3255; WorldVentures Services, LLC ("**WV Services**") EIN#2220.

# I.
# JURISDICTION AND VENUE

1.       The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2).

2.       Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

# II.
# BACKGROUND

3.       On December 21, 2020 (the "**Petition Date**"), the Debtors filed their respective voluntary petitions ("**Voluntary Petition(s)**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), thereby initiating the above-captioned cases (the "**Cases**").

4.       Contemporaneously with the filing of this Motion, the Debtors filed declaration testimony by the Debtors' proposed Chief Restructuring Offer, Erik Toth (the "**Toth Declaration**"),[2] which contains additional background information on the Debtors and their operations. The contents of the Toth Declaration are incorporated by reference, as if set forth herein verbatim, pursuant to Federal Rule of Civil Procedure 10(c).

5.       The Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.       To date, no trustee, examiner, or committee of creditors has been appointed in the Cases.

# III.
# RELIEF REQUESTED

7.       Through this Motion, the Debtors seek administrative consolidation of the Debtors' separate bankruptcy proceedings. The Debtors request that all pleadings relating to the Debtors'

---

[2] The Toth Declaration is filed in the lead case of Spherature Investments LLC, pending before the Bankruptcy Court.

Cases be filed and maintained by the Clerk of the Court under a single pleading docket in the

chapter 11 case for Spherature, and using a single caption, substantially in the form below.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,[3]** | § | **Case No.: 20-42492** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

8.       Under Bankruptcy Rule 1015(b) and Local Rule 1015-1, the Court may order the

joint administration of the estates of a debtor and an affiliate. *See* Fed. R. Bankr. P. 1015(b); Bankr.

E.D. Tex. R. 1015-1. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more

petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may

order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Courts have liberally

allowed joint administration of related cases to promote procedural convenience and cost

efficiencies. *See In re Avery,* 377 B.R. 264, 271 (Bankr. D. Alaska 2007) ("Joint administration is

a procedural tool permitting use of a single docket for administrative matters . . . that may aid in

expediting the cases." (quoting *In re Reider,* 31 F.3d 1102, 1109 (11th Cir. 1994))); *In re*

*Brookhollow Assocs.,* 435 F. Supp. 73 (D. Mass. 1977) (joint administration "help[s] the

bankruptcy court to administer economically and efficiently different estates with substantial

interests in common"), *aff'd,* 575 F.2d 1003 (1st Cir. 1978); *In re McKenzie Energy Corp.,* 228

B.R. 854, 857 (Bankr. S.D. Tex. 1998); *In re Steury,* 94 B.R. 553, 553-54 (Bankr. N.D. Ind. 1988).

---

[3]  The "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("**Cases**") are: Spherature Investments LLC ("**Spherature**") EIN#5471; Rovia, LLC ("**Rovia**") EIN#7705; WorldVentures Marketing Holdings, LLC ("**WV Marketing Holdings**") EIN#3846; WorldVentures Marketplace, LLC ("**WV Marketplace**") EIN#6264; WorldVentures Marketing, LLC ("**WV Marketing**") EIN#3255; WorldVentures Services, LLC ("**WV Services**") EIN#2220.

9.      The Debtors qualify for joint administration because they are "affiliates" within the meaning of 11 U.S.C. § 101(2).[4] Pursuant to the parent-subsidiary relationship among the Debtors, as disclosed in the Corporate Ownership Statement and List of Equity Security Holders filed by each Debtor included in each Debtor's Voluntary Petition, the Debtors meet Bankruptcy Code section 101(2)'s definition of "affiliates". Accordingly, this Court is authorized to consolidate these Cases for procedural purposes.

10.     The Debtors believe that the joint administration of these Cases is warranted by the fact that (i) the financial affairs and business operations of the Debtors are closely related, and (ii) administrative expenses should be shared by the Debtors to ease the administrative expense on each of the Debtors' respective bankruptcy estates ("**Estates**"). Entry of an order directing joint administration of these Cases will obviate the need for duplicative notices, applications and orders, and will thereby save considerable time and expense for the Debtors and result in substantial savings to their respective Estates.

11.     Joint administration of the Estates will also provide each creditor with notice of all matters relating to the Debtors, thereby ensuring that creditors are fully informed of all matters potentially affecting their claims. As a result, creditors will not be adversely affected by joint administration of the Cases. In fact, joint administration of the Debtors' Cases will benefit creditors, because creditors who respond to motions affecting any Debtor, or who file their own

---

[4] Section 101(2) provides in relevant part:

(2) "affiliate" means—

(A)      entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;

(B)      corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

**MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF
CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(B)**                    **PAGE 4**

motions affecting multiple Debtors, will not be forced to prepare and file multiple sets of papers that may be identical except for the captions.

12.    Relatedly, no creditor will be prejudiced by joint administration. Joint administration is merely procedural; it has no impact on creditors' substantive rights. *See Avery*, 377 B.R. at 271 ("Joint administration is a procedural tool . . . . Used as a matter of convenience and cost saving, it does not create substantive rights" (quoting *Reider*, 31 F.3d at 1109)); *In re Parkway Calabasas*, Ltd., 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) ("The purpose of joint administration is to make case administration easier and less expensive than in separate cases, without affecting the substantive rights of creditors . . . ."); *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Blair*, 226 B.R. 502, 505 (Bankr. D. Me. 1998). Nothing in this Motion is intended nor should be construed as seeking substantive consolidation of any kind; this Motion requests only administrative consolidation of the estates. Each creditor may still file a claim against a particular Debtor's estate. Thus, the rights of all creditors will be enhanced by the reduced costs resulting from joint administration.

13.    Joint administration of the Cases will also relieve this Court of the burden of entering duplicative orders and maintaining duplicative files, and supervision of the administrative aspects of the Cases by the Office of the United States Trustee will be simplified.

14.    The Debtors are not aware of an administrative or scheduling order that might require modification as a result of the requested joint administration.

15.    Separate creditor matrices have been filed in each of the Debtors' respective Cases. Pursuant to LBR 1015-1(c)(4), attached hereto as **Exhibit "B"** is a consolidated creditor matrix for all six (6) Debtors.

## IV.
## LOCAL BANKRUPTCY RULE 1015-1

16.     The practicalities of providing professional services to the jointly administered Estates will not preclude any professional person from effectively or accurately separating that person's services rendered solely for the benefit of one Estate *vis-à-vis* another, as such persons will be considered ordinary course professionals pursuant to 11 U.S.C. § 327(b). Accordingly, the Debtors anticipate that any submission of a consolidated application for compensation filed solely in the main bankruptcy case will be for professionals retained pursuant to 11 U.S.C. § 327(a) and for services performed for the equal benefit of all of the Estates.

## V.
## NOTICE

17.     No trustee, examiner, or committee has been appointed in these Cases. This Motion has been provided to: (i) the Office of the United States Trustee; (ii) to each of the Debtors' secured lenders; (iii) counsel to the agents of the Debtors' secured lenders (iv) the forty (40) largest unsecured creditors of each the Debtors, as applicable; (v) the Internal Revenue Service; and (vi) all parties in interest who have formally appeared and requested notice. The Debtors respectfully submit that no further notice of this Motion is required.

18.     Pleadings in these Cases and supporting papers are available on the Bankruptcy Court's website at https://ecf.txeb.uscourts.gov/. You can request any pleading you need from counsel for the Debtor at: Foley & Lardner LLP, c/o Thomas C. Scannell, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201 (tscannell@foley.com).

## VI.
## CONCLUSION

19.     In summary, the Debtors believe that the best interests of their creditors, their estates, and all other parties in interest would be served by joint administration of these Cases.

Accordingly, the Debtors respectfully request that their Cases be jointly administered for procedural purposes to the extent set forth in the proposed order attached hereto as **Exhibit "A"**.

**WHEREFORE**, the Debtors respectfully request this Court to enter an order granting the relief requested herein and granting such other and further relief as may be just and proper.

DATED: December 21, 2020                    Respectfully submitted by:

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue
Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@foley.com
tscannell@foley.com

**PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that, on December 21, 2020, a true and correct copy of the foregoing document was served electronically on all parties in interest to these Cases by the Court's PACER system.

*/s/ Thomas C. Scannell*
Thomas C. Scannell