Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@foley.com
tscannell@foley.com

**PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Chapter 11** |
| § | | |
| **SPHERATURE INVESTMENTS LLC,** § | | **Case No.: 20-42492** |
| *et. al.* § | | |
| § | | |
| **Debtors.**[1] § | | **Jointly Administered** |

**MOTION FOR ADMINISTRATIVE ORDER UNDER BANKRUPTCY CODE
SECTIONS 105(A) AND 331 ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

**A HEARING WILL BE CONDUCTED ON THIS MATTER IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS, 660 NORTH CENTRAL EXPRESSWAY, SUITE 300B, PLANO, TEXAS 75074.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE (23) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT**

---

[1] The "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("**Cases**") are: Spherature Investments LLC ("**Spherature**") EIN#5471; Rovia, LLC ("**Rovia**") EIN#7705; WorldVentures Marketing Holdings, LLC ("**WV Marketing Holdings**") EIN#3846; WorldVentures Marketplace, LLC ("**WV Marketplace**") EIN#6264; WorldVentures Marketing, LLC ("**WV Marketing**") EIN#3255; WorldVentures Services, LLC ("**WV Services**") EIN#2220. The Debtors' corporate headquarters and service address in this district is 5100 Tennyson Parkway, Plano, TX 75024.

**MOTION FOR ADMINISTRATIVE ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

PAGE 1

**YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Spherature Investments LLC ("**Spherature**"), together with its affiliates identified herein, as debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby file this *Motion for Administrative Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Motion**"). In support of the Motion, the Debtors respectfully state as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal bases for the relief requested herein are sections 105(a) and 330 of 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**").

## II.
## BACKGROUND

4. On December 21, 2020 (the "**Petition Date**"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby initiating the above-captioned cases (the "**Cases**").

5. Contemporaneously with the filing of their first-day motions, the Debtors filed declaration testimony by the Debtors' proposed Chief Restructuring Offer, Erik Toth (the "**Toth Declaration**"),[2] which contains additional background information on the Debtors and their

---

[2] The Toth Declaration is filed in the lead case of Spherature Investments LLC, pending before the Bankruptcy Court.

**MOTION FOR ADMINISTRATIVE ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

operations. The contents of the Toth Declaration are incorporated by reference, as if set forth herein verbatim, pursuant to Federal Rule of Civil Procedure 10(c).

6. The Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On January 22, 2021, the United States Trustee appointed the official committee of unsecured creditors [*see* docket number 93] ("**Committee**").

8. The meeting of creditors required pursuant to section 341 of the Bankruptcy Code has been set for January 29, 2021.

9. Pursuant to the Court's order entered at Docket 47, the Debtors' Schedules and Statements are currently due to be filed with the Court on January 22, 2021.

### III.
### RELIEF REQUESTED

10. By this Motion, the Debtors seek entry of an order (the "**Order**"), substantially in the form attached as **Exhibit "A"**, establishing and approving certain procedures for interim compensation and reimbursement of expenses for professionals retained by the Debtors and the Committee (if any such Committee is appointed in these cases).

11. Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every one hundred and twenty (120) days, or more often if permitted by the Court.[3] In addition, section 105(a) of the

---

[3] Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a Debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such

**MOTION FOR ADMINISTRATIVE ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Bankruptcy Code provides "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. The Debtors request that this Court enter an order establishing certain interim compensation and expense reimbursement procedures for the professionals retained in these Cases by the Debtors and the Committee (individually, a "**Professional**" or collectively, the "**Professionals**").[4] Briefly stated, the requested procedures would require presentation (but not filing) of a detailed statement of services rendered and expenses incurred by each Professional for the prior month (ie, a "Monthly Statement" (as defined below)) to the following "**Notice Parties**" via e-mail or first-class mail:

    (a)    Counsel for the Debtors;

    (b)    Counsel for the Committee;

    (c)    The Office of the United States Trustee for the Eastern District of Texas; and,

    (d)    Counsel for the Debtors' secured lenders.

13. If no objection to a Monthly Statement is made within fourteen (14) days of notice thereof, the Professional would be entitled to an interim payment (an "**Interim Compensation Payment**"), subject to this Court's subsequent approval under section 331 of the Code, as described below.

---

compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.

[4] The term "**Professional**" as used herein shall not refer to any professional(s) employed and/or retained by the Debtors in the ordinary course of business.

**MOTION FOR ADMINISTRATIVE ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

4818-6780-5399.2

14. The Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals be subject to the following procedures:

(a) To the extent that any of the Professionals are holding retainers provided by the Debtors or their estates (the "**Estates**"), such retainers may be drawn down by the Professionals pursuant to further order of the Court including the Financing Orders (as defined below). The payment of fees and expenses contemplated by this Motion shall be subject to the terms, conditions, and limitations of that certain *First Interim Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection and Related Relief* [Docket No. 18] (the "**Interim Financing Order**"), and any subsequent financing orders (and any approved budgets thereunder) (collectively, the "**Financing Orders**").

(b) On or about the twentieth (20th) day of each month following the month for which compensation and reimbursement of expenses is sought, each Professional seeking compensation pursuant to this Order may submit a monthly statement that contains (i) a description of the services rendered, (ii) the time spent, (iii) the hourly rates charged, and (iv) the name of the attorney, accountant, other professional or paraprofessional performing the work (the "**Monthly Statement**") to the Notice Parties. The Monthly Statement need not be filed with this Court.

(c) Each such recipient shall have fourteen (14) days to evaluate and object to the Monthly Statement (the "**Objection Deadline**"). Except as to that portion of a Monthly Statement that is the subject of a Notice of Objection as provided in paragraph (d) below, within three (3) business days following the Objection Deadline, the Debtors shall pay and/or the Professional may draw down on its retainer, if any, an amount equal to 80% of all fees and 100% of all expenses set forth in the Monthly Statement not subject to a Notice of Objection.

(d) If any of the Notice Parties determines that the compensation or reimbursement sought in a particular Monthly Statement is inappropriate or unreasonable, or that the numbers and calculations are incorrect, such Notice Party shall, on or before the Objection Deadline, file with this Court and serve on (i) the Professional whose statement is objected to, and (ii) except to the extent duplicative of the foregoing clause, the other Notice Parties, a Notice of Objection to the Monthly Statement (the "**Notice of Objection**"), with a declaration setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional whose statement is objected to shall confer and attempt to reach an agreement regarding the correct payment to be made. If an

**MOTION FOR ADMINISTRATIVE ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

**PAGE 5**

4818-6780-5399.2

    agreement cannot be reached, or if no conference takes place, the Professional whose Monthly Statement is the subject of an objection shall have the option of (i) filing a motion with the Court outlining the basis for the objection and seeking an interim ruling from the Court and requesting authorization for payment, or (ii) foregoing payment with respect to the disputed amount until the next fee application hearing, at which time, this Court shall consider and dispose of the objection if payment of the disputed amount is requested. Within three (3) business days following entry of an Order resolving an objection to a Monthly Statement, the Debtors shall pay any outstanding portion of the fees and expenses authorized for payment by such Order.

(e)   The first Monthly Statement may be submitted by each of the Professionals on or about **February 20, 2021**, and shall cover the period from the Petition Date through **January 31, 2021**.

(f)   Approximately every four (4) months, each of the Professionals may file with the Court and serve on the Notice Parties, on or before the last day of the month following the end of the period for which compensation is sought, an application for interim Court approval and allowance, pursuant to Bankruptcy Code section 331, of compensation and reimbursement of expenses incurred during the prior four months (an "**Interim Fee Application**"). The first such Interim Fee Application may be filed by each Professional on or about **April 20, 2021**, and shall cover the period from the Petition Date through **March 31, 2021.** Any professional that desires to do so may file Interim Fee Applications earlier than that date.

(g)   The existence of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

(h)   Neither the payment of nor the failure to object, in whole or in part, to the payment of Interim Compensation Payments as provided herein shall bind any party in interest or the Court with respect to the allowance of formal fee applications for compensation and reimbursement of expenses as to any such Professionals.

(i)   Any and all payments and/or orders on any Interim Fee Applications and/or Monthly Statements are on an interim basis and subject in all respects to final approval pursuant to final fee applications to be filed by all Professionals in these Cases pursuant to the orders entered by this Court, the Local Bankruptcy Rules and the Bankruptcy Code.

**MOTION FOR ADMINISTRATIVE ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

## IV.
## NOTICE

15. This Motion has been provided to: (i) the Office of the United States Trustee; (ii) to each of the Debtors' secured lenders; (iii) counsel to the agents of the Debtors' secured lenders; (iv) the forty (40) largest unsecured creditors of each the Debtors, as applicable; (v) the Internal Revenue Service; (vi) the members of the Committee; and (vii) all parties in interest who have formally appeared and requested notice. The Debtors respectfully submit that no further notice of this Motion is required.

16. The pleadings in these Cases and supporting papers are available on the Bankruptcy Court's website at https://ecf.txeb.uscourts.gov/ and on the Debtors' proposed Claims and Noticing Agent's website at https://cases.stretto.com/Spherature. You can also request any pleading you need from the Debtors' proposed counsel at: Foley & Lardner LLP, c/o Thomas C. Scannell, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201 (tscannell@foley.com).

## V.
## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached as **Exhibit "A",** granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

**MOTION FOR ADMINISTRATIVE ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

**PAGE 7**

4818-6780-5399.2

DATED: January 27, 2021    Respectfully submitted by:

*/s/ Thomas C. Scannell*
Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue
Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@foley.com
tscannell@foley.com

**PROPOSED COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that, on January 27, 2021, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.

*/s/ Thomas C. Scannell*
Thomas C. Scannell

**MOTION FOR ADMINISTRATIVE ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

**PAGE 1**

4818-6780-5399.2