

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** § | **Chapter 11** | |
| §  | | |
| **SPHERATURE INVESTMENTS LLC,** § | **Case No.: 20-42492** | |
| *et al.,* § | | |
| §  | | |
| **Debtors.**[1] § | **Jointly Administered** | |

## ORDER GRANTING DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES AND ABANDONMENT OF CERTAIN PERSONAL PROPERTY

This matter having come before this Court on the *Motion for an Order Authorizing the Rejection of Certain Unexpired Non-Residential Real Property Leases, Effective as of December 21, 2020, and Abandonment of Certain Personal Property Therewith* (the "**Motion**")[2] filed by Spherature Investments LLC ("**Spherature**"), together with its affiliates identified herein (collectively, the "**Debtors**"), the Debtors and debtors-in-possession in the above captioned chapter 11 cases (the "**Cases**").

The Court, having reviewed the Motion, and after due deliberation and consideration, and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that this is a core proceeding pursuant to 28 U.S.C. § 157(b); that venue of this proceeding and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; that due and proper notice to

---

[1] The "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("**Cases**") are: Spherature Investments LLC ("**Spherature**") EIN#5471; Rovia, LLC ("**Rovia**") EIN#7705; WorldVentures Marketing Holdings, LLC ("**WV Marketing Holdings**") EIN#3846; WorldVentures Marketplace, LLC ("**WV Marketplace**") EIN#6264; WorldVentures Marketing, LLC ("**WV Marketing**") EIN#3255; WorldVentures Services, LLC ("**WV Services**") EIN#2220.

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES AND ABANDONMENT OF CERTAIN PERSONAL PROPERTY**     **PAGE 1**

4828-4644-7832.3

all parties in interest was appropriate under the circumstances, and no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtors, the Estates, their creditors, and all parties in interest; that cause exists to grant the relief requested in the Motion to the extent set forth below; and that, upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** to the extent provided herein.

2. Any and all objections and responses to the Motion are overruled, denied, withdrawn or otherwise resolved.

3. The requirements of Sections 105(a), 362(d), 365(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007 are satisfied with respect to the rejection of the Leases and the abandonment of the Remaining Property.

4. The Leases are hereby rejected, effective as of February 22, 2021.

5. The Landlord is hereby awarded and holds an allowed administrative expense priority claim pursuant to 11 U.S.C. 503(b)(1) in the amount of $296,801.23 arising from rent due on the Premises in the ordinary course of business pursuant to the terms of the Leases accruing post-Petition Date ("**Administrative Claim**"). Landlord's Administrative Claim, as liquidated herein, shall be the only priority and/or administrative expense claim in this Bankruptcy Case to which Landlord is entitled to hold for rent due on the Premises. Any additional claims the Landlord may hold against the Estates (if any) for rent or other rejection damages shall be in the nature of non-priority, general unsecured claims. All parties reserve all rights with respect to the filing, objection, challenge, allowance, disallowance or other rights and remedies in connection with any other claims asserted by the Landlord against the Debtors or the Estates (other than the

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES AND ABANDONMENT OF CERTAIN PERSONAL PROPERTY** **PAGE 2**

4828-4644-7832.3

Administrative Claim). Landlord shall receive payment in full for the Administrative Claim not later than February 22, 2021.

6. Except for the Wells Equipment (defined below), the Estates shall have the Premises cleaned out and in "broom-swept" condition by 5:00 p.m. on Monday, February 22, 2021. The Estates will bear the costs associated and incurred in connection therewith. Any Remaining Property located within the Premises after February 22, 2021 (if any), except for the Wells Equipment, will be deemed abandoned to the Landlord, effective as of February 22, 2021, and the Landlord is free to dispose of any and all of such Remaining Property at the Landlord's sole and absolute discretion.

7. Except for the Wells Equipment (defined below), exclusive access to and physical possession of the Premises shall be completely surrendered to the Landlord by 5:00 p.m. on Monday, February 22, 2021, upon a mutual inspection of the Premises with Landlord's representative and Debtors' representative occurring no later than 1:00 p.m. on Monday, February 22, 2021. The Landlord is permitted to add to the Landlord's pre-petition non-priority general unsecured claim (if any allowed, with all parties' rights fully reserved in all respects thereto) the following costs incurred to (i) complete the surrender, (ii) remove any Remaining Property (including, without limitation, any fixtures), (ii) remove cabling, and (iv) any other costs incurred by the Landlord to "white-box" the Premises.

8. The following personal property subject to the interests of Wells Fargo Financial Leasing, Inc. ("**Wells Fargo**") is currently located within the Premises ("**Wells Equipment**"):

| Serial No. | Manufacturer | Model | Quantity | Description |
|---|---|---|---|---|
| 8508803X | SHARP | MX-3571 | 1 | Sharp COPIER |
| 8508843X | SHARP | MX-3571 | 1 | Sharp COPIER |
| 85017657 | SHARP | MX-M3570 | 1 | Sharp COPIER |

| | | | | |
|---|---|---|---|---|
| 85017467 | SHARP | MX-M3570 | 1 | Sharp COPIER |
| 85017257 | SHARP | MX-M3570 | 1 | Sharp COPIER |
| 85018107 | SHARP | MX-M3570 | 1 | Sharp COPIER |
| 85017477 | SHARP | MX-M3570 | 1 | Sharp COPIER |
| 85017267 | SHARP | MX-M3570 | 1 | Sharp COPIER |
| 85017747 | SHARP | MX-M3570 | 1 | Sharp COPIER |
| N/A | PITNEY BOWES | DM400 | 1 | Mailing System |

Any and all of the Debtors' and Estates' interests and rights to the Wells Equipment is abandoned to Wells Fargo, effective as of December 21, 2020. Without any factual finding or legal determination whatsoever, with all parties' rights fully reserved in all respects thereto, to the extent the Wells Equipment is governed by an unexpired lease subject to 11 U.S.C. 365, such lease between the Debtors and Wells Fargo is hereby rejected, effective as of December 21, 2020. Wells Fargo is not entitled to any administrative expense priority claim arising from or related to the Wells Equipment. Wells Fargo, the Debtors, the Estates and the Landlord are permitted to access the Premises for the purpose of surrendering the Wells Equipment to the sole and exclusive possession of Wells Fargo. The Wells Equipment shall be removed from the Premises on or before March 1, 2021.

9. Any and all interests of the Debtors and/or the Estates in the 5160 Lease and/or the 5160 Premises, specifically including any sublease applicable thereto, are hereby abandoned, rejected and terminated immediately upon entry of this Order. Landlord is permitted to deal directly with any subtenant to the 5160 Premises in any way the Landlord desires, subject to the Landlord's sole and absolute discretion.

10. The Landlord is permitted to setoff any security deposit and the value of the tenant improvements to the Premises to reduce the amount of the Landlord's prepetition general unsecured claim against the Estates, as such prepetition general unsecured claim is to be calculated

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES AND ABANDONMENT OF CERTAIN PERSONAL PROPERTY                                                                                                       PAGE 4**

4828-4644-7832.3

and limited under the statutory lease rejection damages cap of 11 U.S.C. 502(b)(6) ("**Lease Rejection Damages Claim**"). All parties reserve all rights with respect to the filing, objection, challenge, allowance, disallowance or other rights and remedies relate thereto.

11. The Landlord shall use its best efforts to mitigate its damages by re-leasing the Premises on best terms available to the Landlord. If the total amount of the Landlord's Lease Rejection Damages Claim is mitigated to the extent the security deposit and/or tenant improvements offset is greater than the final amount of the mitigated Lease Rejection Damages Claim, then the residual surplus balance of the security deposit and/or tenant improvements shall be released back and paid over to the Estates.

12. With respect to prepetition claims for ad valorem personal property taxes against the Debtors for the 2020 tax year held by Plano Independent School District, and to the extent such claims are allowed, in accordance with applicable state law, nothing in this Order, nor any abandonment of personal property pursuant to this Order, shall affect (i) the statutory liens of Plano Independent School District, or (ii) the state law priority of those liens until such claims are paid in full.

13. The provisions of the automatic stay, to the extent applicable, are hereby modified to permit the parties to perform all provisions of this Order.

14. This Court shall maintain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Signed on 2/19/2021

*Brenda T. Rhoades* SR —
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES AND ABANDONMENT OF CERTAIN PERSONAL PROPERTY** **PAGE 5**

4828-4644-7832.3

Submitted and Prepared by:

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@foley.com
tscannell@foley.com

**PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**