Michael D. Warner (TX Bar No. 00792304)
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Ayala Hassell (TX Bar No. 01009800)
Steven W. Golden (TX Bar No. 24099681)
Benjamin L. Wallen (TX Bar No. 24102623)
PACHULSKI STANG ZIEHL & JONES LLP
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
mwarner@pszjlaw.com
rfeinstein@pszjlaw.com
ahassell@pszjlaw.com
sgolden@pszjlaw.com
bwallen@pszjlaw.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SPHERATURE INVESTMENTS LLC, | § | Case No.: 20-42492 |
| *et al.*,[1] | § | |
| | § | |
| Debtors. | § | Jointly Administered |

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS <u>COUNSEL EFFECTIVE AS OF FEBRUARY 1, 2021</u>

> **14-DAY NEGATIVE NOTICE – LBR 2014(A):**
>
> YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU <u>MUST</u> FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.
>
> NO HEARING WILL BE CONDUCTED ON THIS APPLICATION

---

[1] The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases ("Cases") are: Spherature Investments LLC ("Spherature") EIN#5471; Rovia, LLC ("Rovia") EIN#7705; WorldVentures Marketing Holdings, LLC ("WV Marketing Holdings") EIN#3846; WorldVentures Marketplace, LLC ("WV Marketplace") EIN#6264; WorldVentures Marketing, LLC ("WV Marketing") EIN#3255; WorldVentures Services, LLC ("WV Services") EIN#2220.

> **UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN <u>FOURTEEN (14) DAYS</u> <u>FROM THE DATE OF SERVICE</u> SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the above-captioned cases (the "<u>Chapter 11 Cases</u>") of Spherature Investments LLC and the affiliated jointly-administered debtors and debtors in possession (collectively, the "<u>Debtors</u>") submits this application (the "<u>Application</u>"), pursuant to sections 105, 327, and 328(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Eastern District of Texas (the "<u>Local Bankruptcy Rules</u>"), for entry of an Order, substantially in the form attached hereto, authorizing the retention and employment of Pachulski Stang Ziehl & Jones LLP ("<u>PSZJ</u>" or the "<u>Firm</u>") as its counsel, effective as of February 1, 2021. In support of the Application, the Committee submits the Declaration of Michael D. Warner, a Partner of PSZJ (the "<u>Warner Declaration</u>") attached hereto as **Exhibit A** and the Committee representative attached hereto as **Exhibit B** (the "<u>Committee Declaration</u>"), and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 327, and 328(a) of the Bankruptcy Code, Bankruptcy Rules 1007(c), 2014(a), 2016 and 9006(b), and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

4. On December 21, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

5. On January 22, 2021, the United States Trustee (the "U.S. Trustee") filed an *Appointment of Official Unsecured Creditors Committee* [Docket No. 93], appointing a Committee pursuant to section 1102 of the Bankruptcy Code consisting of five members. Thereafter, On February 3, 2021, the U.S. Trustee filed an *Amended Appointment of Official Unsecured Creditors Committee* [Docket No. 116] which removed two members. As of the date hereof, the members of the Committee are: (i) FSP Legacy Tennyson Center, LLC; (ii) Melody Yiru; and (iii) David Watson.

6. On February 1, 2021, the Committee held a meeting, and among other things, selected PSZJ as counsel, subject to Court approval. In addition, the Committee also selected

GlassRatner Advisory & Capital Group LLC, d/b/a B. Riley Advisory Services ("B. Riley") as its financial advisors, subject to Court approval.

7. PSZJ has approximately 75 attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation, and commercial matters. PSZJ's attorneys have extensive experience representing creditors' committees in complex chapter 11 cases throughout the country, including *Studio Movie Grill Holdings, LLC* (N.D. Tex.); *Tailored Brands, Inc.* (S.D. Tex.), *Neiman Marcus Group* (S.D. Tex.), *Chinos Holdings, Inc.* (E.D. Va.), *Gymboree* (E.D. Va.), *Payless Holdings* (E.D. Mo.), *Frank Theatres Bayonne/South Cove, LLC* (D. N.J.), *Ashley Stewart Holdings, Inc.* (D. N.J.); *Bakers Footwear* (E.D. Mo.), *The Bon-Ton Stores* (D. Del.), *Ignite Restaurant Group* (S.D. Tex.), *Sports Authority* (D. Del.), *Western Convenience Stores* (D. Colo.), *BCBG Max Azria* (S.D.N.Y.), *Anna' s Linens*, (C.D. Cal.), *Aéropostale* (S.D.N.Y.), *155 Route 10 Associates, Inc.* (D. N.J.), and *Pennsylvania Fashions, Inc.* (D. N.J.). Additionally, PSZJ's attorneys have substantial experience representing parties-in-interest in bankruptcy cases in this District. Based on these facts, the Committee believes that PSZJ is well-qualified to render the services as described below.

## RETENTION OF PSZJ

8. By this Application, the Committee seeks authority to retain PSZJ as counsel to represent its interests regarding all matters related to the Debtors' Chapter 11 cases pursuant to sections 327, 328, and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014-1. The Committee seeks to retain PSZJ effective as of February 1, 2021, because PSZJ began providing services to the Committee as of such date. The Committee believes that such retention is appropriate in these Cases because the Committee required effective representation prior to such time as a retention application could be submitted to the

Court due to the exigencies of these Chapter 11 Cases, and PSZJ has been providing services to the Committee since February 1, 2021.

9. The Committee selected PSZJ because the partners, counsel, and associates of PSZJ possess extensive knowledge and considerable expertise in the fields of bankruptcy, insolvency, reorganizations, debtors' and creditors' rights, debt restructuring, and corporate reorganizations, among other qualifications. In addition, the attorneys at PSZJ have experience appearing before the Courts in this District and are familiar with local practice and procedure. The Committee believes that PSZJ is well-qualified to serve as its counsel in these Chapter 11 Cases.

10. The Committee submits that it is necessary and appropriate for it to employ and retain PSZJ to provide, among other things, the following services:

    a. Assisting, advising and representing the Committee in its consultations with the Debtors regarding the administration of these Chapter 11 Cases;

    b. Assisting, advising and representing the Committee with respect to the Debtors' retention of professionals and advisors with respect to the Debtors' business and these Chapter 11 Cases;

    c. Assisting, advising and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

    d. Assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

    e. Assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtors, the Debtors' operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to the Chapter 11 Cases or to the formulation of a plan;

f. Assisting, advising and representing the Committee in connection with any sale of the Debtors' assets;

g. Assisting, advising and representing the Committee in its participation in the negotiation, formulation, or objection to any plan of liquidation or reorganization;

h. Assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

i. Assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

j. Providing such other services to the Committee as may be necessary in these Chapter 11 Cases.

11. The Committee understands and agrees that PSZJ will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for out-of-pocket expenses, all as set forth in the Warner Declaration. The Committee requests that all legal fees and related costs and expenses incurred by the Committee on account of services rendered by PSZJ in these Chapter 11 Cases be paid as administrative expenses of the estate pursuant to Sections 327, 328, 330(a), 331, 503(b) and 507(a)(2) of the Bankruptcy Code. The Committee understands that PSZJ will be submitting detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses. The Committee also understands that PSZJ will be applying to the Court for authority to be paid its fees and expenses pursuant to its obligations under the Bankruptcy Code and any administrative fee orders entered in these cases, and the Committee consents to same.

12. Based upon the Warner Declaration, the Committee is satisfied that PSZJ: (i) does not represent any other entity having an adverse interest to the Committee, the Debtors, their

6

estates, or any other party-in-interest in connection with these cases, (ii) has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee, and (iii) PSZJ has not been paid any retainer against which to bill fees and expenses. To the best of the Committee's knowledge, PSZJ has no connection with creditors or any other party-in interest except as otherwise noted in the Warner Declaration.

13. The Committee requests approval of the employment of PSZJ, effective February 1, 2021. The Committee's selection of PSZJ as its counsel on February 1, 2021 necessitated that PSZJ immediately commence work on time-sensitive matters and promptly devote substantial resources to the Debtors' cases, pending submission and approval of this Application. Such relief is warranted pursuant to Local Bankruptcy Rule 2014-1(b) because this Application is made within 30 days of the commencement of services by PSZJ.

## SUPPORTING AUTHORITY

14. The Committee seeks to retain PSZJ as its counsel in accordance with sections 327, 328(a), and 1103 of the Bankruptcy Code. Section 328(a) authorizes a committee appointed under section 1102 of the Bankruptcy Code, with the court's approval, to employ "a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 1103, in turn, requires that an attorney employed to represent a committee "may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case." 11 U.S.C. § 1103.

15. The Committee submits that for all the reasons stated above and in the Warner Declaration, the retention and employment of PSZJ as counsel to the Committee is warranted under sections 327, 328(a), and 1103 of the Bankruptcy Code.

16. No prior application for the relief requested herein has been presented to this or any other Court.

## NOTICE

17. In accordance with Local Rule 2014-1(b), notice of this Application has been served on (a) the Debtors; (b) counsel to the Debtors; (c) counsel to the agent for the Debtors' alleged secured creditors; (d) the Office of the United States Trustee for the Eastern District of Texas; (e) the United States Attorney for the Eastern District of Texas; (f) the Internal Revenue Service; (g) the state attorneys general for the states in which the Debtors conduct business; (h) the Securities and Exchange Commission; (i) the Internal Revenue Service; (j) the applicable taxing authorities; and (k) any party that has requested service pursuant to Bankruptcy Rule 2002. The Committee submits that such notice is sufficient and that no other or further notice be provided.

**WHEREFORE**, the Committee requests that an Order be entered authorizing it to retain PSZJ as its counsel in these cases, effective February 1, 2021, and granting the Committee such other relief as the Court deems just and proper under the circumstances.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SPHERATURE INVESTMENTS LLC,** *et al.* |
| Dated: February 18, 2021 | By: | *C. Villar* |
|  |  | Christine Villar, Vice President of FSP Property Management, LLC, asset manager for FSP Legacy Tennyson Center LLC |
|  |  | Authorized representative of the Official Committee of Unsecured Creditors of Spherature Investments LLC, *et al.* and not in any other capacity |

DOCS_NY:42284.2 80687/001