Michael D. Warner (TX Bar No. 00792304)
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Ayala Hassell (TX Bar No. 01009800)
Steven W. Golden (TX Bar No. 24099681)
Benjamin L. Wallen (TX Bar No. 24102623)
PACHULSKI STANG ZIEHL & JONES LLP
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
mwarner@pszjlaw.com
rfeinstein@pszjlaw.com
ahassell@pszjlaw.com
sgolden@pszjlaw.com
bwallen@pszjlaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SPHERATURE INVESTMENTS LLC, | § | Case No.: 20-42492 |
| *et al.*,[1] | § | |
| | § | |
| Debtors. | § | Jointly Administered |

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF B. RILEY ADVISORY SERVICES AS FINANCIAL ADVISOR EFFECTIVE AS OF FEBRUARY 2, 2021

> **14-DAY NEGATIVE NOTICE – LBR 2014(A):**
>
> YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU **MUST** FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.

---

[1] The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases ("Cases") are: Spherature Investments LLC ("Spherature") EIN#5471; Rovia, LLC ("Rovia") EIN#7705; WorldVentures Marketing Holdings, LLC ("WV Marketing Holdings") EIN#3846; WorldVentures Marketplace, LLC ("WV Marketplace") EIN#6264; WorldVentures Marketing, LLC ("WV Marketing") EIN#3255; WorldVentures Services, LLC ("WV Services") EIN#2220.

> **NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN <u>FOURTEEN (14) DAYS</u> <u>FROM THE DATE OF SERVICE</u> SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

The Official Committee of Unsecured Creditors (the "**Committee**") of Spherature Investments LLC, *et al.*, the above-captioned Debtors and Debtors in possession (the "**Debtors**"), hereby submits its application (the "**Application**") for entry of an order, pursuant to sections 327, 328, and 1103(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Texas (the "**Local Rules**"), authorizing and approving the employment of GlassRatner Advisory & Capital Group LLC d/b/a B. Riley Advisory Services ("**B. Riley**" or the "**Firm**"), as financial advisor to the Committee, effective as of February 2, 2021. In support of the Application, the Committee submits the declaration of Wayne P. Weitz (the "**Weitz Declaration**"), a senior managing director of the Firm, attached hereto as **Exhibit A** and incorporated herein by reference for all purposes. In further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 327, 328, and 1103 (a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

## BACKGROUND

3. On December 21, 2020 (the "Petition Date"), each of the Debtors filed its voluntary petition (collectively, the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to operate their businesses and manage their properties as Debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

4. On January 22, 2021, the United States Trustee (the "U.S. Trustee") filed an *Appointment of Official Unsecured Creditors Committee* [Docket No. 93], appointing a Committee pursuant to section 1102 of the Bankruptcy Code consisting of five members. Thereafter, On February 3, 2021, the U.S. Trustee filed an *Amended Appointment of Official Unsecured Creditors Committee* [Docket No. 116] which removed two members. As of the date hereof, the members of the Committee are: (i) FSP Legacy Tennyson Center, LLC; (ii) Melody Yiru; and (iii) David Watson.

5. On February 1, 2021, the Committee held a meeting, and among other things, selected Pachulski Stang Ziehl & Jones LLP ("PSZJ") as counsel, subject to Court approval. On February 2, 2021, the Committee selected B. Riley as its financial advisor, subject to Court approval.

## RELIEF REQUESTED

6. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, pursuant to sections 327, 328 and

1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain B. Riley as its financial advisor in these cases. The Committee seeks to retain B. Riley effective as of February 2, 2021, the date on which the Committee hired B. Riley.

### RETENTION OF B. RILEY

7. The Committee seeks to employ B. Riley, which maintains offices at 299 Park Avenue, 21st Floor, New York, New York 10171, among other places, as its financial advisor in these Chapter 11 Cases.

8. The Committee has selected B. Riley because the professionals of B. Riley have considerable expertise in the fields of accounting, bankruptcy, insolvency, reorganizations, liquidations, valuation, debt restructuring and forensic accounting, among others. Accordingly, the Committee believes that B. Riley is well qualified to represent it in these Chapter 11 Cases.

9. It is anticipated that B. Riley will render professional services to the Committee, including, without limitation, the following:

    a. Analyzing the financial operations of the Debtors pre- and post-petition as necessary;

    b. Performing forensic investigating services as requested by the Committee and counsel regarding pre-petition activities of the Debtors in order to identify potential causes of action as necessary;

    c. Performing claims analysis for the Committee, as necessary;

    d. Verifying the physical inventory of supplies, equipment and other material assets and liabilities, as necessary;

    e. Assisting the Committee in its analysis and review of monthly statements of operations to be submitted by the Debtors;

    f. Analyzing the Debtors' budgets, cash flow projections, cash disbursements, restructuring programs, selling and general administrative expense structure and other reports or analyses prepared by the Debtors or

   its professionals in order to advise the Committee on the status of the Debtors' operations;

g. Analyzing transactions with insiders, related and/or affiliated companies;

h. Preparing and submitting reports to the Committee as necessary;

i. Assisting the Committee in its review of the financial aspects of a plan of reorganization or liquidation, if any, to be submitted by the Debtors;

j. Attending court hearings, meetings of Creditors and conferences with representatives of the creditor groups and their counsel;

k. Preparing hypothetical orderly liquidation analyses, as necessary;

l. Monitoring, participating in and consulting with the Committee in regard to the marketing and sale of any of the Debtors' assets as necessary;

m. Analyzing the financial ramifications of any proposed transactions for which the Debtors seek Bankruptcy Court approval including, but not limited to, post-petition sale of all or a portion of the Debtors' assets, management compensation and/or retention and severance plans;

n. Providing assistance, including expert testimony and analysis in support of potential litigation (including avoidance actions) that may be investigated and/or prosecuted by the Committee as necessary; and

o. Any other services in which the Committee requests its Financial Advisor to perform.

10. B. Riley has indicated a willingness to act on behalf of the Committee and render the necessary professional services as financial advisor for the Committee. B. Riley has agreed to make appropriate applications to this Court for compensation and reimbursement of expenses in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and any Order entered by this Court in these Chapter 11 Cases modifying the timing and/or procedures applicable to the payment of interim compensation and reimbursement of expenses. B. Riley will bill at its normal hourly rates as follows:

| | |
|---|---|
| Senior Managing Directors | $450-$675 |
| Managing Directors/Directors | $350-$525 |
| Other Professionals | $175-$350 |

The principal professionals at B. Riley designated to advise the Committee and their current hourly rates are:

| | |
|---|---|
| Wayne P. Weitz (Senior Managing Director) | $675 |
| David Greenblatt (Director) | $480 |
| Daniel Uitti (Senior Associate) | $325 |

11. These hourly rates are subject to periodic increase in the normal course of B. Riley's business. The particular professionals and paraprofessionals assigned to these cases will from time-to-time vary based upon the needs of the engagement. All such professionals will bill at B. Riley's regular hourly rate for work of this nature. These rates are set at a level designed to fairly compensate B. Riley for the work of its professionals and paraprofessionals and to cover fixed and routine overhead expenses. It is B. Riley's policy to charge its clients in all areas of practice for all other out-of-pocket expenses incurred in connection with the client's engagement. The expenses charged to clients include, among other things, photocopying charges, facsimile charges, travel expenses, expenses for "working meals," and computerized/on-line database research.

## NO ADVERSE INTEREST AND DISCLOSURE OF CONNECTIONS

12. The Committee believes that B. Riley does not hold or represent any interest that is adverse to the Committee and the Debtors' estates and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtors, its creditors or any party in interest herein in the matters upon which B. Riley is to be retained, except as set forth in the Weitz Declaration. Therefore, to the best of the Committee's knowledge, B. Riley is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

13. The Weitz Declaration attached as **Exhibit A** to this Application, verifies that neither B. Riley nor any of its professionals has any connection with any party in interest, or their attorneys or accountants, other than as set forth in the Weitz Declaration.

14. Except as provided in the Weitz Declaration, to the best of the Committee's knowledge, Neither B. Riley, nor any of its professionals, hold or represent any interest adverse to the Committee or the Debtors' estates in the matters on which they are to be retained. The Committee submits that its proposed employment of B. Riley is in the best interests of the Committee, the Debtors, and their estates and creditors.

15. To the best of the Committee's knowledge, and except as disclosed in the Weitz Declaration, B. Riley has had no other prior connection with the Debtors, its creditors, or any other party in interest. Upon information and belief, B. Riley does not hold or represent any interest adverse to the Debtors' estates or the Committee in the matters upon which it has been and is to be engaged.

16. B. Riley may represent, or may have represented, Debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to these Chapter 11 Cases. However, those matters do not present a conflict in these Chapter 11 Cases.

17. The Firm has represented, represents, and in the future will likely represent creditors, creditors' committees, and settlement trustees in cases unrelated to the Debtors and these Chapter 11 Cases wherein one or more of the firms representing the Committee and members of the Committee or other parties in interest serve as or will serve as counsel.

**NOTICE**

18. In accordance with Local Rule 2014-1(b), notice of this Application has been served on (a) the Debtors; (b) counsel to the Debtors; (c) counsel to the agent for the Debtors' alleged secured creditors; (d) the Office of the United States Trustee for the Eastern District of Texas; (e) the United States Attorney for the Eastern District of Texas; (f) the Internal Revenue Service; (g) the state attorneys general for the states in which the Debtors conduct business; (h) the Securities and Exchange Commission; (i) the Internal Revenue Service; (j) the applicable taxing authorities; and (k) any party that has requested service pursuant to Bankruptcy Rule 2002. The Committee submits that such notice is sufficient and that no other or further notice be provided.

**NO PRIOR REQUEST**

19. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit B**, authorizing the Committee to employ and retain B. Riley as financial advisor effective February 2, 2021 in these Chapter 11 Cases and granting such other and further relief as is just and proper.

Respectfully submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SPHERATURE INVESTMENTS LLC,** *et al.*

Dated: February 19, 2021        By: /s/ C. Villar

Christine Villar, Vice President of FSP Property Management, LLC, asset manager for FSP Legacy Tennyson Center LLC

Authorized representative of the Official Committee of Unsecured Creditors of Spherature Investments LLC, *et al.* and not in any other capacity