
02/25/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SPHERATURE INVESTMENTS LLC, | § | Case No.: 20-42492 |
| *et. al.* | § | |
| | § | |
| Debtors.[1] | § | Jointly Administered |

**ORDER PURSUANT TO 11 U.S.C. § 327(A) AND 28 U.S.C. § 156(C) AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN STRETTO AS CLAIMS, NOTICING, AND SOLICITATION AGENT, AS OF THE PETITION DATE**

This matter having come before this Court on the *Application for Entry of an Order, Pursuant to 28 U.S.C. § 156(C) Authorizing the Debtors to Employ and Retain Stretto as Claims, Noticing, and Solicitation Agent, Effective as of the Petition Date* (the "**Application**"),[2] filed by Spherature Investments LLC ("**Spherature**"), together with its affiliates identified herein (collectively, the "**Debtors**"), the Debtors and debtors-in-possession in the above captioned chapter 11 cases (the "**Cases**"), for the retention and appointment of Stretto ("**Stretto**") as claims and noticing agent ("**Claims and Noticing Agent**") pursuant to 28 U.S.C. § 156(c) and section 105(a) of the Bankruptcy Code, to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtors' chapter 11 Cases, (iii) assist the Debtors in claim and ballot processing and other

---

[1] The "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("**Cases**") are: Spherature Investments LLC ("**Spherature**") EIN#5471; Rovia, LLC ("**Rovia**") EIN#7705; WorldVentures Marketing Holdings, LLC ("**WV Marketing Holdings**") EIN#3846; WorldVentures Marketplace, LLC ("**WV Marketplace**") EIN#6264; WorldVentures Marketing, LLC ("**WV Marketing**") EIN#3255; WorldVentures Services, LLC ("**WV Services**") EIN#2220.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

**ORDER PURSUANT TO 11 U.S.C. § 327(A) AND 28 U.S.C. § 156(C) AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN STRETTO AS CLAIMS, NOTICING, AND SOLICITATION AGENT, AS OF THE PETITION DATE**

PAGE 1

4826-7343-9702.6

administrative services with respect to these Cases, and (iv) provide such other administrative services that would fall within the purview of services to be provided by the Clerk's office.

The Court, having reviewed the Application and the Declaration of Sheryl Betance (the "**Betance Declaration**") in support of the Application; and after due deliberation and consideration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that this is a core proceeding pursuant to 28 U.S.C § 157(b); that venue of this proceeding and the motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; that due and proper notice to all parties in interest was appropriate under the circumstances, and no further notice is necessary; that the relief sought in the Application is in the best interests of the Debtors, their Estates, their creditors, and all parties in interest; that cause exists to grant the relief requested in the Application to the extent set forth below; and that, upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is **HEREBY ORDERED** that:

1. The Application is **APPROVED**, as provided herein.

2. Notwithstanding the terms of the Services Agreement attached to the Application, the Application is approved solely as set forth in this Order.

3. The Debtors are authorized to retain Stretto as Claims and Noticing Agent effective as of the Petition Date under the terms of the Services Agreement, and Stretto is authorized and directed to perform noticing-balloting and other administrative services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these Cases, and all related tasks, all as described in the Application and Services Agreement.

**ORDER PURSUANT TO 11 U.S.C. § 327(A) AND 28 U.S.C. § 156(C) AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN STRETTO AS CLAIMS, NOTICING, AND SOLICITATION AGENT, AS OF THE PETITION DATE**

**PAGE 2**

4826-7343-9702.6

4. Stretto shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these Cases and is authorized and directed to maintain official claims registers (the "**Official Claims Register**") for each of the Debtors, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. Stretto is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

6. Stretto is authorized to take such other action to comply with all duties set forth in the Application.

7. All transfers of claims shall be filed with the Court, and Stretto shall record all transfers of claims and provide notices of such transfers as required by Bankruptcy Rule 3001(e).

8. Stretto shall maintain the consolidated creditor matrix on behalf of the Debtors. Stretto shall serve notices of the commencement of these Cases and the initial 11 U.S.C. § 341 meeting of creditors using the current Official Form 309F notice as modified by the Court. Any claims bar date notice must be approved by the Court prior to being served by Stretto. Stretto is authorized to serve any other document as requested by the Clerk's Office, the U.S. Trustee, the Debtors, any official committee, or as otherwise ordered by the Court.

9. Notwithstanding sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, the Debtors are authorized to compensate Stretto in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the

**ORDER PURSUANT TO 11 U.S.C. § 327(A) AND 28 U.S.C. § 156(C) AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN STRETTO AS CLAIMS, NOTICING, AND SOLICITATION AGENT, AS OF THE PETITION DATE**

PAGE 3

4826-7343-9702.6

need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

10. Stretto shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee appointed in these Cases, and any party in interest who specifically requests service of the monthly invoices.

11. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Services Agreement or monthly invoices; *provided*, *however*, that the parties may seek resolution of the matter from the Court if resolution is not achieved.

12. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Stretto under this Order shall be an administrative expense of the Debtors' estates.

13. Stretto may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, Stretto may hold its retainer under the Services Agreement during these Cases as security for the payment of fees and expenses incurred under the Services Agreement.

14. Notwithstanding anything to the contrary set forth in the Services Agreement, Stretto shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement without further order of the Court. Stretto shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefore are approved by this Court.

**ORDER PURSUANT TO 11 U.S.C. § 327(A) AND 28 U.S.C. § 156(C) AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN STRETTO AS CLAIMS, NOTICING, AND SOLICITATION AGENT, AS OF THE PETITION DATE**

**PAGE 4**

4826-7343-9702.6

15. Notwithstanding anything to the contrary set forth in the Services Agreement, the Debtors shall have no obligation to indemnify Stretto, or provide contribution or reimbursement to Stretto, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen solely from Stretto's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any) as provided in this Order; (b) for a contractual dispute in which the Debtors allege the breach of Stretto's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); or (d) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Stretto should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement, as modified by this Order.

16. If before the earlier of (a) the entry of an order confirming a chapter 11 plan in these Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these Cases, Stretto believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Services Agreement (as modified by this Order), including the advancement of defense costs, Stretto must file an application in this Court, and the Debtors may not pay any such amounts to Stretto before the entry of an order by this Court approving the payment. All parties in interest shall retain the right to object to any demand by Stretto for indemnification, contribution, or reimbursement. In the event that Stretto seeks reimbursement from the Debtors

**ORDER PURSUANT TO 11 U.S.C. § 327(A) AND 28 U.S.C. § 156(C) AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN STRETTO AS CLAIMS, NOTICING, AND SOLICITATION AGENT, AS OF THE PETITION DATE**

PAGE 5

4826-7343-9702.6

for attorneys' fees and expenses in connection with the payment of an indemnify claim pursuant to the Services Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Stretto's own applications, both interim and final, but determined by this Court after notice and a hearing.

17. In the event that Stretto is unable to provide the services set out in this Order, Stretto will immediately notify the Clerk and the Debtors' attorneys and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' attorneys.

18. Stretto shall not cease providing claims-processing services during these Cases for any reason, including nonpayment, without an order of this Court. If these Cases convert to chapter 7 of the Bankruptcy Code, Stretto shall cooperate with the Clerk to turn over to the Clerk or another agent any materials that the Clerk requests, unless Stretto continues as claims and noticing agent following the conversion.

19. In any request for an order closing these Cases, the Debtors, the U.S. Trustee, or another responsible party shall request entry of an order terminating the services of Stretto.

20. At least seven (7) days before entry of an order closing these Cases, Stretto shall reconcile all proofs of claim with the Court, to ensure that all claims received by Stretto are accounted for on the Official Claims Register. Within fourteen (14) days after entry of an order dismissing these Cases or thirty (30) days after entry of an order closing these Cases, Stretto shall: (a) forward to the Clerk an electronic version of all imaged claims; (b) upload the creditor matrix mailing list into CM/ECF; and (c) docket a final Official Claims Register in the lead case. Further, Stretto shall box and transport all original claims to the Philadelphia Federal Records Center,

**ORDER PURSUANT TO 11 U.S.C. § 327(A) AND 28 U.S.C. § 156(C) AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN STRETTO AS CLAIMS, NOTICING, AND SOLICITATION AGENT, AS OF THE PETITION DATE**

PAGE 6

4826-7343-9702.6

14470 Townsend Rd., Philadelphia, PA 19154, and docket a complete SF-135 Form indicating the accession and location numbers of the archived claims.

21. The Debtors and Stretto are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

22. In the event of any inconsistency between this Order, the Services Agreement, and the Application, this Order shall govern.

23. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

24. Notwithstanding any term in the Services Agreement to the contrary, the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed on 2/25/2021

*Brenda T. Rhoades* SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

**ORDER PURSUANT TO 11 U.S.C. § 327(A) AND 28 U.S.C. § 156(C) AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN STRETTO AS CLAIMS, NOTICING, AND SOLICITATION AGENT, AS OF THE PETITION DATE**

PAGE 7

4826-7343-9702.6

Submitted and Prepared by:

*/s/ Thomas C. Scannell*
Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@foley.com
tscannell@foley.com

**PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

**ORDER PURSUANT TO 11 U.S.C. § 327(A) AND 28 U.S.C. § 156(C) AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN STRETTO AS CLAIMS, NOTICING, AND SOLICITATION AGENT, AS OF THE PETITION DATE**
**PAGE 8**
4826-7343-9702.6