**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS,** | § | **Case No.: 20-42492** |
| **LLC,** *et al.* | § | |
| | § | **Joint Administration Requested** |
| **Debtors.**[1] | § | |

**MELODY YIRU AND THOSE SIMILARLY SITUATED'S**
**LIMITED MOTION TO REOPEN ORDERS ON APPLICATION TO EMPLOY FOLEY**
**& LARDNER LLP [DKT. NO. 150] AND LARX ADVISORS INC. [DKT. NO. 148], TO**
**COMPEL FURTHER DISCLOSURES UNDER FED. R. BANKR. PROC. 2014, AND IF**
**NECESSARY, AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW**

> **21-DAY NEGATIVE NOTICE – LBR 9017(A):**
>
> **YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**
>
> **NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS**

---

[1] The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases ("Cases") have listed their identification and EIN numbers as: Spherature Investments LLC ("Spherature") EIN#5471; Rovia, LLC ("Rovia") EIN#7705; WorldVentures Marketing Holdings, LLC ("WV Marketing Holdings") EIN#3846; WorldVentures Marketplace, LLC ("WV Marketplace") EIN#6264; WorldVentures Marketing, LLC ("WV Marketing") EIN#3255; WorldVentures Services, LLC ("WV Services") EIN #2220. The Debtors list their corporate headquarters in some pleadings, but not others, as 5100 Tennyson Parkway, Plano, TX 75024.

> **OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**TO THE HONORABLE BRENDA T. RHOADES**:

Melody Yiru, on behalf herself and those similarly situated, request that the Court Reopen its Order on Application to Employ Foley & Lardner LLP ("Foley") [ECF No. 150], and Order on Application to Employ Larx Advisors, Inc. ("Larx") [ECF No. 148], to compel further disclosures under Fed. R. Bankr. Proc. 2014, and if necessary, amend findings of fact and conclusions of law, and in support would respectfully show:

## I. INTRODUCTION

1.      Melody Yiru, and those similarly situated (the "Tort Claimants"),[2] file this motion seeking limited relief and respectfully request that the Court reopen proceedings, compel Foley and Larx to file amended 2014 statements, and if necessary, amend its Findings of Fact and Conclusions of Law regarding: (i) the Order Approving the Application of Foley & Lardner LLP ("Foley"); and (ii) the Order Approving the Application of Larx Advisors, LLP ("Larx").  The Court's findings/conclusions on the Employment Orders were based on an incomplete record, which when completed, could compel a different result. Employment Orders are interim, and the duties of estate professionals to make adequate disclosures pursuant to Fed. R. Bankr. Proc. 2014 are continuing. Accordingly, the Tort Claimants respectfully request that the Court reopen its

---

[2] Ms. Yiru has not obtained a certified class pursuant to Fed. R. Bankr. Proc. 7023 or Fed. R. Civ. Proc. 23. Ms. Yiru will be filing a limited motion for relief from stay to obtain certification against Debtors and non-debtors (the latter to which no stay applies), or in the alternative, leave to proceed on a Class basis in these proceedings.

proceedings and compel the filing of amended 2014 statements, and to conduct further proceedings based on any amendments.

## II. JURISDICTION

2.     The Court has jurisdiction over this Bankruptcy Case and employment matters of estate professionals pursuant to 28 U.S.C. §§ 157, 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.  The basis for the limited relief requested in this motion is Fed. R. Bankr. P. 7052, 9023, 2014, and 11 U.S.C. §§ 105, 327 and Local Rule 2014-1.

## III. THE CHALLENGED FINDINGS & CONCLUSIONS

3.     Ms. Yiru originally was selected to serve on the Official Committee of Creditors ("Committee").  Before any confidentiality agreement could be signed, bylaws could be entered, or any action could be taken by the Committee, Ms. Yiru elected to withdraw from participating in the Committee.

4.     While she was considered for the Committee, the Foley and Larx' Applications to Employ were pending.  Mr. Lindemann shared with Committee Counsel, that Foley and Larx may have certain conflicts of interest that were not adequately disclosed in their Applications.  Upon inquiring further with the Debtors, Committee Counsel shared with Mr. Lindemann that Foley had represented a "Wayne Nugent" for purposes of "estate" work, and Foley was not certain as to whether the Wayne Nugent was the same person at the center of establishing and operating the WorldVentures entities.  Ms. Yiru was asked to defer filing an objection until Foley could further investigate and file an amended 2014 statement.

5.     Ms. Yiru and her Counsel have continued to conference with the Debtor's Counsel and Committee Counsel in an effort to have Foley file an amended 2014 Statement through March 11, 2021.  Ms. Yiru's counsel was informed that an amended 2014 Statement would be filed, but no statement has been filed to date, and no representation has been made as to a date certain that an amended 2014 statement will be filed.

6.      Ms. Yiru is concerned about Foley's potential current or former representation of the Wayne Nugent that formed WorldVentures and its affiliates.  If Foley assisted Mr. Nugent in estate and asset protection planning to shield assets from Ms. Yiru's lawsuit or that of other creditors, this would pose an unwaivable, serious, and disabling conflict of interest. Asset protection planning sometimes requires ongoing obligations and responsibilities. If Foley represented a different "Wayne Nugent" than the individual who is a defendant in significant litigation, and anticipated estate litigation, than there would be no issue.  Foley represented on March 11, 2021 that this issue would be handled at the "Committee" level.  However, this issue needs to be disclosed, so that it can be addressed by creditors, constituents, the Office of the United States Trustee, and the Bankruptcy Court.

7.      Ms. Yiru is also concerned about other omissions by Foley that could impact its disinterestedness under Fed. R. Bankr. Proc. 2014 and 11 U.S.C. § 327. Specifically, Foley currently represents a related company called Neoria, LLC, that is a related company to WorldVentures, who has been sued by the Federal Trade Commission for operating a pyramid scheme. *See e.g. Federal Trade Commission v. Nerium*, Case No. 3:20-cv-01979 (N.D. Tex.) Foley, on information, has also represented the Direct Selling Association, to which WorldVentures and Neoria are cartel members.  The concern here is that Foley is looking out for its own financial interests, those financial interests of Wayne Nugent, and those business interests of the Direct Selling Association rather than ensuring a compliant operation, and that victims of the pyramid scheme are treated fairly. As noted by Mr. Toth in his First Day Declaration, WorldVentures had significant regulatory issues prior to the Petition Date.  Based on testimony given to date and actions taken, there can be no confidence that things have changed.

8.      Larx also appears to have connections to Mr. Nugent and other members who do "direct selling" that it has not disclosed, including assisting the Debtors in working on valuations, pre-petition financing pre-petition. Larx is fully aware of WorldVentures illicit activities.  Larx also has not completely disclosed its connections with purported "secured equity holder/lender" Montgomery Capital.  Again, the concerns here are that Larx and Mr. Toth are playing fiddle to

the interests of the insiders of the Debtors, rather than serving as a disinterested and independent CRO.

## IV. ARGUMENT &AUTHORITIES

### A. Legal standard.

9.      The duty to disclose under Bankruptcy Rule 2014 is ongoing, continues throughout the case, and "requires 'spontaneous, timely, and complete disclosure.'" *In re The Harris Agency*, 462 B.R. 514, 524 (E.D. Pa. 2011) (citation omitted); *In re Smitty's Truck Stop, Inc.*, 210 B.R. 844, 850 (10th Cir. BAP 1997); *KLG Gates LLP v. Brown*, 506 B.R. 177, 193 (E.D.N.Y. 2014) ("This obligation to make disclosure of any connection continues beyond the court's approval of an employment application."); *Forizs & Dogali, P.A. v. Siegel*, 2012 WL 4356266, at *3 (M.D. Fla. Sept. 24, 2012).

10.     In addition, should the disclosures not be adequately explained, relief under Rule 52(b) or Rule 59 would be appropriate.[3]  To prevail on a Rule 52(b) motion, the moving party must show that the court's findings of fact or conclusions of law are not supported by evidence in the record. *PHI, Inc. v. Apical Indus., Inc.,* No. 6:13-CV-00015, 2018 WL 4089354, at *2 (W.D. La. Aug. 27, 2018); *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir. 1986). Whether to grant a Rule 52(b) motion is a matter of the trial court's discretion. *Thamathitikhun v. Bank of America, N.A.,* 705 Fed. Appx. 215, 218 (5th Cir. 2017). Similarly, Rule 59(e), incorporated by Fed. R. Bankr. P. 9023, is properly invoked to correct manifest errors of law or fact. *Waltman v. Inti Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989); *see also Rose v. Aaron*, Adv. Proc. No. 17-4131 (Bankr. E.D. Tex. 2019) (J. Rhoades) (granting motion to reconsider in part).

### B.      Rule 2014 Requires Complete Disclosures or Employment Should be Denied.

11.     Section 327 provides that the trustee or debtor in possession may employ, with court approval, professionals who are disinterested and who do not hold or represent interests adverse to the estate. 11 U.S.C. § 327. Bankruptcy Rule 2014 imposes a complementary duty of

---

[3] All rights are reserved to seek additional relief

disclosure so that courts and parties can determine whether a professional to be employed satisfies section 327's ethical requirements. Said differently, Bankruptcy Rule 2014 has one primary purpose—to facilitate compliance with section 327.

12.     But Bankruptcy Rule 2014 is also much broader than section 327: "[T]he requirements of Fed. R. Bankr. P. 2014 are more encompassing than those governing the disinterestedness inquiry under section 327. For while retention under section 327 is only limited by interests that are 'materially adverse,' under Rule 2014, 'all connections' that are not so remote as to be de minimis must be disclosed." *In re Leslie Fay Companies, Inc.*, 175 B.R. 525, 536 (Bankr. S.D.N.Y. 1994). Thus, professionals must disclose "all of the [professional's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States trustee." *See* Bankruptcy Rule 2014.

13.     "Bankruptcy Rule 2014 disclosure is not optional; it's mandatory." *In re Dickson Properties, LLC*, 2012 WL 2026760, *8 (Bankr. E.D. Va. June 5, 2012); *see also In re Granite Partners LP*, 219 B.R. 22, 44 (Bankr. S.D.N.Y. 1998) ("The trustee broke the cardinal principle of Rule 2014(a). He arrogated to himself a disclosure decision that the court must make."). These statutory provisions, which prohibit conflicting interests in bankruptcy "serve the important policy of ensuring that all professionals appointed pursuant to section 327(a) tender undivided loyalty and provide untainted advice and assistance." *Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir. 1994). "Because '[t]he objective of requiring disclosure is not so much to protect against prejudice to the estate, but to ensure undivided loyalty and untainted advice from professionals . . . . [L]ack of disclosure in and of itself is sufficient to warrant disqualification, even if in the end there was no prejudice." *In re Byington*, 454 B.R. 648, 657 (Bankr. W.D. Va. 2011) (*quoting Midway Indus. Contractors*, 272 B.R. 651, 664 (Bankr. N.D. Ill. 2001)).

14.     Professionals must "be meticulous in disclosing 'all connections' with the debtor and other parties in interest, the failure to do so justifying a court's taking significant punitive or corrective action." *Id.*; *see also In re EBW Laser Inc.*, 333 B.R. 351, 359 (Bankr. M.D.N.C. 2005)

(quotation omitted) ("The Bankruptcy Court may, in its discretion, disqualify counsel, or deny compensation, as a sanction for failure to make the disclosure required."). The requirement to disclose all connections is not subjective, "whereby the professional discloses only those 'connections' that he/she/it concludes are relevant." *In re Matco Elec. Group, Inc.*, 383 B.R. 848, 853 (Bankr. N.D.N.Y. 2008). Said differently, "the existence of a conflict of interest is not the *quid pro quo* for whether or not disclosure must be made." *Id*; *see also Granite Partners, L.P.*, 219 B.R. at 35 (court should not have to "rummage through files or conduct independent fact finding investigations" to determine whether a professional should be disqualified). And the duty to disclose under Bankruptcy Rule 2014 is ongoing, continues throughout the case, and "requires 'spontaneous, timely, and complete disclosure.'" *In re The Harris Agency*, 462 B.R. 514, 524 (E.D. Pa. 2011) (citation omitted).

### C.     Vague Disclosures That Do Not Identify Connections Do Not Comply with the Bankruptcy Rules and Bankruptcy Code

15.     Rule 2014 requires that disclosures be sufficiently explicit for a court and other parties to determine whether a professional is disinterested or holds or represents an adverse interest. *In re Lewis Road, LLC*, 2011 WL 6140747, *8 (Bankr. E.D. Va. 2011). An indeterminate statement of "connections with a creditor" does not satisfy Rule 2014. *Id*. at *12. Disclosing the existence of a connection without disclosing the identity of the connection is insufficient. *See In re Saturley*, 131 B.R. 509, 517 (Bankr. D. Me. 1991) (holding that "[c]oy or incomplete disclosures which leave the court to ferret out pertinent information from other sources are not sufficient."). Rather, "complete and candid disclosure . . . is indispensable to the court's discharge of its duty to assure the [professional's] eligibility for employment under section 327(a) . . . ." *In re eToys, Inc.*, 331 B.R. 176, 189 (Bankr. D. Del. 2005).

16.     In *Lewis Road, LLC*, the Court found that the statement that a firm had "connections with a creditor" did not comply with Rule 2014. The debtor filed an application to employ counsel

(without a verified statement) that disclosed that "[p]roposed counsel has connections with the debtor (including prepetition advice concerning the debtor's financial situation and the preparation and filing of its chapter 11 petition) and connections with a creditor." 2011 WL 6140747, *2 (emphasis in original). The professional firm "did not disclose with whom it held connections nor did it describe what those connections were in its Application." *Id*. at *9. The purported "disclosure" that was made was woefully inadequate and not in compliance with the requirement that the disclosure be "explicit enough for the court and other parties to gauge whether the person to be employed is not disinterested or holds an adverse interest." [citation omitted]. This lack of proper disclosure alone warrants the firm's disqualification from the case. *Id*. The firm's failure to provide "any information concerning the identity, nature, or scope of its 'connections with a creditor'" compelled the Court's conclusion that the purported disclosure did "not contain the detail sufficient to comply with Rule 2014." *Id*. at *2, *12. Based on a finding of an actual conflict of interest as well as the failure to disclose the actual conflict and all connections, the Court ordered complete disgorgement of all amounts paid to counsel.

17.     Other courts presented with similarly vague or boilerplate disclosures have rightly disapproved them too. *See Matco Elect. Group*, 383 B.R. 848; *In re Filene's Basement, Inc.*, 310 B.R. 845 (Bankr. D. Mass. 1999); *Leslie Fay Cos.*, 175 B.R. at 537; *see also In re Digerati Tech.*, *Inc.*, 524 B.R. 666, 688 (Bankr. S.D. Tex. 2015) (denying final fee application for, among other things, failure to comply with the requirements of Bankruptcy Rule 2014 when the investment banker had failed to disclose connection with debtor's law firm).

18.     *Leslie Fay* is instructive.  In *Leslie Fay*, the court found that boilerplate language that the firm at issue may have in the past represented, currently represents, and may in the future represent entities which are claimants of the debtors was insufficient to alert the court to the firm's representation of a large creditor. The court further stated that while "[t]he boilerplate is reasonable to cover inadvertent failures to disclose insignificant connections; it is not an adequate substitute for disclosure of representation of known and significant creditors." *Id*.

19.    In *Filene's Basement*, the debtors filed an application to employ PricewaterhouseCoopers LLP ("PWC") as financial advisor and consultant. Another of PWC's clients, T.A.C. Group, Inc. ("TAC"), filed a motion to reconsider PWC's appointment as advisors, alleging that PWC was not disinterested because it had served as TAC's advisor in a prepetition state court action brought by TAC against the debtors. PWC's disclosure declaration stated, among other things: In the spring of 1999, a PricewaterhouseCoopers LLP partner was retained by the plaintiff's law firm to potentially provide expert witness testimony in a litigation matter that involved the Debtors [as] defendants. When PricewaterhouseCoopers LLP was subsequently retained by the Debtor to provide financial advisory and consulting services, both parties to that litigation were notified . . . That litigation is now stayed as a result of the Debtors filing for Chapter 11 protection. *Id*. at 847.

19.    Missing from PWC's Rule 2014 disclosures was the identity of the plaintiff, the nature of the litigation, or any other fact that could have alerted the court to any potential problem. The Court ultimately disqualified PWC and held that "[PWC's] failure to include TAC in its list of clients and the inconspicuous and anonymous disclosure regarding that litigation fails to satisfy the requirements of the rule." *Id*. at 850. Similarly, in *Matco Elect. Group*, the affidavit in support of the retention of the Unsecured Creditors Committee's counsel disclosed that "[m]ember(s) and/or employees of [the firm] may from time to time maintain de minimis stock holdings in creditors(s) of the Debtors, which stock is publicly traded on national markets and an attorney is related to and [sic] officer and shareholder of one of the general unsecured creditors of the Debtors." *Matco*, 383 B.R. at 850.

20.    But it was later discovered that the attorney referred to in the affidavit was a partner who, at the time of the execution of the affidavit, was the son-in-law of the Chief Executive Officer and President of a significant creditor, who petitioned for the debtors' involuntary bankruptcy and became an active member of the creditors' committee. Upon a motion for the review and disallowance of professionals' fees, the court was ultimately faced with the question of whether the disclosure was "a sufficient compliance with the requirements of Fed. R. Bankr. P. 2014 in

light of facts which were known only to the firm at the time the disclosure was made." *Id*. at 853.

The firm's argument in its defense was that somehow the adequacy of the disclosure required by

Bankruptcy Rule 2014 should be judged by the failure of any party in interest to request additional

information from the firm beyond the statement in its declaration. *Id*. at 853. The court, however,

dismissed the argument and condemned the gamesmanship:

> Fed. R. Bankr. P. 2014 is not intended to condone a game of cat and mouse where
> the professional seeking appointment provides only enough disclosure to whet the
> appetite of the UST, the court or other parties in interest, and the burden shifts to
> those entities to make inquiry in an effort to expand the disclosure.

*Id*. at 853-54; *see also Filene's Basement, Inc.*, 239 B.R. at 856 (indicating that "'coy or incomplete

disclosures which leave the court to ferret out pertinent information from other sources are not

sufficient.'") (quotations omitted). The *Matco Elect. Group* court ultimately concluded that the

disclosures appeared to have been purposefully vague and denied some of the requested fees. Id.

at 856.

D.     **The Estate Professionals May Not Circumvent Bankruptcy Rule 2014 on the
       Grounds of Client Confidentiality**

21.     Confidentiality cannot supersede the ethics and disclosure requirements of the

Bankruptcy Code and Rules. *See In re Project Orange*, 431 B.R. 363 (Bankr. S.D.N.Y. 2010)

(conflict waivers obtained from a creditor by a law firm do not, by contractually permitting the

firm to represent the debtor on some matters adverse to creditors, trump the statutory requirements

governing the estate's employment of professionals); *see also Granite Partners*, 219 B.R. at 34

(Bankr. S.D.N.Y. 1998) (observing that while clients may, in some instances, waive conflicts, "the

mandatory provisions of section 327(a) do not allow for waiver."). Moreover, client confidentiality

is a common concern with other professionals, including law firms which are also bound by the

duties of professional responsibility and confidentiality, yet other professional firms routinely

satisfy their disclosure requirements.  The requirements of Bankruptcy Rule 2014 "transcend those

of § 327, as they mandate disclosure of all connections with the named parties, rather than being limited to those which deal with disinterestedness." *Filene's Basement*, 239 B.R. at 849. Once disclosures are properly made, the Court and the parties can objectively satisfy themselves whether there are no conflicts or disabling connections. *In re Global Marine, Inc.*, 108 B.R. 998, 1005–06 (Bankr. S.D. Tex. 1987); *see also* MILTON C. REGAN, JR., EAT WHAT YOU KILL: THE FALL OF A WALL STREET LAWYER (2004) (chronicling the disclosure failures of John Gellene and Milbank, Tweed, Hadley & McCloy in the bankruptcy proceeding of Bucyrus-Erie Corporation, and the subsequent consequences for such a failure).

22.     Simply, the Estate Professionals should be compelled to submit more complete and accurate Rule 2014 statements, and a further hearing should be set once the appropriate disclosures are made.

### V. PRAYER

23.     For the forgoing reasons, the Tort Claimants respectfully request that the Court reopen the proceedings, compel the Estate Professionals to submit amended 2014 statements disclosing all connections, and setting a further hearing and briefing schedule to determine the next steps, if any.  If the Estate Professionals amend their responses voluntarily as was represented in connection with Foley, the amended disclosures will be assessed.

DATED: March 11, 2021                    Respectfully submitted by:

                                         */s/ Blake J. Lindemann*
                                         Blake J. Lindemann
                                         California Bar No. 255747
                                         E-mail:  blake@lawbl.com
                                         **LINDEMANN LAW FIRM, APC**
                                         (*pro hac vice*)
                                         433 N. Camden Drive, 4th Floor
                                         Beverly Hills, CA 90210
                                         Telephone No: 310-279-5269
                                         Facsimile No: 310-300-0267

                                         COUNSEL FOR CREDITOR MELODY YIRU
                                         AND THOSE SIMILARLY SITUATED

## CERTIFICATE OF CONFERENCE

I hereby certify that I have spoken with counsel for the Debtors regarding this Motion. The Debtors represented the issue was at the "Committee level" and was opposed. Claimant's counsel requested a date certain that the amended verifications would be filed, but the Estate Professionals would not commit to a date certain to amend their 2014 verifications.

## CERTIFICATE OF SERVICE

On March 11, 2021, I electronically submitted the foregoing document with the clerk of the court of the U.S. Bankruptcy Court, Eastern District of Texas, using the electronic case filing system of the Court. I hereby certify that I will serve the parties individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

*/s/ Blake J. Lindemann*
Blake J. Lindemann

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS,** | § | **Case No.: 20-42492** |
| **LLC**, *et al.* | § | |
| | § | **Joint Administration Requested** |
| Debtors.[1] | § | |

**ORDER GRANTING, IN PART, MOTION TO REOPEN PROCEEDINGS, OR IN THE
ALTERNATIVE TO COMPEL COMPLIANCE WITH FED. R. BANKR. PROC. 2014**

The Motion to Reconsider or Reopen proceedings, or in the alternative to Compel
compliance with Fed. R. Bankr. Proc. 2014, is **GRANTED** in part.

Foley and Larx are Ordered to provide more detailed explanation of their connections the
Debtors, Insiders, and the Direct Selling Association by no later than March 25, 2021. A hearing
on the Applications to be employed will be scheduled on _____, 2021.  Supplemental
Oppositions, if any, based on the disclosures, shall be submitted by April 9, 2021.

_____
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

---

[1] The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases
("Cases") have listed their identification and EIN numbers as: Spherature Investments LLC
("Spherature") EIN#5471; Rovia, LLC ("Rovia") EIN#7705; WorldVentures Marketing Holdings,
LLC ("WV Marketing Holdings") EIN#3846; WorldVentures Marketplace, LLC ("WV
Marketplace") EIN#6264; WorldVentures Marketing, LLC ("WV Marketing") EIN#3255;
WorldVentures Services, LLC ("WV Services") EIN #2220. The Debtors list their corporate
headquarters in some pleadings, but not others, as 5100 Tennyson Parkway, Plano, TX 75024.

PAGE 1

Submitted and Prepared by:

/s/ *Blake J. Lindemann*
Blake J. Lindemann
California Bar No. 255747
E-mail:  blake@lawbl.com
**LINDEMANN LAW FIRM, APC**
(*pro hac vice forthcoming*)
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone No: 310-279-5269
Facsimile No: 310-300-0267

COUNSEL FOR CREDITOR MELODY YIRU
AND THOSE SIMILARLY SITUATED

# **Exhibit 1**

**EOD**

02/25/2021

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** | § | **Case No.: 20-42492** |
| *et. al.* | § | |
| | § | |
| | § | |
| Debtors.[1] | § | **Jointly Administered** |

## ORDER AUTHORIZING DEBTORS TO (I) EMPLOY AND RETAIN LARX ADVISORS INC. TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL AND (II) DESIGNATE ERIK TOTH AS THE CHIEF RESTRUCTURING OFFICER AS OF THE PETITION DATE

This matter having come before this Court on the *Application for Order Authorizing Debtors to (I) Employ and Retain Larx Advisors Inc. to Provide a Chief Restructuring Officer and Additional Personnel and (II) Designate Erik Toth as the Chief Restructuring Officer as of the Petition Date* (the "**Application**"),[2] filed by Spherature Investments LLC ("**Spherature**"), together with its affiliates identified herein (collectively, the "**Debtors**") the Debtors and debtors-in-possession in the above captioned chapter 11 cases (the "**Cases**").

The Court having jurisdiction to consider the Application and the relief requested therein, pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the requested

---

[1] The "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("**Cases**") are: Spherature Investments LLC ("**Spherature**") EIN#5471; Rovia, LLC ("**Rovia**") EIN#7705; WorldVentures Marketing Holdings, LLC ("**WV Marketing Holdings**") EIN#3846; WorldVentures Marketplace, LLC ("**WV Marketplace**") EIN#6264; WorldVentures Marketing, LLC ("**WV Marketing**") EIN#3255; WorldVentures Services, LLC ("**WV Services**") EIN#2220. The Debtors' corporate headquarters and service address in this district is 5100 Tennyson Parkway, Plano, TX 75024.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

**ORDER AUTHORIZING DEBTORS TO (I) EMPLOY AND RETAIN LARX ADVISORS INC. TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL AND (II) DESIGNATE ERIK TOTH AS THE CHIEF RESTRUCTURING OFFICER AS OF THE PETITION DATE**

**PAGE 1**

relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

Application having been provided, and it appearing that no other or further notice need be

provided; and the Court having reviewed the Application; and all objections, if any, to the

Application have been withdrawn, resolved, or overruled; and the Court having determined that

the legal and factual bases set forth in the Application establish just cause for the relief granted

herein; and upon all of the proceedings had before the Court and after due deliberation and

sufficient cause appearing therefor, it is **HEREBY ORDERED** that:

1.      The Application is **APPROVED**, as provided herein.

2.      Pursuant to Bankruptcy Code sections 105(a), 327(a) and 363(b), the Debtors are

hereby authorized, *nunc pro tunc* to the Petition Date, to employ and retain Larx Advisors Inc. to

provide a Chief Restructuring Officer ("**CRO**") and additional personnel, and to designate Erik

Toth as their CRO, pursuant to the terms of the Engagement Letter.

3.      Larx shall be compensated for such services, and shall be reimbursed for any related

expenses, pursuant to the terms set forth in the Engagement Letter, as modified by this Order, and

shall file applications and be compensated in accordance with sections 330 and 331 of the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be

fixed by order of this Court.

4.      The terms of the Engagement Letter, including without limitation, the

compensation provisions and the indemnification provisions, are reasonable terms and conditions

of employment and are hereby approved; provided, however, that Larx and Mr. Toth shall be

**ORDER AUTHORIZING DEBTORS TO (I) EMPLOY AND RETAIN LARX ADVISORS INC. TO
PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL AND (II)
DESIGNATE ERIK TOTH AS THE CHIEF RESTRUCTURING OFFICER AS OF THE PETITION
DATE**

required to seek approval from the Court prior to submitting any indemnification claims under the
indemnification provision of the Engagement Letter.

5.      The Debtors and Larx are authorized to take all actions necessary to effectuate the
relief granted in this Order in accordance with the Application.

6.      In the event of any inconsistency between this Order, Engagement Letter, and the
Application, this Order shall govern.

7.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order
shall be immediately effective and enforceable upon its entry.

8.      Notwithstanding any term in the Engagement Letter to the contrary, the Court
retains exclusive jurisdiction with respect to all matters arising from or related to the
implementation, interpretation, and enforcement of this Order.

Signed on 2/25/2021

*Brenda T. Rhoades*   SR   —

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

**ORDER AUTHORIZING DEBTORS TO (I) EMPLOY AND RETAIN LARX ADVISORS INC. TO
PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL AND (II)
DESIGNATE ERIK TOTH AS THE CHIEF RESTRUCTURING OFFICER AS OF THE PETITION
DATE**

Submitted and Prepared by:

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@foley.com
tscannell@foley.com

**PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

**ORDER AUTHORIZING DEBTORS TO (I) EMPLOY AND RETAIN LARX ADVISORS INC. TO
PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL AND (II)
DESIGNATE ERIK TOTH AS THE CHIEF RESTRUCTURING OFFICER AS OF THE PETITION
DATE**

# Exhibit 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** | § | **Case No.: 20-42492** |
| *et al.,* | § | |
| | § | |
| | § | |
| **Debtors.**[1] | § | **Jointly Administered** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FOLEY & LARDNER LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

**ON THIS DATE** this Court considered the Application of above-captioned debtors and debtors-in-possession, for an order approving the employment of Foley & Lardner LLP as primary bankruptcy counsel for the Estates in the above-referenced cases. The Application has been properly served as required by LBR 2014, and no objection to the Application has been timely filed by any party. Upon review of the Application and the Helt Declaration, the Court finds that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) proper and adequate notice of the Application has been given, that no objections have been filed, and that no other or further notice is necessary; (iv) that the Debtor has shown good, sufficient, and sound business purpose and justification for the relief requested in the Application; (v) granting the Application is in the best interests of the Debtors, the Estates, and the creditors thereof; (vi) the proposed professional is "disinterested" as

---

[1] The "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("**Cases**") are: Spherature Investments LLC ("**Spherature**") EIN#5471; Rovia, LLC ("**Rovia**") EIN#7705; WorldVentures Marketing Holdings, LLC ("**WV Marketing Holdings**") EIN#3846; WorldVentures Marketplace, LLC ("**WV Marketplace**") EIN#6264; WorldVentures Marketing, LLC ("**WV Marketing**") EIN#3255; WorldVentures Services, LLC ("**WV Services**") EIN#2220.

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FOLEY & LARDNER LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

**PAGE 1**

that term is defined in 11 U.S.C. §101(14) and that Foley & Lardner LLP represents or holds no interest adverse to the Estates; and (vii) on the record herein and after due deliberation thereon, good and sufficient cause exists for granting the relief requested therein; accordingly, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**

1.      The Application is **GRANTED**.

2.      In accordance with sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Local Rules 2016-1, the Debtors are hereby authorized and empowered to employ Foley & Lardner LLP as its bankruptcy counsel for the Estates in the above-referenced cases.

3.      The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

4.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.      This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Signed on 2/25/2021

*Brenda T. Rhoades*                    SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FOLEY & LARDNER LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

4829-9450-3126.7

Submitted and Prepared by:

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@foley.com
tscannell@foley.com

**PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FOLEY & LARDNER LLP AS
ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE
PETITION DATE**

**PAGE 3**

4829-9450-3126.7