IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SPHERATURE INVESTMENTS LLC, | § | Case No.: 20-42492 |
| *et al.*,[1] | § | |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

ORDER APPROVING APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENTOF PACHULSKI STANG ZIEHL
& JONES LLP AS COUNSEL EFFECTIVE AS OF FEBRUARY 1, 2021

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Spherature Investments LLC, and the affiliated jointly administered debtors and debtors-in-possession (the "Debtors") appointed pursuant to section 1102 of Title 11 of the United States Code (the "Bankruptcy Code") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") for entry of an order authorizing the employment and retention of Pachulski Stang Ziehl & Jones LLP ("PSZJ") as counsel for the Committee, effective as of February 1, 2021, pursuant to sections 327, 328, and 1103 of the Bankruptcy Code, Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Texas (the "Local Bankruptcy Rules"); and upon the Declarations of Michael D. Warner (the "Warner Declaration") and the Committee Chair filed in Support of the Application; and the Court having jurisdiction to consider the Application and the relief

---

[1] The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases ("Cases") are: Spherature Investments LLC ("Spherature") EIN#5471; Rovia, LLC ("Rovia") EIN#7705; WorldVentures Marketing Holdings, LLC ("WV Marketing Holdings") EIN#3846; WorldVentures Marketplace, LLC ("WV Marketplace") EIN#6264; WorldVentures Marketing, LLC ("WV Marketing") EIN#3255; WorldVentures Services, LLC ("WV Services") EIN#2220.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

DOCS_NY:42284.2 80687/001

requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2) on which the Court may enter a final order consistent with Article III of the United States Constitution; and venue being properly in this district under 28 U.S.C. §§ 1408 and 1409; and having found based on the representations made in the Application and the Warner Declaration that (i) PSZJ does not hold or represent any interest adverse to the Committee with respect to the matters for which it is being retained; (ii) PSZJ is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1103(b) of the Bankruptcy Code); (iii) neither PSZJ nor its professionals have any connection with the Debtors, their estates, or creditors, except as disclosed in the Warner Declaration; and (iv) PSZJ's employment and retention is necessary and in the best interest of the Debtors' estates, their creditors and other parties in interest; and good and adequate notice of the Application having been given under the circumstances and it appearing that no other or further notice need be provided; and it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED as set forth herein.

2. PSZJ's employment and retention as counsel to the Committee is necessary and in the best interest of the creditors of the Debtors and their estates, and PSZJ is authorized to provide the Committee with the professional services as described in the Application.

3. The Committee is authorized to retain PSZJ as its counsel effective as of February 1, 2021, pursuant to 11 U.S.C. § 327, 328, and 1103 under the terms and conditions set forth in the Application and the Warner Declaration.

4. PSZJ shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with section 330 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. PSZJ intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosure as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and the interim and final fee applications to be filed by PSZJ in these Chapter 11 Cases.

5. PSZJ shall provide ten business days' notice to the Debtors and the United States Trustee prior to any increases in the rates set forth in the Application, and such notice must be filed with the Court.

6. The United States Trustee may object to PSZJ's expenses on any grounds.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry. To the extent this Order conflicts with the Application and/or the Warner Declaration, the terms of this Order control.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Signed on 3/15/2021

*Brenda T. Rhoades*     YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

DOCS_NY:42284.2 80687/001