Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
Stephen A. Jones (24101270)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@foley.com
tscannell@foley.com
sajones@foley.com

**COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** | § | **Case No.: 20-42492** |
| *et al.,* | § | |
| | § | |
| Debtors.[1] | § | **Jointly Administered** |

**MOTION FOR ORDER EXTENDING THE TIME WITHIN WHICH THE DEBTORS MAY FILE NOTICES TO REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULES 9006 AND 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

> **A HEARING WILL BE CONDUCTED ON THIS MATTER IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS, 660 NORTH CENTRAL EXPRESSWAY, SUITE 300B, PLANO, TEXAS 75074.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE**

---

[1] The "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("**Cases**") are: Spherature Investments LLC ("**Spherature**") EIN#5471; Rovia, LLC ("**Rovia**") EIN#7705; WorldVentures Marketing Holdings, LLC ("**WV Marketing Holdings**") EIN#3846; WorldVentures Marketplace, LLC ("**WV Marketplace**") EIN#6264; WorldVentures Marketing, LLC ("**WV Marketing**") EIN#3255; WorldVentures Services, LLC ("**WV Services**") EIN#2220.

**MOTION FOR ORDER EXTENDING THE TIME WITHIN WHICH THE DEBTORS MAY FILE NOTICES TO REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULES 9006 AND 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**PAGE 1**

**BANKRUPTCY COURT WITHIN TWENTY-THREE (23) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Spherature Investments LLC ("**Spherature**"), together with its affiliates identified herein, as debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby file this *Motion for Order Extending the Time Within Which the Debtors May File Notices to Remove Actions Pursuant To 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure* (the "**Motion**"), requesting an order pursuant to 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") extending the period (the "**Removal Period**") within which the Debtors may remove actions (each individually, an "**Action**," and, collectively, the "**Actions**") by one-hundred twenty (120) days, up to and including July 19, 2021, without prejudice to the Debtors' right to seek further extensions. In support of the Motion, the Debtors respectfully state as follows:

# I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal bases for the relief requested herein are section 1452 of title 28 of the United States Code (the "**Judicial Code**") and Bankruptcy Rules 9006 and 9027.

**MOTION FOR ORDER EXTENDING THE TIME WITHIN WHICH THE DEBTORS MAY FILE NOTICES TO REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULES 9006 AND 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**PAGE 2**

4839-2888-9569.2

## II.
## BACKGROUND

4. On December 21, 2020 (the "**Petition Date**"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby initiating the above-captioned cases (the "**Cases**").

5. Contemporaneously with the filing of their first-day motions, the Debtors filed declaration testimony by the Debtors' proposed Chief Restructuring Offer, Erik Toth (the "**Toth Declaration**"),[2] which contains additional background information on the Debtors and their operations. The contents of the Toth Declaration are incorporated by reference, as if set forth herein verbatim, pursuant to Federal Rule of Civil Procedure 10(c).

6. The Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On January 22, 2021, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee**") [Docket Nos. 93 and 116]. Also on January 22, 2021, each of the Debtors filed their respective Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Schedules and Statements**").

8. On February 22, 2021, each of the Debtors filed their respective Monthly Operating Reports for the periods of December 2020 and January 2021. Also on February 22, 2021, the Debtors commenced an adversary proceeding against Kenneth E. Head by filing an *Original Complaint and Request for Preliminary Injunction* [Docket No. 141].

---

[2] The Toth Declaration is filed in the lead case of Spherature Investments LLC, pending before the Bankruptcy Court.

**MOTION FOR ORDER EXTENDING THE TIME WITHIN WHICH THE DEBTORS MAY FILE NOTICES TO REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULES 9006 AND 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

9. On March 2, 2021, the Debtors filed a *Motion for Order Extending the Exclusive Periods During Which Only Debtors May File and Confirm a Plan* [Docket No. 158].

10. On March 5, 2021, the Debtors commenced an adversary proceeding against Seacret Direct LLC by filing an *Original Complaint and Request for Preliminary Injunction* [Docket No. 160]. Also on March 5, 2021, the Debtors filed a *Motion for Rule 2004 Examination of Grouply Ventures, LLC, Top Tier Travel, Inc., and Virginia Trask, and for Production of Documents* [Docket No. 161].

### III.
### RELIEF REQUESTED

11. Prior to the commencement of these chapter 11 cases (the "**Cases**"), the Debtors were involved in a number of pre-petition civil Actions in various forums across the United States. On January 22, 2021, the Debtors filed their respective Schedules and Statements, which identified the Actions known as of that date. However, as the Cases have moved forward, the Debtors and their advisors have primarily focused on stabilizing the Debtors' businesses, reaffirming the Debtors' relationships with sales representatives, customers, and vendors, reforming and consolidating the Debtors' cash management system, engaging in discussions with key stakeholders about a sale of the Debtors' assets and a chapter 11 plan, and commencing adversary proceedings and related discovery to seek redress for damage caused to the Debtors' estates (the "**Estates**"). As such, the Debtors and their professionals have not yet had ample time to analyze and determine which, if any, pre-petition Actions they will seek to remove under 28 U.S.C. § 1452. Accordingly, by this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit "A"**, extending the Removal Period to July 19, 2021, which will in turn allow

**MOTION FOR ORDER EXTENDING THE TIME WITHIN WHICH THE DEBTORS MAY FILE NOTICES TO REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULES 9006 AND 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**PAGE 4**

4839-2888-9569.2

the Debtors to maintain their present focus on other time-critical restructuring matters before turning their attention to issues related to removal.

## IV.
## BASIS FOR THE RELIEF REQUESTED

12. Section 1452 of the Judicial Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases and Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. *See* 28 U.S.C. § 1452; FED. R. BANKR. P. 9027. Under Bankruptcy Rule 9027, a party must file a notice of removal before the later of

> (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

FED. R. BANKR. P. 9027(a)(2). However, Bankruptcy Rule 9006(b)(1) allows the Court to extend the period to remove actions provided by Bankruptcy Rule 9027 "for cause shown . . . if the request therefor is made before the expiration of the period originally prescribed." FED. R. BANKR. P. 9006(b)(1).

13. At present, the Removal Period is set to expire in these Cases on March 21, 2020, and the Debtors seek an order extending the Removal Period to July 19, 2021, without prejudice to the Debtors' right to seek further extensions.

14. An extension of the Removal Period is appropriate under the present circumstances because since the Petition Date, the Debtors have focused their efforts on maximizing the value of

**MOTION FOR ORDER EXTENDING THE TIME WITHIN WHICH THE DEBTORS MAY FILE NOTICES TO REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULES 9006 AND 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**PAGE 5**

4839-2888-9569.2

the Estates by prioritizing time-sensitive and urgent restructuring matters, including working with various stakeholders to stabilize operations, filing Schedules, Statements, and Monthly Operating Reports, negotiating a sale of the Debtors' assets and chapter 11 plan, and commencing adversary proceedings and related discovery.

15. More specifically, an extension of the Removal Period is appropriate because the Debtors have expended considerable time and effort by handling countless operational issues, including (1) responding to creditor, customer, financial institution, and vendor concerns and questions; (2) preparing and filing the Debtors' Schedules, Statements, and Monthly Operating Reports; (3) responding to numerous informational and due-diligence requests by the Committee, and negotiating with the Committee and other interested parties to consensually resolve various issues; (4) marketing, negotiating, and preparing for a potential sale of the Debtors' assets; (5) engaging in negotiations and discussions with various parties in interest regarding a consensual resolution of the Cases; and (6) filing adversary proceedings and discovery motions to increase the Debtors' going concern value for the benefit of the Estates, the creditors, and the stakeholders.

16. Therefore, it is presently premature for the Debtors to make an assessment concerning the potential benefits and burdens of removing the pre-petition Actions. Accordingly, it is necessary and prudent to grant an extension of the Removal Period to protect the removal rights of the Debtors and any of their successors in interest. The relief requested herein is in the best interests of the Debtors, the Estates, the creditors, and all stakeholders. The extension sought will afford the Debtors and any of their successors the opportunity to make fully informed

**MOTION FOR ORDER EXTENDING THE TIME WITHIN WHICH THE DEBTORS MAY FILE NOTICES TO REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULES 9006 AND 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

PAGE 6

4839-2888-9569.2

decisions with respect to the removal of any Action and will ensure that the Debtors do not forfeit valuable rights under 28 U.S.C. § 1452.

## V.
## NOTICE

17. This Motion has been provided to: (i) the Office of the United States Trustee; (ii) to each of the Debtors' secured lenders; (iii) counsel to the agents of the Debtors' secured lenders; (iv) proposed counsel to the Official Committee of Unsecured Creditors; (v) the forty (40) largest unsecured creditors of each the Debtors, as applicable; (vi) the Internal Revenue Service; and (vii) all parties in interest who have formally appeared and requested notice. The Debtors respectfully submit that no further notice of this Motion is required.

18. The pleadings in these Cases and supporting papers are available on the Bankruptcy Court's website at https://ecf.txeb.uscourts.gov/ and on the Debtors' Claims and Noticing Agent's website at https://cases.stretto.com/Spherature. You can also request any pleading you need from the Debtors' proposed counsel at: Foley & Lardner LLP, c/o Thomas C. Scannell, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201 (tscannell@foley.com).

## VI.
## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached as **Exhibit "A",** granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

**MOTION FOR ORDER EXTENDING THE TIME WITHIN WHICH THE DEBTORS MAY FILE NOTICES TO REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULES 9006 AND 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**PAGE 7**

4839-2888-9569.2

DATED: March 19, 2021 　　　　　　　　Respectfully submitted by:

　　　　　　　　　　　　　　　　　　　　*/s/ Marcus A. Helt*
　　　　　　　　　　　　　　　　　　　　Marcus A. Helt (TX 24052187)
　　　　　　　　　　　　　　　　　　　　Thomas C. Scannell (TX 24070559)
　　　　　　　　　　　　　　　　　　　　Stephen A. Jones (TX 24101270)
　　　　　　　　　　　　　　　　　　　　**FOLEY & LARDNER LLP**
　　　　　　　　　　　　　　　　　　　　2021 McKinney Avenue, Suite 1600
　　　　　　　　　　　　　　　　　　　　Dallas, TX 75201
　　　　　　　　　　　　　　　　　　　　Telephone: (214) 999-3000
　　　　　　　　　　　　　　　　　　　　Facsimile: (214) 999-4667
　　　　　　　　　　　　　　　　　　　　mhelt@foley.com
　　　　　　　　　　　　　　　　　　　　tscannell@foley.com
　　　　　　　　　　　　　　　　　　　　sajones@foley.com

　　　　　　　　　　　　　　　　　　　　**COUNSEL FOR THE DEBTORS**
　　　　　　　　　　　　　　　　　　　　**AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

　　　I hereby certify that, on March 19, 2021, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.

　　　　　　　　　　　　　　　　　　　　*/s/ Stephen A. Jones*
　　　　　　　　　　　　　　　　　　　　Stephen A. Jones

**MOTION FOR ORDER EXTENDING THE TIME WITHIN WHICH THE DEBTORS MAY FILE NOTICES TO REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULES 9006 AND 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**PAGE 8**

4839-2888-9569.2