IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **SPHERATURE INVESTMENTS,** | § | Case No.: 20-42492 |
| **LLC**, *et al.* | § | |
| | § | Joint Administration Requested |
| Debtors.¹ | § | |

**DECLARATION OF BLAKE J. LINDEMANN IN SUPPORT OF MOTION OF MELODY YIRU FOR LIMITED RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) TO FILE HER MOTION FOR CLASS CERTIFICATION IN THE DISTRICT COURT AND TO CONFIRM NO AUTOMATIC STAY APPLIES TO THE NON-DEBTOR PARTIES, OR IN THE ALTERNATIVE, FOR AN ORDER APPLYING FED. R. BANKR. PROC. 7023, PURSUANT TO FED. R. BANKR. PROC. 9014(c) TO PERMIT THE FILING OF A MOTION FOR CLASS CERTIFICATION IN THIS COURT AND RELATED RELIEF**

I, Blake J. Lindemann, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am over the age of 21 years and I am competent to make this Declaration. I have personal knowledge of the facts as stated in this Declaration, or if I rely on business records, I will so personally state. I am one of the attorneys for Plaintiff Melody Yiru in *Yiru v. WorldVentures Marketing, LLC et al.*, Case No. 3:17-cv-02155-S (N.D. Tex.).

---

¹ The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases ("Cases") have listed their identification and EIN numbers as: Spherature Investments LLC ("Spherature") EIN#5471; Rovia, LLC ("Rovia") EIN#7705; WorldVentures Marketing Holdings, LLC ("WV Marketing Holdings") EIN#3846; WorldVentures Marketplace, LLC ("WV Marketplace") EIN#6264; WorldVentures Marketing, LLC ("WV Marketing") EIN#3255; WorldVentures Services, LLC ("WV Services") EIN #2220. The Debtors list their corporate headquarters in some pleadings, but not others, as 5100 Tennyson Parkway, Plano, TX 75024.

2. I submit this declaration in support of Melody Yiru's Motion for Limited Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(D) to File her Motion for Class Certification in The District Court, to Confirm No Automatic Stay as to Non-Debtor Parties, or in the Alternative, for an Order Applying Fed. R. Bankr. Proc. 7023, Pursuant to Fed. R. Bankr. Proc. 9014(C) to Permit the Filing of a Motion For Class Certification In This Court And Related Relief.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the operative Renewed First Amended Class Action Complaint in the Yiru Litigation.

4. Attached hereto as **Exhibit 2** is the most recent Scheduling Order entered by the District Court in the Yiru Litigation. The case was administratively closed due to the suggestion of the bankruptcy cases.

5. Ms. Yiru has not filed a proof of claim in these proceedings, to date. Pursuant to the District Court's Scheduling Order, Ms. Yiru seeks limited relief from the automatic stay to file a motion for class certification. I anticipate this will entail limited briefing including a motion, an opposition, and reply. Ms. Yiru is likely to succeed on the merits of obtaining a class certification Order, because this type of claim is uniquely considered to be a claim that is subject to be certified by a full 5th Circuit panel sitting en banc. *See Torres v. S.G.E. Mgmt., LLC,* 838 F.3d 629, 638-39 (5th Cir. 2016) (en banc), *cert denied*, 138 S. Ct. 76 (2017) (certifying a RICO pyramid scheme claim). Upon returning to the Court with a Class Certification Order in hand, Ms. Yiru will be in a position to file her claim on behalf of a Class. If she were not granted this status, Ms. Yiru would have to proceed on an individual basis with other members filing individual claims, which does not promote efficiency or cost savings to any parties for the reasons stated in the Motion.

6. The Yiru litigation is also against various non-debtor third parties including Wayne Nugent, Daniel Stammen, Michael Azcue, and the WorldVentures Foundation. Ms. Yiru will seek

to add other defendants to the litigation. As for the non-Debtor persons, Ms. Yiru seeks an Order confirming that the automatic stay does not apply as to the non-debtor persons.

7. In the alternative to being granted relief from the automatic stay on a limited basis as to the Debtors, Ms. Yiru requests leave of the Court to file an adversary action in this Bankruptcy Case and seek class treatment for all purposes in the bankruptcy cases pursuant to Federal Bankruptcy Rule 7023. Since the Debtors' revenues are foundational from the backs of Ms. Yiru and the proposed class, the class of representatives should be given input on a unified basis.

8. Upon information, I believe that one or more the Debtors' insurance carriers is paying for the cost of defense of the Yiru Litigation.

Executed this 19th day of March, 2021, at Beverly Hills, California. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/ *Blake J. Lindemann*
Blake J. Lindemann