Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
Stephen A. Jones (TX 24101270)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@foley.com
tscannell@foley.com
sajones@foley.com

**COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SPHERATURE INVESTMENTS LLC, | § | Case No.: 20-42492 |
| *et al.*, | § | |
| | § | |
| Debtors.[1] | § | Jointly Administered |

**MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO KEEP CERTAIN INFORMATION IN SCHEDULES OF ASSETS AND LIABILITIES CONFIDENTIAL; (II) APPROVING FORM AND MANNER OF NOTICE TO CERTAIN POTENTIAL CLAIMANTS; AND (III) ESTABLISHING SUPPLEMENTAL DEADLINE TO FILE PROOFS OF CLAIM FOR CERTAIN POTENTIAL CLAIMANTS**

**A HEARING WILL BE CONDUCTED ON THIS MATTER IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS, 660 NORTH CENTRAL EXPRESSWAY, SUITE 300B, PLANO, TEXAS 75074.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF**

---

[1] The "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("**Cases**") are: Spherature Investments LLC EIN#5471; Rovia, LLC EIN#7705; WorldVentures Marketing Holdings, LLC EIN#3846; WorldVentures Marketplace, LLC EIN#6264; WorldVentures Marketing, LLC EIN#3255; WorldVentures Services, LLC EIN#2220.

**MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO KEEP CERTAIN INFORMATION IN SCHEDULES OF ASSETS AND LIABILITIES CONFIDENTIAL; (II) APPROVING FORM AND MANNER OF NOTICE TO CERTAIN POTENTIAL CLAIMANTS; AND (III) ESTABLISHING SUPPLEMENTAL DEADLINE TO FILE PROOFS OF CLAIM FOR CERTAIN POTENTIAL CLAIMANTS**

**THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE (23) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Spherature Investments LLC ("**Spherature**"), together with its affiliates identified herein, as debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby file this *Motion for Order (I) Authorizing the Debtors to Keep Certain Information in Schedules of Assets and Liabilities Confidential; (II) Approving Form and Manner of Notice to Certain Potential Claimants; and (III) Establishing Supplemental Deadline to File Proofs of Claim for Certain Potential Claimants* (the "**Motion**"). In support of the Motion, the Debtors respectfully state as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal bases for the relief requested herein are sections 105(a) and 107(b)(1) of 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**") and Rules 2002(m), 3003(c)(3), 9007, and 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO KEEP CERTAIN INFORMATION IN SCHEDULES OF ASSETS AND LIABILITIES CONFIDENTIAL; (II) APPROVING FORM AND MANNER OF NOTICE TO CERTAIN POTENTIAL CLAIMANTS; AND (III) ESTABLISHING SUPPLEMENTAL DEADLINE TO FILE PROOFS OF CLAIM FOR CERTAIN POTENTIAL CLAIMANTS**

PAGE 2

4826-6156-5154.6

## II.
## BACKGROUND

4. On December 21, 2020 (the "**Petition Date**"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby initiating the above-captioned cases (the "**Cases**").

5. Contemporaneously with the filing of their first-day motions, the Debtors filed declaration testimony by the Debtors' proposed Chief Restructuring Offer, Erik Toth (the "**Toth Declaration**"),[2] which contains additional background information on the Debtors and their operations. The contents of the Toth Declaration are incorporated by reference, as if set forth herein verbatim, pursuant to Federal Rule of Civil Procedure 10(c).

6. The Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On January 22, 2021, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee**") [Docket Nos. 93 and 116].

8. Also on January 22, 2021, each of the Debtors filed their respective Schedules of Assets and Liabilities and Statements of Financial Affairs.

---

[2] The Toth Declaration is filed in the lead case of Spherature Investments LLC [Docket No. 20], pending before the Bankruptcy Court.

**MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO KEEP CERTAIN INFORMATION IN SCHEDULES OF ASSETS AND LIABILITIES CONFIDENTIAL; (II) APPROVING FORM AND MANNER OF NOTICE TO CERTAIN POTENTIAL CLAIMANTS; AND (III) ESTABLISHING SUPPLEMENTAL DEADLINE TO FILE PROOFS OF CLAIM FOR CERTAIN POTENTIAL CLAIMANTS**

## III.
## RELIEF REQUESTED

9. The Debtors file this Motion to ensure (1) that the Debtors' going concern value and the value of the Debtors' estates (the "**Estates**") are preserved and (2) that all parties who may potentially hold claims against the Estates and may therefore be entitled to notice of these Cases are provided with adequate notice. To that end, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit "A,"** (1) allowing the Debtors to maintain the confidentiality of certain confidential and propriety information related to the identities of the Debtors' sales representatives and members and deeming Schedule G of WorldVentures Marketing, LLC ("**WV Marketing**") [Case No. 20-42494, Docket No. 22] adequate as presently filed; (2) permitting the Debtors to serve certain sales representatives and members with a copy of the claims submission form, instructions for submission of a proof of claim, and notice of the claims bar date (collectively, the "**Notice Package**," attached hereto as **Exhibit "B"**) via the most recent email listed in the Debtors' database; and (3) extending the deadline by which certain sales representatives and members may file proofs of claim.

## IV.
## BASIS FOR THE RELIEF REQUESTED

A. **An order maintaining the confidentiality of the identity and contact information of the Debtors' members and sales representatives is necessary.**

10. The confidential and proprietary information related to the identity of the Debtors' sales representatives and members is the lifeblood of the Debtors' operations. In fact, the Debtors have commenced two adversary proceedings in these Cases due to parties wrongfully acquiring

**MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO KEEP CERTAIN INFORMATION IN SCHEDULES OF ASSETS AND LIABILITIES CONFIDENTIAL; (II) APPROVING FORM AND MANNER OF NOTICE TO CERTAIN POTENTIAL CLAIMANTS; AND (III) ESTABLISHING SUPPLEMENTAL DEADLINE TO FILE PROOFS OF CLAIM FOR CERTAIN POTENTIAL CLAIMANTS**

**PAGE 4**

4826-6156-5154.6

and using information related to the Debtors' sales representatives and members to the detriment of the Estates [Docket No. 141 and 161].

11. The Bankruptcy Rules require the Debtors to disclose such confidential and proprietary information in WV Marketing's Schedule G ("**Schedule G**") [Case No. 20-42494, Docket No. 22].

12. As presently filed, Schedule G is 1,225 pages long, lists over 80,000 parties (including thousands of foreign nationals), and is primarily comprised of sales representatives and members who hold executory contracts with WV Marketing. Schedule G presently discloses (1) the "Contract Counterparty, (2) the "Name of the Agreement," (3) the date of the agreement, and (4) the "Description of Contract/Lease." The Debtors have not yet filed an amended Schedule G for WV Marketing that lists the physical and email address of its sales representatives and members because doing so prior to obtaining protection from this Court could be detrimental to the Debtors' ability to continue operations and successfully reorganize.

13. Therefore, the Debtors seek an order from this Court accepting WV Marketing's filed Schedule G without any amendment that would require Debtors to disclose the contact information of their sales representatives and members.

14. Under section 107(b)(1) of the Bankruptcy Code, the Court may issue an order to ensure "the protection of certain types of information, including 'confidential commercial information.'" *In re Northstar Energy, Inc.*, 315 B.R. 425, 428-29 (Bankr. E.D. Tex. 2004) (quoting 11 U.S.C. § 107(b)(1)); *see also* 11 U.S.C. § 107(b)(1).

**MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO KEEP CERTAIN INFORMATION IN SCHEDULES OF ASSETS AND LIABILITIES CONFIDENTIAL; (II) APPROVING FORM AND MANNER OF NOTICE TO CERTAIN POTENTIAL CLAIMANTS; AND (III) ESTABLISHING SUPPLEMENTAL DEADLINE TO FILE PROOFS OF CLAIM FOR CERTAIN POTENTIAL CLAIMANTS**

**PAGE 5**

4826-6156-5154.6

15. Section 107(b)(1) "is designed to protect 'business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.'" *In re Northstar Energy, Inc.*, 315 B.R. at 429 (quoting *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003)). As a result, Courts have long recognized that an order pursuant to section 107(b)(1) is appropriate to protect a debtor and its estates where the commercial information at issue involves "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

16. For example, in *Northstar Energy, Inc.*, the debtor sought an order for authorization to notify its investors of the bankruptcy filing "through a process whereby the names and addresses of the various parties on the Debtor's investor list would remain confidential and be identified in the schedules, pleadings and in proofs of claim only through the use of the [] account numbers for those particular investors." 315 B.R. at 427. In granting the debtor's motion, Chief Judge Parker explained:

> Section 107(b) offers its protections for this very circumstance in order that such situated debtors need not face a Hopson's choice between the involuntary disclosure of vital business information as the quid pro quo of obtaining bankruptcy relief or exposure to economic hardships without the availability of bankruptcy relief in order to preserve the proprietary information upon which its business is based.

*Id*. at 430.

17. The Debtors here are in the same predicament as the debtor in *Northstar Energy*. If the Debtors are compelled to disclose their confidential information just to obtain bankruptcy relief, the Debtors' operations and the value of the Estates will be decimated. An order allowing

**MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO KEEP CERTAIN INFORMATION IN SCHEDULES OF ASSETS AND LIABILITIES CONFIDENTIAL; (II) APPROVING FORM AND MANNER OF NOTICE TO CERTAIN POTENTIAL CLAIMANTS; AND (III) ESTABLISHING SUPPLEMENTAL DEADLINE TO FILE PROOFS OF CLAIM FOR CERTAIN POTENTIAL CLAIMANTS**

**PAGE 6**

4826-6156-5154.6

the Debtors to maintain the confidentiality of the Debtors' sales representatives and members' contact information while permitting the Debtors to serve them with the Notice Package via the current email listed in the Debtors' database and extending the deadline by which they may file proofs of claim protects all stakeholders—the Debtors, their creditors, and the Debtors' sales representatives and members.

### B. Cause exists to authorize the Debtors to provide notice by email to their sales representatives and members.

18. Allowing the Debtors to serve the Notice Package on the sales representatives and members via the most current email address on file with the Debtors constitutes proper and adequate notice under the circumstances.

19. In the ordinary course of their operations, the Debtors maintain an email address database comprised of the contact information for their sales representatives and members. The database serves as one of the primary means of facilitating communication between the Debtors and their sales representatives and members and is therefore a reliable means of ensuring that sales representatives and members who may potentially hold claims against the Estates receive adequate and timely notice of these Cases.

20. Moreover, service in this manner will result in significant savings to the Estates by reducing claims and noticing agent fees. Serving the approximately 80,000 sales representatives and members listed in Schedule G with the Notice Package via first-class mail would be cost prohibitive and consume a large portion of the Estates' assets that would otherwise be available for distribution to general unsecured creditors.

**MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO KEEP CERTAIN INFORMATION IN SCHEDULES OF ASSETS AND LIABILITIES CONFIDENTIAL; (II) APPROVING FORM AND MANNER OF NOTICE TO CERTAIN POTENTIAL CLAIMANTS; AND (III) ESTABLISHING SUPPLEMENTAL DEADLINE TO FILE PROOFS OF CLAIM FOR CERTAIN POTENTIAL CLAIMANTS**

**PAGE 7**

4826-6156-5154.6

21. Thus, providing notice to the sales representatives and members listed in Schedule G via email balances (1) the interest of the sales representatives and members in having notice of the proceedings and a fair opportunity to file a proof of claim against (2) the Debtors' needs to (a) protect its proprietary database and infrastructure; and (b) find a cost-effective and global solution to providing notice to the vast number of potential claimants listed in Schedule G.

22. Bankruptcy Rule 2002(m) provides:

> The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules.

FED. R. BANKR. P. 2002(m).

23. Bankruptcy Rule 9007 further delineates the Court's ability to regulate noticing procedures in bankruptcy cases:

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.

FED. R. BANKR. P. 9007

24. Accordingly, the proposed email notice procedures described herein are appropriate, permissible under the Bankruptcy Rules, and should be approved.

**C.  The claims bar date should be extended to ensure that the Debtors' sales representatives and members have adequate time to file proofs of claim.**

25. Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. FED. R. BANKR. P. 3003(c)(3).

**MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO KEEP CERTAIN INFORMATION IN SCHEDULES OF ASSETS AND LIABILITIES CONFIDENTIAL; (II) APPROVING FORM AND MANNER OF NOTICE TO CERTAIN POTENTIAL CLAIMANTS; AND (III) ESTABLISHING SUPPLEMENTAL DEADLINE TO FILE PROOFS OF CLAIM FOR CERTAIN POTENTIAL CLAIMANTS**

PAGE 8

4826-6156-5154.6

26. Local Rule 3013-1(a) sets the bar date for claimants "as 120 days after the entry of the order for relief[.]" LBR 3013-1(a). The deadline for filing proofs of claims in these Cases is thus currently April 20, 2021.

27. In light of the other relief requested in this Motion, the Debtors request that the proof of claim deadline be extended by sixty (60) days for those sales representatives and members listed in Schedule G only, making the new proof of claim deadline for only those persons June 20, 2021. The April 20, 2021 claims bar date would remain intact for other non-governmental parties. The Debtors respectfully submit that extension of the proof of claim deadline applicable only to the Schedule G parties is appropriate under the circumstances and well within the Court's equitable powers under section 105(a) of the Bankruptcy Code and the Court's authority under Bankruptcy Rule 3003(c)(3).

## V.
## NOTICE

28. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) each of the Debtors' secured lenders; (iii) counsel to the agents of the Debtors' secured lenders; (iv) proposed counsel to the Official Committee of Unsecured Creditors; (v) the forty (40) largest unsecured creditors of each Debtor, as applicable; (vi) the Internal Revenue Service; and (vii) all parties in interest who have formally appeared and requested notice. The Debtors respectfully submit that no further notice of this Motion is required.

29. The pleadings in these Cases and supporting papers are available on the Bankruptcy Court's website at https://ecf.txeb.uscourts.gov/ and on the Debtors' Claims and Noticing Agent's website at https://cases.stretto.com/Spherature. You can also request any pleading you need from

**MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO KEEP CERTAIN INFORMATION IN SCHEDULES OF ASSETS AND LIABILITIES CONFIDENTIAL; (II) APPROVING FORM AND MANNER OF NOTICE TO CERTAIN POTENTIAL CLAIMANTS; AND (III) ESTABLISHING SUPPLEMENTAL DEADLINE TO FILE PROOFS OF CLAIM FOR CERTAIN POTENTIAL CLAIMANTS**
PAGE 9

4826-6156-5154.6

the Debtors' proposed counsel at: Foley & Lardner LLP, c/o Thomas C. Scannell, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201 (tscannell@foley.com).

## VI.
## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached as **Exhibit "A**,**"** granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

DATED: March 23, 2021   Respectfully submitted,

/s/ Marcus A. Helt
Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
Stephen A. Jones (TX 24101270)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@foley.com
tscannell@foley.com
sajones@foley.com

**COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that, on March 23, 2021, a true and correct copy of the foregoing document was served electronically via the Court's PACER system.

/s/ Stephen A. Jones
Stephen A. Jones

**MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO KEEP CERTAIN INFORMATION IN SCHEDULES OF ASSETS AND LIABILITIES CONFIDENTIAL; (II) APPROVING FORM AND MANNER OF NOTICE TO CERTAIN POTENTIAL CLAIMANTS; AND (III) ESTABLISHING SUPPLEMENTAL DEADLINE TO FILE PROOFS OF CLAIM FOR CERTAIN POTENTIAL CLAIMANTS**

**PAGE 10**

4826-6156-5154.6