| | |
|---|---|
| From: | Josh Paine [jpaine@rovia.com] |
| Sent: | 2/27/2018 11:18:17 PM |
| To: | Tom Montgomery [tom.montgomery@mcggroup.com] |
| CC: | Wayne Nugent [wayne@worldventures.com] |
| Subject: | FW: MCP/WorldVentures - subordination agreement |
| Attachments: | image001.png; MONTREAL-#11764997-v4-Subordination_Agreement.DOC; MONTREAL-#11765883-v1-Subordination_ATSA.DOC |
| Flag: | Follow up |

Here is the latest Tom. Again, I think we can get the deal closed TOMORROW if you can call Phil and make the final decisions here. Apart from this we are going to show up at the Asia Momentum without people getting paid and there are credible threats to harm Eddie and I if we show up without payments PLEASE MAKE THE CALL my friend!

Josh

---

**From:** Serge Levy <sergelevy@stikeman.com>
**Date:** Tuesday, February 27, 2018 at 4:49 PM
**To:** Michael Bailey <mbailey@wickphillips.com>
**Cc:** "Philip (Phil) Fayer" <pf@ppi.me>, Thomas Montgomery <tom.montgomery@mcggroup.com>, Josh Paine <jpaine@rovia.com>, Larry Calton <lcalton@mca-texas.com>, Howard Rosenoff <HRosenoff@stikeman.com>
**Subject:** RE: MCP/WorldVentures - subordination agreement

Mark,
Unfortunately we do not agree with these drafts or the changes made; our drafts more accurately reflect our exchange of emails yesterday (below) and what we had understood were the agreed terms. We re-attach our version of the agreements which we would table as final.
With respect to the aircraft services agreement this is an agreement between the named provider and the company pursuant to which the company can have the use of an aircraft for payment of certain fees. As the fees are specifically described in the subordination agreement (which are the only ones that are permitted to be paid) no further information should be required by the noteholders.
Please advise if your client accepts these agreements for execution.
Regards,
Serge Levy
Direct : +1 514 397 3194
Mobile :
Email : sergelevy@stikeman.com

**De :** Michael Bailey [mailto:mbailey@wickphillips.com]
**Envoyé :** Tuesday, February 27, 2018 5:36 PM
**À :** Serge Levy
**Cc :** Philip (Phil) Fayer; Thomas Montgomery; Josh Paine; Larry Calton; Howard Rosenoff
**Objet :** RE: MCP/WorldVentures - subordination agreement

Serge,
Attached is the redline against your comments. We attempted to accept the substantive comments to the extent we could, but we generally did not accept the deletion and replacement of entire sections, so I'm afraid this redline will not be as useful as the one marked against our prior draft.
If you could, would you mind providing us information on the Transportation Services Agreement as soon as possible. We obviously need to understand this component in order to finalize that subordination agreement. Thanks,
Michael

**Michael Bailey**
**Partner** | Wick Phillips
**Direct:** 214.740.4058
**Mobile:**
**Email:** michael.bailey@wickphillips.com

**From:** Serge Levy [mailto:sergelevy@stikeman.com]
**Sent:** Tuesday, February 27, 2018 4:18 PM
**To:** Michael Bailey <mbailey@wickphillips.com>

Cc: Philip (Phil) Fayer <pf@ppi.me>; Thomas Montgomery <tom.montgomery@mcggroup.com>; Josh Paine <jpaine@rovia.com>; Larry Calton <lcalton@mca-texas.com>; Howard Rosenoff <HRosenoff@stikeman.com>
Subject: RE: MCP/WorldVentures - subordination agreement

Can you please circulate a redline to the version we circulated as it appears that the majority of our comments were not incorporated.

Regards,
**Serge Levy**
Direct : +1 514 397 3194
Mobile : +
Email : sergelevy@stikeman.com

---

**De :** Michael Bailey [mailto:mbailey@wickphillips.com]
**Envoyé :** Tuesday, February 27, 2018 4:11 PM
**À :** Serge Levy
**Cc :** Philip (Phil) Fayer; Thomas Montgomery; Josh Paine; Larry Calton; Howard Rosenoff
**Objet :** RE: MCP/WorldVentures - subordination agreement

Serge,

Please see attached, both clean and marked against our previous draft, a revised draft of the subordination agreement. Please give me a call if you have further comments.

Can you give me a bit more color on the Aircraft Transporation Services Agreement? I would like to review the latest draft of that agreement, as well as understand the relationship with the junior creditor (I see the naming convention is similar, so I assume they are related in some way). There are concessions that we have made in the junior debt subordination agreement that we would not typically make in favor of a service provider, and we will need to discuss whether those are appropriate here. Thanks,

Michael

**Michael Bailey**
Partner | Wick Phillips
Direct: 214.740.4058
Mobile:
Email: michael.bailey@wickphillips.com

---

**From:** Serge Levy [mailto:sergelevy@stikeman.com]
**Sent:** Tuesday, February 27, 2018 10:28 AM
**To:** Michael Bailey <mbailey@wickphillips.com>
**Cc:** Philip (Phil) Fayer <pf@ppi.me>; Thomas Montgomery <tom.montgomery@mcggroup.com>; Josh Paine <jpaine@rovia.com>; Larry Calton <lcalton@mca-texas.com>; Howard Rosenoff <HRosenoff@stikeman.com>
**Subject:** RE: MCP/WorldVentures - subordination agreement

Thank you Michael,
Please find attached the following which we believe more accurately reflect our email exchanges of yesterday below:
(i) clean and redline of the agreement to your marked version
(ii) a second agreement (redline to item (i) above) with respect to the second piece of the transaction being entered into in connection with an aircraft services agreement pursuant to which fees, secured on the same basis, are to be paid
Please let us know of any questions or comments so that we may finalize these agreements today.

Regards,
**Serge Levy**
Direct : +1 514 397 3194
Mobile :
Email : sergelevy@stikeman.com

---

**De :** Michael Bailey [mailto:mbailey@wickphillips.com]
**Envoyé :** Tuesday, February 27, 2018 12:48 AM
**À :** Serge Levy
**Cc :** Philip (Phil) Fayer; Thomas Montgomery; Josh Paine; Larry Calton
**Objet :** RE: MCP/WorldVentures - subordination agreement

Serge,

Please see attached, both clean and marked against our previous draft, a revised version of the subordination agreement. In the interest of time, we are distributing the attached to all parties simultaneously, and thus must reserve the Montgomery team's right to review and comment.

Please let us know if you have any questions or comments. Thanks,

Michael

**Michael Bailey**

**Partner** | Wick Phillips
**Direct**: 214.740.4058
**Mobile**:
**Email**: michael.bailey@wickphillips.com

**From:** Serge Levy [mailto:sergelevy@stikeman.com]
**Sent:** Monday, February 26, 2018 8:26 PM
**To:** Michael Bailey <mbailey@wickphillips.com>
**Cc:** Philip (Phil) Fayer <pf@ppi.me>; Thomas Montgomery <tom.montgomery@mcggroup.com>; Josh Paine <jpaine@rovia.com>; Larry Calton <lcalton@mca-texas.com>
**Subject:** RE: MCP/WorldVentures - subordination agreement

Thanks Michael, I think we can live with this format, subject to our review of the revised document and in particular the provisions around the standstill.

We'd be grateful if you could send us a revised draft for review.

Many thanks
**Serge Levy**
Direct : +1 514 397 3194
Mobile :
Email : sergelevy@stikeman.com

**De :** Michael Bailey [mailto:mbailey@wickphillips.com]
**Envoyé :** Monday, February 26, 2018 6:41 PM
**À :** Serge Levy
**Cc :** Philip (Phil) Fayer; Thomas Montgomery; Josh Paine; Larry Calton
**Objet :** RE: MCP/WorldVentures - subordination agreement

Thanks, Serge. We have discussed the below with our client, and we are mostly in agreement. The exception is that MCP is willing to to drop down to a 30-day standstill, but given the short nature of the standstill, we would need to be sure that the junior lender cannot amend its documents in a way that would make a default more likely. We would propose that the approval rights for amendments be as follows:

Senior Lender would need Junior Lender consent to:

1. Increase principal amount
2. Increase interest rate
3. Add additional covenants (or make existing covenants more restrictive) or additional events of default
4. Extend payment due dates

Junior Lender would need Senior Lender consent to:

1. Accelerate payment due dates
2. Increase cash-pay interest rate
3. Add additional covenants (or make existing covenants more restrictive) or additional events of default

Please let us know if this is acceptable. If so, we will circulate a revised draft of the agreement. Thanks,
Michael

**Michael Bailey**
**Partner** | Wick Phillips
**Direct**: 214.740.4058
**Mobile**:
**Email**: michael.bailey@wickphillips.com

**From:** Serge Levy [mailto:sergelevy@stikeman.com]
**Sent:** Monday, February 26, 2018 3:15 PM
**To:** Michael Bailey <mbailey@wickphillips.com>
**Cc:** Philip (Phil) Fayer <pf@ppi.me>; Thomas Montgomery <tom.montgomery@mcggroup.com>; Josh Paine <jpaine@rovia.com>
**Subject:** RE: MCP/WorldVentures - subordination agreement

Michael, further to our call earlier today, we have had a chance to exchange with our client and the below would be our proposal regarding the items we discussed. Please let me know if you would like to discuss further or in the alternative if it makes sense for you to provide a revised draft of the agreement for our review:

- subsidiaries – we understand you are taking security on the subsidiaries and intend to file financing statements – please confirm when this has been done. We acknowledge MCG would be first on those as well
- we should be able to receive payments of interest as and when due under our loan and fees under our services agreement so long as there is no Event of Default under the senior, and to the extent so received we should have no obligation to turn them over. We will require a notice of the occurrence of an Event of Default and we will also require that the term "Event of Default" be transcribed in the intercreditor agreement so there is no confusion on its meaning. We

- agree that there can be no prepayments unless the funds are first applied to the senior as we expect the senior to be retired by November
- we do not agree with a standstill in exercising rights – this was specifically discussed at the term sheet stage and we should be able to exercise our rights; the senior will be able to take conservative measures to protect its position and can exercise its rights
- we should be able to amend our documents without consent of the senior – this flexibility is required given the covenants that need to be managed
- the senior should not be able to amend its documents without junior consent – as previously mentioned the senior is expected to be paid out by November – to the extent that does not happen the senior is able to exercise its rights and between now and November there should not be any changes to the documentation
- we understand you will modify the purchase option to be exercisable only after default, which we are fine with

The above remains subject to our client's review and consideration.

Kind regards,
**Serge Levy**
Direct : +1 514 397 3194
Mobile :
Email : sergelevy@stikeman.com

**Stikeman Elliott**

Suivez-nous / Follow us
LinkedIn / Twitter / stikeman.com

**Stikeman Elliott S.E.N.C.R.L., s.r.l.** Avocats
**Stikeman Elliott LLP** Barristers & Solicitors

1155 boul. René-Lévesque Ouest, 41e étage, Montréal, QC H3B 3V2 Canada

Ce message est confidentiel et peut contenir de l'information visée par le secret professionnel. Si vous n'en êtes pas le destinataire, veuillez supprimer ce message et nous avertir immédiatement. Toute utilisation ou communication non autorisée est interdite. / This email is confidential and may contain privileged information. If you are not an intended recipient, please delete this email and notify us immediately. Any unauthorized use or disclosure is prohibited.

**De :** Serge Levy
**Envoyé :** Monday, February 26, 2018 8:18 AM
**À :** 'Josh Paine'
**Cc :** Philip (Phil) Fayer; Thomas Montgomery; mbailey@wickphillips.com
**Objet :** RE: MCP/WorldVentures - subordination agreement

Thank you Josh, we have embedded below our views on the comments.
Michael, please feel free to reach out at your convenience if you would like to discuss.
Best,
**Serge Levy**
Direct : +1 514 397 3194
Mobile :
Email : sergelevy@stikeman.com

**De :** Josh Paine [mailto:jpaine@rovia.com]
**Envoyé :** Sunday, February 25, 2018 1:21 PM
**À :** Serge Levy
**Cc :** Philip (Phil) Fayer; Thomas Montgomery; mbailey@wickphillips.com
**Objet :** FW: MCP/WorldVentures - subordination agreement

Serge - As promised on todays call, below are the key challenges to the subordination agreement.
Tom – who on your side should Serge connect with? (Michael?)
Regards,
Josh

**From:** Michael Bailey <mbailey@wickphillips.com>
**Date:** February 24, 2018 at 5:45:35 PM CST
**To:** Tom Montgomery <tom.montgomery@mcggroup.com>, Jeanette Musacchio <jeanette.musacchio@mcggroup.com>, "Larry W. Calton" <lcalton@mca-texas.com>
**Subject: RE: MCP/WorldVentures - subordination agreement**

All,
This mark-up is significantly more extensive than what was described to us on the all-hands call yesterday. Particularly concerning were the following:

1. Junior Lender is asking MCG to expressly subordinate any lien in assets of a subsidiary of WV Holdings (so to the extent World Ventures has subsidiaries (or forms them later), you would actually be the junior lender). – SE – we would suggest to delete the reference to subsidiaries. We understand MCG does not have any security on subsidiaries.

2. Junior Lender struck payment subordination concept. - SE – we did not expect to subordinate rights in payment only rights in security. In other words, we should be allowed to collect payments in the ordinary course (interest, mandatory or voluntary prepayments, etc.) and only in the event there is a bankruptcy, then court will give the proceeds first to MCG and second to us, which was provided for in our draft

3. There is no bar on exercise of remedies by the Junior Lender. – SE - correct, the standstill provisions were deleted and our expectation is there would be no standstill on exercise of rights

4. Payment turnover language was struck. - SE - as mentioned above, only in the case of bankruptcy where the court will determine that MCG gets first proceeds. Otherwise the Borrower should be permitted pay its debts in the ordinary course and we should be permitted to collect such payments and not have an obligation to turn over at a later date payments made by Borrower

5. They have made your consent to the junior loans unlimited. That is, junior lender could amend their loan to be much larger than presently contemplated, and you have no consent right. - SE – correct, since in a liquidation we are second ranking it should not matter what the amount of our debt is, particularly given the much lower first lien amount

6. They have provided that Junior Lender can amend their loan documents at will, and you cannot amend yours at all. - SE – given the MCG is in first position and will ultimately affect the value of the collateral on which we have rights, and given the lower first lien amount, the first lien should not be permitted to amend its documents (e.g. change defaults, acceleration rights, extension rights, applicable covenants, increase debt, etc.) which would in all circumstances negatively affect our rights – since the first lien has a very short wick and will be paid out in November, this should not be a concern; if it is not paid in November they have ability to accelerate and we would then have the option to buy them out or receive 2nd proceeds

Let us know how you want us to handle. Thanks,

Michael

**Michael Bailey**
Partner | Wick Phillips
Direct: 214.740.4058
Mobile:
Email: michael.bailey@wickphillips.com

The information contained in this email, including any attachments, may be confidential and subject to copyright. If you are not the intended recipient, please notify the sender and delete this message from your system. Email transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of email transmission.

Sent by Rovia Holdings, LLC on behalf of its affiliates and/or subsidiaries, as follows:
Rovia, LLC, 5100 Tennyson Pkwy, Plano, TX 75024, Entity No              CA SOT              FL              , HI SOT              A SOT              A SOT    Rovia Pte. Limited, 38 Beach Road, #29-11 South Beach Tower, Singapore 189767, Registration No.              Travel Licence No       Rovia Australia Pty Ltd, Level 34, AMP Tower, 50 Bridge St, Sydney NSW 2000, Australia, ABN

The information contained in this email, including any attachments, may be confidential and subject to copyright. If you are not the intended recipient, please notify the sender and delete this message from your system. Email transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of email transmission.

Sent by Rovia Holdings, LLC on behalf of its affiliates and/or subsidiaries, as follows:
Rovia, LLC, 5100 Tennyson Pkwy, Plano, TX 75024, Entity No              CA SOT              FL SOT              HI SOT              WA SOT              A SOT    Rovia Pte. Limited, 38 Beach Road, #29-11 South Beach Tower, Singapore 189767, Registration No              Travel Licence No       ; Rovia Australia Pty Ltd, Level 34, AMP Tower, 50 Bridge St, Sydney NSW 2000, Australia, ABN