Marcus A. Helt, Esq. (Texas Bar #24052187)
Jack G. Haake, Esq. *(Admitted Pro Hac Vice)*
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel:    (214) 210-2821 / Fax: (972) 528-5765
Email:    mhelt@mwe.com
Email:    jhaake@mwe.com

*PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** | § | Case No.: 20-42492 |
| *et al.,* | § | |
| | § | |
| Debtors.[1] | § | Jointly Administered |

### SECOND MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIODS IN WHICH ONLY THE DEBTORS MAY FILE AND CONFIRM A PLAN

**A HEARING WILL BE CONDUCTED ON THIS MATTER IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS, 660 NORTH CENTRAL EXPRESSWAY, SUITE 300B, PLANO, TEXAS 75074.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE (23) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases ("Cases") are: Spherature Investments LLC ("Spherature") EIN#5471; Rovia, LLC ("Rovia") EIN#7705; WorldVentures Marketing Holdings, LLC ("WV Marketing Holdings") EIN#3846; WorldVentures Marketplace, LLC ("WV Marketplace") EIN#6264; WorldVentures Marketing, LLC ("WV Marketing") EIN#3255; WorldVentures Services, LLC ("WV Services") EIN#2220.

PAGE 1

Spherature Investments LLC ("Spherature"), together with its affiliates identified herein, as debtors and debtors-in-possession (collectively, the "Debtors"), hereby file this *Second Motion for Order Extending the Exclusive Periods in which Only Debtors May File and Confirm a Plan* (the "Motion"), requesting an order pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") extending the exclusivity period during which only the Debtors may file a plan under sections 1121(b) and (c)(2) (the "Exclusivity Filing Period") and confirm a plan under section 1121(c)(3) (the "Exclusivity Solicitation Period") by sixty (60) days, respectively, to allow the Debtors additional time to consider and negotiate various restructuring alternatives (collectively, the "Exclusivity Periods). In support of the Motion, the Debtors respectfully state as follows:

# I.
# PRELIMINARY STATEMENT

1. Since the commencement of these chapter 11 cases (the "Cases"), the Debtors and their advisors have focused their attention on stabilizing the Debtors' businesses, reaffirming the Debtors' relationships with sales representatives, customers, and vendors, reforming and consolidating the Debtors' cash management system, and engaging in discussions with key stakeholders and potential buyers about a sale of the Debtors' assets and a plan for the Debtors to exit chapter 11.

2. The Debtors have identified Verona International Holdings, Inc. and/or one or more of its subsidiaries or affiliates as a plan sponsor (the "Plan Sponsor"). The Debtors have vigorously negotiated a term sheet with the Plan Sponsor—submitted to the court at Docket No. 289—that sets forth the foundation for a plan process that the Debtors intend to submit to the Court. The Debtors are working towards translating the terms of the term sheet into a plan.

3. Given the size of these Cases, the global reach of the Debtors' operations, the number of interested parties, and the tasks undertaken as outlined above, the Debtors and their professionals require additional time to conclude negotiating and memorializing terms to include in their plan of reorganization. As such, the Debtors seek an extension of the Exclusivity Periods to continue working through numerous complex financial and operational issues that will enable the Debtors and their businesses to emerge from chapter 11 in a timely and efficient manner. This is the Debtors' second request for an extension of the Exclusivity Periods, and, as of the filing of this Motion, these Cases have been pending for only six (6) months. The extension requested by this Motion will give the Debtors additional time to negotiate and finalize a chapter 11 plan that maximizes value of the bankruptcy estates (the "Estates") for the benefit of all stakeholders.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The legal bases for the relief requested herein are section 1121(d) of the Bankruptcy Code and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## III.
## BACKGROUND

7. On December 21, 2020 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby initiating the above-captioned Cases.

8. Contemporaneously with the filing of their first-day motions, the Debtors filed declaration testimony by the Debtors' proposed Chief Restructuring Officer, Erik Toth (the "Toth Declaration"),[2] which contains additional background information on the Debtors and their operations. The contents of the Toth Declaration are incorporated by reference, as if set forth herein verbatim, pursuant to Federal Rule of Civil Procedure 10(c).

9. The Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. On January 22, 2021, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") [Docket Nos. 93 and 116].

11. The Debtors' Cases have been pending for less than six (6) months. In that time, the Debtors have worked with their advisors to continue and stabilize their day-to-day operations, preserve value for all stakeholders, solidify relationships with sales representatives, customers, and vendors, reform and consolidate their cash management system, and engage in discussions with key stakeholders about a potential sale of the Debtors' assets and plan of reorganization. The Debtors have been diligently considering and vetting various restructuring alternatives and directing their efforts at maximizing the value of the Estates for all stakeholders.

12. As shown above, the Debtors have accomplished much in the first one hundred eighty-five (185) days of these Cases. The Debtors expect their progress to continue and anticipate being able to negotiate, file, and confirm a plan of reorganization within the requested extension of the Exclusivity Periods.

---

[2] The Toth Declaration is filed in the lead case of Spherature Investments LLC, pending before the Bankruptcy Court.

## IV.
## RELIEF REQUESTED

13. Section 1121(b) of the Bankruptcy Code provides for an initial Exclusive Filing Period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan. 11 U.S.C. § 1121(b). Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the 120-day Exclusive Filing Period, it has an Exclusive Solicitation Period of 180 days after the commencement of the chapter 11 case to obtain acceptances of its plan. *Id*. at § 1121(c)(3). The Debtors' Exclusive Filing Period is currently set to expire on July 19, 2021, and their Exclusive Solicitation Period is currently set to expire on September 17, 2021.

14. By this Motion, the Debtors request a 60-day extension of the Exclusivity Periods pursuant to section 1121(d) of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1), without prejudice to the Debtors' right to seek additional extensions of such periods. Specifically, the Debtors seek to extend the Exclusive Filing Period through and including September 17, 2021, and the Exclusive Solicitation Period through and including November 16, 2021. The Debtors request the extension out of an abundance of caution to ensure that they have an opportunity to confirm and consummate a plan before the Exclusivity Periods expire.

15. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit "A"** (the "Proposed Order").

## V.
## BASIS FOR THE RELIEF REQUESTED

16. The foremost goal of chapter 11 of the Bankruptcy Code is to reorganize troubled businesses in a manner that, among other things, increases the pool of assets available for

distribution to stakeholders. *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 527 (1984). To that end, Congress codified a number of interwoven provisions that reflect the ultimate goal of rehabilitation through a considered and consensual chapter 11 plan, including a debtor's exclusive right to a fair amount of time in which only it may propose a plan. *See In re Perkins*, 71 B.R. 294, 297 (W.D. Tenn. 1987) (explaining that extensions of exclusivity periods further the purpose of chapter 11 by providing more time to negotiate a consensual plan "which would inure to the benefit of all."). At times, it is only by extended exclusivity that a debtor can bring all parties to the bargaining table in hopes of striking a balanced and successful plan.

      **A.**      **The Court may extend the Exclusivity Periods for "cause."**

      17.      Pursuant to Bankruptcy Code section 1121(d) and upon a party's timely request, the Court may extend the Exclusivity Periods "for cause." *See* 11 U.S.C. § 1121(d). Although the statute does not define the precise circumstances constituting "cause," the legislative history of section 1121(d) does make clear that the initial 120-day period established by section 1121(b) merely represents a starting point from which the Court is free to extend more time. *See* H.R. Rep. No. 95-595, at 231, 232 (1978) (noting that Congress intended to give bankruptcy courts flexibility to protect debtors' interests by allowing an opportunity to negotiate settlements of debtors without interference from other parties in interest); *In re Timbers of Inwood Forest Assoc., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987) ("Any bankruptcy court involved in an assessment of whether 'cause' exists should be mindful of the legislative goal behind § 1121.").

      18.      A decision to extend the Exclusivity Periods is committed to the sound discretion of the bankruptcy court and should be based upon the unique facts and circumstances of each particular case. *See e.g., In re Mirant Corp.*, Case No. 04-CV-476-A, 2004 WL 2250986, at * 2-

3 (N.D. Tex. Sept. 30, 2004) ("The bankruptcy court must balance the potential harm to creditors and limit the delay that makes creditors hostages of Chapter 11 debtors.") (citations omitted)); *In re Borders Group, Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *In re Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005) (identifying the factors used by courts to determine whether cause exists to extend exclusivity); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003) (same); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (same).

19. In analyzing the meaning of "cause," courts usually consider the following nine factors:

    i. the size and complexity of the case;

    ii. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    iii. the existence of good faith progress toward reorganization;

    iv. the fact that the debtor is paying its bills as they become due;

    v. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    vi. whether the debtor has made progress in negotiations with its creditors;

    vii. the amount of time which has elapsed in the case;

    viii. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

   ix.  whether an unresolved contingency exists.

*See, e.g. Adelphia Commc'ns*, 352 B.R. at 587; *see also Express One Int'l, Inc.*, 194 B.R. at 100 (citing *In re Washington-St. Tammany Electric Co-op*, 97 B.R. 852, 853 (E.D. La. 1989); *see also In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem'l Hosp. (In re Henry Mayo Newhall Mem'l Hosp.)*, 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002) (noting how the *Dow Corning/Adelphia* factors "are standardly considered" in the "cause" analysis).

  20. A debtor does not need to show any number of the nine factors above to show "cause." *See In re Express One Int'l, Inc.*, 194 B.R. at 100. Instead, courts examine all the factors together in the context of a particular case. *See id.*; s*ee also In re Texas Extrusion Corp.*, 844 F.2d 1142, 1160 (5th Cir. 1988) (discussing "cause" as it relates to section 1121(d) and the reduction of a debtor's exclusivity time period); *In re Amko Plastics, Inc.*, 197 B.R. 74, 76-77 (Bankr. S.D. Ohio 1996) (notwithstanding that the case was not large and complex, court still granted a five month exclusivity extension because debtor exhibited substantial turn-around efforts). Consideration of an exclusivity motion should also involve "a broader, more global view – focused on what is best for these chapter 11 cases; most in keeping with the letter and spirit of chapter 11; and what is most appropriate under the unique facts" of the case before the court. *In re Adelphia Commc'ns Corp.*, 352 B.R. at 582.

  **B.** **"Cause" exists to extend the Exclusivity Periods in these chapter 11 Cases.**

  21. Here, for a number of reasons, cause exists to grant the Debtors' request for a 60-day extension of the Exclusivity Periods. First, the Debtors have demonstrated measurable progress in working towards their goal of reorganizing and/or pursuing the sale of substantially of

their assets. The Debtors have identified the Plan Sponsor to serve as a stalking horse bidder for a plan that the Debtors are working to memorialize. The Debtors require additional time to formulate the plan with the Plan Sponsor and other stakeholders.

22. Additionally, the complexity of these Cases and the Debtors' global operations have resulted in thousands of parties having interest in these Cases. The large pool of potential creditors and the international dimension of these Cases adds a layer of complexity in formulating a plan that warrants an extension. These Cases have been pending for just one hundred eighty-five (185) days as of the date of filing this Motion and "the period for pure negotiating has not been nearly as long." *Dow Corning*, 208 B.R. at 665. This is particularly the case where the Debtors have only recently finalized the terms that will serve as the foundation for a plan.

23. Second, this is only the Debtors' second request for an extension of the Exclusivity Periods. Because of the complexity of the Cases, an extension of the Exclusivity Periods will give the Debtors sufficient and much needed time to continue negotiating terms of a chapter 11 plan of reorganization with the Plan Sponsor and their stakeholders and memorialize the terms of both a plan and disclosure statement.

24. Third, the Debtors' purpose in seeking extension of the Exclusivity Periods is a good-faith effort to continue the reorganization efforts they have initiated without the distraction and costs of a competing plan process, which would be a distraction and waste of the Debtors' limited time and resources. The relief requested in the Motion is not intended for the purpose of coercing or strong-arming any creditor, but rather to benefit all of the Estates' stakeholders as a whole. Moreover, an extension of the Exclusivity Periods will not result in prejudice to any creditor or party in interest, and instead, will enable the Debtors to continue focusing on preserving and

enhancing their going-concern value and proposing a viable, fair, and comprehensive plan that is (ideally) supported by all major constituents. Such a result is clearly in the best interest of the Estates.

25. Fourth, the Debtors are paying their bills as they become due, the Debtors have displayed a willingness to accommodate and negotiate with their various stakeholders, and the Debtors' actions have shown that the Debtors have a reasonable prospect of generating a viable plan. As such, those factors also weigh in favor of granting the Debtors an extension of the Exclusivity Periods.

26. Finally, a relatively small amount of time has passed since the commencement of these Cases. However, in that short time period, the Debtors have made much progress. The Debtors and their professionals have worked to reaffirm relationships with sales representatives, customers, and vendors, restructure their business operations, commence a new cash and treasury management process, obtain approval of their revised cash-management system, employ professionals to assist the Debtors in their reorganization efforts, establish notice procedures, file schedules, statements, and monthly operating reports, engage in discussions with various stakeholders, trade creditors, and utility providers, and identified the Plan Sponsor with which to formulate a plan. All the while, the Debtors have also paid close attention to their liquidity and financial status to ensure a successful emergence from chapter 11.

27. In sum, the Debtors have made a good-faith attempt to formulate a viable plan to restructure their operations and their financial status. Those diligent, good faith efforts by the Debtors are ongoing, and the Debtors continue to work hard to complete negotiations with the Plan

Sponsor and finalize the terms for a realistically confirmable plan of reorganization that is in the best interests of all parties.

## VI.
## NOTICE

28.    This Motion has been provided to: (i) the Office of the United States Trustee; (ii) to each of the Debtors' secured lenders; (iii) counsel to the agents of the Debtors' secured lenders; (iv) counsel to the Official Committee of Unsecured Creditors; (v) the Internal Revenue Service; and (vi) all parties in interest who have formally appeared and requested notice. The Debtors respectfully submit that no further notice of this Motion is required.

29.    The pleadings in these Cases and supporting papers are available on the Bankruptcy Court's website at https://ecf.txeb.uscourts.gov/ and on the Debtors' Claims and Noticing Agent's website at https://cases.stretto.com/Spherature.  You can also request any pleading you need from the Debtors' proposed counsel at: McDermott Will & Emery LLP, c/o Marcus A. Helt and Jack G. Haake, 2501 North Harwood Street, Suite 1900, Dallas, Texas 75201 (mhelt@mwe.com and jhaake@mwe.com).

*[Remainder of Page Intentionally Left Blank]*

## VII.
## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached as **Exhibit "A",** granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: June 24, 2021

*/s/ Jack G. Haake*
Marcus A. Helt, Esq. (Texas Bar #24052187)
Jack G. Haake, Esq. (*Admitted Pro Hac Vice*)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel:    (214) 210-2821
Fax:    (972) 528-5765
Email: mhelt@mwe.com
Email: jhaake@mwe.com

***PROPOSED COUNSEL FOR THE DEBTORS***
***AND DEBTORS-IN-POSSESSION***

## CERTIFICATE OF SERVICE

    I hereby certify that, on June 24, 2021, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.

                                                        */s/ Jack A. Haake*
                                                        Jack A. Haake