Michael D. Warner (TX Bar No. 00792304)
Robert J. Feinstein (admitted *pro hac vice*)
Ayala Hassell (TX Bar No. 01009800)
Steven W. Golden (TX Bar No. 24099681)
PACHULSKI STANG ZIEHL & JONES LLP
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
mwarner@pszjlaw.com
rfeinstein@pszjlaw.com
ahassell@pszjlaw.com
sgolden@pszjlaw.com

*Counsel for the Official Committee
of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** | § | **Case No.: 20-42492** |
| *et al.***,** | § | |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**COMMITTEE'S JOINDER TO DEBTORS' OBJECTION TO MOTION OF
MELODY YIRU FOR LIMITED RELIEF FROM THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362(d) TO FILE HER MOTION FOR CLASS
CERTIFICATION IN THE DISTRICT COURT AND TO CONFIRM NO
AUTOMATIC STAY APPLIES TO THE NON-DEBTOR PARTIES, OR
IN THE ALTERNATIVE, FOR AN ORDER APPLYING FED. R. BANKR.
PROC. 7023, PURSUANT TO FED. R. BANKR. PROC. 9014(c) TO
PERMIT THE FILING OF A MOTION FOR CLASS
<u>CERTIFICATION IN THIS COURT AND RELATED RELIEF</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") in the above-captioned

jointly administered Chapter 11 Cases, does hereby file this Joinder (the "<u>Joinder</u>") to *Debtors'*

*Objection to Motion Of Melody Yiru For Limited Relief from the Automatic Stay Pursuant to 11*

*U.S.C. § 362(d) to File Her Motion for Class Certification in the District Court and to Confirm*

*No Automatic Stay Applies to the Non-Debtor Parties, or in the Alternative, for an Order Applying*

*Fed. R. Bankr. Proc. 7023, Pursuant to Fed. R. Bankr. Proc. 9014(c) to Permit the Filing of a*

*Motion for Class Certification in This Court and Related Relief* (the "Debtors' Objection") [Docket

No. 334], based upon the following:

## I. FACTUAL BACKGROUND

1.      On December 21, 2020 (the "Petition Date"), the Debtors filed a voluntary petition

for relief under Chapter 11 of the United States Bankruptcy Code. No trustee or examiner has been

appointed in these cases, and the Debtors remain in control of their assets and estate as debtors in

possession.  On January 22, 2021, the Committee was appointed in these cases.

2.      On March 19, 2021, Melody Yiru filed the *Motion Of Melody Yiru For Limited*

*Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to File Her Motion for Class*

*Certification in the District Court and to Confirm No Automatic Stay Applies to the  Non-Debtor*

*Parties, or in the Alternative, for an Order Applying Fed. R. Bankr. Proc. 7023, Pursuant to Fed.*

*R. Bankr. Proc. 9014(c) to Permit the Filing of a Motion for Class Certification in This Court and*

*Related Relief* [Docket No. 189] (the "Motion") with the Court.

## II. JOINDER IN DEBTORS' OBJECTION

3.      To avoid repetitive filings and conserve estate resources, the Committee hereby

joins in and adopts the Debtors' Objection and, accordingly, respectfully requests that the Court

deny the Motion.  As discussed in the Debtors' Objection, Federal Rule 23's operation in contested

matters follows a two-step process.  First, should a bankruptcy court exercise its discretion under

Bankruptcy Rule 9014(c) to apply Bankruptcy Rule 7023 (and thus Federal Rule 23)?  Second, if

the bankruptcy court determines to exercise such discretion, are the requirements for class

certification under Federal Rule 23 met?  *See generally In re Vanguard Nat. Res., LLC*, 2017

Bankr. LEXIS 3978, at *12 (Bankr. S.D. Tex. Nov. 20, 2017) (discussing the "the two-step process

set forth in TWL Corp. for Rule 23's operation in contested matters").

4.      On its face, the Motion only requests relief from the Court with respect to the first step of the *TWL Corp.* two-step determination.  However, *none* of the considerations relevant to the Court's purely discretionary decision with respect to applying Federal Rule 23 weigh in favor of granting the Motion.  "In considering whether to apply Rule 23 in the first instance the court will consider a variety of factors relating to the bankruptcy case. These include: (1) whether the class was certified pre-petition, (2) whether the members of the putative class received notice of the bar date, and (3) whether class certification will adversely affect the administration of the case, especially if the proposed litigation would cause undue delay.  The court also may consider the benefits and costs of class litigation to the estate." *Teta v. Chow* (*In re TWL Corp.*), 712 F.3d 886, 893 (5th Cir. 2013) (cleaned up).  Here, as set forth in the Debtors' Objection, Ms. Yiru's proposed class was not certified prepetition, the members of the putative class have or will receive notice of the bar date, and class certification will cause undue delay and the costs will outweigh the benefits.

5.      Moreover, even if the Court were to grant the Motion and apply Federal Rule 23, Ms. Yiru will not be successful in obtaining class certification.  For instance, Ms. Yiru, who was only a sales representative for the Debtors for two years over four years ago, is not an adequate representative for the entire putative class, which includes current representatives.[1]  A class representative's interests must be "coextensive with those of the class." *Sanchez v. Bank of S. Tex.*, 494 F.Supp.3d 421, 442 (S.D. Tex. 2020) (internal quotation omitted).  But Ms. Yiru's interests, as a former representative, clearly diverge from those of current representatives, who earn a living through the Debtors.

---

[1] "[A] plaintiff's request for class certification must fail if any one of Rule 23's requirements is not met." *TWL Corp.*, 712 F.3d at 894 (quoting *Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496, 503 n.1 (5th Cir. 2004) (*per curiam*)). The Committee reserves all rights to make further arguments with respect to Federal Rule 23 should the Court determine it should be applied.

6.      The Committee reserves the right to, *inter alia*, modify the relief sought in this Joinder and reserves its rights to amend, modify, or supplement this Joinder and any of the arguments and concerns raised herein, including at any hearing with respect to the Motion.

Dated: June 26, 2021                         Respectfully submitted,

                                             */s/ Michael D. Warner*
                                             Michael D. Warner (TX Bar No. 00792304)
                                             Ayala Hassell (TX Bar No. 01009800)
                                             Steven W. Golden (TX Bar No. 24099681)
                                             **PACHULSKI STANG ZIEHL & JONES LLP**
                                             440 Louisiana Street, Suite 900
                                             Houston, TX 77002
                                             Telephone:  (713) 691-9385
                                             Email: mwarner@pszjlaw.com
                                             Email: ahassell@pszjlaw.com
                                             Email: sgolden@pszjlaw.com

                                             -and-

                                             Robert J. Feinstein, Esq. (Admitted *Pro Hac Vice*)
                                             **PACHULSKI STANG ZIEHL & JONES LLP**
                                             780 Third Avenue, 34th Floor
                                             New York, NY 10017
                                             Telephone: (212) 561-7700
                                             Email: rfeinstein@pszjlaw.com

                                             *Counsel for the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2021, a true and correct copy of the above and foregoing has been served on all parties that are registered to receive electronic transmission through this Court's CM/ECF filing system in these cases.

                                             */s/ Michael D. Warner*
                                             Michael D. Warner