## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** | § | Case No.: 20-42492 |
| *et al.*[1] | § | |
| | § | Joint Administration Requested |
| Debtor. | § | |

**MELODY YIRU'S OPPOSITION TO DEBTOR'S MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO KEEP CERTAIN INFORMATION IN SCHEDULES OF ASSETS AND LIABILITIES CONFIDENTIAL; (II) APPROVING FORM AND MANNER OF NOTICE TO CERTAIN POTENTIAL CLAIMANTS; AND (III) ESTABLISHING SUPPLEMENTAL DEADLINE TO FILE PROOFS OF CLAIM FOR CERTAIN POTENTIAL CLAIMANTS**

[*Relates to Dkt. No. 196*]

Melody Yiru, on behalf of herself and those similarly situated (the "Regulatory Claimants")[2] by and through their undersigned counsel, hereby submit this Opposition (the "Opposition") to the Debtor's Motion for Order (I) Authorizing the Debtors to Keep Certain Information in Schedules of Assets and Liabilities Confidential; (II) Approving Form and Manner of Notice to Certain Potential Claimants; and (III) Establishing Supplemental Deadline to File

---

[1] The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases ("Cases") are: Spherature Investments LLC ("Spherature") EIN#5471; Rovia, LLC ("Rovia") EIN#7705; WorldVentures Marketing Holdings, LLC ("WV Marketing Holdings") EIN#3846; WorldVentures Marketplace, LLC ("WV Marketplace") EIN#6264; WorldVentures Marketing, LLC ("WV Marketing") EIN#3255; WorldVentures Services, LLC ("WV Services") EIN #2220.

[2] Regulatory Claimants are comprised of an individual and a putative, non-certified class. Melody will be filing a Motion for Relief from the Automatic Stay as her Classwide claims are against some of the Debtors and non-debtor parties, or in the alternative, request to proceed in these Cases with Class status. The issues as to the affirmative claims are bound up in the ultimate determination as to whether this Case should be allowed to proceed as the proceeds received are ill-gotten and the fruits of a criminal pyramid scheme.

Page 1

**OPPOSITION TO DEBTORS' MOTION TO ESTABLISH A BAR DATE AS TO THE REPRESENTATIVES**

Proofs of Claim for Certain Potential Claimants, and requests a hearing be held on the Motion for the same date and time as Ms. Yiru's Motion for Limited Relief from the Automatic Stay, or in the alternative Motion for Class Treatment pursuant to Fed. R. Bankr. Proc. 7023.

I.

**PRELIMINARY STATEMENT**

1.	The Representatives, who hold the largest unsecured claim in the Estates either based on commissions owed, or independetly based on their claims for restitution, have not received notice of any proceeding held to date, which calls into question the validity of several proceedings.  At the first day hearings held in this Case, below signed counsel requested that the Representatives[3] be given notice of these Cases as "creditors" as defined pursuant to 11 U.S.C. § 101 of the Bankruptcy Code.  The Court cautioned the Debtors that there would be serious consequences if notice was supposed to be given to the Representatives, but was not.

2.	Months into this Case, the Debtors have now asked to provide notice to Representatives, under seal, and without sufficient notice.  This is clearly aimed to frustrate a more efficient creditor class certification and notice process, and should be denied until Ms. Yiru's 7023 Motion is decided, which was repeatedly continued, and now apparently opposed.  *In re Chaparral Energy, Inc.*, 571 B.R. 642 (Bankr. D. Del. 2017); *aff'd* on Appeal (granting Class status because class members were not given notice on day one of the Bankruptcy Cases).

3.	For more than thirty years, many courts have held that the Bankruptcy Code and Rules permit a putative class representative to file a class proof of claim and then later seek certification. *In re Kaiser Grp. Int'l*, 278 B.R. 58, 62 (Bankr. D. Del. 2002). The reasoning is simple and text based: Bankruptcy Rule 3001(b) allows any "authorized agent" to file proofs of claim, and Rule 23 (applicable through Bankruptcy Rule 7023) authorizes a putative class representative to file a claim (a complaint) "on behalf of all members of" a putative class, while reserving class certification until "after a person sues or is sued as a class representative." Using

---

[3] "Representatives" consist of those tens of thousands of former and current individuals enrolled with the Debtors to provide sales services.

this framework, bankruptcy courts have applied Rule 23 to determine whether a class proof of claim is timely and certification appropriate.

4.  The Debtors should now be sanctioned, and there should first be a determination as to whether the Class will be certified pursuant to Ms. Yiru's Motion for Limited Relief from Stay. Once that decision is made, a reasonable bar date can be imposed *either for class notice*, or for individual claims to be filed. In such event, the Debtors should be required to provide reasonable notice of 120 days to file a proof of claim under the Local Rules of this Court. The Debtors must also be Ordered to give notice to the Representatives of all matters to which they are required to receive notice of pursuant to Fed. R. Bankr. Proc. 2002, including any motion to sell estate property.

II.

**ARGUMENT**

**A.  The Motion Should Be Denied**

5.  The Bar Date has been set in this case by operation of law pursuant to LBR 3003-1. The Representatives were not given notice of these Bankruptcy Cases, even though several persons operating the Debtors have encouraged their cronies to file proofs of claim. That should not be a substitute for reasonable notices to over 40,000 creditors. The Motion should be denied or deferred until such time as the Motion for Limited Relief from Stay or in the alternative, for certification is decided by the District Court. As held in *In re Chaparral Energy, Inc.*, 571 B.R. 642 (Bankr. D. Del. 2017), a critical factor to certify creditors' claims for class treatment under F.R.B.P. 7023 is when known putative class members are not given notice. The *Chaparral* case, affirmed on appeal, provided that even though a <u>claim was not certified pre-petition</u> (the facts here), the lack of notice to class representatives constituted grounds to grant class status under Rule 7023. Here the problem is even more pronounced where none of the Representatives have been formally noticed whatsoever, whereas in *Chaparral*, the Debtors endeavored to give notice to some of the class member creditors.

6.	The parties do not dispute that the current and former Representatives are "known" and in fact, the Debtors concede they have both the e-mail address and mail addresses for each Representative.  Representatives should have been given notice from the outset, as demanded by above-signed counsel.  The Debtors cannot seek to shortchange a reasonable and measured class certification process by now doing what they should have done last December.  Imposing a 30-day bar date would also confuse representatives who may be waiting on the 7023 Motion to be decided, and which has been pending for some time.  The Debtors' belated motion to set a bar date should be deferred until Ms. Yiru's 7023 Motion is decided.  At that point in time, Ms. Yiru will either obtain class treatment at which point in time this Notice plan is moot, or she will not, and Representatives should be given a reasonable opportunity to file claims.

### B. Alternatively, the Notice Plan under the Motion is Constitutionally Defective

7.	Pursuant to the holdings of *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950) *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 800, 77 L. Ed. 2d 180, 103 S. Ct. 2706 (1983), notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Mullane* at 339 U.S. at 314, and require notice by means of first class mail where parties are identifiable.  *Mennonite Board*, 462 U.S. at 800.  The Debtors concede that they have an address for each representative and that they know of each representative.  Thus, the Debtors must serve each representative by first class mail pursuant to *Mennonite Board*.

### C. The Representatives Should Be Afforded 120 Days to File Proofs of Claim which should Run from the Order on the 7023 Motion, or the Determination by the District Court as to Class Certification, whichever is Later

8.	There is no rush in this Chapter 11 Case, which has been beset by delays and questionable conduct from the start, to rush a bar date for Representatives, whose claims are comprised largely of an unsecured component.  The Local Rules of this Court provide for a standard period of 120 days to file a proof of claim.  LBR 3003-1.  Since the Representatives were

**OPPOSITION TO DEBTORS' MOTION TO ESTABLISH A BAR DATE AS TO THE REPRESENTATIVES**

not given notice of these proceedings at any point, they should be afforded the entire 120 days to file claims after the 7023 Motion is ruled on. Although 21 days is the minimum notice under the F.R.B.P, given the pendency of Ms. Yiru's 7023 Motion, and the fact that the Representatives are unsophisticated consumers, the 120-notice period afforded under the LBR should be Ordered to run from the ruling on the 7023 Motion, or the District Court's entry of Order on the Motion for Class Certification, whichever occurs later. Of note, the Order continuing the hearing on the Motion for Relief from stay also referenced Ms. Yiru's right to file claims on her own behalf, and on behalf of other representatives, so these proceedings are related and should be determined at the same time. Thus, Ms. Yiru requests that the hearing on the Notice Motion go forward at the same date and time as the Motion for class treatment under 7023.

### D. Debtors Have not Met their Burden to Seal the Bankruptcy Schedules

9.     To justify sealing a document they must "specifically find that the interest of secrecy outweighs the presumption in favor of access." *In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995). The need of the public, regulatory agencies in knowing the names and identities of Representatives outweighs any specious "commercial" concerns. The Representatives do not have trade secret or proprietary information, and their work and activities are not confidential either by contract, or otherwise. The Debtors have not met their heavy burden to seal bankruptcy schedules, and the request to seal should be denied. If the request is to be granted, the Court should approve the form of agreement negotiated between counsel to the parties.

III.

### CONCLUSION

10.     Debtors' Motion should be denied or deferred until Ms. Yiru's Motion for Limited Relief from Stay or in the alternative, class treatment under 7023 is decided.

DATED: June 28, 2021    Respectfully submitted by:

/s/ *Blake J. Lindemann*
Blake J. Lindemann
California Bar No. 255747
E-mail: blake@lawbl.com
**LINDEMANN LAW FIRM, APC**
(*pro hac vice*)
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone No: 310-279-5269
Facsimile No: 310-300-0267

-and-

Rachel E. Montes
Texas Bar No. 45005925
Rachel@MontesLawGroup.com
**MONTES LAW GROUP, PC**
1121 Kinwest Parkway, Ste. 100
Irving, TX 75063
Telephone No: 214-522-9401
Facsimile No: 214-522-9428


COUNSEL FOR CREDITOR MELODY YIRU
AND THOSE SIMILARLY SITUATED

**CERTIFICATE OF SERVICE**

      On June 28, 2021, I electronically submitted the foregoing document with the clerk of the court of the U.S. Bankruptcy Court, Eastern District of Texas, using the electronic case filing system of the Court. I hereby certify that I will serve the parties individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

                                                  /s/ *Blake J. Lindemann*
                                                  Blake J. Lindemann