Marcus A. Helt (Texas Bar No. 24052187)
Jack Haake *(Admitted Pro Hac Vice)*
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel: 214.210.2821
Fax: 972.528.5765
mhelt@mwe.com
jhaake@mwe.com

**COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| In re: | § |
| | §  Chapter 11 |
| **SPHERATURE INVESTMENTS LLC,** *et al.* | § |
| | §  Case No.: 20-42492 |
| | § |
| Debtors.[1] | § |
| | §  Jointly Administered |

**DEBTORS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO KEEP CERTAIN INFORMATION IN SCHEDULES OF ASSETS AND LIABILITIES CONFIDENTIAL; (II) APPROVING FORM AND MANNER OF NOTICE TO CERTAIN POTENTIAL CLAIMANTS; AND (III) ESTABLISHING SUPPLEMENTAL DEADLINE TO FILE PROOFS OF CLAIM FOR CERTAIN POTENTIAL CLAIMANTS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Spherature Investments LLC ("**Spherature**"), together with the related parties identified herein, as debtors and debtors-in-possession (collectively, the "**Debtors**"), file this *Reply* (the "**Reply**") *in Further Support of their Motion for Order (I) Authorizing the Debtors to Keep Certain Information in Schedules of Assets and Liabilities Confidential; (II) Approving Form and Manner*

---

[1] The "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("**Cases**") are: Spherature Investments LLC EIN#5471; Rovia, LLC EIN#7705; WorldVentures Marketing Holdings, LLC EIN#3846; WorldVentures Marketplace, LLC EIN#6264; WorldVentures Marketing, LLC EIN#3255; WorldVentures Services, LLC EIN#2220.

1

*of Notice to Certain Potential Claimants; and (III) Establishing Supplemental Deadline to File Proofs of Claim for Certain Potential Claimants* (the "**Motion**") and in response to Melody Yiru's ("**Yiru**") opposition to the Motion [Docket No. 337] (the "**Objection**").

## ARGUMENT

1. The Objection is wholly without merit. It is wrong on the facts and wrong on the law.

2. As an initial matter, Yiru – the sole objector to the Motion – uses the motion objection procedures to improperly advance her motion to pursue class certification rather than to identify any legitimate concerns with the relief requested in the Motion.[2] Throughout her Objection, Yiru asks the Court to deny the Motion or defer the Motion until her Class Certification motion is decided. *See* Objection ¶¶ 5, 6, and 8.

3. Yiru states repeatedly that the sales representatives were not given notice of the bankruptcy cases. *See* Objection ¶¶ 5 and 6. That is simply false. Approximately 14,845 sales representatives – labeled as "Commission" and/or "Commission and Equity" creditors on the creditor matrix – were served with the *Notice of Bankruptcy and Complex Case Order* via first-class mail on January 4, 2021. *See* Docket No. 63. And approximately 370 sales representatives filed proofs of claims. *See* Claims Register.

4. Yiru then misrepresents two Supreme Court cases – *Mullane v. Cenral Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), and *Mennonite Board of Missions v. Adams*, 462 U.S.

---

[2] *See Motion of Melody Yiru for Limited Relief from the Automatic Stay Pursuant to 11 USC 362(d) to File Her Motion for Class Certification in the District Court and to Confirm No Automatic Stay Applies to the Non-Debtor Parties, or in the Alternative, for an Order Applying FED. R. BANKR. PROC. 7023, Pursuant to FED. R. BANKR. PROC. 9014(c) to Permit the Filing of a Motion for Class Certification in this Court and Related Relief* [Docket 189] (the "**Class Certification Motion**").

791, 800 (1983). According to Yiru, *Mullane* and *Mennonite Board* require Debtors to "serve each representative by first class mail." Objection ¶ 7. That too is false.

5. In *Mullane*, the Supreme Court explained that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. at 314. The Supreme Court further explained:

> The notice must be of such nature as reasonably to convey the required information and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied.

*Id.* at 314-15. In fact, contrary to Yiru's representation regarding the type of notice required under *Mullane*, the Supreme Court specifically eschewed any "formula" for constitutionally appropriate notice. *Id.* at 314.

6. Likewise, in *Mennonite Board*, the Supreme Court did not require notice by first class mail, as Yiru represents. Rather, the Supreme Court found that use of less reliable forms of notice such as notice by publication and posting is not reasonable where "an inexpensive and efficient mechanism such as mail service is available." 462 U.S. at 799. The Supreme Court further explained that notice by means other than mail meets due process requirements where the notice is certain to ensure actual notice.

7. Yiru's reliance on *Mullane* and *Mennonite Board* to try to burden the estate with extremely expensive notice obligations has been considered by other courts and rightly rejected. For example, in *In re Hewlett-Packard Company Shareholder Derivative Litigation*, 716 Fed. Appx. 603, 608 (9th Cir. 2017), objectors argued that *Mullane* required notice of settlement by direct mail. The Ninth Circuit, however, found the objection to be without merit, because *Mullane*

"concerned notice to beneficiaries of a common trust fund, required direct mail notice on due process grounds only where 'practicable,' and depending on the circumstances." *Id.*

8.      Here, notice by email is reasonably calculated to apprise the sales representatives of the supplemental deadline to file proofs of claim and is the best method of notice under the circumstances. Courts have consistently found notice by email to satisfy due process where email has been the primary method of communicating with the parties to be noticed, as it has been in this case. *See, e.g., Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379-0 (S.D.N.Y. 2018) (holding that notice through email was "particularly appropriate" as the record reflected that the defendants engaged in an online business and regularly communicated with customers through functional email addresses); *Morgan v. Public Storage*, 301 F. Supp. 3d 1237, 1263 (S.D. Fla. 2016) (holding that email notice satisfied due process, was "the best practicable notice," and was "particularly appropriate" because the email was the defendant's primary method of communicating with class members).

9.      Yiru next argues that the representatives should be given 120 days to file a proof of claim under Local Rule 3003-1. Local Rule 3003-1 does not require 120 days' notice under these circumstances. Local Rule 3003-1 provides, "A proof of claim is timely filed in a Chapter 9 or Chapter 11 case if it is filed not later than 120 days after the entry of the order for relief under that chapter." The original bar date provided for under Local Rule 3003-1 is not relevant to the Motion, which seeks to set a reasonable supplemental deadline for certain potential creditors to file proofs of claim. Indeed, Local Rule 3003-1 makes clear that the "Court may set a different bar date for a creditor or creditors." Yiru's claim that "[t]here is no rush in this Chapter 11 Case," and that the Debtors should be required to give 120 days' notice running from a ruling on her Class Certification Motion is wholly unreasonably and seems intended to delay these bankruptcy cases

and increase the estates' expenses. Bankruptcy cases cannot be administered in the manner suggested by Yiru. Firm deadlines, i.e., bar dates, are a necessity. *See In re Tronox Inc.*, 626 B.R. 688, 702 (Bankr. S.D.N.Y. 2021).

10. Finally, Yiru's contention that the addresses of the sales representatives must be disclosed because public, regulatory agencies have a need to know the names and identities of the sales representatives is vague and makes no sense. She fails to identify which public, regulatory agencies need that information and the purpose for which that information is needed. Debtors, by contrast, demonstrated that disclosure of that information would cause it substantial commercial injury.

Respectfully submitted,

*/s/ Marcus A. Helt*
Marcus A. Helt, Esq. (Texas Bar #24052187)
Jack G. Haake, Esq. (Admitted *Pro Hac Vice*)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel: 214.210.2821
Fax: 972.528.5765
mhelt@mwe.com
jhaake@mwe.com

**COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed and served via the Court's CM/ECF filing and noticing system this 8th day of July 2021, to all parties registered to receive electronic notices in this case.

                                                  */s/ Jack G. Haake*
                                                  Jack G. Haake

DM_US 181107237-1.114823.0011