Marcus A. Helt (Texas Bar #24052187)
Debbie E. Green (*Admitted Pro Hac Vice*)
Jack Haake *(Admitted Pro Hac Vice)*
MCDERMOTT WILL & EMERY LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel:     (214) 210-2821 / Fax: (972) 528-5765
mhelt@mwe.com
dgreen@mwe.com
jhaake@mwe.com

*COUNSEL TO THE DEBTORS
AND DEBTORS-IN-POSSESSION*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SPHERATURE INVESTMENTS LLC, *et al.* | § § § | Case No.: 20-42492 |
| | § | |
| Debtors.[1] | § § | Jointly Administered |

### DEBTORS' MOTION FOR RULE 2004 EXAMINATION OF MELODY YIRU

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *<u>WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE</u>* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice.**

---

[1] The "<u>Debtors</u>" in the above-captioned jointly administered chapter 11 bankruptcy cases ("<u>Cases</u>") are: Spherature Investments LLC EIN#5471; Rovia, LLC EIN#7705; WorldVentures Marketing Holdings, LLC EIN#3846; WorldVentures Marketplace, LLC EIN#6264; WorldVentures Marketing, LLC EIN#3255; WorldVentures Services, LLC EIN#2220.

**DEBTORS' MOTION FOR RULE 2004 EXAMINATION OF MELODY YIRU - 1**

**If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

Spherature Investments, LLC d/b/a WorldVentures Holdings, LLC ("Spherature"), together with its affiliates identified herein, as debtors and debtors-in-possession (collectively, the "Debtors"), hereby file this *Debtors' Motion for Rule 2004 Examination of Melody Yiru* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

## I.    JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal bases for the relief requested herein are section 105(a) of 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Texas (the "Local Rules").

## II.    RELIEF REQUESTED

4. By this Motion, the Debtors respectfully seek entry of an order authorizing the Debtors to examine Melody Yiru ("Yiru") regarding her alleged claims against the Debtors on September 9, 2021 at 10:00 am Central Time via Zoom or at such date, time, and place as is mutually agreeable to the Debtors and Yiru.

## III.    BACKGROUND

5. On December 21, 2020 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby initiating the above captioned cases (the "Cases").

6.  Contemporaneously with the filing of their first-day motions, the Debtors filed declaration testimony by the Debtors' proposed Chief Restructuring Offer, Erik Toth (the "Toth Declaration"), which contains additional background information on the Debtors and their operations. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the contents and statements in the Toth Declaration are incorporated herein by reference.

7.  Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.  Pursuant to the Court's order entered at Docket 47, each of the Debtors filed separate Schedules and Statements on January 22, 2021.

9.  On January 22, 2021, the United States Trustee appointed an official committee of unsecured creditors [Docket No. 93] (the "Committee").

10. The meeting of creditors required pursuant to section 341 of the Bankruptcy Code took place on January 29, 2021 and continued on February 5, 2021.

11. On July 16, 2021, the Court entered its *Order (I) Authorizing the Debtors to Keep Certain Information in Schedules of Assets and Liabilities Confidential; (II) Approving Form and Manner of Notice to Certain Potential Claimants; and (III) Establishing Supplemental Deadline to File Proofs of Claim for Certain Potential Claimants* [Docket No. 368] (the "Supplemental Notice Order"). The Supplemental Notice Order authorized the Debtors to provide supplemental notice of its bankruptcy proceedings and the supplemental bar date to all sales representatives and members listed in Schedule G of the Schedules of Assets and Liabilities of WorldVentures Marketing, LLC (Case No. 20-42494) and any other sales representatives and members who had an agreement with a Debtor between May 1, 2013 and December 21, 2020 (the "Notice Parties") via the most recent email addresses listed in the Debtors' email database system. The

Supplemental Notice Order further extended the proof of claim bar date for the Notice Parties only April 20, 2021 to August 20, 2021.

12. On July 30, 2021, Yiru, one of the Notice Parties, filed a proof of claim in each of the Debtors' bankruptcy cases (the "Yiru Proofs of Claim"). In the Yiru Proofs of Claim, Yiru purports to assert a claim against of the Debtors "on behalf of herself and all others similarly situated" in the amount of $400,000,000.

## IV.    ARGUMENT AND AUTHORITIES

13. Bankruptcy Rule 2004 provides the Court authority to order an examination of any entity or person if such examination relates "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtors' estate … [and to] any other matter relevant to the case or to the formulation of a plan." FED. R. BANKR. P. 2004(b).

14. "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993). The scope of a Rule 2004 examination is broad. *See, e.g., In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988); *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2004 WL 613091, at *3 (S.D. Tex. Mar. 16, 2004); *In re Edic*, No. 05–41557, 2005 WL 6443541, at *1 (Bankr. N.D. Tex. Oct. 7, 2005) ("Rule 2004 is very broad in scope"). Indeed, any third party that has a relationship with a debtor may be subject to examination. *See, e.g., In re Ionosphere Clubs*, 156 B.R. at 432; *In re Recoton Corp.*, 307 B.R. at 755; *In re Cousins Barricades & Metal Prods.*, 2000 WL 245860 at *3 (E.D. La. March 2, 2000).

15.     The Yiru Proofs of Claim is confusing.  In the attachment to the proofs of claim titled Proof of Claim Attachment, Yiru states that "there is no claim yet due because the illusory contracts between Debtors and Ms. Yiru, and the other representatives, have not been rejected or assumed, and such contracts thus 'ride-through' the bankruptcy case unless assumed and assigned, or affirmatively rejected."  Yiru further states that her $400,000,000 claim is "rejection damages or cure damages should it become ripe to consider those amounts in connection with a sale."  Yiru also asserts that a portion of her claim is entitled to administrative priority under section 503 of the Bankruptcy Code.

16.     It is clear to the Debtors that the Yiru Proofs of Claim was designed to derail the Debtors' efforts to consummate a sale transaction.  Debtors thus seek to examine Yiru regarding the basis for her proofs of claim, which is "good cause" under Rule 2004.  *See, e.g., Matter of Sutera*, 141 B.R. 539, 541 (Bankr. D. Conn. 1992) ("It is well settled that a Rule 2004 examination is a proper procedure to inquire into the basis for a filed proof of claim.") (citing *In re Arkin-Medo, Inc.*, 44 B.R. 138, 140 (Bankr. S.D.N.Y. 1984)); *see also In re Michalski*, 449 B.R. 273, 281 (Bankr. N.D. Ohio 2011) (Rule 2004 was proper to investigate proof of claim even before determining that proof of claim is objectionable).  Indeed, a Rule 2004 examination of Yiru is the only vehicle the Debtors have to obtain information regarding the Yiru Proofs of Claim to formulate their objections and prevent Yiru from derailing their impending chapter 11 plan.[2]  *See In re Sheetz*, 452 B.R. 746, 749-50 (Bankr. N.D. Ind. 2011) ("Since discovery is not available until after litigation has been commenced, Rule 2004 is the only vehicle the trustee has by which she

---

[2] While Yiru commenced an adversary proceeding, Debtors believe that adversary proceeding is improper and will be moving to have it dismissed forthwith.

**DEBTORS' MOTION FOR RULE 2004 EXAMINATION OF MELODY YIRU - 5**

can be assured of getting the information she needs to evaluate the claim in order to determine whether it might be objectionable.").

17.     The information sought via this Motion is targeted, specific, and focused, and will not present a burden or intrusion on Yiru.  As a result, the Debtors submit that good cause exists for the Court to grant this Motion.

## V.     CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and directing Yiru to appear for examination on September 9, 2021 at 10:00 am Central Time via Zoom or at such date, time, and place as is mutually agreeable to the Debtors and Yiru, and granting such other and further relief as the Court deems just and proper.

DATED: August 10, 2021              Respectfully submitted,

/s/ *Debbie E. Green*
Marcus A. Helt (Texas Bar #24052187)
Debbie E. Green (Admitted *Pro Hac Vice*)
Jack G. Haake (Admitted *Pro Hac Vice*)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel:    (214) 210-2821
Fax:    (972) 528-5765
mhelt@mwe.com
dgreen@mwe.com
jhaake@mwe.com

***COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION***

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 2004-1(a)(2), on August 4, 2021, August 5, 2021, August 6, 2021, and August 10, 2021, I conferred with counsel for Melody Yiru regarding the Debtors' relief requested herein via email, and Debtors' counsel and counsel for Ms. Yiru were unable to reach an agreement. Although counsel for Ms. Yiru indicated that he would produce Ms. Yiru for examination in September, he would not provide available dates and seemed to refuse to do so unless Debtors' counsel produced certain employees of Debtors for deposition.

/s/ *Debbie E. Green*
Debbie E. Green

## CERTIFICATE OF SERVICE

On August 10, 2021, I electronically submitted the foregoing document with the clerk of the court of the U.S. Bankruptcy Court, Eastern District of Texas, using the electronic case filing system of the Court. I hereby certify that I will serve the parties individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

/s/ *Debbie E. Green*
Debbie E. Green