Marcus A. Helt (Texas Bar #24052187)
Jack Haake *(Admitted Pro Hac Vice)*)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel: 214.210.2821
Fax: 972.528.5765
mhelt@mwe.com
jhaake@mwe.com

**COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** *et. al.* | § | **Case No.: 20-42492** |
| | § | |
| | § | |
| **Debtors.**[1] | § | **Jointly Administered** |

**APPLICATION FOR ORDER AUTHORIZING DEBTORS TO EMPLOY AND
RETAIN MAZARS USA LLP TO PROVIDE TAX ADVISORY AND ACCOUNTING
SERVICES NUNC PRO TUNC TO JULY 26, 2021**

**14-DAY NEGATIVE NOTICE – LBR 2014(a)**
**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely**

---

[1] The "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("**Cases**") are: Spherature Investments LLC ("**Spherature**") EIN#5471; Rovia, LLC ("**Rovia**") EIN#7705; WorldVentures Marketing Holdings, LLC ("**WV Marketing Holdings**") EIN#3846; WorldVentures Marketplace, LLC ("**WV Marketplace**") EIN#6264; WorldVentures Marketing, LLC ("**WV Marketing**") EIN#3255; WorldVentures Services, LLC ("**WV Services**") EIN#2220. The Debtors' corporate headquarters and service address in this district is 5100 Tennyson Parkway, Plano, TX 75024.

**APPLICATION FOR ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN MAZARS USA
LLP TO PROVIDE TAX ADVISORY AND ACCOUNTING SERVICES NUNC PRO TUNC TO JULY 26,
2021 - PAGE 1**

**served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

Spherature Investments LLC ("**Spherature**"), together with its affiliates identified herein, as debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby file this *Application for Order Authorizing Debtors to Employ and Retain Mazars USA LLP to Provide Tax Advisory and Accounting Services Nunc Pro Tunc to July 26, 2021* (the "**Application**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Retention Order**"). In support of this Application, the Debtors have attached the *Declaration of Ryan Vaughn in Support of Debtors' Application for Order Authorizing Debtors to Employ and Retain Mazars USA to Provide Tax Advisory and Accounting Services Nunc Pro Tunc to July 26, 2021* (the "**Vaughan Declaration**") as **Exhibit B** and the *Declaration of Erik Toth in Support of Debtors' Application for Order Authorizing Debtors to Employ and Retain Mazars USA LLP to Provide Tax Advisory and Accounting Services Nunc Pro Tunc to July 26, 2021* (the "**Toth Declaration**") as **Exhibit D** In further support of this Application, the Debtors respectfully state as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal bases for the relief requested herein are sections 327(a) and 330 of 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Eastern District of Texas (the "**Local Rules**").

## II.
## BACKGROUND

4. On December 21, 2020 (the "**Petition Date**"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned cases (the "**Cases**").

5. Contemporaneously with the filing of their first-day motions, the Debtors filed declaration testimony by the Debtors' proposed Chief Restructuring Offer, Erik Toth (the "**First Day Declaration**"),[2] which contains additional background information on the Debtors and their operations. The contents of the First Day Declaration are incorporated by reference, as if set forth herein verbatim, pursuant to Federal Rule of Civil Procedure 10(c).

6. Pursuant to the terms of an engagement agreement (the "**Engagement Letter**"), attached hereto as **Exhibit C**, the Debtors have engaged Mazars USA LLP ("**Mazars**") to provide tax advisory services to the Debtors. The Debtors are required to file their K-1 filings on or before September 15, 2021. Mazars has agreed to provide tax advisory and accounting services in preparing Federal Income Tax Return Form 1065 and required filings based on the 2019 tax return as well as state income tax returns.

7. The Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] The Vaughan Declaration is filed at Docket No. 20 in the lead case of Spherature Investments LLC, pending before the Bankruptcy Court.

**APPLICATION FOR ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN MAZARS USA LLP TO PROVIDE TAX ADVISORY AND ACCOUNTING SERVICES NUNC PRO TUNC TO JULY 26, 2021 - PAGE 3**

## III.
## RELIEF REQUESTED

8. The Debtors respectfully request entry of the Proposed Retention Order, substantially in the form attached hereto as **Exhibit A**, (a) approving the employment and retention of Mazars as of July 26, 2021 pursuant to sections 327(a) and 330 of the Bankruptcy Code and in accordance with the terms and conditions reflected in the Engagement Letter; (b) approving the terms of Mazars' employment, including the fee and expense structure; (c) and granting the Debtors such other and further relief as the Court deems just and proper.

## IV.
## MAZARS AND RYAN VAUGHAN'S QUALIFICATIONS

9. To ensure appropriate compliance with their duties and obligations as debtor-in-possession, the Debtors seek to employ Mazars to provide tax advisory services to comply with their responsibilities as debtors-in-possession and to ensure compliance of the bankruptcy estates (the "**Estate**s") with taxing obligations. Due to Mazars' experience providing tax advisory services, the Debtors have determined that Mazars is best-suited to provide these services. Mazars intends to provide Ryan Vaughan, who is a Certified Public Accountant ("**CPA**"), to provide tax advisory and accounting services to the Debtors.

10. The Debtors believe that Mazars has considerable experience in matters of this character and is a firm well-qualified to handle the role of providing tax advisory and accounting services to the Debtors. In addition, Mazars is acquainted with the operations of the Debtors and is more than capable of assuming its role expeditiously and efficiently.

## V.
## SERVICES TO BE PROVIDED

11. The Debtors are required to file certain tax documents with taxing authorities, including K-1 filings, on or before September 15, 2021. The Debtors believe that it is necessary

and appropriate to employ Mazars to provide tax advisory and accounting services to the Debtors to ensure that they fulfill their responsibilities as debtors-in-possession.

12. The Debtors selected Mazars to provide tax advisory and accounting services because of Ryan Vaughn's qualifications and experience, that are further described in the Vaughan Declaration attached hereto **Exhibit B**.

13. As further set forth in the Engagement Letter, the Debtors seek to retain Mazar to provide restructuring, financing, and transaction advisory services to the Debtors, including, without limitation:[3]

(a) Preparation of Federal and all applicable state corporate income tax returns with supporting schedules, including (i) Federal Income Tax Return Form 1065 and required filings based on the 2019 tax return, and (ii) State income tax returns based on the 2019 filings; and

(b) Preparation and review of quarterly estimated payment vouchers.

14. The Debtors do not believe that the services to be rendered by Mazars will be duplicative of the services performed by any other professional. Mazars will work together with any other professionals retained by the Debtors to minimize and avoid duplication of services. The Debtors firmly believe that Mazars will provide these necessary services in a cost-effective, efficient, and timely manner.

## VI.
## PROFESSIONAL COMPENSATION

15. As set forth more fully in the Engagement Letter, and subject to the terms thereof and the Court's approval, the Debtors and Mazars have agreed that Mazars shall be compensated for services rendered to the Debtors based on the following standard hourly rates:

---

[3] To the extent there is any inconsistency between the above summary of the services set forth in the Engagement Letter and the terms of the Engagement Letter, the terms of the Engagement Letter shall control. In addition, capitalized terms not otherwise defined herein shall have the meanings set forth in the Engagement Letter.

| Professional | Rate |
|---|---|
| Ryan Vaughan | $515 |
| Kelly Berchtold | $485 |
| Joice Samuel | $300 |
| Daniel McGuckin | $235 |
| Patryk Sipior | $180 |
| Lixia Ma | $150 |
| Carly McTonic | $150 |
| Jason Burke | $75 |

16. Additionally, from time-to-time Mazars may rely on other professionals. A range of their rates is set forth below.

| Billing Category | Range |
|---|---|
| Partners | $500 – $550 |
| Senior Manager | $450 – $500 |
| Manager | $200 – $350 |
| Senior Associate | $150 – $200 |
| Associates/Intern | $75 – $150 |

17. Mazars estimates that the fees for its tax compliance services will be $125,000 for the Federal tax returns, plus $1,250 for each state tax filing. Additionally, time incurred related to bankruptcy filings will be billed based on Mazars standard hourly rates.

18. Mazars has $18,610 in outstanding fees and expenses owed for services provided prior to the Petition Date. Mazars agrees to waive these outstanding fees and expenses and any other fees and expenses that were unbilled as of the Petition Date. During the 90-day period before the Petition Date, Mazar did not receive any fees and expenses for professional services performed under the Engagement Letter. Mazars has requested and received a retainer in the aggregate amount of $50,000.00. Mazars has agreed that it will only apply the retainer against amounts accruing for series rendered after July 26, 2021, and upon application and authorization of this Court.

## VII.
## DISINTERESTEDNESS

19. The Debtors have attached the Vaughan Declaration, which discloses, among other things, any relationship that Mazar has with the Debtors, their significant creditors, or other significant parties in interest known to Mazars. Other than the specific disclosures set forth in the Vaughan Declaration, Mazars has informed the Debtors that as of the date hereof (a) it has no connections with the Debtors, their affiliates, their creditors or other parties in interest in these Cases, including the respective attorneys and accountants and the United States Trustee for Region 6 or his attorneys, or any person employed at that office, or any judge in the United States Bankruptcy Court for the Eastern District of Texas; (b) it does not have or represent any entity having an interest adverse to the interests of the Debtors' Estates or of any class of creditors or equity security holders; and that, in light of the waiver of outstanding pre-petition invoices (c) neither Mazars nor any employee of Mazars (i) is a creditor, equity security holder or an insider of the Debtors or (ii) is or was, within two years before the Petition Date, a director, officer, or employee of the Debtors.

20. Mazars has informed the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Mazars will supplement its disclosure to this Court.

21. Mazars has agreed not to share with any other person or firm the compensation to be paid for professional services rendered in connection with these Cases.

## VIII.
## BASIS FOR RELIEF

22. Under section 327(a) of the Bankruptcy Code, a debtor-in-possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and

**APPLICATION FOR ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN MAZARS USA LLP TO PROVIDE TAX ADVISORY AND ACCOUNTING SERVICES NUNC PRO TUNC TO JULY 26, 2021 - PAGE 7**

DM_US 182139507-1.T19413.0010

that are disinterested persons,[4] to represent or assist the [debtors-in-possession] in carrying out [their] duties under this title." 11 U.S.C. § 327(a). Section 1107(b) of the Bankruptcy Code modifies sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code, providing that "a person is not disqualified for employment under section 327 of the Bankruptcy Code by a debtor-in-possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

23. As required by Bankruptcy Rule 2014(a)[5] and Local Rule 2014-1, this Application and the Vaughn Declaration set forth: (a) the appropriate noticing language as required by order of this Court; (b) the petition date; (c) the chapter under which the petitions were filed; (d) the mailing address, state bar number and contact information of counsel; (e) that there are no other professionals currently employed by the same applicant that overlap in proposed services: (f) a description of the prepetition retainer; (g) the specific facts showing the necessity for Mazars' employment; (h) the reasons for the Debtors' selection of Mazars to provide tax advisory and

---

[4] Section 101(14) of the Bankruptcy Code defines the phrase "disinterested person" as: a person that –
   (A) is not a creditor, an equity security holder, or an insider;
   (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
   (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.
11 U.S.C. § 101 (14).

[5] Bankruptcy Rule 2014(a) provides that an application seeking the employment of professional persons pursuant to section 327 of the Bankruptcy Code:

> shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed by the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

**APPLICATION FOR ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN MAZARS USA LLP TO PROVIDE TAX ADVISORY AND ACCOUNTING SERVICES NUNC PRO TUNC TO JULY 26, 2021 - PAGE 8**

accounting services in connection with these Cases; (i) the professional services to be provided by Mazars; (j) the arrangement between the Debtors and Mazars with respect to Mazars' compensation (as well as the reasonableness thereof); and (k) to the best of the Debtors' knowledge, the extent of Mazars' connections, if any, to certain parties in interest in this matter.

## IX.
## EMPLOYMENT EFFECTIVE JULY 26, 2021, IS APPROPRIATE

24. In accordance with the Debtors' request, Mazars has agreed to provide tax advisory and accounting services effective July 26, 2021, with assurances that the Debtors would seek approval of Mazars' employment and retention, effective as of July 26, 2021, so that Mazars can be compensated for services rendered prior to the approval of this Application. The Debtors believe that no party in interest will be prejudiced by the granting of relief effective July 26, 2021, as proposed in this Application, because Mazars has provided and continues to provide valuable services to the Debtors' Estates in the interim period. Particularly in light of the short window of time within which the Debtors must prepare their tax statements to comply with the September 15 deadline. As such, approval of Mazars' employment to provide accounting and tax services to the Debtors' Estates as of July 26, 2021, is proper. Accordingly, the Debtors respectfully request entry of the Proposed Order authorizing them to retain and employ Mazars, effective as of July 26, 2021.

## X.
## NOTICE

25. This Application has been provided to: (i) the Office of the United States Trustee; (ii) to each of the Debtors' secured lenders; (iii) counsel to the agents of the Debtors' secured lenders; (iv) the Committee; (v) the Internal Revenue Service; (vi) all parties in interest who have formally appeared and requested notice; and (vii) and all parties who have requested special notice

from the Debtors. The Debtors respectfully submit that no further notice of this Application is required.

26.     The pleadings in these Cases and supporting papers are available on the Bankruptcy Court's website at https://ecf.txeb.uscourts.gov/ and on the Debtors' proposed Claims and Noticing Agent's website at https://cases.stretto.com/Spherature. You can also request any pleading you need from the Debtors' proposed counsel at: McDermott Will & Emery LLP, c/o Jack Haake, Esq., 2501 North Harwood Street, Suite 1900, Dallas, Texas 75201 (jhaake@mwe.com).

## VI.
## CONCLUSION

27.     **WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached as **Exhibit A,** granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated:  September 4, 2021             Respectfully Submitted,

/s/ Jack G. Haake
Marcus A. Helt (Texas Bar #24052187)
Jack G. Haake (Admitted Pro Hac Vice)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel: 214.210.2821
Fax: 972.528.5765
mhelt@mwe.com
jhaake@mwe.com

**COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 4, 2021, I caused a true and correct copy of the foregoing document to be served electronically by the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Texas on all parties registered to receive CM/ECF notice in these Chapter 11 Cases and by first-class mail on the following Notice Parties:

                                                      */s/ Jack G. Haake*
                                                      Jack G. Haake