Marcus A. Helt (Texas Bar #24052187)
Jack Haake *(Admitted Pro Hac Vice)*
MCDERMOTT WILL & EMERY LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel: 214.210.2821
Fax: 972.528.5765
mhelt@mwe.com
jhaake@mwe.com

**COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SPHERATURE INVESTMENTS LLC, | § | Case No.: 20-42492 |
| *et al.* | § | |
| | § | |
| Debtors.[1] | § | Jointly Administered |
| | § | |

## DECLARATION OF ERIK TOTH IN SUPPORT OF TOPPING BID PROCEDURES

I, Erik Toth, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the following statements are true and correct and within my personal knowledge:

1. I am the Chief Restructuring Officer of Spherature Investment, LLC f/k/a WoldVentures Holdings, LLC ("Spherature"). I have held this position since November 17, 2020. My business address is Larx Advisors, Inc. ("Larx"), 2600 Network Blvd., Suite 290, Frisco, Texas 75034. I submit this declaration (the "Declaration")[2] in support of the Debtors' proposed topping bid procedures (the "Topping Bid Procedures") as set forth in *Debtors' Motion*

---

[1] The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases are: Spherature Investments LLC EIN#5471; Rovia, LLC EIN#7705; WorldVentures Marketing Holdings, LLC EIN#3846; WorldVentures Marketplace, LLC EIN#6264; WorldVentures Marketing, LLC EIN#3255; WorldVentures Services, LLC EIN#2220. The Debtors' corporate headquarters and service address in this district is 5100 Tennyson Parkway, Plano, Texas 75024.

**DECLARATION OF ERIK TOTH IN SUPPORT OF TOPPING BID PROCEDURES** Page 1

*for Entry of an Order: (I) Conditionally Approving Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes on Plan; (III) Establishing Procedures for Submission of Topping Bids; (IV) Approving Certain Forms and Notices; (V) Scheduling a Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan; and (VI) Granting Related Relief* [Docket No. 419] (the "Motion") [3] filed by the Debtors.

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my discussion with members of the Debtors' management team and the Debtors' advisors, my review of relevant documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or my opinions based upon my experience and knowledge. If called as a witness, I could and would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtors.

### Professional Background and Experience

3. I am a founding partner, Chief Executive Officer, and Managing Partner of Larx, which has an office at 2600 Network Boulevard, Suite 290, Frisco, Texas 75304. Larx is a restructuring advisory firm founded in 2017 and focuses on turnaround management, restructuring, merger integration, interim leadership, and revenue enhancement. At present, Larx has offices in Dallas-Fort Worth, Denver, and Miami. On February 25, 2021, this Court entered the *Order Authorizing Debtors to (I) Employ and Retain Larx Advisors Inc. to Provide Chief Restructuring Officer and Additional Personnel and (II) Designate Erik Toth as the Chief Restructuring Officer as of the Petition Date* [Docket No. 148].

---

[2] Capitalized terms not otherwise defined herein shall have the meaning attributed to such terms in the Motion or Plan, as applicable, unless otherwise indicated.

[3] Contemporaneously herewith, the Debtors are filing Motion and related exhibit. Capitalized terms used but not otherwise defined in this Declaration shall have the meaning ascribed to them in the Motion.

4. I have 21 years of work experience; 15 of those years have been dedicated to financial consulting and advisory services. I earned my MBA from Texas A&M University and then worked at FTI Consulting, Inc. ("FTI") for approximately seven years. At FTI, I worked in the transaction advisory practice supporting buy and sell due diligence, dispute resolutions, arbitrations, and deep financial analysis for financial and strategic buyers. I also worked in the restructuring practice and supported a number of clients that were distressed and working through their respective turnarounds and restructurings, both in and out of court. I then served as the Chief Financial Officer of the aviation division at DynCorp International, LLC, at which I was responsible for $1.3 billion in annual revenues that spanned more than 30 contracts across 18 countries.

5. At Larx, I have personally assisted, advised, supported and consulted clients concerning in and out of court transactions. I have held the positions of chief executive officer, chief financial officer, chief restructuring officer, and board member for Larx clients.

6. I received two certifications with the Association of Insolvency and Restructuring Advisors: a certification in distressed business valuation and a certification as an insolvency and restructuring advisor.

7. My engagement with the Debtors began on November 17, 2020. As the Debtors' Chief Restructuring Officer, I have worked with management to ensure the Debtors comply with all bankruptcy reporting. I have analyzed and investigated any issues that may impact the value of the estates and ensured the Debtors have proper governance in place. I have also provided guidance and recommendations as the Debtors work to restructure their businesses.

**Marketing Process**

8. Beginning in November 2020, the Debtors, with the assistance of Larx, began assembling its solicitation materials. With the assistance of the Debtors' management and Larx, the Debtors conducted marketplace research to identify potential targets. In December 2020, the Debtors distributed their first teaser for the market to 347 individuals. The teaser was a simple summary document that used non-confidential information to describe the Debtors' situation to potential buyers to pique their interest.

9. In response to the teaser, the Debtors received feedback from dozens of interested parties and held initial discussions with 71 parties. Following those initial discussions, the Debtors entered into 24 specific non-disclosure agreements with interested parties (the "NDA Parties"), which permitted those NDA Parties to access the Debtors' third-party hosted data room (the "Data Room"). The Data Room holds more than 6,000 documents and stores up to 4.3 gigabytes of data from the Debtors. Each of the 24 NDA Parties also received a copy of the Debtors' confidential information memorandum (the "CIM"), prepared by the Debtors' management. The CIM provides information concerning the Debtors, their offerings, their customer base, their sales representatives, as well as additional pertinent information about the Debtors. Since the Data Room was made available, 85 individuals from the NDA Parties have accessed the materials therein. I have neither received complaints nor have I been made aware of any complaints regarding access to the Data Room or the diligence information on the Debtors therein.

10. As a product of the Debtors' marketing, its teaser, the non-disclosure agreements, and the diligence materials available in the Data Room, the Debtors have received eight (8) offers in the form of letters of intent (each an "LOI" and collectively, the "LOIs"). The Debtors'

board of directors, Former Judge Russell Nelms, Jim Colundra and Wayne Nugent (the "Board") reviewed, analyzed and compared these LOIs based upon their respective forms, substance and potential value to the creditors of the estates. Upon this review, the Board unanimously agreed that the LOI submitted by Verona International Holdings, Inc. ("Verona") was best, and in its business judgment, selected Verona's LOI.

11. On June 2, 2021, the Debtors filed the *Debtors' Motion for Entry of an Order (A) Approving Binding Term Sheet, (B) Approving Expense Reimbursement and Breakup Fee to the Plan Sponsor and (C) Granting Certain Related Relief* [Docket No. 289].

12. Following a hearing before the Court, on June 25, 2021, the Court entered an *Order Approving Expense Reimbursement and Breakup Fee for Term-Sheet Plan Sponsor/Purchaser* [Docket No. 329] (the "Bid Protections Order"), through which the Court approved expense reimbursement and breakup fee (together the "Bid Protections") with the Debtors as Sellers (as defined therein) and Verona, as the proposed purchaser and plan sponsor. Since entry of the Bid Protections Order, the Debtors have worked to consummate the transactions and processes set forth in the Binding Term Sheet, including the solicitation and negotiation of an alternative transaction (an "Alternative Transaction").

**Topping Bid Procedures**

13. The Debtors' proposed Topping Bid Procedures, attached to the Motion as **Exhibit B**, are a necessary component of the Debtor's proposed Plan and Sale Transaction to create the greatest value possible for the creditors of the Debtors' estates. These Topping Bid Procedures set forth a clear process by which the Debtors will solicit bids for an Alternative Transaction for the sale of the Debtors' Assets. The Topping Bid Procedures specify the

deadlines and related obligations each party must abide by to create the greatest value for the Debtors and their estates.

14. As such, I believe the Topping Bid Procedures provide the Debtors with a clear and productive path to execute a value-maximizing transaction for the benefit of their estates, creditors and stakeholders. Moreover, the Topping Bid Procedures are consistent with market practices for transactions of this size. I believe the Topping Bid Procedures are necessary for the Debtors to pursue a Sale Transaction for the benefit of all parties.

## Conclusion

15. Approval of the Topping Bid Procedures is the best interests of the Debtors, their Estates, their creditors, and all parties in interest in these Chapter 11 Cases.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best my knowledge, information and belief.

Dated: September 6, 2021

*/s/ Erik Toth*
Erik Toth
Chief Restructuring Officer
Spherature Investments LLC f/k/a
WorldVentures Holdings, LLC

DM_US 181147465-3.114823.0011