Marcus A. Helt (Texas Bar #24052187)
Jack Haake *(Admitted Pro Hac Vice*)
MCDERMOTT WILL & EMERY LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel:      (214) 210-2821 / Fax: (972) 528-5765
Email:   mhelt@mwe.com
Email:   jhaake@mwe.com

*COUNSEL TO THE DEBTORS
AND DEBTORS-IN-POSSESSION*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** *et al.* | § | Case No.: 20-42492 |
| | § | |
| | § | |
| Debtors.[1] | § | Jointly Administered |
| | § | |

## DEBTORS' MOTION PURSUANT TO RULE 9019 FOR AN ORDER APPROVING COMPROMISE AND SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND VIVA VOYAGE, LLC

## 21-DAY NEGATIVE NOTICE – LBR 9007(a)

> **YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**
>
> **NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING *WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE* SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

---

[1] The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases (the "Cases") are: Spherature Investments LLC EIN#5471; Rovia, LLC EIN#7705; WorldVentures Marketing Holdings, LLC EIN#3846; WorldVentures Marketplace, LLC EIN#6264; WorldVentures Marketing, LLC EIN#3255; WorldVentures Services, LLC EIN#2220. The above-captioned Debtors' mailing address is 8105 Rasor Blvd, Ste. 109, Plano, TX 75024.

1

Spherature Investments LLC ("Spherature"), together with its affiliates identified herein, as debtors and debtors-in-possession (collectively, the "Debtors"), hereby file *Debtors' Motion Pursuant to Rule 9019 for an Order Approving Compromise and Settlement Agreement Between Debtors and Viva Voyage, LLC* (the "Motion"), and respectfully represent as follows:

## RELIEF REQUESTED

1. By this Motion, the Debtors seek the entry of an order, substantially in the form attached hereto as **Exhibit A**, approving this Motion and authorizing the Debtors and Viva Voyage to take all actions necessary to effectuate the settlement agreement (the "Agreement") attached hereto as **Exhibit B**.

## JURISDICTION

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 134. This matter is a core proceeding under 28 U.S.C. § 157(b).

3. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 9019 and rule 7041-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Eastern District of Texas (the "Local Rules").

## BACKGROUND

5. On May 26, 2020, Viva Voyage filed a lawsuit against Rovia, LLC ("Rovia"), WorldVentures Marketing ("WorldVentures Marketing"), and WorldVentures Holdings ("WorldVentures Holdings") in the United States District Court for the Southern District of Florida styled *Viva Voyage v. Rovia, LLC, et. al*. Case No. 9:20-cv-80838 (the "Florida Lawsuit"). The

Florida Lawsuit was subsequently transferred to the United States District Court for the Eastern District of Texas and was assigned Case No. 4:20-cv-00806.

6. On August 19, 2020, Rovia filed a lawsuit against Viva Voyage in the United States District Court for the Eastern District of Texas styled *Rovia, LLC v. Viva Voyage, LLC*, Case No. 4:20-cv-00633 (the "Texas Lawsuit").

7. On August 19, 2020, Rovia filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction in the Texas Lawsuit (the "Injunction Motion"). After resetting the hearing, the Court ordered that Rovia and Viva Voyage appear for an evidentiary hearing on the Injunction Motion on October 30, 2020.

8. Prior to the commencement of the October 30, 2020 hearing on the Injunction Motion, the Court suggested that Rovia and Viva Voyage agree to deposit the disputed funds into the Court Registry during the pendency of the action in lieu of an evidentiary hearing. The Parties agreed to the Court's suggestion.

9. On November 5, 2020, $500,000 was deposited into the interest bearing account of the Court Registry. An additional $74,180.66 (collectively with the $500,000, the "Funds") was deposited into the interest bearing account of the Court Registry on December 4, 2020.

10. On November 2, 2020, the Florida Lawsuit was consolidated with the Texas Lawsuit under the case number assigned to the Texas Lawsuit.

11. On December 21, 2020 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code, thereby initiating the above-captioned cases (the "Cases"). Since the Petition Date, the Debtors have continued in the management and possession of their businesses and property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed.

3

12. On March 30, 2021, Viva Voyage filed an adversary proceeding against Spherature, WorldVentures Holdings, WorldVentures Marketing, and Rovia, which was assigned Case No. 21-04066 (the "Adversary Proceeding," and together with the Florida Lawsuit and Texas Lawsuit, the "Litigation").

**PROPOSED SETTLEMENT**

13. To resolve the Litigation and provide finality without additional legal expenses, Viva Voyage and the Debtors (collectively, the "Parties") have agreed to settle the Litigation upon the terms set forth in the Agreement attached hereto as **Exhibit B**.

14. In relevant part,[2] the Parties have agreed as follows:

- The Parties will equally split the $574,180.66 currently held in the Court Registry for the United States for the District Court for the Eastern District of Texas;

- Viva Voyage and the Debtors will provide mutual releases;

- Viva Voyage and the Debtors will dismiss the pending actions;

- Viva Voyage will withdraw its filed proof of claim; and

- Viva Voyage will not object to any chapter 11 plan proposed by the Debtors.

15. The settlement and compromise contemplated by the Agreement is in the best interest of the Debtors, their estates, and all of their stakeholders. The settlement forecloses the need for additional costly litigation and allows the Debtors access to the funds that are being held in escrow that would otherwise be unavailable to the Debtors while the Litigation is pending.

**BASIS FOR RELIEF REQUESTED**

1. Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a) grants this Court authority to approve the Agreement. The Debtors respectfully request that the Agreement

---

[2] To the extent there is a conflict between the summary of terms and the terms in the Agreement, the terms of the Agreement control.

4

be approved and the Court authorize the Debtor to undertake any further actions necessary to perform thereunder.

2.  Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to "use, sell, or lease, other than in the ordinary course of business, property of the estate," after notice and a hearing. It is well established in this jurisdiction that a debtor may use property of the estate outside the ordinary course of business under this provision if there is a good business reason for doing so. *See, e.g., ASARCO, Inc. v. Elliott Mgmt.* (*In re ASARCO, L.L.C.*), 650 F.3d 593, 601 (5th Cir. 2011) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors, and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.") (quoting *In re Cont'l Air Lines, Inc.*, 780 F.3d 1223, 1226 (5th Cir. 1986)); *In re ASARCO LLC, et, al.*, 441 B.R. 813, 830 (Bankr. S.D. Tex. 2010); *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd*. (*In re State Park Bldg. Grp., Ltd.*), 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Filene's Basement*, *LLC*, No. 11-13511 (KJC) (Bankr. D. Del. Apr. 29, 2014) (stating that, under the business judgment standard, once the debtor presents "a reasonable basis for its business decisions . . . courts will generally not entertain objections to the debtor's conduct").

3.  The Debtors respectfully submit that the Agreement represents a fair and reasonable compromise that is in the best interest of the Debtors' estates. This settlement monetizes assets that were previously mired in litigation and provides a significant cash infusion that will benefit the Debtors' estates. This capital would be a significant benefit to the Debtors as they manage

DM_US 182153236-3.114823.0011

their operations during these Cases and seek to conclude the marketing and sale process while also working towards confirmation of the Debtors' recently filed chapter 11 plan.

4. In addition, the Agreement was the result of extensive negotiations among the parties, which, if approved by the Court, will allow the parties to avoid costly, time-consuming, and distracting litigation. This Agreement resolves all pending disputes, enabling the Debtors to focus the efforts of their key management team and other resources on confirmation issues. Accordingly, the Debtors respectfully request that the Court enter the Order approving the Agreement.

5. Bankruptcy Rule 9019(a), the legal basis for the relief requested in the Motion, provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). This Bankruptcy Rule empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop, Inc. (In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 355 (5th Cir. 1997); *Conn. Gen. Life Ins. Co. v. United Co. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995). Further, "[a]pproval of a settlement agreement is a matter within the sound discretion of the bankruptcy court." *See United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984), *cert. denied*, 469 U.S. 880 (1984).

6. "To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006) ("[s]ettlements are favored [in bankruptcy]"); *In re Key3Media Grp., Inc.*, No. 03-10323 (MFW), 2006 WL 2842462, at *3 (D. Del. Oct. 2, 2006).

7. The merits of a proposed compromise continue to be judged under the criteria set forth in *Protective Committee for Independent Stockholders v. Anderson,* 390 U.S. 414 (1968). *Anderson* requires that a compromise be "fair and equitable." *Anderson,* 390 U.S. at 424; *see also AWECO,* 725 F.2d at 298. The terms "fair and equitable" mean that: (i) senior interests are entitled to full priority over junior interests; and (ii) the compromise is reasonable in relation to the likely rewards of litigation. *Cajun Elec.,* 119 F.3d at 355-56.

8. In determining whether a proposed compromise is fair and equitable, a court should consider the following factors: (a) "the probabilities of ultimate success should the claim be litigated"; (b) "the complexity, expense, and likely duration" of litigating the claim; (c) "the possible difficulties of collecting on any judgment" rendered from such litigation; and (d) "all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Anderson,* 390 U.S. at 424; *see also Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602 (5th Cir. 1980); *In re Moore,* 608 F.3d 253, 263 (5th Cir. 2010).

9. Such "other factors" to be considered include "the paramount interest of creditors with proper deference to their reasonable views" and "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Foster Mortg. Corp.*, 68 F.3d at 917-18.

10. All of these factors weigh in favor of approval of the Agreement.

11. The Debtors respectfully submit that the compromise is fair and equitable and properly balance the interests of the Debtors' estates and the likely rewards of litigation. The Debtors have determined in their reasonable business judgment that the benefits of the settlement outweigh their costs after considering the probability of success in litigating the claims, the complexity and likely duration of the Litigation and related expenses and inconvenience, and all

other factors bearing on the wisdom of the compromise, including the interests of the creditors and the extent to which the settlement is the product of an arms-length negotiation.

12.     The Agreement is fair, reasonable, and in the best interest of the estate. The Debtors are confident that their claims have merit and that they would ultimately prevail in the Litigation. However, there is no certainty of success in the Litigation. Despite the Debtors' belief that they would ultimately prevail, if the Debtors pursued their claims through to judgment, such litigation would consume Debtors' limited and badly needed resources. In contrast, the settlement provides certainty in the amount and timing of payments. It also monetizes a significant asset and introduces incremental liquidity to the Debtors' estates.

13.     Moreover, the Debtors believe that the Agreement is in the best interests of the Debtors' estates because it resolves the issues between the Parties, prevents the expense and time associated with litigating against Viva Voyage to resolve the issues and claims between the Parties with little to no additional cost or expense, and ensures that the Debtors and their estates receive half of the money held by the Court.

14.     Finally, the Debtors request that the automatic stay be lifted to the extent required to implement the Agreement. Section 362(d)(1) allows the bankruptcy court to lift or modify the automatic stay for "cause." The term "cause" is not defined in the Bankruptcy Code; accordingly, courts should determine whether cause exists on a case-by-case basis. *See Claughton v. Mixton*, 33 F.3d 4, 5 (4th Cir. 1994). Here, for the reasons set forth above, the Agreement is in the best interests of the estate. Cause, therefore, exists to modify the stay as required to implement the Agreement. Specifically, the Debtors would request that the stay be lifted for the limited purpose of allowing the Debtors and Viva Voyage to (i) file the necessary pleadings in the Litigation to dismiss those proceedings under the terms of the Agreement; and (ii) seek an order from the District Court for the Eastern District of Texas directing the clerk to disburse the Funds.

**NOTICE**

15. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Texas; (b) counsel to Viva Voyage; (c) counsel to the Creditors Committee; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

16. No prior request for the relief sought in this Motion has been made to this or any other Court.

DM_US 182153236-3.114823.0011

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, approving the proposed Agreement; (b) authorizing the Parties to take any actions necessary to effectuate and carry out the terms of the Agreement; and (c) granting such other and further relief as may be just and proper.

DATED: September 8, 2021                             Respectfully submitted,

/s/ *Jack G. Haake*
Marcus A. Helt (Texas Bar #24052187)
Debbie E. Green (Admitted *Pro Hac Vice*)
Jack G. Haake (Admitted *Pro Hac Vice*)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel:    (214) 210-2821
Fax:    (972) 528-5765
mhelt@mwe.com
dgreen@mwe.com
jhaake@mwe.com

***COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on this the 8th day of September, 2021.

By: /s/ *Jack G. Haake*
Jack G. Haake, Esq.

DM_US 182153236-3.114823.0011