## Exhibit C

**Retained Causes of Action**

DM_US 180458543-10.114823.0011

**Retained Causes of Action**

The Retained Causes of Action (as defined in the Plan)[1] specifically include, but are not limited to, any claims of the Estate related to the specific litigation listed in the Debtors' Statement of Financial Affairs (as supplemented and amended) and schedules (as supplemented and amended), including, but not limited to, the causes of action identified against (i) Tom Montgomery, MCA, the lenders represented by MCA, Montgomery Capital Partners, Montgomery Capital Partners, LLC, Montgomery Capital Partners II, LP, Montgomery Capital Partners III, LP, Montgomery Coscia Greilich LLP, Baker Tilly US, LLP, and any entity owned, controlled, or related to any of the aforementioned individuals and entities or their predecessors, (ii) Seacret Direct LLC or any affiliated, related, predecessor, or successor person or entity, (iii) Kenneth E. Head, (iv) any current or former directors, officers, members, managers, insiders (whether statutory or non-statutory insiders), affiliates, employees (other than the Employees), related person, or individual, agents, professionals, advisors, consultants, and Affiliates of the Debtors or the D&O Policies, including damage to goodwill or reputation; (v) any Person against whom the Debtors or Liquidating Trustee may assert an Avoidance Action; (vi) against any affiliated, related, predecessor, or successor person or entity of any person or entity described in subparagraphs (i – v); and (vii) the following Retained Causes of Action and claims, all of which are retained by the Plan and the Confirmation Order:

> all claims and Retained Causes of Action listed in, referenced in, or attached as an exhibit to the Plan, the Disclosure Statement, the Schedules, Statements of Financial Affairs, or in any Plan Document, and all claims and causes of action for all contract theories of recovery, including contract and usury, quasi-contract claims, including quantum meruit, promissory estoppel, suit on a sworn account, money had and received, tort theories of liability, including tortious interference with existing contract, tortious interference with contractual/business relations, conversion, breach of fiduciary duty, fraud, bad faith denial of coverage or other insurance claim, constructive eviction, wrongful eviction, wrongful foreclosure, malpractice, libel, slander, malicious prosecution, negligence, gross negligence, premises liability, trade-secret misappropriation, misrepresentation; breach of warranty claims and related theories of recovery; statutory claims and related theories of recovery, including claims under the Bankruptcy Code, including objections to the allowance of claims for disgorgement or otherwise, including any related to extent, priority, subordination, or validity of liens, claims under 11 U.S.C. §§ 509, 510, 542, 543, 544, 547, 548, 549, and 550, claims pursuant to the Texas Business and Commerce Code, including preferences, fraudulent transfers under all applicable law, including chapter 27, and claims pursuant to title 18 U.S.C., participatory, vicarious, secondary, and related theories of liability including, without limitation, aiding and abetting, conspiracy, principal-agent, partnership, alter ego, common

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

1

>enterprise, joint and several liability, proportionate responsibility, contribution, and veil piercing; equitable claims including claims for lien subordination and contempt; any such claim or cause of action relating to any counterclaim, demand, controversy, cost, debt, sum of money, account, reckoning, bond, bill, damage, obligation, liability, objection, legal proceeding, equitable proceeding, and execution of any nature, type, or description, avoidance action, fraudulent-transfer action, strongarm-power action, state-law fraudulent-transfer action, improper assignment of interest, negligence, gross negligence, willful misconduct, usury, fraud, deceit, misrepresentation, conspiracy, unconscionability, duress, economic duress, defamation, control, interference with contractual and business relations, conflict of interest, misuse of insider information, concealment, disclosure, secrecy, misuse of collateral, wrongful release of collateral, failure to inspect, environmental due diligence, negligent loan processing and administration, wrongful recoupment, wrongful setoff, violations of statutes and regulations of governmental entities, instrumentalities and agencies, equitable subordination, debt recharacterization, substantive consolidation, securities and antitrust laws violations, tying arrangements, deceptive trade practices, breach or abuse of any alleged fiduciary duty, breach of any special relationship, course of conduct or dealing, obligation of fair dealing, obligation of good faith, at law or in equity, in contract, in tort, or otherwise, known or unknown, suspected or unsuspected; and any claims or causes of action related to any matter listed on the Schedules or Statement of Financial Affairs of the Debtors, including all attachments and amendments thereto, which include all payments made by the Debtors on or within ninety (90) days before the Petition Date, or between ninety (90) days and one (1) year before the Petition Date if such Creditors at the time of such transfer was an Insider.

The Liquidating Trust shall have the right to supplement the Retained Causes of Action as necessary. In connection with the Retained Causes of Action, the following is designated as potential damages claims:

>all available theories of recovery and damages, including, without limitation, all actual, punitive, and other statutory damage claims, rights to reimbursement and costs, and all other relief, general or special, at law or in equity, to which the Debtors, the Liquidating Trust, or the Liquidating Trustee may be rightfully entitled.

The following non-exhaustive and non-mutually exclusive list of entities and individuals as potential defendants to the Retained Causes of Action includes all names listed in the Debtors' Schedules, and:

2

All trade vendors and other creditors of the Debtors all entities and individuals that received transfers from or on behalf of the Debtors from December 21, 2017 to the present; all entities and individuals that owed fiduciary duties to the Debtors from December 27, 2017 to the present; all insurance companies with any insurance coverage in place for the benefit of the Debtors from December 27, 2017, to the present; all individuals and entities listed on the Schedules or Statement of Financial Affairs of the Debtors, including any attachments and amendments thereto; all companies that furnished utilities for the Debtors; all unsecured creditors of the Debtors; all investors of the Debtors and any non-Debtor Affiliates; any entity or individual in possession of or having control over property of the Debtors or operations of the Debtors; any entity or individual responsible or who contributed to any losses or damages suffered by the Debtors or its creditors or investors, including, without limitation, (i) Tom Montgomery, MCA, the lenders represented by MCA, Montgomery Capital Partners, Montgomery Capital Partners, LLC, Montgomery Capital Partners II, LP, Montgomery Capital Partners III, LP, Montgomery Coscia Greilich LLP, Baker Tilly US, LLP, and any entity owned, controlled, or related to any of the aforementioned individuals and entities or their predecessors, (ii) Seacret Direct LLC or any affiliated, related, predecessor, or successor person or entity, (iii) Kenneth E. Head; (iv) any current or former directors, officers, members, managers, insiders (whether statutory or non-statutory insiders), affiliates, employees (other than the Employees), related person, or individual, agents, professionals, advisors, consultants, and Affiliates of the Debtors or the D&O Policies, including damage to goodwill or reputation; (v) any Person against whom the Debtors or the Liquidating Trustee may assert an Avoidance Action; ; and (vi) any party that has appeared in the Chapter 11 Cases (collectively referred to as the "Potential Parties").

The Potential Parties include all affiliates, successors, transferees, directors, officers, employees, and other agents of any entity or individual that would otherwise qualify as a Potential Party.

The Liquidating Trust shall have the right to supplement the Retained Causes of Action as necessary throughout its investigation of the Debtors' affairs.