**EOD**

**09/15/2021**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** | § | **Case No.: 20-42492** |
| *et al.* | § | |
| | § | |
| Debtors.[1] | § | **Jointly Administered** |
| | § | |

### ORDER: (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES ON PLAN; (III) ESTABLISHING PROCEDURES FOR SUBMISSION OF TOPPING BIDS; (IV) APPROVING CERTAIN FORMS AND NOTICES; (V) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN; AND (VI) GRANTING RELATED RELIEF

This matter coming before the Court on the *Debtors' Amended Motion for Entry of an Order: (I) Conditionally Approving Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes on Plan; (III) Establishing Procedures for Submission of Topping Bids; (IV) Approving Certain Forms and Notices; (V) Scheduling a Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan; and (VI) Granting Related Relief* [Docket No. 435] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for an order pursuant to §§ 105, 363(b), 364, 365, 1121, 1123, 1124, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, 3020, 4001, 6004, 6006, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3017-1.1 of Local Bankruptcy Rules of

---

[1] The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases are: Spherature Investments LLC EIN#5471; Rovia, LLC EIN#7705; WorldVentures Marketing Holdings, LLC EIN#3846; WorldVentures Marketplace, LLC EIN#6264; WorldVentures Marketing, LLC EIN#3255; WorldVentures Services, LLC EIN#2220. The above-captioned Debtors' mailing address is 5100 Tennyson Pkwy, Plano, TX 75024.

the United States Bankruptcy Court for the Eastern District of Texas (the "Local Rules") and the

Procedures for Complex Chapter 11 Cases in the Texas Bankruptcy Courts (effective as of

October 17, 2005, the "Complex Chapter 11 Procedures"), the Court having (i) reviewed the

Motion and the Toth Declarations, (ii) entered the *Order Approving Expense Reimbursement and*

*Breakup Fee for Term-Sheet Plan Sponsor/Purchaser* [Docket No. 329], and (iii) considered all

matters brought to the Court's attention at a hearing held on September 13, 2021, (the "Hearing")

before the Court; the Debtors requested entry of an order:

a)  Conditionally approving the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Spherature Investments LLC and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement");

b)  Establishing procedures for the solicitation and tabulation of votes to accept or reject the *Third Amended Joint Chapter 11 Plan of Spherature Investments LLC and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "Plan");

c)  Establishing procedures for soliciting topping bids for the sale of substantially all of the Debtors' assets, which sale shall occur through the Plan;

d)  Scheduling a combined hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan, including all transactions contemplated thereunder (the "Combined Hearing");

e)  Establishing voting and objection deadlines in connection with the Plan and the transactions contemplated therein;

f)  Approving forms of ballot and notices, and the Solicitation Package; and

g)  Approving the Debtors' proposed procedures for noticing, balloting, solicitation of votes, solicitation of topping bids, voting, assumption and assignment of executory contracts and unexpired contracts;

all as more fully set forth in the Motion, and the Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; the Court

finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334,

(ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) venue is proper before this

---

²  Capitalized terms not otherwise defined herein shall have the meaning attributed to such term in the Motion unless otherwise indicated.

Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) notice of the Motion and the hearing, if any, were adequate under the circumstances, (v) the solicitation procedures and Tabulation Procedures provide for a fair and equitable voting process and are consistent with § 1126 of the Bankruptcy Code, (vi) the Topping Bid Procedures are designed to fair and reasonable, and are designed to solicit and evaluate competitive bids for the Debtors' Assets; (vii) the assumption and assignment procedures are fair and reasonable and designed to provide proper notice to all parties; (viii) the deadlines, time periods, forms and manner of notices, and ballots proposed in the Motion and attached thereto as **Exhibits A** through **O** are acceptable and adequate, and comply with the Bankruptcy Rules or the Local Rules, as applicable, and (ix) that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS THEREFORE ORDERED, AND NOTICE IS HEREBY GIVEN, THAT:**

1.      The Motion is GRANTED to the extent provided herein:

*Conditional Approval of the Disclosure Statement and Setting of the Combined Hearing*

a)      The Disclosure Statement is CONDITIONALLY APPROVED, with the modifications as discussed on the record at the Hearing, as having adequate information, without prejudice to any party-in-interests' objection to the Disclosure Statement at the Confirmation Hearing.

b)      The Combined Hearing is set on **October 21, 2021 at 1:30 p.m. (prevailing Central Time)**.

c)      The Debtors are hereby authorized to make technical, conforming, and other non-material changes to the Disclosure Statement prior to its transmittal to holders of Claims without the necessity of any further order of this Court.

*Contents and Distribution of the Solicitation Package*

d)      The form and contents of the Solicitation Package are APPROVED in all respects.

e)      The manner of service for the Solicitation Package, as set forth in the Motion and below, is APPROVED in all respects.

    i.  The Debtors are authorized to effectuate the transmittal of the Solicitation Package through electronic means by causing (a) the Solicitation Package to be available free of charge at https://cases.stretto.com/Spherature, and

(b) the Disclosure Statement, the Plan, this Order, and all exhibits related to the foregoing, to be available, free of charge, under the "Plan and Solicitation" Tab at https://cases.stretto.com/Spherature.

ii.   The Debtors are not required to mail the Solicitation Packages or other solicitation materials to (i) Holders of Claims or Interests that have already been fully satisfied during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court, or (ii) any party to whom any prior notice in these Chapter 11 Cases was subsequently returned as undeliverable.

iii.   In lieu of transmitting a Solicitation Package to the Non-Voting Classes, the Debtors shall direct Holders of Claims or Interests in the Non-Voting Classes to the "Plan and Solicitation" Tab at https://cases.stretto.com/Spherature, which shall contain the form of Non-Voting Creditors Notice, attached to the Motion as **Exhibit L**.

iv.   Debtors shall publish a Publication Notice, substantially in the form attached hereto as **Exhibit M**, listing the times set forth for filing objections to confirmation, including to the Proposed Transaction or any Alternative Transaction.  The Debtors shall cause the Publication Notice be published once in USA Today within five (5) business days following entry of this Order.

f)   The Debtors are hereby authorized to make technical, conforming, and other non-material changes to the Solicitation Package and related solicitation materials prior to transmittal to holders of Claims without the necessity of any further order of this Court.

g)   The Debtors shall serve the Solicitation Packages on or before **September 16, 2021**.

*Voting Deadline and Manner of Voting*

h)   The Voting Deadline is set as **October 8, 2021 at 4:00 p.m. (prevailing Central Time)**.

i)   Subject to any extension of the Voting Deadline by order of the Court permitting a late submission, a completed Ballot, including an E-Ballot, must be **actually received** by Stretto, the notice, claims, and solicitation agent for the Debtors, by no later than the Voting Deadline to deem the Ballot timely and counted.

j)   Holders of Claims in the Voting Classes who choose to submit Ballots by regular mail, overnight courier, or hand delivery shall use the following address:

**Spherature Ballot Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

4

**(855) 205-7196**

k) The Debtors are authorized to accept Ballots via electronic, online transmission through a customized electronic Ballot (each an "E-Ballot") by utilizing the balloting portal at https://balloting.stretto.com/ that is located on Stretto's case-designated website https://cases.stretto.com/Spherature. Holders of Claims in the Voting Classes may cast an E-Ballot and electronically sign and submit such E-Ballot instantly via Stretto's electronic ballot portal, provided that such E-Ballots are submitted to Stretto's electronic ballot portal on or before the Voting Deadline.

*Disclosure Statement and Plan Objection Deadline and Guidelines and Reply Deadline*

l) The deadline to object to the Disclosure Statement and Plan, including the Sale Transaction and all other transactions contemplated therein (collectively, the "Objections"), is set as **October 14, 2021 at 4:00 p.m. (prevailing Central Time)** (the "Objection Deadline").

m) All Objections shall: (a) be in writing; (b) state with particularity the grounds (including any applicable legal authority) of objection, identifying the specific section and/or text of the Plan to which the objection is focused; and (c) be filed with this Court and served on Debtors' counsel, the Committee, and the U.S. Trustee by not later than the Objection Deadline.

n) All Objections that are untimely and non-compliant with this Order shall be summarily stricken and/or overruled by the Court.

o) The Debtors are permitted to file their (i) reply to any and all Objections, including a consolidated reply in their sole discretion, and (ii) a brief in support of the Disclosure Statement and Plan, including the Sale Transaction and all other transactions contemplated therein, no later than **October 20, 2021**.

*Form Ballots*

p) The following form ballots, attached to the Motion, are APPROVED:

  i. **Exhibits C, D, E, F, G, H, and I**: form of ballot for Holders of Allowed Claims in Classes 2, 3, 4, 5, 6, 7, and 8 (collectively, the "Ballots").

q) Each respective Claimant's voting amount(s) will be determined by the procedures set forth in this Order or by other, further order of the Court.

*Voting Record Date*

r)    The Voting Record Date is established as **September 13, 2021**.

*Tabulation Procedures*

s)    The following procedures (collectively the "Tabulation Procedures") are hereby APPROVED and shall apply to the determination and tabulation of votes on the Plan:

i.    If a Claim for which a Proof of Claim was timely filed and is liquidated and non-contingent or was listed in the Debtors' schedules of assets and liabilities (the "Schedules") in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting in the amount set forth on the proof of Claim or, if no Proof of Claim was timely filed, the Debtors' filed Schedules to the extent such Claim is not listed as contingent, unliquidated, undetermined or disputed.

ii.    With respect to a proof of Claim which, according to the Clerk of the Court's records, was not filed as of the Voting Record Date and is not subject to the provisions of the immediately preceding paragraph, such Claim shall be provisionally disallowed for voting purposes.

iii.    With respect to a liquidated, non-contingent, undisputed Claim as to which (i) a proof of Claim has been filed as of the Voting Record Date, (ii) a Claim is not listed in the Debtors' schedules that conflicts in amount with such proof of Claim, and (iii) an objection has not been filed, the classification of such Claim shall be that specified in such proof of Claim and that proof of Claim shall be accorded one vote and assigned the value of asserted in the proof of claim for purposes of § 1126(c), subject to any applicable limitations set forth below.

iv.    With respect to a proof of Claim which is the subject of an objection filed by Debtors or asserted by Debtors in the Plan, the Claim represented by such proof of Claim shall be provisionally disallowed for voting purposes, except to the extent and in the manner that (i) the Debtors indicate in their objection the extent to which such Claim should be allowed; or (ii) the Court otherwise orders.

v.    If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Voting Agent) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes

6

of allowance or distribution, at one dollar ($1.00) unless the Claim is disputed as set forth in the immediately preceding paragraph.

vi.   With respect to a Claim that has been estimated or otherwise allowed for voting purposes by order of the Court, the amount and classification of such Claim shall be that set by the Bankruptcy Court.

vii.  If a Claim for which a Proof of Claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Voting Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution.

viii. If a claim is deemed allowed under the Plan, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein.

ix.   If a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of Claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes; *provided* that if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00.

x.    Holders of Claims shall not be entitled to vote Claims to the extent such Claims duplicate or have been superseded by other Claims of such holders of Claims.

xi.   If the holder of a Claim submits more than one Ballot voting the same Claim or Interest prior to the deadline for submission of Ballots, the first of such Ballots filed (and only such Ballot) shall be counted in accordance with the Voting Procedures unless either (i) the Debtors consent to the filing and counting of a superseding Ballot, or (ii) the Court, after notice and a hearing, orders otherwise.

xii.  Proofs of Claim filed or Claims listed in the Debtors' schedules for $0.00 or negative amounts are not entitled to vote.

xiii. The dollar amount of the Virtual Currency will be the book value of the Virtual Currency.

xiv.    The authority of the signatory of each Ballot to complete and execute such Ballot shall be presumed.

xv.    Any Ballot which is executed and returned, but does not indicate an acceptance or rejection of the applicable Plan or indicates both acceptance and rejection of the plan shall be deemed to be an acceptance of the Plan.

xvi.    For the purpose of voting on the Plan, the Debtors will be deemed to be in constructive receipt of any Ballot timely delivered to any address designated for the receipt of Ballots cast in connection with the Plan.

xvii.    Any Ballot received by the Debtors after the Voting Deadline shall not be accepted or used by the Debtors in connection with the Debtors' request for Confirmation of the Plan unless the Court orders such Ballot to be counted or the Debtors consent to the filing and counting of such Ballot.

xviii.    All Ballots must be cast using the Ballots distributed to the holders of Claims. Votes cast in any manner other than by using such Ballots will not be counted.

xix.    For purposes of the numerosity requirement of § 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor(s) in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

xx.    Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors, Committee, or other party in interest has objected to such duplicate Claims.

xxi.    If the Debtors, Committee, or other party in interest has served an objection or request for estimation as to a Claim at least seven (7) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline.

xxii.    Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted.

xxiii.    Any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan will not be counted.

xxiv.    Any Class of Claims or Interests that does not have a holder of an Allowed Claim or Allowed Interest or a Claim or Interest temporarily Allowed by the Bankruptcy Court as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to §1129(a)(8).

xxv.    If a Class contains Claims eligible to vote and no holder of Claims eligible to vote in such Class votes to accept or reject the Plan, the Plan shall be presumed accepted by the holders of such Claims in such Class.

xxvi.    Any Ballot sent only to the Debtors or the Debtors' professional and not the Voting Agent will not be counted.

xxvii.    The Voting Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmissions. Creditor who cast a Ballot using the E-Ballot portal should NOT also submit a hard copy Ballot. Ballots submitted by facsimile, email, or other means of electronic transmissions will not be counted.

*Bankruptcy Rule 3018 Procedures*

t)    The following procedures (collectively the "Bankruptcy Rule 3018 Procedures") are hereby APPROVED:

i.    The deadline for filing and serving 3018 Motions is **September 30, 2021**.

ii.    The deadline for filing objections to the 3018 Motions, if any, is **October 8, 2021**.

*Topping Bid Procedures*

u)      The Topping Bid Procedures, as set forth in full on **Exhibit B** attached to the Motion, are hereby APPROVED and are fully incorporated herein as if set forth in full.

*Re-Solicitation Request*

v)      The Committee may seek an expedited hearing to request that the Court require re-solicitation of the Disclosure Statement identifying the Purchaser in the event that a Purchaser other than Verona International Holdings, Inc., and/or one or more subsidiaries or affiliates, as designated by Verona International Holdings, Inc., and as contemplated in the Plan, is the successful bidder.

*Assumption and Assignment Procedures*

w)      The following assumption and assignment procedures (the "Assumption and Assignment Procedures") are hereby APPROVED:

i.      The Initial Assumption and Assignment Deadline shall be **September 30, 2021**.  By this date, the Debtors shall (a) file with the Court, as part of the Plan Supplement, (b) post on Stretto's case-designated website at https://cases.stretto.com/Spherature, and (c) serve by electronic mail on each counterparty to the Assigned Contracts and Leases, an Initial Assumption and Assignment Notice, in substantially the form attached to the Motion as **Exhibit N**.

ii.     The Initial Assumption and Assignment Notice shall contain the amounts the Debtors have determined based on their books and records are the amounts, if any, required to be cured before the applicable Assigned Contract or Assigned Lease may be assumed and assigned under § 365 of the Bankruptcy Code (collectively, "Cure Amounts").

iii.    Objections to the Cure Amounts set forth in the Initial Assumption and Assignment Notice must be filed, served, and actually received by the Debtors by **October 8, 2021 at 4:00 p.m. (prevailing Central Time)** (the "Cure Objection Deadline"); *provided*, *however*, that the Debtors may serve a supplemental notice, in a form similar to the Initial Assumption and Assignment Notice, of the Debtors intent to assume and assign an Executory Contract or Unexpired Lease at any time prior to the Plan Effective Date, and the applicable counterparty shall have seven (7) days following the date of service of such supplemental notice to file its objection.  Any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption and assignment or cure amount will be deemed to have assented to such assumption.

iv.     The form of notice to rejected contracts attached to the Motion as **Exhibit O** is approved.

10

*Summary of Deadlines*

      x)      The following dates and deadlines are hereby APPROVED; *provided, however,* unless otherwise indicated in the Plan or Disclosure Statement, the Debtors may extend such deadlines in their discretion.

| Proposed Timetable | |
| --- | --- |
| Voting Record Date (General) | September 13, 2021 |
| Deadline for Mailing Solicitation Materials | On or before September 16, 2021 |
| Bid Deadline | September 27, 2021, at 11:59 p.m. (CT) |
| Auction (if necessary) | September 29, 2021, at 10:00 a.m. (CT) |
| Notice of Successful Bid (and Back-Up Bid, if applicable) | September 30, 2021, at 10:00 a.m. (CT) |
| Plan Supplement Deadline (inclusive of Initial Assumption and Assignment Notice) | September 30, 2021 |
| Rule 3018 Motion Deadline | September 30, 2021 |
| 3018 Objection Deadline | October 8, 2021 |
| Voting Deadline | October 8, 2021, at 4:00 p.m. (CT) |
| Cure Objection Deadline (Initial Notice) | October 8, 2021, at 4:00 p.m. (CT) |
| Deadline to Object to Alternative Transaction (if applicable) | October 14, 2021, at 4:00 p.m. (CT) |
| Deadline to Object to Proposed Transaction with Purchaser | October 14, 2021, at 4:00 p.m. (CT) |
| Confirmation Objection Deadline | October 14, 2021, at 4:00 p.m. (CT) |
| Voting Report Due | October 18, 2021 |
| Confirmation Brief Due | October 20, 2021 |
| Combined Hearing | October 21, 2021, at 1:30 p.m. (CT) |
| Closing Date (for Proposed Transaction with Purchaser) | October 22, 2021 |
| Closing Date (for Alternative Transaction) | November 4, 2021 |

*Miscellaneous*

2.      Nothing in the Motion or this Order shall be deemed or construed as (i) an admission as to the validity, priority, or extent of any claim or lien against the Debtors; (ii) a waiver of the Debtors' or any party-in-interest's rights to dispute a claim; (iii) an approval or assumption of any agreement under § 365 of the Bankruptcy Code; or (iv) or an admission as to the executory nature of any contracts, or the enforceability of any leases against the Debtors, under § 365 of the Bankruptcy Code.

3.      The Debtors are authorized to take (or refrain from taking) any action and, as necessary or appropriate, to implement the terms of, and the relief granted in, this Order without seeking further Order of this Court.

4.      The Debtors are authorized to include a letter of the Committee in support of the Plan in the Solicitation Package; *provided*, *however*, that the issuance of such a letter and the content thereof, shall be the sole and exclusive discretion of the Committee

5.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

6.      Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

7.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

IT IS SO ORDERED.                        Signed on 9/15/2021

_Brenda T. Rhoades_          YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

Submitted and Prepared by:

*/s/ Marcus A. Helt*
Marcus A. Helt (Texas Bar #24052187)
Jack Haake *(Admitted Pro Hac Vice)*
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel:    214.210.2821
Fax:    972.528.5765
Email: mhelt@mwe.com
Email: jhaake@mwe.com

**COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION**

DM_US 182146863-4.114823.0011

**Exhibit M**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** *et al.,* | § | **Case No. 20-42492** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |

## NOTICE OF COMBINED HEARING AND DEADLINE TO
## OBJECT TO DEBTORS' PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On September 14, 2021, the above-captioned debtors and debtors in possession (collectively, the "Debtors" filed: (a) the *Third Amended Joint Chapter 11 Plan of Spherature Investments LLC and its Debtor Affiliates* (as it may be amended or modified, the "Plan") [Docket No. ●] and (b) the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Spherature Investments LLC and its Debtor Affiliates* (as it may be amended or modified, the "Disclosure Statement") [Docket No. ●].  On September 12, 2021, the Debtors filed the *Debtors' Amended Motion for Entry of an Order: (I) Conditionally Approving Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes on Plan; (III) Establishing Procedures for Submission of Topping Bids; (IV) Approving Certain Forms and Notices; (V) Scheduling a Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan; and (VI) Granting Related Relief* [Docket No. ●] (the "Motion").[2]

2.      On [September ●, 2021], the United States Bankruptcy Court for the Eastern District of Texas (the "Court") entered an order [ECF No. ●] (the "Disclosure Statement Order") that, among other things, authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Debtors' Chapter 11 Plan.

3.      Copies of the Disclosure Statement Order, the Plan, the Disclosure Statement, and other documents and materials included in the Solicitation Package may be obtained by (a) accessing the Debtors' website at https://cases.stretto.com/spherature/, (b) writing to the Debtors' claims agent at the following address: Team Spherature, 410 Exchange, Suite 100, Irvine, CA 92602, (c) calling the Debtors' claims agent at (855) 205-7196 (toll-free) or (949) 537-2232 (international), or (d) emailing teamspherature@stretto.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.ecf.txeb.uscourts.gov.

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Spherature Investments LLC EIN#5471; Rovia, LLC EIN#7705; WorldVentures Marketing Holdings, LLC EIN#3846; WorldVentures Marketplace, LLC EIN#6264; WorldVentures Marketing, LLC EIN#3255; WorldVentures Services, LLC EIN#2220.

[2] Capitalized terms not otherwise defined in this Notice have the meanings given to them in the Plan or the Motion, as applicable.

4.      A hearing to consider approval of the disclosure statement and confirmation of the Plan (the "<u>Combined Hearing</u>") will be held before the Honorable Brenda T. Rhoades, United States Bankruptcy Judge for the Eastern District of Texas, at Suite 300B, 660 North Central Expressway, Plano, TX 75074, on **October 21, 2021 at 1:30 p.m., prevailing Central Time**. Parties are instructed to dial 1-888-675-2535, use Access No. 4225607 and Security No. [●], as well as directed to review the instructions contained in the following link for all telephonic hearings before Judge Rhoades: <u>http://www.txeb.uscourts.gov/content/judgerhoades</u>. The information can be found by accessing the Court's webpage at <u>www.txeb.uscourts.gov</u> and choosing "Judge's Info", then choosing "Judge Rhoades", and then choosing "Telephonic Hearing" Tab.

5.      Pursuant to the Disclosure Statement Order, the Court approved certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.

    a.      Under the terms of the Plan, only holders of Claims in Classes 2, 3, 4, 5, 6, 7, 8, and 10 are entitled to vote on the Plan, as Governed by the Voting Procedures.

    b.      Under the terms of the Plan, Classes 1, 9, and 11 are **<u>not</u>** entitled to vote on the Plan.

    c.      If you are the holder of a claim against the Debtors as of September 13, 2021, in a Class entitled to vote on the Plan (*i.e.*, Classes 2, 3, 4, 5, 6, 7, 8, and 10), you have received with this notice a Solicitation Package. The Solicitation Package provides, among other things, a ballot form (a "<u>Ballot</u>"), voting instructions appropriate for your claim, and an electronic link that includes copies of the Plan and the Disclosure Statement and related solicitation materials.

    d.      Voting on the Plan may be done on the Ballot you were provided in the Solicitation Package. Should you desire a physical copy of the documents, you may call undersigned counsel prior to the Voting Deadline, as defined below, and request that a physical copy be sent to you. The deadline to return completed Ballots is **4:00 p.m., Prevailing Central Time, on October 8, 2021** (the "<u>Voting Deadline</u>"). **If you are in a Voting Class, for your vote to be counted, your Ballot must be properly completed, signed, and returned so that it is actually received by Stretto, the notice, claims, and solicitation agent for the Debtors, before the Voting Deadline.** Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify the Ballot.

    e.      YOU ARE URGED TO READ CAREFULLY ALL INSTRUCTIONS RECEIVED WITH YOUR SOLICITATION MATERIALS TO ENSURE THAT YOUR BALLOT IS PROPERLY COMPLETED AND TIMELY SUBMITTED.

    f.      If you are the holder of a claim against or interest in the Debtors in a Class not entitled to vote on the Plan, you have not received a Solicitation Package.  As stated above, however, you may review and obtain copies of the Plan and the Disclosure Statement and other key documents in these chapter 11 cases free of charge on https://cases.stretto.com/spherature/court-docket.  Alternatively, copies of the Plan and the Disclosure Statement are available upon request to Stretto at the following address or toll-free telephone number: Spherature Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (855) 205-7196.

6.      Objections, if any, to approval of the Disclosure Statement or confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim of such party; (c) state with particularity the basis and nature of such Objection (and, if practicable, a proposed modification to the Plan that would resolve such Objection); (d) conform to the Bankruptcy Rules, the local rules and any orders of the Court; and (e) be filed with the Court and served on the following parties so that they are received no later than **4:00 p.m., prevailing Central Time, on October 14, 2021**:

    a.      counsel to the Debtors, Attn: Marcus A. Helt, Esq. and Jack G. Haake, McDermott Will & Emery LLP, 2501 North Harwood Street, Suite 1900, Dallas, TX 75201;

    b.      the Office of the United States Trustee for the Eastern District of Texas,  110 N. College Ave., Suite 300, Tyler, TX 75702, Attn: William T. Neary, Esq.; and

    c.      counsel to the Official Committee of Unsecured Creditors, Attn: Michael D. Warner, Esq., Pachulski Stang Ziehl & Jones LLP, 440 Louisiana Street, Suite 900, Dallas, TX 77002.

7.      If you seek to challenge the disallowance of your claim for voting purposes, you must serve on the Debtors and file with the Court a motion for an order pursuant to Federal Rule of Bankruptcy Procedure 3018(a) temporarily allowing such claim in a different Class and/or amount for purposes of voting to accept or reject the Plan by **October 8, 2021**.

8.      The Combined Hearing may be continued from time to time without further notice other than an order confirming the adjourned date at the Combined Hearing or any continued hearing.

---

**<u>BINDING NATURE OF THE PLAN</u>**

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS OR INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY**

**OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR INTEREST IN THE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTE TO REJECT THE PLAN.**

**RELEASES**

**ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS AND A THIRD-PARTY RELEASE.  THUS, HOLDERS OF CLAIMS AGAINST THE DEBTORS ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE THEIR RIGHTS MAY BE AFFECTED THEREUNDER.**

Dated: September __, 2021

Respectfully Submitted,

/s/ Draft
_____

Marcus A. Helt (TX 24052187)
Jack G. Haake (Admitted *Pro Hac Vice*)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 210-2821
Facsimile: (972) 528-5765
Email: mhelt@foley.com
Email: jhaake@foley.com

***Counsel for the Debtors and Debtors in Possession***