Marcus A. Helt, Esq. (Texas Bar #24052187)
Jack Haake, Esq. *(Admitted Pro Hac Vice*)
MCDERMOTT WILL & EMERY LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel:  (214) 210-2821 / Fax: (972) 528-5765
Email: mhelt@mwe.com
Email:  jhaake@mwe.com

*COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** *et al* | § | **Case No.: 20-42492** |
| | § | |
| Debtors.[1] | § | **Jointly Administered** |
| | § | |

**MOTION FOR AUTHORITY TO INCUR DEBT WITH
<u>ADMINISTRATIVE EXPENSE PRIORITY</u>**

> **AN EXPEDITED HEARING HAS BEEN REQUESTED, IF GRANTED IT WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 5, 2021 AT 2:00 P.M. (PREVAILING CENTRAL TIME) BEFORE THE HONORABLE BRENDA T. RHOADES, AT SUITE 300B, 660 NORTH CENTRAL EXPRESSWAY, PLANO, TX 75074.**
>
> **PARTIES ARE INSTRUCTED TO DIAL 1-888-675-2535, USE ACCESS NO. 4225607 AND SECURITY NO. 2564 AS WELL AS DIRECTED TO REVIEW THE INSTRUCTIONS CONTAINED IN THE FOLLOWING LINK FOR ALL TELEPHONIC HEARINGS BEFORE JUDGE RHOADES: HTTP://WWW.TXEB.USCOURTS.GOV/CONTENT/JUDGERHOADES.**
>
> **THE INFORMATION CAN BE FOUND BY ACCESSING THE COURT'S WEBPAGE AT WWW.TXEB.USCOURTS.GOV AND CHOOSING "JUDGE'S**

---

[1] The "<u>Debtors</u>" in the above-captioned jointly administered chapter 11 bankruptcy cases ("Cases") are: Spherature Investments LLC EIN # 5471; Rovia, LLC EIN # 7705; WorldVentures Marketing Holdings, LLC EIN # 3846; WorldVentures Marketplace, LLC EIN # 6264; WorldVentures Marketing, LLC EIN # 3255; WorldVentures Services, LLC EIN # 2220.

> INFO", THEN CHOOSING "JUDGE RHOADES", AND THEN CHOOSING "TELEPHONIC HEARING" TAB.

The Debtors and debtors in possession, for their *Motion for Authority to Incur Debt with Administrative Expense Priority* (the "Motion"), respectfully state as follows:

## I.  JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter concerns the administration of this bankruptcy estate; accordingly, this is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 361, 362, 363(b), and 364 and Bankruptcy Rules 2002, 4001, and 6004 and applicable Local Bankruptcy Rules for this Court.

## Background

2. On December 21, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), thereby initiating the above-captioned bankruptcy cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. An official committee of unsecured creditors (the "Committee") has been appointed in these Chapter 11 Cases. No trustee or examiner has been requested or appointed in these Chapter 11 Cases.

4. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Motion and the Debtors' Chapter 11 Cases are set forth in greater

detail in the *Declaration of Erik Toth in Support of Voluntary Petitions and First Day Motions* [Docket No. 20] (the "Toth Declaration"), which was filed on the Petition Date and is incorporated by reference in this Motion.

5.      The Debtors, after having secured use of cash collateral via multiple interim orders extending use of same, in conjunction with other interim approvals of various first day motions necessary to continue their respective post-petition operations in the current circumstances post Covid-19, continued to press ahead with this case. In that regard, the Debtors filed *Debtor's Motion for Entry of an Order (A) Approving Binding Term Sheet, (B) Approving Expense Reimbursement and Breakup Fee to the Plan Sponsor and (C) Granting Certain Related Relief* [Docket No. 289] so that the Debtors could engage in a sale process that would result in a plan based sale that closes per the plan's provisions or a Section 363 sale to be followed by a plan to thereafter disburse the proceeds of the winning and closing bidder to the various creditor constituencies in these cases consistent with applicable requirements of a Chapter 11 plan that calls for the retention and prosecution of litigation as well.

6.      On June 25, 2021, the Court entered an *Order Approving Expense Reimbursement and Breakup Fee for Term-Sheet Purchaser/Purchaser* [Docket No. 329] (the "Bid Protections Order"), awarding the "stalking-horse" bidder certain bid protections if certain conditions were met.

7.      Following entry of the Bid Protections Order, the Debtors worked diligently with the "stalking-horse" bidder and the Committee to negotiate the terms of the *First Amended Joint Chapter 11 Plan for Spherature Investments, LLC and its Debtor Affiliates* [Docket No. 417] (the

"Plan"). Among other things, the Plan contemplates the sale of substantially all of the Debtors' Assets to the "stalking-horse" bidder for the sum of (a) Cure Costs and (b) up to $82,500,000.00 of other consideration, as more fully set forth in the Plan.

**A.    The Plan.**

8.    On September 6, 2021, the Debtors filed the Plan, in which they propose the sale of substantially all of the Debtors' Assets to the highest bidder under chapter 11 of the Bankruptcy Code as a "going concern" and appoint a Liquidating Trustee to administer the Liquidating Trust pursuant to the Liquidating Trust Agreement. Contemporaneously with the Plan, the Debtors filed their *Disclosure Statement for Joint Chapter 11 Plan of Spherature Investments LLC and its Debtor Affiliates* [Docket No. 418] (the "Disclosure Statement") and the *Debtors' Motion for Entry of Order: (I) Conditionally Approving Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes on Plan; (III) Establishing Procedures for Submission of Topping Bids; (IV) Approving Certain Forms and Notices; (V) Scheduling a Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan; and (VI) Granting Related Relief* [Docket No. 419] (the "Solicitation Procedures Motion").

1.    Subsequently, the both the Plan and Disclosure Statement were both amended three times (both becoming Fourth Amended versions of each) and on September 15, 2021, the Court entered the *Order: (I) Conditionally Approving Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes on Plan; (III) Establishing Procedures for Submission of Topping Bids; (IV) Approving Certain Forms and Notices; (V) Scheduling a Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan; and (VI)*

*Granting Related Relief* [Dkt. No. 448] (the "Conditional Disclosure Statement and Solicitation Procedures Order"), setting service of the approved Solicitation Package for September 16, 2021, setting the voting deadline for the Plan as October 8, 2021, at 4:00 p.m. prevailing central time and setting the objection deadline for both the Plan and conditionally approved Disclosure Statement for October 14, 2021, at 4:00 p.m. prevailing central time.

9. Though the Court entered the *Eighth Interim Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection and Related Relief* [Docket No. 425] (the "Interim DIP Financing") to address certain ordinary course of business obligations and administrative expenses per requirements detailed in or referenced in same, the Debtors still have limited access to funds and the Debtors are paying 16% interest monthly per the Interim DIP Financing's provisions. The Debtors will likely have costs that may arise that otherwise are not able to be easily addressed by the Interim DIP Financing. The Debtors' use of cash collateral expires on October 11, 2021, though the Debtors are attempting to negotiate an extension.

10. In order to solicit the acceptance of a Plan from over thousands of creditors in the Debtors' six (6) cases in compliance with the timeline proposed by the Debtors, significant funds must be expended to properly achieve the desired end. The Debtors have been contacted by HFG Capital Investments, LLC. ("HFG-CAP"), which has offered to lend additional funds to each of the Debtors on an blended administrative priority and unsecured claims basis for the sole purpose of helping enable all of the Debtors to proceed with all necessary aspects of their intended solicitation and confirmation of the Plan as well as any Plan Supplements or other modifications or amendments that are required to be filed in these cases at a lower cost for use of borrowed funds

(7% versus a minimum of 16% per the Interim DIP Financing). HFG-CAP proposes to lend $6,000 to each of six (6) designated Debtors for a total of $36,000 at an annual interest rate of 7.00% to help defray the expenses of securing confirmation of the to be filed Plan (collectively the "HFG–CAP Loans").

    11.    The HFG-Cap Loans shall be funded according to the following timetable:

        (a)    The sum of $18,000, representing 50% of the HFG-CAP Loans to be made to the Debtors, shall be funded by HFG-CAP upon entry of an order approving the Motion.

        (b)    An additional $18,000, representing the balance of the HFG-CAP Loans to be made to the Debtors, shall be funded by HFG-Cap not less than one (1) week prior to the hearing on the confirmation of the filed Plan.

    12.    If the proposed funding is approved, HFG-CAP's resulting claim would be allowed as an administrative expense pursuant to 503(b)(1*)* as to sixty-five percent (65%) as the last administrative claim to be paid at that level and thirty-five percent (35%) as part of the unsecured creditor pool in each of the respective Debtors' cases.

    13.    Pursuant to the terms of the proposed funding, the HFG-Cap Loans would mature on the 90th day following the first to occur of (i) the entry of an order granting the Motion and (ii) the entry of an order fully approving the conditionally approved Disclosure Statement and the Plan. Alternatively, HFG-Cap would retain the right to accept such alternative treatment of the HFG-CAP Loans as may be set forth in the Plan (as the same may be amended or modified prior to consummation) as to the full amount of its lending to each entity.

14. The loans provide that reasonable attorney's fees for collection of the note, if not promptly paid, will be allowed. The full funding of the notes is strictly conditioned herein on the approval of the Motion and the approval of the Debtors' Disclosure Statement. A copy of a representative notes is attached as **Exhibit A**.

15. The funds borrowed from HFG-CAP will be used to defray the expenses associated with the solicitation of votes on the Plan, including photocopy, mailing or other related costs. The Debtors are unable to secure any such funds in the ordinary course of business under § 364(a) at such rates as offered by HFG-CAP as borrowing funds for such an endeavor is not within the ordinary scope of the Debtors' line of business. Accordingly, the Debtors seek authority to borrow such funds pursuant to § 364(b).

WHEREFORE, PREMISES CONSIDERED, the Debtors request that the Court enter an order (i) authorizing the Debtors to incur the indebtedness described herein pursuant to § 364(b) and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: September 24, 2021

Respectfully submitted,

**MCDERMOTT WILL & EMERY, LLP**

By: */s/ Jack G. Haake*
Marcus A. Helt (Texas Bar No. 24052187)
Jack G. Haake (Admitted *Pro Hac Vice*)
2501 North Harwood St., Ste. 1900
Dallas, Texas 75201
Telephone: (214) 210-2821
Email: mhelt@mwe.com
Email: jhaake@mwe.com

**COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2021, I caused a true and correct copy of the foregoing document to be served electronically by the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Texas on all parties registered to receive CM/ECF notice in these Chapter 11 Cases.

*/s/ Jack G. Haake*
Jack G. Haake