Marcus A. Helt (Texas Bar #24052187)
Jack Haake *(Admitted Pro Hac Vice)*
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel: 214.210.2821
Fax: 972.528.5765
mhelt@mwe.com
jhaake@mwe.com

**COUNSEL TO THE DEBTORS
AND DEBTORS-IN-POSSESSION**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** *et al.* | § | **Case No.: 20-42492** |
| | § | |
| Debtors.[1] | § | **Jointly Administered** |
| | § | |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER
### APPROVING OMNIBUS CLAIMS OBJECTION PROCEDURES
### AND FILING OF SUBSTANTIVE OMNIBUS CLAIMS OBJECTIONS

---

[1] The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases are: Spherature Investments LLC EIN#5471; Rovia, LLC EIN#7705; WorldVentures Marketing Holdings, LLC EIN#3846; WorldVentures Marketplace, LLC EIN#6264; WorldVentures Marketing, LLC EIN#3255; WorldVentures Services, LLC EIN#2220.

**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING OMNIBUS
CLAIMS OBJECTION PROCEDURES AND FILING OF SUBSTANTIVE
OMNIBUS CLAIMS OBJECTIONS – Page 1**

**21-DAY NEGATIVE NOTICE – LBR 9007(a):**

> **Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this objection, you <u>must</u> file a written response in opposition to the exemption objection, explaining the factual and/or legal basis for opposing the relief.**
>
> **No hearing will be conducted on this Objection to Exemption unless a written response in opposition to it is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading <u>WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE</u> listed in the certificate of service unless the Court shortens or extends the time for filing such response. If no response in opposition to the objection is timely served and filed, this objection to exemption shall be deemed to be unopposed, and the Court may enter an order sustaining the objection. If a response in opposition is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your response in opposition may be stricken. The Court reserves the right to set a hearing on any matter.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion (this "<u>Motion</u>").

## Relief Requested

1.     The Debtors seek entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Order</u>"), approving the omnibus claims objection procedures set forth herein and attached to the Order as <u>Exhibit 1</u>.

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Eastern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 502(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3007, and rule 3007-1 of the Bankruptcy Local Rules for the Eastern District of Texas (the "Bankruptcy Local Rules").

**Background**

4. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Erik Toth in Support of Voluntary Petitions and First Day Motions* [Docket No. 20].

5. On December 21, 2020 (the "Petition Date"), each Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). Each Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

6. These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 3]. As of the date hereof, no party has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

7. On January 22, 2021, the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors in these Chapter 11 Cases [Docket Nos. 93, 116, and 205] (as reconstituted, the "Committee").[2]

---

[2] The U.S. Trustee reconstituted the Committee on February 3, 2021, and March 25, 2021. See Docket Nos. 116 and 205.

**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING OMNIBUS
CLAIMS OBJECTION PROCEDURES AND FILING OF SUBSTANTIVE
OMNIBUS CLAIMS OBJECTIONS – Page 3**

**Claims Reconciliation Process**

8. Pursuant to Local Rule 3003-1, the deadline for parties (other than governmental units) asserting claims against the Debtors to file proofs of claim was April 21, 2021 (the "General Bar Date"), and the deadline for governmental units to files proofs of claim was June 21, 2021 (the "Governmental Bar Date"). The General Bar Date was extended for sales representative claimants through and including August 20, 2021 [Docket No. 368].

9. On March 23, 2021, the Debtors filed their respective statements of financial affairs and schedules of assets and liabilities (as amended, collectively, the "Schedules").

10. On March 9, 2021, the claims and noticing agent ("Stretto") served via first class mail notice and by electronic mail, notice of the appointment of Stretto and the bar dates (the "Bar Date Notice") to potential claimants. *See Certificate of Service* [Docket No. 165]. On July 23, 2021, the Debtors filed a *Certificate of Service* under seal with the Court pursuant to the *Order (I) Authorizing the Debtors to Keep Certain Information in Schedules of Assets and Liabilities Confidential; (II) Approving Form and Manner of Notice to Certain Potential Claimants; and (III) Establishing Supplemental Deadline to File Proofs of Claim for Certain Potential Claimants* [Docket No. 368] reflecting service to thousands of additional claimants. Additionally, on August 24, 2021, Stretto filed a *Supplemental Certificate of Service* of the Bar Date Notice [Docket No. 400] of additional parties that were served with the Bar Date Notice.

11. The Debtors and their advisors have been working diligently to review the proofs of claim, including any supporting documentation filed together with any proof of claim. The purpose of this Motion is to establish procedures for objecting to proofs of claim that will be more efficient for the Debtors, the anticipated liquidating trustee, holders of such claims, and the Court.

**Proposed Objection Procedures**

12. To date, 1,703 proofs of claim have been filed against the Debtors. The Debtors, together with their advisors, have been reviewing and reconciling all claims asserted against their estates. The Debtors have filed the *Fourth Amended Joint Chapter 11 Plan for Spherature Investments LLC and Its Debtor Affiliates* (the "Plan"). To ensure that claimants participate in the Plan solicitation and balloting process in the correct class and pursuant to the correct claim amounts and to expedite and ultimately complete the claim reconciliation process in a timely, efficient, and cost-effective manner, the Debtors seek to implement procedures, substantially in the form attached to the Order as **Exhibit 1** (the "Objection Procedures"). The Objection Procedures describe the key aspects of the Debtors' proposed claims objection process, including, among other things:

    a. the form of omnibus objection (each, an "Omnibus Objection") to be submitted by the Debtors[3];

    b. the types of exhibits and supporting documentation that the Debtors will include with each Omnibus Objection;

    c. the form of the notice provided to affected creditors (the "Objection Notice");

    d. the information necessary for affected creditors to attempt to resolve the objection to their claim and/or file a formal response thereto, and the implications of failing to timely resolve or respond to an objection;

    e. information relating to filing a formal reply to a filed response;

    f. information relating to discovery and hearings on Omnibus Objections. 10. To protect the due process rights of creditors, the Debtors will comply with the procedural safeguards for omnibus claim objections set forth in Bankruptcy Rule 3007(e); and

    g. Bankruptcy Local Rule 3007-1.

---

[3] Since the Debtors Plan requests the appointment of a Liquidating Trustee, as defined in the Plan, references to the "Debtors" may, depending upon the context, include such Liquidating Trustee.

**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING OMNIBUS
CLAIMS OBJECTION PROCEDURES AND FILING OF SUBSTANTIVE
OMNIBUS CLAIMS OBJECTIONS – Page 5**

The Debtors also intend to serve affected creditors with an Objection Notice, substantially in the form attached to the Order as **Exhibit 2**, which will include, among other things, (a) the name of the claimant; (b) the proof of claim number; (c) the basis of the objection to each particular claim; (d) the response date and response procedures; and (e) the date, time, and location of the hearing and related procedures.[5]

### Relief Pursuant to Bankruptcy Rules 3007(c) and Bankruptcy Local Rule 3007-1

13. Although the Debtors expect to object to a number of claims on the grounds enumerated in Bankruptcy Rule 3007(d), certain claims may necessitate objections on additional grounds not expressly set forth therein (collectively, the "Additional Grounds"), including that such claims, in whole or in part:

   a. are inconsistent with the Debtors' books and records;

   b. fail to specify the asserted claim amount (other than "unliquidated");

   c. seek recovery of amounts for which the Debtors are not liable;

   d. are satisfied by payment in full on account of such claim from a party that is not a Debtor;

   e. are incorrectly or improperly classified;

   f. have been formally withdrawn by the claimant through the filing of a pleading or through the entry of a Court order indicating withdrawal of the claim;

   g. are filed against non-debtors or are filed against multiple Debtors;

   h. fail to specify a Debtor against whom the claim is asserted;

   i. are disallowed pursuant to section 502 of the Bankruptcy Code;

   j. are disallowed or subordinated to all claims and interests senior to or equal to the asserted claim or interest arising out of the purchase or sale of a security of the debtor or affiliate pursuant to section 510(b) of the Bankruptcy Code;

**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING OMNIBUS
CLAIMS OBJECTION PROCEDURES AND FILING OF SUBSTANTIVE
OMNIBUS CLAIMS OBJECTIONS – Page 6**

  k.  are disallowed pursuant to, or asserted in an amount, priority, or on terms that are otherwise inconsistent with, the Debtors' chapter 11 plan of reorganization;

  l.  have not been timely filed by parties to pre-petition litigation with the Debtors;

  m.  assert a priority in an amount that exceeds the maximum amount under section 507 of the Bankruptcy Code; or

  n.  fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation therefor.

14.  To minimize the cost, confusion, and delay otherwise attendant to preparing and filing individual objections on a claim-by-claim basis, the Debtors seek to object, as contemplated by Bankruptcy Rule 3007(c), to certain claims on the Additional Grounds outlined above in an omnibus objection format. The relief sought in this Motion will allow the Debtors to complete the claims reconciliation process in a timely, efficient, and cost-effective manner by avoiding the expense and delay attendant in preparing and filing hundreds of individualized objections based on the same or similar underlying grounds. Notably, the Objection Procedures protect creditors' due process rights by implementing the same safeguards for omnibus objections set forth in Bankruptcy Rule 3007(e) and Bankruptcy Local Rule 3007-1 and the individualized noticing process described above.

## Basis for Relief

15.  Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Under section 1111(a) of the Bankruptcy Code, scheduled claims are treated as proofs of claim. *See* 11 U.S.C. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for

any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent, or unliquidated."). As such, the Debtors must review all claims in these Chapter 11 Cases as part of their claims reconciliation process.

16. In addition to the grounds enumerated in Bankruptcy Rule 3007(d) for filing omnibus objections to claims, Bankruptcy Rule 3007(c) affords the Court discretion to authorize omnibus objections based upon grounds beyond those explicitly delineated by Bankruptcy Rule 3007(d). *See* Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim shall not be joined in a single objection."). Furthermore, Bankruptcy Local Rule 3007-1 expressly permits a debtor, subject to prior court approval, to file omnibus objections to claims.

17. Furthermore, section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets, as long as the powers conferred under section 105 of the Bankruptcy Code are "exercised in a manner that is consistent with the Bankruptcy Code." *Stern v. Stern* (*In re Stern*), 204 F.3d 1117, 1999 WL 1330645, *2 (5th Cir. 1999) (internal quotation omitted); *see also Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

18. Authorizing the Debtors to file omnibus objections to claims consistent with the Objection Procedures is an appropriate use of the Court's power under section 105(a) of the Bankruptcy Code and conforms to the spirit of Bankruptcy Rule 3007 and Bankruptcy Local Rule

3007-1, the underlying goal of which is to balance the due process rights of creditors with the efficient administration of large chapter 11 cases.

19. Courts within the Fifth Circuit have allowed omnibus objections to claims in other large bankruptcy cases. *See, e.g.*, *In re CJ Holding Co.*, Case No. 16-33590 (DRJ), Docket No. 1399 (Bankr. S.D. Tex. Mar. 21, 2017); *In re Linn Energy, LLC*, Case No. 16-60040 (DRJ), Docket No. 1312 (Bankr. S.D. Tex. Dec. 8, 2016); *In re Midstates Petroleum Company, Inc.*, Case No. 16-32237 (DRJ), Docket No. 778 (Bankr. S.D. Tex. Nov. 30, 2016); *In re SandRidge Energy, Inc.*, Case No. 16-32488 (DRJ), Docket No. 762 (Bankr. S.D. Tex. Aug. 24, 2016); *In re TMT Procurement Corp.*, Case No. 13-33763 (MI), Docket No. 926 (Bankr. S.D. Tex. Jan. 9, 2014).

20. The proposed Objection Procedures would provide a cost-effective and efficient framework for the careful review, prosecution, and reconciliation of claims by, among other things: (a) providing greater certainty in administering the objection process; (b) promoting the consensual resolution of claims objections or, alternatively, establishing an efficient and fair mechanism to settle claims objections; and (c) reducing the cost, time, and delay of prosecuting claims objections. At the same time, the proposed Objection Procedures respect creditors' due process rights by, among other things, implementing the safeguards set forth for omnibus objections already authorized under Bankruptcy Rule 3007(e) and Bankruptcy Local Rule 3007-1 and requiring service of the Objection Notice on affected creditors in full compliance with the due process requirements of the Bankruptcy Code.

21. Similarly, allowing the Debtors to object to claims on Additional Grounds in an omnibus format will promote the efficient and cost-effective administration of the Debtors' estates. Specifically, the relief requested will save the Debtors from the time and expense of filing potentially hundreds of individual claim objections, some of which could be duplicative and

confusing to creditors.  The relief requested will permit the Debtors to run a well-organized, efficient, and cost-effective claims objection process, and all parties in interest will benefit from a streamlined process that will result in fewer pleadings, fewer hearings, and greater efficiency.

## Reservation of Rights

22.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any right of any Debtor to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of any right of any Debtor under the Bankruptcy Code or any other applicable law.

## Notice

23.     The Debtors will provide notice of this Motion to:  (i) the Office of the United States Trustee; (ii) to each of the Debtors' secured lenders; (iii) counsel to the agents of the Debtors' secured lenders; (iv) the Committee; (v) the Internal Revenue Service; (vi) all parties in interest who have formally appeared and requested notice; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

24.     No prior Motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  September 29, 2021                                     Respectfully Submitted,

*/s/ Jack G. Haake*
Marcus A. Helt  (Texas Bar #24052187)
Jack G. Haake  (Admitted Pro Hac Vice)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel: 214.210.2821
Fax: 972.528.5765
mhelt@mwe.com
jhaake@mwe.com

**COUNSEL TO THE DEBTORS
AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021, I caused a true and correct copy of the foregoing document to be served electronically by the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Texas on all parties registered to receive CM/ECF notice in these Chapter 11 Cases.

/s/ Jack G. Haake
Jack G. Haake