Marcus A. Helt (Texas Bar # 24052187)
Debbie E. Green (Texas Bar # 24059852)
Jack Haake *(Admitted Pro Hac Vice)*
MCDERMOTT WILL & EMERY LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel:  (214) 210-2821 / Fax: (972) 528-5765
mhelt@mwe.com
dgreen@mwe.com
jhaake@mwe.com

*COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** § § | | **Chapter 11** |
| **SPHERATURE INVESTMENTS LLC,** *et al* § § | | **Case No.: 20-42492** |
| Debtors.[1] § § | | **Jointly Administered** |

**DEBTORS' MOTION TO APPROVE IMMATERIAL MODIFICATIONS TO THE
DEBTORS' THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

> **YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**
>
> **NO HEARING WILL BE CONDUCTED ON THIS MOTION/OBJECTION/APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING <u>WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE</u> SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED,**

---

[1] The "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("Cases") are: Spherature Investments LLC EIN # 5471; Rovia, LLC EIN # 7705; WorldVentures Marketing Holdings, LLC EIN # 3846; WorldVentures Marketplace, LLC EIN # 6264; WorldVentures Marketing, LLC EIN # 3255; and WorldVentures Services, LLC EIN # 2220.

**MOTION TO APPROVE IMMATERIAL MODIFICATIONS TO THE
DEBTORS' THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION**                                                  Page 1 of 9

DM_US 182496595-3.114823.0011

> **THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

Spherature Investments LLC ("**Spherature**"), together with its affiliates identified herein, as debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby files this *Motion to Approve Immaterial Modifications to the Debtors' Third Amended Chapter 11 Plan of Reorganization* (the "**Motion**") and would respectfully show the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2. The predicates for the relief sought herein are Bankruptcy Code sections 105 and 1127, Rules 3019 and 9013 of the Federal Rules of Bankruptcy Procedure (the "**Rules**"), and Rule 9013-1 of the Local Rules for the Eastern District of Texas (the "**Local Rules**").

## BACKGROUND

3. On December 21, 2020 (the "**Petition Date**"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code, initiating the above-captioned cases (collectively, the "**Cases**" or the "**Chapter 11 Cases**") and creating the bankruptcy estates for each Debtor (individually, an "**Estate**" and, collectively, the "**Estates**"), in the United States Bankruptcy Court for the Eastern District of Texas (the "**Bankruptcy Court**").

4. A full description of the Debtors' business operations and reasons for commencing the Cases are set forth in the declaration submitted by the Debtors' proposed Chief Restructuring

**MOTION TO APPROVE IMMATERIAL MODIFICATIONS TO THE
DEBTORS' THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION**          Page 2 of 9

DM_US 182496595-3.114823.0011

Offer, Erik Toth (the "**First Day Declaration**").[2] The contents of the First Day Declaration are incorporated by reference, as if set forth herein verbatim, pursuant to Federal Rule of Civil Procedure 10(c).

5.  The Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  On January 22, 2021, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee**") [Docket Nos. 93 and 116].

7.  On September 15, 2021, the Court entered its *Order: (I) Conditionally Approving Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes on Plan; (III) Establishing Procedures for Submission of Topping Bids; (IV) Approving Certain Forms and Notices; (V) Scheduling a Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan; and (VI) Granting Related Relief* [Dkt. No. 448], setting service of the approved Solicitation Package for September 16, 2021, setting the voting deadline for the plan as October 8, 2021, at 4:00 p.m. prevailing central time, and setting the objection deadline for both the plan and conditionally approved Disclosure Statement for October 14, 2021, at 4:00 p.m. prevailing central time (the "**Solicitation Procedures Order**"). The Solicitation Procedures Order approved the *Third Amended Joint Chapter 11 Plan for Spherature Investments, LLC and its Debtor Affiliates* [Dkt. No. 445] (the "**Third Amended Plan**") and their *Disclosure Statement for Third Amended Joint Chapter 11 Plan for Spherature Investments, LLC and its Debtor Affiliates* [Dkt. No. 446] (the "**Third Amended Disclosure Statement**").

---

[2] The First Day Declaration is filed at Docket No. 20 in Spherature Investments LLC, pending before the Bankruptcy Court.

**MOTION TO APPROVE IMMATERIAL MODIFICATIONS TO THE
DEBTORS' THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION**                                                                                   **Page 3 of 9**

DM_US 182496595-3.114823.0011

8. On September 23, 2021, the Debtors filed their *Fourth Amended Joint Chapter 11 Plan for Spherature Investments, LLC and its Debtor Affiliates* [Dkt. No. 459] (the "**Fourth Amended Plan**") and their *Disclosure Statement for Fourth Amended Joint Chapter 11 Plan for Spherature Investments, LLC and its Debtor Affiliates* [Dkt. No. 460] (the "**Fourth Amended Disclosure Statement**") to make certain additions and revisions, including, among other things, providing additional disclosures relating to tax treatment and incorporating additional information relating to the Liquidating Trust and administrative claims treatment (the "**Modifications**").

9. Also on September 23, 2021, the Debtors filed their *Notice of Filing of Fourth Amended Joint Chapter 11 Plan and Disclosure Statement for Fourth Amended Joint Chapter 11 Plan for Spherature Investments LLC and Its Debtor Affiliates* (the "**Notice of Fourth Amended Plan and Disclosure Statement**") [Dkt. No. 461], which attached redlines of the Modifications to the Third Amended Plan and Third Amended Disclosure Statement.

10. On September 27, 2021, the Court set, *sua sponte*, a telephonic Disclosure Statement Hearing on November 2, 2021, at 02:00 PM, to consider and act upon the Fourth Amended Disclosure Statement.

**RELIEF REQUESTED**

11. The Debtors respectfully submit that the November 2, 2021 Disclosure Statement Hearing set by the Court is unnecessary.

12. Pursuant to section 1127 of the Bankruptcy Code and Rule 3019, the Debtors request an Order substantially in the form attached hereto as **Exhibit A** finding that the Modifications are immaterial, that Debtors do not have to resolicit the Fourth Amended Plan, and that any creditor who votes to accept the Third Amended Plan will be deemed to accept the Fourth

**MOTION TO APPROVE IMMATERIAL MODIFICATIONS TO THE
DEBTORS' THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION**                                     **Page 4 of 9**

DM_US 182496595-3.114823.0011

Document      Page 5 of 9

Amended Plan and will not be entitled to change their vote after the October 8, 2021 voting deadline.

## BASIS FOR RELIEF

13. Section 1127(a) of the Bankruptcy Code provides:

> The proponent of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan.

11 U.S.C. § 1127(a).

14. Rule 3019(a) provides:

> In a chapter 9 or chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. If the court finds after hearing on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan.

FED. R. BANKR. P. 3019(a).

15. Per section 1127(a), a chapter 11 plan of reorganization may be modified without the need for the resolicitation of votes, provided that such modifications are not material and do no adversely affect the rights of creditors or other parties in interest. *See, e.g., In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 2411877, *10-11 (Bankr. N.D. Tex. 2012) (holding that all holders of claims that voted to accept the original plan were deemed to accept the modified plan because the modifications did not adversely change the treatment of any claims); *In re Cellular Info. Sys., Inc.*, 171 B.R. 926, 929 n.6 (Bankr. S.D.N.Y. 1994) (noting that changes made to plan were "nonmaterial modifications" that did not require resolicitation of votes); *In re Am. Solar King Corp.*, 90 B.R. 808, 826 (Bankr. W.D. Tex. 1988) ("[I]f a modification does not 'materially' impact

a claimant's treatment, the change is not adverse and the court may deem that prior acceptances apply to the amended plan as well."); *In re Mount Vernon Plaza Cmty. Urban Redevelopment Corp. I*, 79 B.R. 305, 306 (Bankr. S.D. Ohio 1987) (holding that creditors that previously accepted plan of reorganization were deemed to have accepted modified plan because modifications did not adversely change the treatment of the claims of any creditors).

16. Here, the Modifications are wholly immaterial. As reflected in the redlines attached to the Notice of Fourth Amended Plan and Disclosure Statement, which are attached hereto as **Exhibit B** and **Exhibit C**, respectively, the changes made to the Third Amended Plan have no affect on the claims of any creditors. To summarize, the Modifications to the Third Amended Plan are as follows:

- The revision to Class 2 clarifies that a Holder of Class 2 Claims will be paid for their legal, equitable, and contractual rights, excluding contractual rights for unenforceable pre-petition breaches and that they will receive deferred Cash payments totaling the amount of their allowed claim as of the Effective Date of at least the value of their claim in the estate's interest in property.

- The revision to Class 5 clarifies that general unsecured creditors well be paid from the Liquidating Trust.

- A number of changes were made to clarify the mechanics of the Liquidating Trust, including that the expenses of the Liquidating Trust will be paid from Net Distributable Proceeds.[3]

- The defined term "Liquidating Trust Assets" was redefined as "Distributable

---

[3] The Plan provided that details regarding the Liquidating Trust would be provided in a Plan Supplement. The Committee, however, requested that such details be provided in the Plan itself.

**MOTION TO APPROVE IMMATERIAL MODIFICATIONS TO THE
DEBTORS' THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION**     Page 6 of 9

DM_US 182496595-3.114823.0011

Assets."

- The defined term "General Unsecured Claim" was revised to clarify that it excludes holders of a "Non-Opt-Out Sales Representatives Commission Claim," though such exclusion was apparent from the Plan's explanation of Non-Opt-Out Sales Representatives Commission Claim and classification in Class 6, instead of Class 5 (the General Unsecured Claim Class).

17. The changes made to the Fourth Amended Disclosure Statement likewise have no affect on the claims of any creditors and were made to provide more disclosure, not less. Specifically, in addition to changes to conform the Fourth Amended Disclosure Statement to the Fourth Amended Plan, the Fourth Amended Disclosure Statement contains the following additional disclosures:

- A provision was added to clarify the schedule for resolving Administrative Claims.
- A provision was added to clarify the tax treatment of distributions from the Liquidating Trust.
- A provision was added to clarify the treatment of Liquidating Trust distributions under the securities laws.
- A provision was added to clarify when the Liquidating Trust may close the chapter 11 cases of each Debtor.

18. Most creditors have been made aware of the Modifications and/or had an opportunity to review the Modifications prior to voting to accept or reject the Plan.[4] Specifically, the Solicitation Procedures Order approved the Debtors' use of a link to the Third Amended Plan

---

[4] The Fourth Amended Plan and Fourth Amended Disclosure Statement were filed eight (8) days after the Court entered the Solicitation Procedures Order and seven (7) days after the Debtors completed solicitation of the Third Amended Plan.

**MOTION TO APPROVE IMMATERIAL MODIFICATIONS TO THE
DEBTORS' THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION**     **Page 7 of 9**

DM_US 182496595-3.114823.0011

and Third Amended Disclosure Statement on the ballots and notices that were part of the Solicitation Package, as defined in the Solicitation Procedures Order. Following the filing of the Fourth Amended Plan and Fourth Amended Disclosure Statement, the Debtors' claims and noticing agent updated the link to reflect the Fourth Amended Plan and Fourth Amended Disclosure Statement such that all creditors who followed the link—either by clicking on it electronically (for those served by email) or copying and pasting it into their browser (for those served in hard copy)—were taken to the Fourth Amended Plan and Fourth Amended Disclosure Statement.

### NOTICE

19. Notice of the Motion shall be given to (a) the U.S. Trustee; (b) all members of the Committee and counsel to the Committee; (c) all secured creditors; (d) all governmental units; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service. Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) approve, without the need for resolicitation, the Modifications as reflected in the attached **Exhibit B** and **Exhibit C**, and (ii) grant such other and further relief as is just and proper.

**MOTION TO APPROVE IMMATERIAL MODIFICATIONS TO THE
DEBTORS' THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION**                                                                Page 8 of 9

DM_US 182496595-3.114823.0011

Dated: September 29, 2021

Respectfully Submitted,

*/s/ Jack G. Haake*
Marcus A. Helt (Texas Bar No. 24052187)
Debbie E. Green (Admitted *Pro Hac Vice*)
Jack G. Haake (Admitted *Pro Hac Vice*)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel: (214) 210-2821
Fax: (972) 528-5765
mhelt@mwe.com
dgreen@mwe.com
jhaake@mwe.com

***COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION***

## CERTIFICATE OF SERVICE

I hereby certify that, on September 29, 2021, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.

*Jack G. Haake*
Jack G. Haake

**MOTION TO APPROVE IMMATERIAL MODIFICATIONS TO THE
DEBTORS' THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION**                    **Page 9 of 9**

DM_US 182496595-3.114823.0011