Marcus A. Helt, Esq. (Texas Bar #24052187)
Jack Haake, Esq. *(Admitted Pro Hac Vice)*
MCDERMOTT WILL & EMERY LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel:      (214) 210-2821 / Fax: (972) 528-5765
Email:   mhelt@mwe.com
Email:   jhaake@mwe.com

*COUNSEL FOR THE DEBTORS*
*AND DEBTORS-IN-POSSESSION*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** *et al.* | § | **Case No.: 20-42492** |
| | § | |
| | § | |
| **Debtors.**[1] | § | **Jointly Administered** |
| | § | |

**SUMMARY OF FIRST INTERIM FEE APPLICATION OF MCDERMOTT**
**WILL & EMERY LLP AS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES**
**RENDERED DURING THE PERIOD OF MAY 4, 2021 TO AUGUST 31, 2021**



> **YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**
>
> **NO HEARING WILL BE CONDUCTED ON THIS MOTION/OBJECTION/APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH**

---

[1] The "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("**Cases**") are: Spherature Investments LLC EIN#5471; Rovia, LLC EIN#7705; WorldVentures Marketing Holdings, LLC EIN#3846; WorldVentures Marketplace, LLC EIN#6264; WorldVentures Marketing, LLC EIN#3255; WorldVentures Services, LLC EIN#2220.

**OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

| | |
|---|---|
| **Name of Applicant:** | McDermott Will & Emery LLP |
| **Authorized to provide professional services to:** | Debtors and Debtors-in-Possession |
| **Effective Date of Retention:** | May 4, 2021 |
| **Compensation Period:** | May 4, 2021 through August 31, 2021 |
| **Time Period covered by any prior Applications:** | N/A |
| **Total amount awarded in all prior applications:** | None |
| | |
| **Total fees requested in the First Interim Application Period:** | $1,059,177.01 |
| **Total professional fees requested in the First Interim Application Period:** | $1,032,376.36 |
| **Total actual professional hours covered by the First Interim Application:** | 1,278.7 |
| **Average hourly rate for professionals for the First Application Period:** | $807.36 |
| **Total paraprofessional fees requested in the First Interim Application:** | $26,800.65 |
| **Total actual paraprofessional hours covered by the First Interim Application:** | 79 |
| **Average hourly rate for paraprofessionals for the First Interim Application:** | $339.25 |
| **Reimbursable expenses sought in the First Application Period:** | $5,774.62 |
| | |
| **Total to be paid to Priority Unsecured Creditors:** | Unknown |

| | |
|---|---|
| **Anticipated % Dividend to Priority Unsecured Creditors:** | Unknown |
| **Total to be paid to General Unsecured Creditors:** | Unknown |
| **Anticipated % Dividend to Unsecured Creditors:** | Unknown |
| **Date of confirmation hearing:** | 10/21/21 |
| **Indicate whether the plan has been confirmed:** | No |

Respectfully Submitted,

Dated:  October 4, 2021

*/s/ Jack G. Haake*

Marcus A. Helt, Esq. (Texas Bar #24052187)
Jack G. Haake, Esq. (Admitted *Pro Hac Vice*)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel:   (214) 210-2821
Fax:   (972) 528-5765
Email: mhelt@mwe.com
Email: jhaake@mwe.com

*COUNSEL FOR THE DEBTORS*
*AND DEBTORS-IN-POSSESSION*

Marcus A. Helt, Esq. (Texas Bar #24052187)
Jack Haake, Esq. *(Admitted Pro Hac Vice)*
MCDERMOTT WILL & EMERY LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel:     (214) 210-2821 / Fax: (972) 528-5765
Email:   mhelt@mwe.com
Email:   jhaake@mwe.com

*COUNSEL FOR THE DEBTORS*
*AND DEBTORS-IN-POSSESSION*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** *et al.* | § | **Case No.: 20-42492** |
| | § | |
| | § | |
| **Debtors.**[2] | § | **Jointly Administered** |
| | § | |

**FIRST INTERIM FEE APPLICATION OF MCDERMOTT
WILL & EMERY LLP AS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES
RENDERED DURING THE PERIOD OF MAY 4, 2021 TO AUGUST 31, 2021**

> **YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**
>
> **NO HEARING WILL BE CONDUCTED ON THIS MOTION/OBJECTION/APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH**

---

[2] The "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("**Cases**") are: Spherature Investments LLC EIN#5471; Rovia, LLC EIN#7705; WorldVentures Marketing Holdings, LLC EIN#3846; WorldVentures Marketplace, LLC EIN#6264; WorldVentures Marketing, LLC EIN#3255; WorldVentures Services, LLC EIN#2220.

**OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

McDermott Will & Emery LLP ("**McDermott**"), counsel for Spherature Investments LLC ("**Spherature**"), together with its affiliates identified herein, as debtors and debtors-in-possession (collectively, the "**Debtors**"), files this first interim fee application (the "**First Interim Application**") pursuant to (i) sections 330 and 331 of Title 11 of the United States Code, 11 U.S.C. §§ *et seq.* (the "**Bankruptcy Code**"); (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); (iii) Rule 2016-1 of the Local Rules of Bankruptcy Procedure for the Eastern District of Texas (the "**Local Rules**"); (iv) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 issued by the Executive Office for United States Trustees (the "**Trustee Guidelines**"); (v) Exhibit H of the United States Bankruptcy Court for the Eastern District of Texas Appendix 9007: Procedures for Complex Chapter 11 Cases in Texas Bankruptcy Courts - "Guidelines for Compensation and Expense Reimbursement of Professionals in Complex Chapter 11 Cases (the "**Exhibit H Guidelines**"); (vi) the *Order Granting Complex Chapter 11 Case Treatment* [Docket No. 50]; and (vii) the *Amended Order Granting Motion for Administrative Order Under Bankruptcy Code Sections 105(A) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 153] (the "**Interim Compensation Order**").

McDermott submits this First Interim Application for allowance of compensation for

services rendered in the aggregate amount of $1,059,177.01 and for reimbursement of actual and necessary expenses incurred by McDermott in the amount of $5,774.62 for the period of May 4, 2021 through August 31, 2021 (the "**Compensation Period**").  In support of this First Interim Application, McDermott respectfully submits as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.

2.      Venue is proper in this District pursuant to 28 U.S. C. §§ 1408 and 1509.

3.      The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rules 2016, and Local Rule 2016-1.

## CASE BACKGROUND

4.      On December 21, 2020 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas (the "**Court**"), thereby initiating the above-captioned cases (the "**Chapter 11 Cases**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No examiner has been appointed in these Chapter 11 Cases.

5.      Contemporaneously with the filing of their first-day motions, the Debtors filed declaration testimony by the Debtors' proposed Chief Restructuring Officer, Erik Toth (the "**Toth Declaration**"), which contains additional background information on the Debtors and their operations.  The content of the Toth Declaration are incorporated by reference, as if set forth herein verbatim, pursuant to Federal Rule of Civil Procedure 10(c).

DM_US 182523640-3.114823.0011

6.      On December 30, 2020, the Court entered an Order directing the joint administration of the Debtors' related Chapter 11 Cases [Docket No. 45], and also entered an *Order Granting Complex Chapter 11 Case Treatment* [Docket No. 50].

7.      On January 22, 2021, the Office of the United States Trustee for the Eastern District of Texas (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1103 of the Bankruptcy Code. [Docket No. 93, 116].

A.      **Retention of McDermott**

8.      On June 1, 2021, the Debtors filed the *Application for Entry of an Order Authorizing the Retention and Employment of McDermott Will & Emery LLP as Attorneys for the Debtors and Debtors-in-Possession Effective as of May 4, 2021* (the "**McDermott Retention Application**") [Docket No. 286]. The McDermott Retention Application sought authorization for the Debtors to retain and employ McDermott as general bankruptcy counsel in accordance with the terms and conditions set forth in the McDermott Retention Application.

9.      Under the McDermott Retention Application, the Debtors sought to retain and employ McDermott to provide legal and professional services, including:

(a)     Giving advice to the Debtors with respect to the Debtors' powers and duties as debtors-in-possession in the continued operation of the Debtors' business, including the negotiation and finalization of any financing agreements;

(b)     Assisting in identification of assets and liabilities of the estate;

(c)     Assisting the Debtors in formulating a plan of reorganization or liquidation and to take necessary legal steps in order to confirm such plan, including the preparation and filing of a disclosure statement relating thereto;

(d)     Preparing and filing on behalf of the Debtors, all necessary applications, motions, orders, reports, adversary proceedings and other pleadings and documents;

(e)     Appearing in Court and to protect the interests of the Debtors before the Court;

(f)     Analyzing claims and competing property interests, and negotiating with creditors and parties-in-interest on behalf of the Debtors;

(g)     Advising the Debtors in connection with any potential sale of assets; and

(h)     Performing all other legal services for the Debtors that may be necessary in these proceedings.

10.     On June 29, 2021, the Court entered the *Order Authorizing the Retention and Employment of McDermott Will & Emery LLP as Attorneys for the Debtors and Debtors in Possession Effective as of May 4, 2021* (the "**McDermott Retention Order**") [Docket No. 338].

11.     On July 19, 2021, the Debtors filed the *Joint Chapter 11 Plan for Spherature Investments LLC and Its Debtor Affiliates* (the "**Plan**") [Docket No. 371].  The Debtors have since filed four amendments to the Plan.

12.     On September 15, 2021, the Court entered the *Order: (I) Conditionally Approving Disclosure Statement; (II) Establishing procedures for Solicitation and Tabulation of Votes on Plan; (III) Establishing Procedures for Submission of Topping Bids; (IV) Approving Certain Forms and Notices; (V) Scheduling a Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan; and (VI) Granting Related Relief* [Docket No. 448]. The Court scheduled a combined hearing to consider the disclosure statement and plan on October 21, 2021.

13.     From May 4, 2021 to the present, McDermott provided the above-listed services to the Debtors and served as the Debtors' general bankruptcy counsel.

**RELIEF REQUESTED**

14.     By this First Interim Application, McDermott seeks (i) allowance and award of compensation for professional services rendered as counsel to the Debtors during the Compensation Period in the amount of $1,059,177.01, representing 1,357.70 hours of professional

DM_US 182523640-3.114823.0011

and paraprofessional services; and (ii) reimbursement of actual and necessary expenses in the

amount of $5,774.62 incurred by McDermott during the Compensation Period in connection with

its rendering professional services.

15.    Pursuant to the Interim Compensation Order, during these Chapter 11 Cases,

McDermott has served monthly fee statements for the months of May – August.  The Debtors have

not yet remitted payment to McDermott for those fees and expenses incurred for the months of

May – August.  As of the date of this Application, McDermott has not received any objections to

any monthly fee statements.  A summary of the McDermott's monthly fee statements during the

First Interim Application Period is set forth as follows:

| Period | Fees Incurred | Fees Paid | Expenses Incurred | Expenses Paid | Balance (Fees & Expenses) |
|---|---|---|---|---|---|
| 5/4/21 – 5/31/21[3] | $115,188.50 | $0.00 | $0.00 | $0.00 | $115,188.50 |
| 6/1/21 – 6/30/21 | $278,164.77 | $0.00 | $835.64 | $0.00 | $279,000.41 |
| 7/1/21 – 7/31/21 | $352,284.39 | $0.00 | $3,639.02 | $0.00 | $355,923.41 |
| 8/1/21 – 8/31/21 | $198,350.85 | $0.00 | $1,299.96 | $0.00 | $199,650.81 |
| Balance Owing: | | | | | $1,059,177.01 |

16.    McDermott has received no payment and no promises of payment from any source

for services rendered or to be rendered in any capacity whatsoever in connection with the matters

covered by this First Interim Application for the Compensation Period.  There is no agreement or

---

[3] The May and June fee statements were circulated to the Notice Parties in a single fee statement, but are being attached to the Interim Fee Application in separate statements for purposes of clarity.

understanding between McDermott and any other persons, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

17.     The fees charged by McDermott in this case are billed in accordance with McDermott's normal hourly rates and procedures in effect during the Compensation Period and in accordance with the McDermott Retention Order.  McDermott's fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

18.     Attached hereto as **Exhibit A** is a summary breakdown of hours and amounts billed by timekeeper. The summary sheet lists those McDermott professionals, paraprofessionals, and other non-legal staff who have performed services for the Debtors during the First Interim Application Period, the capacities in which each individual is employed by McDermott, the department in which each individual practices, the hourly billing rate charged by McDermott for services performed by such individual, the year in which each attorney was licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

## SUMMARY OF SERVICES PROVIDED

19.     This First Interim Application provides a brief summary of the services rendered by McDermott on behalf of the Debtors during the Compensation Period by category.  While it is not possible or practical to describe each and every activity undertaken by McDermott, McDermott has maintained contemporaneous time records, which include a detailed chronology of the daily services rendered describing the precise nature of the work, the specific tasks performed and the time expended by each attorney and paraprofessional.  Copies of the time records underlying the

monthly fee statements and the fees and expenses incurred by McDermott are attached hereto as

**Exhibit C**.

20.      Further, Exhibit C to this First Interim Application sets forth (i) the number of hours

expended by each McDermott professional and paraprofessional, (ii) the number of hours

expended in each project category, and (iii) the expenses associated with the First Interim

Application.

21.      To the best of McDermott's knowledge, the First Interim Application complies with

sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

22.      The services performed by McDermott are briefly summarized in the following

categories of services:

(a)      Case Administration (B110)

     Fees:  $23,182.28; Total Hours 35.7

23.      This category includes time McDermott expended preparing and maintaining a

critical-dates calendar, preparing and/or prosecuting motions relating to case administration,

related orders, and other motions and ancillary papers; conferences with the U.S. Trustee; and

reviewing and filing monthly operating reports.

(b)      Asset Analysis and Recovery (B120)

     Fees:  $139,099.76; Total Hours 159.4

24.      This category includes time McDermott expended identifying, analyzing, and

reviewing potential assets and means of recovery and a potential plan for the recovery of such

assets.

(c)      Asset Disposition (B130)

     Fees:  65,635.27; Total Hours 81.0

25.     This category includes time McDermott spent preparing and negotiating topping

bid procedures and related declaration in support of same. McDermott also expended time drafting

documents related to the bid process and communicating with sales representatives.  McDermott

also spent time reviewing and analyzing overbid issues.

    (d)     <u>Relief from Stay/Adequate Protection Proceedings (B140)</u>

        Fees:  262.00; Total Hours 0.4

26.     This category includes time McDermott reviewing and analyzing the stay relief

motion filed by M. Yiru.

    (e)     <u>Meetings of and Communication with Creditors (B150)</u>

        Fees:  5,436.5; Hours 8.3

27.     This category includes time McDermott spent responding to multiple inquiries from

creditors relating to proofs of claim.

    (f)     <u>Hearings (B155)</u>

        Fees:  25,883.66; Hours 49.7

28.     This category includes time McDermott spent preparing for and attending hearings,

including a hearing on the motion to lift stay filed by M. Yiru and hearings for the use of cash

collateral.

    (g)     <u>Fee/Employment Applications (B160)</u>

        Fees:  17,060.91; Total Hours 30.4

29.     This category includes time McDermott expended preparing a retention

application, monthly fee statements, and a fee application of the Debtors' professionals.

    (h)     <u>Assumption/Assignment of Leases and Contracts (B185)</u>

        Fees:  4,954.14; Total Hours 6.5

30.     This category includes time McDermott expended reviewing and analyzing the Debtors' leases and executory contracts and drafting motion to reject executory contracts.

(i)     Other Contested Matters (B190)

Fees:  175,091.00; Total Hours 220.6

31.     This category includes time McDermott expended reviewing documents and negotiating the purported class action suit and lift stay motion.  McDermott also spent time preparing for, reviewing, and negotiating settlement of an adversary proceeding.

(j)     Business Operations (B210)

Fees:  589.50; Total Hours 0.9

32.     This category includes time McDermott spent time resolving issues related to the Debtors' business operations.

(k)     Financings/Cash Collections (B230)

Fees:  14,651.40; Total Hours 22.7

33.     This category includes time McDermott expended preparing and revising the cash collateral motion and related papers including interim cash collateral orders.  McDermott created a data room for review of financial documents.

(l)     Claims Admin. & Objections (B310)

Fees:  1,768.50; Total Hours 2.7

34.     This category includes time McDermott expended reviewing claims analysis with the claims agent.

(m)     Plan and Disclosure Statement (B320)

Fees:  352,966.46; Total Hours 471.6

35.     This category includes time McDermott expended preparing for and negotiating a

strategy for a potential chapter 11 plan and to explore different solutions that would allow the

Debtors to achieve a successful exit from chapter 11.  This time included negotiating the plan with

the stalking horse bidder and the Official Committee of Unsecured Creditors.

(n)     General Bankruptcy Advice/Opinion (B410)

Fees:  675.00; Total Hours 3.0

36.     This category includes time McDermott expended researching and analyzing

bidding orders.

(q)     General Corporate (B460)

Fees:  12,599.63; Total Hours 15.1

37.     This category includes time McDermott spent reviewing a promissory note for

collateral agenda and structuring issues related to existing debt and the preparation of an asset

purchase agreement.

**ACTUAL AND NECESSARY EXPENSES**

38.     During the Compensation Period, McDermott incurred $5,774.62 in out-of-pocket

expenses on behalf of the Debtors.  McDermott charges only its actual out-of-pocket expenses to

the client, and such out-of-pocket expenses are not marked up.  Detailed descriptions of

McDermott's expenses are included in **Exhibit B** attached hereto.

39.     While representing the Debtors in the Chapter 11 Cases, McDermott charged the

actual costs of (i) telephone charges, (ii) in and outsourced photocopying charges, (iii) court fees

(including filing and Pacer fees), (iv) delivery services (Federal Express), (v) online research, and

(vi) transcript services.

40.     McDermott believes that the foregoing rates for the services rendered align with the market rates that the majority of law firms charge their clients for such services. The expenses are reasonable and economical in view of the necessity of the services provided and are of the type customarily charged to McDermott's non-bankruptcy clients.

41.     Fee Application Preparation:   In accordance with the Exhibit H Guidelines, McDermott states that it estimates that approximately 14 hours were spent on drafting this First Interim Application, reviewing related documents, fee statements, and applicable rules and guidelines, and participating in related communications. Accordingly, the estimated fees of such preparation is $4,777.50. This amount is not requested through this First Interim Application but may be related on a future statement and application provided by McDermott.

**WHEREFORE**, McDermott respectfully requests that the Court:

(a) approve the allowance of $1,059,177.01 for compensation of professional services rendered to the Debtors during the period from May 4, 2021 through and including August 31, 2021;

(b) approve the reimbursement of McDermott's out-of-pocket expenses incurred in connection with rendering such services during the period from May 4, 2021 through and including August 31, 2021, in the amount of $5,774.62; and

(c) authorize and direct the Debtors to immediately pay to McDermott a sum total of $1,064,951.63 which amount represents the unpaid fees and expenses McDermott incurred during the Compensation Period.

Respectfully Submitted,

Dated:  October 4, 2021

*/s/ Jack G. Haake*

Marcus A. Helt, Esq. (Texas Bar #24052187)
Jack G. Haake, Esq. (Admitted *Pro Hac Vice*)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel:   (214) 210-2821
Fax:   (972) 528-5765
Email: mhelt@mwe.com
Email: jhaake@mwe.com

*COUNSEL FOR THE DEBTORS*
*AND DEBTORS-IN-POSSESSION*

## CERTIFICATE OF COMPLIANCE

I certify that I have read the application, and to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Court's Local Rules Appendix 9007, Exhibit H, Guidelines for Compensation and Expense Reimbursement of Professionals in Complex Chapter 11 Cases.  I certify that the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by the firm and generally accepted by the firm's clients.

*/s/ Jack G. Haake*
Jack G. Haake, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, in accordance with the *Amended Order Granting Motion for Administrative Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expense of Professionals* [Docket No. 153], a true and correct copy of the foregoing document was served electronically, via email, on the following Notice Parties: Counsel for the Official Committee of Unsecured Creditors, the Office of the United States Trustee for the Eastern District of Texas, and Counsel for the Debtors' secured lenders.

*/s/ Jack G. Haake*
Jack G. Haake, Esq.