Jeff Prostok
Texas State Bar No. 16352500
FORSHEY PROSTOK LLP
777 Main St. Suite 1550
Fort Worth, Texas 76102
Telephone: 817-877-8855
Fax: 817-877-4151
Email: jprostok@forsheyprostok.com

and

Gaye N. Heck, Esq.
California State Bar No. 170804
BIALSON, BERGEN & SCHWAB,
A Professional Corporation
830 Menlo Avenue, Suite 201
Menlo Park, CA 94025
Telephone: 650-857-9500
Fax: 650-494-2738
Email: Gheck@bbslaw.com

*Attorneys for Creditor salesforce.com, inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| In re:<br><br>**SPHERATURE INVESTMENTS LLC, et al.**,[1]<br><br>Debtors. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 20-42492<br><br>(Jointly Administered) |

**REQUEST FOR ALLOWANCE AND PAYMENT OF
<u>ADMINISTRATIVE EXPENSE CLAIM OF SALESFORCE.COM, INC.</u>**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Spherature Investments LLC EIN#5471; Rovia, LLC EIN#7705; WorldVentures Marketing Holdings, LLC EIN#3846; WorldVentures Marketplace, LLC EIN#6264; WorldVentures Marketing, LLC EIN#3255; WorldVentures Services, LLC EIN#2220.

**No hearing will be conducted on this Motion/Objection/Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN TWENTYONE (21) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE BRENDA T. RHOADES, CHIEF U.S. BANKRUPTCY JUDGE:**

Salesforce.com, inc. ("**Salesforce**" or "SFDC"), by and through the undersigned counsel, hereby requests (the "**Request for Payment**") entry of an order (the "**Administrative Expense Order**") (A) allowing an administrative expense in an amount not less than **US $66,830.75** (the "**Administrative Expense Claim**") incurred in connection with the provision of certain Services (as hereinafter identified)[2] by Salesforce and WorldVentures Marketing, LLC., one of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), and the acceptance and use of the Services by the Debtors, from and after the Petition Date through September 1, 2021, pursuant to the Salesforce Contract, (B) Directing the Debtors and/or the Reorganized Debtors to pay the Administrative Expense Claim, in full, upon issuance of the applicable invoice, or at such time as the Court otherwise orders; (C) approving the *Reservation of Rights* as hereinafter set forth, and (D) granting such other and further relief as the Court deems just and proper under the circumstances of this case.

This Administrative Expense Request is brought pursuant to 11 U.S.C. §§503(b)(1)(A) and 507(a)(2) and is based on the matters set forth herein, the *Declaration of*

---

[2] All capitalized terms shall have the meaning as set forth in this *Request for Allowance and Payment of Administrative Expenses* and, if not defined herein, as set forth in the Smith Declaration filed in support of this request.

*Kevin Ramirez in Support of The Request for Allowance and Payment of Administrative Expense of salesforce.com, inc.* (the "**Ramirez Declaration**") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

Salesforce requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## JURISDICTION AND VENUE.

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On December 21, 2020 (the "**Petition Date**"), World Ventures Marketing LLC and the above captioned Debtors, (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court, Southern District of Texas (the "**Court**") and, thereby, commenced their individual cases under chapter 11 (collectively, the "**Bankruptcy Cases**") and, further, the Bankruptcy Cases are being jointly administered, but have not been substantively consolidated.

4. On September 15, 2021, the Court entered the Disclosure Statement Order[3] which provides, among other things, procedures for solicitation and confirmation of the *Fourth Amended Joint Chapter 11 Plan of Spherature Investments LLC and its Debtor Affiliates* [ECF 445] (as may be amended, supplemented, or otherwise modified from time to

---

[3] *See, Order: (I) Conditionally Approving Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes on Plan; (III) Establishing Procedures for Submission of Topping Bids; (IV) Approving Certain Forms and Notices; (V) Scheduling a Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan; and (VI0 Granting Related Relief*

time, (the "**Plan**"), including a deadline to vote on acceptance or rejection of the plan on October 8, 2021 (the "**Voting Deadline**").

     5.     On September 23, 2021, the Debtors filed their *Fourth Amended Joint Chapter 11 Plan of Spherature Investments LLC and its Debtor Affiliates* [ECF 459].

     6.     The Plan provided a deadline when all requests for payments of administrative claims that arise on or prior to September 1, 2021 must be filed and served on the Debtors. Such deadline to file requests for payments of administrative claims is the Voting Deadline, October 8, 2021 (the "**Initial Administrative Claim Bar Date**")

The Salesforce Contract

     7.     WorldVentures Marketing LLC, one of the above-captioned Debtors, entered into those certain Order Form Nos. listed on the SFDC Administrative Expense Claim Summary[4] (the **"Salesforce Order"**) whereby (a) the Debtors ordered the Salesforce Services to be provided during the terms listed on the SFDC Administrative Expense Claim Summary, (b) became obligated to pay the aggregate full contract amount for the such services, and (c) Salesforce became obligated to provide such services to the Debtors. *See, Ramirez Declaration at ¶6*.

     8.     The Salesforce Orders are subject to the terms and conditions set forth in the *Master Subscription Agreement* effective October 14, 2015 (the "**MSA**" and the MSA together with the Salesforce Orders, collectively constitute the "**Salesforce Contract**"). A copy of the Salesforce Contract is not attached hereto due to its confidentiality provisions. However, subject to appropriate non-disclosure protections, a copy of the Salesforce Contract will be made available to the Debtors in connection with this Request for Payment. *See, Ramirez Declaration at ¶7*.

     9.     The Debtors continued to have access and to use of the services from and after the Petition Date. *See, Ramirez Declaration at ¶8*.

---

[4] The **SFDC Administrative Expense Claim Summary** is attached to the Ramirez Declaration as <u>Exhibit A</u> and is incorporated by reference herein as if fully set forth.

The Administrative Expense Claim

10. From the commencement of the Salesforce Contract through the date of this Declaration, the Debtors have failed to pay all Fees due and owing pursuant to the Salesforce Contract and more specifically, an amount of not less than **US $66,830.75,** (the "**Administrative Expense Claim**") remains due and owing to Salesforce pursuant to the Salesforce Contract for services due from the Petition Date through September 1, 2021. A summary of the Administrative Expense Claim is set forth on the SFDC Administrative Expense Claim Summary. *See, Ramirez Declaration at ¶13*.

11. Pursuant to the obligation to maintain the confidentiality of the Confidential Information, SFDC did not attached a copy of the Invoices to the Ramirez Declaration. However, upon request and subject to adequate procedures protecting the Confidential Information from disclosure in violation of the MSA, SFDC will make available a copy of the Invoices to the Debtor or other appropriate representative of the Debtor's estate. *See, Ramirez Declaration at ¶14*.

12. From and after Petition Date, the Debtor knowingly accepted the SFDC Services provided, such services benefitted the Debtors' estate and its creditors, and that provision of such services was in the ordinary course of business of the parties. *See, Ramirez Declaration at ¶15*.

## LEGAL AUTHORITY

### Administrative Expenses Are Allowed for Actual, Necessary Costs And Expenses of Preserving the Estate.

13. Pursuant to the United States Bankruptcy Code, claims for "the actual, necessary costs and expenses of preserving the estate" shall be allowed as administrative expenses, 11 U.S.C. §503(b)(1)(A), and "the administrative expenses of the debtor-in-possession receive highest priority in corporate bankruptcy proceedings. 11 U.S.C. § 507(a)(1)." *Supplee v. Bethlehem Steel Corporation (In re Bethlehem Steel Corp.*), 479 F.3d 167, 172 (2d Cir. 2007). *Accord, In re Williams*, 246 B.R. 591, 593–94 (B.A.P. 8th Cir.

Case 20-42492    Doc 506    Filed 10/08/21    Entered 10/08/21 13:16:40    Desc Main
Document    Page 6 of 8

1999); *In re Centennial Communications, Inc.*, 2006 WL 379796 (D. Neb. 2006). The policy behind this favored treatment is to encourage creditors to continue to do business with an insolvent entity, thus allowing a debtor's estate to maximize the value of its assets for the benefit of creditors during the process of a liquidation or reorganization. *In re Williams,* 246 B.R. at 595; *In re Centennial Communications, Inc.*, 2006 WL 379796 at *3.

14. It is well established that "if a debtor in possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume a contract, the debtor in possession is obligated to pay for the reasonable value of those services." *See NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984). Further, where a debtor-in-possession or trustee knowingly and willingly uses a non-debtor's property or services, after the commencement of a case and prior to rejection of the underlying contract to preserve and maximize estate assets, it is liable for an administrative claim at the contract rate, even if it did not "profit" from such use. *See e.g., In re Patient Education Media, Inc.,* 221 B.R. 97 (Bankr. S.D.N.Y. 1998); *In re Adelphia Bus. Sols., Inc.,* 296 B.R. 656, 662 (Bankr. S.D.N.Y. 2003).

15. "In determining whether a claim is an "actual, necessary 'cost and expense' of preserving the estate," courts generally consider whether the expense arose from a transaction with the estate, and whether it benefitted the estate in some demonstrable way." *In re Centennial Commc'ns, Inc.,* No. 81-82295, 2006 WL 379796, at *3 (D. Neb. 2006). *Accord, In re Tama Beef Packing, Inc.*, 290 B.R. 90, 96 (B.A.P. 8th Cir. 2003); *In re Williams*, 246 B.R. at 594- 95. Essentially, the administrative expense claimant must demonstrate that the expenses provided a tangible benefit to the bankruptcy estate. *Id. Accord, Reiter v. Fokkena* (*In re Wedemeier*), 239 B.R. 794, 798 (8th Cir. BAP 1999).

16. Here, Salesforce submits that it's right to allowance and payment of the Administrative Expense Claim is clear: (A) Salesforce provided the services to the Debtors, from the Petition Date though September 1, 2021, pursuant to the Salesforce Contract; (B) the Debtors, in their capacity as debtor-in-possession, knowingly and willingly accepted and

C:\Users\Jjones\Desktop\FILING\Salesforce-Worldventures 6268\Request For Payment Adminexp V2.Docx

6

Request for Allowance and Payment of Administrative Expense Claim of SFDC

used the services; (C) the services were "supplied to and beneficial to the debtor in possession in the operation of [its] business," *see In re Adelphia Bus. Sols., Inc.,* 296 B.R. at 662; and (D) the Debtors, as debtors-in-possession, has continued to accept and use the services in its business operations and thereby helped to preserve its bankruptcy estate. Accordingly, Salesforce submits that the provision of the services, unquestionably, constitute "actual, necessary costs and expenses of preserving the estate" and it should be allowed as administrative expenses, 11 U.S.C. §503(b)(1)(A), and should receive the highest priority in payment in this bankruptcy proceeding pursuant to 11 U.S.C. §507(a)(1).

## RESERVATION OF RIGHTS

17. Notwithstanding the foregoing, Salesforce expressly reserves (and hereby expressly does not waive) (a) all rights, claims, counterclaims, defenses, interests, actions and/or other remedies (collectively, its "**Rights**") including, without limitation, the right to amend, modify and/or supplement (A) any proof of claim filed by Salesforce and/or any other claim or proof of claim that it may be filed in the future (collectively, the "**Claims**"), (B) the Administrative Expense Claim asserted hereby and/ or any further administrative expenses as may be asserted hereinafter (collectively, the "**Administrative Expenses**"), (C) a judicial determination of the amount(s) due and owing with regard to the Claims and/or the Administrative Expenses, (D) this Administrative Expense Request in response to any submission by any party-in-interest including, without limitation, any objection to this Administrative Expense Request or an amendment to it, and (E) the right to adopt any other pleadings filed by any other party related to the Claims, this Administrative Expense Claim, any other Administrative Expenses or the Administrative Expense Requests as may be filed hereinafter (collectively, the "**Reservation of Rights**").

**WHEREFORE**, Salesforce respectfully requests the Court enter its Administrative Expense Order –

(A) Allowing an Administrative Expense Claim, in the amount not less than of **US $66,830.75**, pursuant to the Salesforce Contract for Services, provided from the Petition Date through September 1, 2021;

(B) Directing the Debtors and/or the Reorganized Debtors to pay the Administrative Expense Claim, in full, upon issuance of the applicable invoice, or at such time as the Court otherwise orders;

(C) approving the Reservation of Rights; and

(D) granting such other and further relief as may be deemed just and proper under the circumstances of this case

Dated: October 8, 2021

Respectfully submitted,

Forshey Prostok LLP

/s/ Jeff Prostok
Jeff Prostok
Forshey Prostok LLP
777 Main St. Suite 1550
Fort Worth, Texas
Telephone: 817-877-4223
Email: jprostok@forsheyprostok.com

-and-

Gaye N. Heck, Esq.
California State Bar No. 170804
BIALSON, BERGEN & SCHWAB,
A Professional Corporation
830 Menlo Avenue, Suite 201
Menlo Park, CA 94025
Telephone: 650-857-9500
Fax: 650-494-2738
Email: Gheck@bbslaw.com

*Attorneys for Creditor salesforce.com, inc.*