Marcus A. Helt (Texas Bar #24052187)
Jack Haake (*Admitted Pro Hac Vice*)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel: 214.210.2821
Fax: 972.528.5765
mhelt@mwe.com
jhaake@mwe.com

**COUNSEL TO THE DEBTORS
AND DEBTORS-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** | § | **Case No.: 20-42492** |
| *et al.* | § | |
| | § | |
| | § | |
| **Debtors.**[1] | § | **Jointly Administered** |
| | § | |

**DEBTORS' FIRST OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM
(NO LIABILITY CLAIMS, DUPLICATE CLAIMS, NON-DEBTOR CLAIMS, CLAIMS
TO BE ADJUSTED, MISCLASSIFIED CLAIMS, PURCHASER SATISFIED CLAIMS,
AND NO LIABILITY TAX CLAIMS)**

> THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO MODIFY OR DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID.
>
> IF YOU DO NOT FILE A RESPONSE BY 4:00 P.M. (PREVAILING CENTRAL TIME) ON NOVEMBER 12, 2021, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.

---

[1]   The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases are: Spherature Investments LLC EIN#5471; Rovia, LLC EIN#7705; WorldVentures Marketing Holdings, LLC EIN#3846; WorldVentures Marketplace, LLC EIN#6264; WorldVentures Marketing, LLC EIN#3255; WorldVentures Services, LLC EIN#2220.

A HEARING WILL BE CONDUCTED ON THIS MATTER TELEPHONICALLY ON **NOVEMBER 15, 2021 AT 1:30 P.M., PREVAILING CENTRAL TIME** OR SUCH OTHER TIME AS SET BY THE COURT BEFORE THE HONORABLE BRENDA T. RHOADES, UNITED STATES BANKRUPTCY JUDGE FOR THE EASTERN DISTRICT OF TEXAS, AT SUITE 300B, 660 NORTH CENTRAL EXPRESSWAY, PLANO, TX 75074, ON.  PARTIES ARE INSTRUCTED TO DIAL 1-888-675-2535, USE ACCESS NO. 4225607 AND SECURITY NO. 2564,[2] AS WELL AS DIRECTED TO REVIEW THE INSTRUCTIONS CONTAINED IN THE FOLLOWING LINK FOR ALL TELEPHONIC HEARINGS BEFORE JUDGE RHOADES:

HTTP://WWW.TXEB.USCOURTS.GOV/CONTENT/JUDGERHOADES.

THE INFORMATION CAN BE FOUND BY ACCESSING THE COURT'S WEBPAGE AT WWW.TXEB.USCOURTS.GOV AND CHOOSING "JUDGE'S INFO", THEN CHOOSING "JUDGE RHOADES", AND THEN CHOOSING "TELEPHONIC HEARING" TAB.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1, SCHEDULE 2, SCHEDULE 3, SCHEDULE 4, SCHEDULE 5, SCHEDULE 6, AND SCHEDULE 7, TO EXHIBIT A ATTACHED TO THIS OBJECTION.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully represent as follows in support of this omnibus claims objection (this "Objection").

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the Eastern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of chapter 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"),

---

[2]     The Security Code is subject to change. Please check Judge Rhoades' docket calendar for the most up-to-date security code at https://www.txeb.uscourts.gov/judge-rhoades-docket

rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-

1 of the Bankruptcy Local Rules for the Eastern District of Texas (the "Bankruptcy Local Rules").

**Relief Requested**

3.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"):

a.      Disallowing and expunging each claim identified on **Schedule 1** to the Order (collectively, the "No Liability Claims") in its entirety because such claims allege liabilities that are not reflected in the Debtors' books and records or have already been satisfied;

b.      Disallowing and expunging each claim identified on **Schedule 2** to the Order in the column titled "Duplicate Claim to be Disallowed" (collectively, the "Duplicate Claims") in its entirety because each such proof of claim is duplicative of, or has been amended and replaced by, another proof of claim filed against the same Debtor;

c.      Disallowing and expunging each proof of claim identified on **Schedule 3** to the Order (collectively, the "Non-Debtor Claims") in its entirety because each such proof of claim is asserted against a non-Debtor entity or includes supporting documentation that asserts a claim or liability against a non-Debtor entity;

d.      Reducing the amount of each proof of claim identified on **Schedule 4** to the Order (collectively, the "Claims to Be Adjusted") because each such proof of claim is asserted in amounts greater than amounts reflected in the Debtors' books and records;

e.      Reclassifying the status of a claim on **Schedule 5** to the Order (collectively, the "Misclassified Claims") because each such proof of claim is asserted against the wrong debtor or claims a priority status that is not supported by documentation of the Debtors' books and records;

f.      Disallowing and expunging each proof of claim identified on **Schedule 6** to the Order (collectively, the "Purchaser Satisfied Claims") in its entirety because each such proof of claim incorrectly asserts a priority claim and seeks treatment that is inconsistent with the Plan, as defined herein; and

g.      Disallowing and expunging each proof of claim identified on **Schedule 7** to the Order (collectively, the "No Liability Tax Claims") in its entirety because each such proof of claim asserts a liability for unpaid taxes in the amount indicated on **Schedule 7** and, in each case, the records of the Debtor against which the claim is asserted reflects that either (a) the appropriate tax

returns were filed and the taxes were paid by the Debtor, (b) the Debtor is entitled to a credit against the asserted tax liability which should be applied in satisfaction of the priority tax claim, or (c) the amount claimed is based on an inaccurate estimation by the relevant taxing authority.

**The Claims Reconciliation Process.**

4. On December 21, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On January 22, 2021, the Debtors filed their statements of financial affairs and schedules of assets, liabilities, current income, expenditures, executory contracts, and unexpired leases, as required by section 521 of the Bankruptcy Code. The Debtors filed their amended statements of financial affairs and schedules of assets, liabilities, current income, expenditures, executory contracts, and unexpired leases on March 23, 2021.

5. On March 9, 2021, the claims and noticing agent ("Stretto") served via first class mail notice and by electronic mail, notice of the appointment of Stretto and the bar dates (the "Bar Date Notice") to potential claimants. *See Certificate of Service* [Docket No. 165]. On July 23, 2021, the Debtors filed a *Certificate of Service* under seal with the Court pursuant to the *Order (I) Authorizing the Debtors to Keep Certain Information in Schedules of Assets and Liabilities Confidential; (II) Approving Form and Manner of Notice to Certain Potential Claimants; and (III) Establishing Supplemental Deadline to File Proofs of Claim for Certain Potential Claimants* [Docket No. 368] reflecting service to thousands of additional claimants. Additionally, on August 24, 2021, Stretto filed a *Supplemental Certificate of Service* of the Bar Date Notice [Docket No. 400] of additional parties that were served with the Bar Date Notice.

6. On September 14, 2021, the Debtors filed the Debtors' *Third Amended Joint Chapter 11 Plan of Reorganization for Spherature Investments LLC and its Debtor Affiliates* [Docket No. 445] (as amended, supplemented, and/or modified, the "Plan").

7.      On September 29, 2021, the Debtors filed their *Motion for Entry of an Order Approving Omnibus Claims Objection Procedures and Filing of Substantive Omnibus Claims Objections* [Docket No. 475] (the "Omnibus Procedures Motion"). The Omnibus Procedures Motion was filed on a twenty-one day negative notice that expires on October 20, 2021.

8.      To date, entities have filed approximately 1,696 proofs of claim against the Debtors on an aggregate basis. The Debtors and their advisors have been working diligently to review these proofs of claim, including any supporting documentation filed together with any proof of claim. For the reasons set forth below, and based on their review to date, the Debtors have determined that the claims disputed herein (each, a "Disputed Claim," and, collectively, the "Disputed Claims") should be amended or disallowed and expunged as set forth herein.

**Basis for Relief**

9.      Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Moreover, Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection," which includes when "the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they duplicate other claims" or "they have been amended by subsequently filed proofs of claim" or "they have been filed in the wrong case." Fed. R. Bankr. P. 3007(d).

10.      As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). However, a proof of claim loses the presumption of *prima facie* validity under

Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *See id.* Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

11.     A proof of claim must "set forth the facts necessary to support the claim." *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (internal quotation marks omitted). If the proof of claim fails to set forth the necessary supporting facts, it is "not entitled to the presumption of prima facie validity, and the burdens of going forward and of proving its claims by a preponderance of the evidence are on [the claimant]." *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *see also In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998) (stating that "the creditor must prove the validity of the claim" following a proper objection to a proof of claim); *In re Svendsen*, 34 B.R. 341, 342 (Bankr. D.R.I. 1983) (stating proofs of claim failed to "set forth all the necessary facts to establish the claim[s]" (internal quotation marks omitted) (alteration in original)). Where a proof of claim is based on a writing, a claimant must attach all necessary supporting documents in order to comply with rule 3001(c) of the Bankruptcy Code. *In re All-Am. Auxiliary Ass'n*, 95 B.R. 540, 545 (Bankr. S.D. Ohio 1989). In other words, without providing sufficient information or documentation to allow a debtor to reconcile a proof of claim with the debtor's books and records, the claim cannot satisfy the requirements for a proof of claim. *See id.; see also Chain*, 255 B.R. at 280.

12.     As set forth herein and in the declaration of Erik Toth, Chief Restructuring Officer

of the Debtors, (the "Toth Declaration"), attached hereto as **Exhibit B**, and the declaration of

Leticia Sanchez, Director at Stretto, (the "Sanchez Declaration"), attached hereto as **Exhibit C**,

the Court should disallow and expunge the Disputed Claims.  If the Disputed Claims are not

formally disallowed and expunged or adjusted and modified as requested herein, the potential

exists for the applicable claimants to receive recoveries they are not entitled to, to the detriment of

the Debtors' other stakeholders.  Thus, the relief requested herein is necessary to prevent the

inappropriate distribution of estate funds and to facilitate the administration of the claims

allowance process.

## No Liability Claims

13.     As set forth in the Toth Declaration and as set forth in more detail on **Schedule 1**

to the Order, upon review of the proofs of claim filed against the Debtors in these chapter 11 cases,

the Debtors have identified 66 No Liability Claims listed on **Schedule 1** to the Order.  The Debtors

object to the No Liability Claims because they are not reflected as liabilities of the Debtors in their

books and records for a variety of reasons, including that such were paid under the relief granted

in the Debtors' various first day motions.

14.     If the No Liability Claims are not disallowed and expunged, the applicable

claimants could receive an unwarranted recovery to the detriment of other creditors.  As such, the

No Liability Claims identified on **Schedule 1** should be disallowed and expunged in their entirety.

## Duplicate Claims

15.     The Debtors object to Duplicate Claims.  As set forth herein and in the Toth

Declaration, the Debtors have reviewed the Duplicate Claims and determined that the Duplicate

Claims either duplicate or have been amended and replaced by other proofs of claim filed by or on

behalf of the same claimant in respect of the same liabilities, which are identified on **Schedule 2**

to the Order in the column titled "Remaining Claim Number(s)" (collectively, the "Remaining

Claims"). Failure to disallow and expunge the Duplicate Claims could potentially result in the

applicable claimants receiving double recoveries against the Debtors to the detriment of other

similarly situated creditors.

16.     Accordingly, the Debtors request that the Court enter an order disallowing and

expunging those Duplicate Claims identified on **Schedule 2** to the Order. This Objection does not

affect the Remaining Claims, and the Debtors reserve their right to object to the Remaining Claims

on any grounds whatsoever.

### Non-Debtor Claims

17.     The Debtors object to the 141 Non-Debtor Claims listed on **Schedule 3** to the Order

as claims for which the Debtors are not liable. Following review of each of the Non-Debtor Claims

and their supporting materials, the Debtors have determined that the Non-Debtor Claims assert

claims against entities that are not Debtors in these chapter 11 cases. Six entities are Debtors in

these chapter 11 cases. However, WorldVentures is made up of ninety-four Debtor and non-Debtor

subsidiaries. Therefore, in many instances, the supporting documentation for the Non-Debtor

Claims listed on **Schedule 3** assert amounts that are, or may be, owed by a non-Debtor entity in

the same corporate family. Failure to disallow the Non-Debtor Claims in their entirety would result

in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the

detriment of other creditors in these chapter 11 cases. The disallowance and expungement of the

Non-Debtor Claims will result in a more streamlined and accurate claims register. Accordingly,

the Debtors respectfully request that the Court enter the Order expunging and disallowing the Non-

Debtor Claims identified on **Schedule 3** to the Order.

**Claims to be Adjusted**

18.     As set forth in the Toth Declaration and as set forth in more detail on **Schedule 4**

to the Order, upon review of the proofs of claim filed against the Debtors in these chapter 11 cases,

the Debtors have identified 159 Claims to be Adjusted listed on **Schedule 4** to the Order. The

Debtors object to the Claims to be Adjusted because the Claims to be Adjusted are asserted in

amounts greater than the amounts reflected in the Debtors' books and records.

19.     As set forth in the Toth Declaration and the Sanchez Declaration, the Debtors have

reviewed the Claims to be Adjusted and determined that they cannot reconcile the Claims to be

Adjusted on **Schedule 4** with the Debtors' books and records in the amounts asserted by each

claimant because each of the Claims to be Adjusted does not reflect amounts on the Debtors' books

and records. Furthermore, each such Claim does not include sufficient information or supporting

documentation to support additional amounts claimed or the priority asserted by the claim. Without

providing such information or documentation to allow the Debtors to ascertain the validity of the

claim, the Claims to be Adjusted fail to satisfy the requirements for a proof of claim. While the

Debtors could seek to have the majority of these claims disallowed as unsupported, the Debtors

have undertaken every effort to locate and credit amounts reflected on their books and records.

20.     Failure to modify or adjust the Claims to be Adjusted could result in the relevant

claimants receiving an unwarranted recovery against the Debtors. Accordingly, the Debtors

respectfully request that the Court reduce the amount of each of the Claims to be Adjusted to the

amount identified in the columns labeled "Modified Amount" in **Schedule 4** attached to the Order.

21.     Notwithstanding the above, by requesting relief with respect to the Claims to be

Adjusted, the Debtors are not asking for an allowance of the Claims to be Adjusted as reduced and

reclassified, but only that the Claims to be Adjusted be revised to reflect the Debtors' at this time

and the Debtors reserve their right to object to the Claims to be Adjusted on other grounds.

## Misclassified Claims

22.     As set forth in the Toth Declaration and as set forth in more detail on **Schedule 5**

to the Order, upon review of the proofs of claim filed against the Debtors in these chapter 11 cases,

the Debtors have determined that the Misclassified Claims on **Schedule 5** assert claims against the

wrong Debtor or assert a priority status that is unsupported by the Debtors books and records.  The

Debtors seek to reclassify the Misclassified Claims so that they are asserted against the appropriate

Debtor or reclassify the status according to the Debtors' books and records.  Failure to modify or

adjust the Misclassified Claims could result in the relevant claimants receiving an unwarranted

recovery against the Debtors. Accordingly, the Debtors respectfully request that the Court enter

the Order amending the Misclassified Claims to be against the Debtor and in the priority identified

on **Schedule 5** to the Order.

23.     Notwithstanding the above, by requesting relief with respect to the Claims to be

reclassified, the Debtors are not asking for an allowance of the Misclassified Claims as reclassified,

but only that the Misclassified Claims be reclassified at this time.

## Purchaser Satisfied Claims

24.     As set forth in the Toth Declaration and as set forth in more detail on **Schedule 6**

to the Order, upon review of the proofs of claim filed against the Debtors in these chapter 11 cases,

the Debtors have identified 16 Purchaser Satisfied Claims on **Schedule 6** that assert claims against

the Debtors that are to be satisfied by the Purchaser, as defined in the Plan.  Specifically, the Plan

provides that the Purchaser shall satisfy the Virtual Currency Claims and Deferred Revenue Claims

through the continued operation of the business. Deferred Revenue Claims are claims for access

to back office function or for certain trip expenses that are satisfied in the ordinary operation of the business. Similarly, Virtual Currency Claims are claims for certain virtual currency and points that are only redeemable for products of the business in the ordinary course of business. Additionally, each of the Purchaser Satisfied Claims on **Schedule 6** erroneously claim a priority status. This treatment is unsupported and inconsistent with the treatment of the Plan.

25.     Failure to disallow the identified Purchaser Satisfied Claims could result in the relevant claimants receiving treatment inconsistent with the Plan and an unwarranted recovery against the Debtors. Accordingly, the Debtors respectfully request that the Court enter the Order expunging and disallowing the Purchaser Satisfied Claims identified on **Schedule 6** to the Order.

### No Liability Tax Claims

26.     As set forth in the Toth Declaration and as set forth in more detail on **Schedule 7** to the Order, upon review of the proofs of claim filed against the Debtors in these chapter 11 cases, the Debtors have determined that the No Liability Tax Claims assert claims for unpaid taxes in the amount indicated on **Schedule 7** and, in each case, the records of the Debtor against which the claim is asserted reflects that either (a) the appropriate tax returns were filed and the taxes were paid by the Debtor, (b) the Debtor is entitled to a credit against the asserted tax liability which should be applied in satisfaction of the priority tax claim, or (c) the amount claimed is based on an inaccurate estimation by the relevant taxing authority. Accordingly, the Debtors respectfully request that the Court enter the Order expunging and disallowing the No Liability Tax Claims identified on **Schedule 7** to the Order.

### Reservation of Rights

27.     This Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors or any other party in interest to object to any of the Disputed

Claims on any grounds whatsoever, and the Debtors expressly reserve all further substantive or procedural objections they may have.

28.      Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## Separate Contested Matter

29.      To the extent that a response is filed regarding any Disputed Claim and the Debtors are unable to resolve any such response, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Further, the Debtors request that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

WHEREFORE, for the reasons stated above and in the Toth Declaration and the Sanchez Declaration, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  October 12, 2021

Respectfully Submitted,

/s/ *Jack G. Haake*
Marcus A. Helt  (Texas Bar #24052187)
Jack G. Haake  (Admitted Pro Hac Vice)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel: 214.210.2821
Fax: 972.528.5765
mhelt@mwe.com
jhaake@mwe.com

**COUNSEL TO THE DEBTORS
AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

On October 12, 2021, I electronically submitted the foregoing document with the clerk of

the court of the U.S. Bankruptcy Court, Eastern District of Texas, using the electronic case filing

system of the Court and notice of this document will be electronically mailed to the parties that

are registered or otherwise entitled to receive electronic notices in this case pursuant to the

Electronic Filing Procedures in this District.

/s/ *Jack G. Haake*
Jack G. Haake