IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| SPHERATURE INVESTMENTS LLC[1] | § | CASE NO. 20-42492 |
| et al. | § | |
| | § | |

### KENNETH E. HEAD'S LIMITED OBJECTION TO THE FOURTH AMENDED JOINT CHAPTER 11 PLAN

Kenneth E. Head ("**Head**") files this Limited Objection to the Fourth Amended Joint Chapter 11 Plan (the "**Plan**") and would respectfully show the Court as follows:

### SUMMARY

The Debtors are improperly using their plan of reorganization to gain an advantage in pending litigation filed against Head. Throughout the plan, the Debtors have inserted language which Debtors could use to prejudice Head. Rather than simply retaining and preserving the pending litigation against Head, the Debtors are using the Plan in an aggressive manner attempting to expand their rights concerning jurisdiction, defenses and privilege issues. Throughout the Plan, the Debtors have reserved their rights concerning the litigation. Likewise, the Court should either strike the objectionable language or Head should also be granted a broad reservation of rights clarifying that, notwithstanding any language in the Plan or Confirmation Order, all of Head's rights and defenses concerning the Litigation (as defined below) are expressly preserved. Head's objection is limited to the Plan's impact on the Litigation and by filing this

---

[1] The "Debtors" (also referred to herein as "WorldVentures") in the above-described jointly administered Chapter 11 bankruptcy cases ("Cases") are Spherature Investments LLC ("Spherature") EIN#5471, Rovia, LLC ("Rovia") EIN#7705, WorldVentures Marketing Holdings, LLC ("WV Marketing Holdings") EIN#3846, WorldVentures Marketplace, LLC ("WV Marketplace") EIN#6264, WorldVentures Marketing, LLC ("WV Marketing") EIN#3255, WorldVentures Services, LLC ("WV Services") EIN#2220.

---

**KENNETH E. HEAD'S LIMITED OBJECTION TO THE FOURTH AMENDED JOINT CHAPTER 11 PLAN – Page 1**

Objection, Head does not submit to the jurisdiction of the Bankruptcy Court and all rights concerning Head's pending motion to withdraw the reference are expressly preserved.

## BACKGROUND

1. On December 21, 2020, (the "**Petition Date**"), Debtors filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.[2]

2. On February 22, 2021, Debtors filed their Original Complaint and Request for Preliminary Injunction (the "**Complaint**") alleging the following causes of action: (1) breach of contract; and (2) breach of fiduciary duty. Debtors also sought a remedy of injunctive relief.[3] The Complaint is pending as Adv. No. 21-04058 (the "**Litigation**").

3. On April 7, 2021, Head filed Defendant's Motion for Withdrawal of the Reference Pursuant to 11 U.S.C. § 157(d) and FRBP 5011 ("**Motion to Withdraw Reference**").[4] The hearing on the Motion to Withdraw Reference is set for hearing on October 21, 2021.

4. On September 6, 2021, in the Bankruptcy Case, Debtors filed their First Amended Joint Chapter 11 Plan for Spherature Investments LLC and Its Debtor Affiliates.[5] On September 12, 2021, in the Bankruptcy Case, Debtors filed their Second Amended Joint Chapter 11 Plan for Spherature Investments LLC and Its Debtor Affiliates.[6] On September 14, 2021, the Debtors filed their Third Amended Joint Chapter 11 Plan. On September 23, 2021, the Debtors filed the fourth and latest version of the Plan.

---

[2] Case No. 20-42492, Dkt. 1.
[3] Adv. No. 21-04058, Dkt. 1.
[4] Adv. No. 21-04058, Dkt. 72.
[5] Case No. 20-42492, Dkt. 417.
[6] Case No. 20-42492, Dkt. 433.

## LIMITED OBJECTION TO THE PLAN

5. Throughout the Plan, and particularly in the section titled "Preservation of Retained Causes of Action,"[7] there are numerous provisions which allow the Debtors and the Liquidating Trust to retain and preserve their causes of action against any third parties. However, certain language in the Plan goes beyond retaining and preserving such causes of action and actually affords the Debtors and Liquidating Trust new rights. Certain sections of the Plan are so broad and sweeping that they could be read to negatively impact Head's defenses in separate litigation pending before this Court. The Debtors or the Liquidating Trust should not be allowed to expand their rights concerning litigation by burying language deep in the Plan—particularly when the litigation against Head, including Head's defenses, has nothing to do with the Plan. As a general principal, Head objects to any language in the Plan which can be read to adversely impact his defenses and Head should be provided with a broad reservation of rights and remedies in the Litigation so that he is not adversely impacted by the language contained deep in the Plan.

6. Under section 1123(b)(3) of the Bankruptcy Code, a plan can provide for the "retention and enforcement" of litigation. By using the language "retention and enforcement," the Code implies that a plan is not an appropriate vehicle for expanding rights —only retaining and enforcing them.

7. However, the Plan goes beyond mere retention and preservation of claims and actually limits defenses. For example, on page 63 of the Plan, the "Preservation of Retained Causes of Action" specifically provides that "no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, estoppel (judicial, equitable or otherwise) or laches, shall apply to such Retained Cause of Action **upon, after** or as a consequence of the Confirmation or Consummation."

---

[7] Dkt. 459, pp. 62-63.

One of Head's affirmative defenses is equitable estoppel which is based on the prepetition actions of the Debtors' officers in authorizing Seacret to solicit and hire certain employees of the Debtor including Head. These actions taken by the Debtors' officers occurred prepetition and have nothing whatsoever to do with the confirmation of the Plan.

8. Likewise, the Plan operates to expand the Court's post-confirmation jurisdiction in an impermissible manner. Under applicable precedent and circuit authority, post-confirmation jurisdiction is limited and cannot be created in a plan.[8]

9. Article XII titled "Retention of Jurisdiction" has several provisions which purport to give the Bankruptcy Court "exclusive" post confirmation jurisdiction over several matters including jurisdiction to:

> "(5) Adjudicate, decide or resolve any motions, adversary proceedings, contested or litigated matters, any other matters, and grant or deny any applications involving a debtor which may be pending on the Effective Date…."
>
> (6) adjudicate, decide or resolve any and all matters related to Causes of Action.
>
> …
>
> (12) Resolve any cases, controversies, suits, disputes or Causes of Action that may arise in connection with the Consummation, interpretation or enforcement of the Plan or any Entity's obligations incurred with the Plan;
>
> …
>
> (23) hear and determine all disputes involving the existence, nature, or scope of the Debtors' release, including any dispute relating to any liability arising out of the termination of employment or the termination of any employee, regardless of whether such termination occurred before or after the Effective Date."

In the Litigation, Head has a pending motion to withdraw the reference, has made a jury demand and does not consent to the jurisdiction of the Bankruptcy Court concerning the disposition of the Litigation. The hearing on the withdrawal of the reference is scheduled for

---

[8] *In re Craig's Store of Tex., Inc.*, 266 F.3d 388 (5th Cir. 2001). See also, *In re Resorts International, Inc.*, 372F. 3d 154 (3d Cir. 2004).

October 21, 2021. Head objects to the jurisdictional provisions to the extent that they are applicable to the pending adversary.

10.     Moreover, Article IX of the Plan provides for broad releases of those defined to be a "Released Party" but the definition of "Releasing Parties" provides for a carve out for those who opt out of the releases. The broad scope of the releases includes holders of "Claims." As a threshold matter, Head has not filed or asserted a claim in the is bankruptcy case, so under the definition of "Releasing Parties," Head should be not considered a Releasing Party. The broad scope of the third-party release fails to preserve Head's defenses against the Debtors in the Litigation. Accordingly, to the extent applicable, Head objects to the releases and hereby opts out of the releases contained in the Plan in order to preserve any of his defenses in the Litigation.

11.     Likewise, the discharge section set forth in Article IX of the Plan is equally broad and includes claims and "Cause of Action," which includes "right to equitable remedies" and could be interpreted to encompass Head's defenses. To the extent that any of Head's defenses are included in the discharge section, Head objects to the application of any language which would operate to impair any of Head's defenses.

12.     Moreover, the Plan appears to create a privilege rather than maintain or preserve an existing privilege. In a section titled "Preservation of Privilege" on page 63, the Plan provides that Debtors and the Trustee shall be "deemed working in common interest…subject to a common interest privilege." The common interest privilege should only apply to protect privileged documents. "The common interest doctrine would apply to protect privileged information shared in the process of prosecuting estate claims." [9] By creating a privilege by order, the Plan language could operate to prejudice Head in discovery and may have a preclusive effect concerning any discovery.

---

[9] *In re Age Refining, Inc.*, 447 B.R. 786, 806 (W.D. Tex. 2011)

13. For the reasons set forth herein, Head objects to the language in the Plan which improperly impacts Head's defenses as well as Head's pending motion for withdrawal of the reference. Head requests that he be afforded language which broadly reserves and preserves his defenses so he is not adversely impacted by the Plan.

14. Head reserves his rights to supplement or amend this objection.

WHEREFORE, Head requests that any provisions in the Plan and Confirmation Order which adversely affect Head's defenses in the Litigation be stricken or alternatively, that Head be provided a broad reservation of rights so that these provisions do not adversely impact Head's defenses in the Litigation and for such other and further relief to which Head may be entitled.

Respectfully submitted,

SINGER & LEVICK, P.C.

By: /s/Michelle E. Shriro
Todd A. Hoodenpyle
State Bar No. 00798264
hoodenpyle@singerlevick.com
Michelle E. Shriro
State Bar No. 18310900
mshriro@singerlevick.com
16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748

ATTORNEYS FOR
KENNETH E. HEAD

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and upon the following parties via electronic mail on October 14, 2021.

**Via Email:**

Marcus A. Helt (mhelt@mwe.com)
Jack G. Haake (jhaake@mwe.com)
MCDERMOTT WILL & EMERY LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201

                                        /s/Michelle S. Shriro
                                        Michelle E. Shriro