Ryan E. Manns (SBT 24041391)
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
ryan.manns@nortonrosefulbright.com

Bob Bruner (SBT 24062637)
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (717) 6515151
Facsimile: (717) 651-5246
bob.bruner@nortonrosefulbright.com

Counsel for Wayne Nugent, KGS Services, LLC
and Nugent Holdings, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| SPHERATURE INVESTMENTS LLC, *et al.*,[1] | § § § § | Case No. 20-42492 |
| Debtors. | § § § | Jointly Administered |

**WAYNE NUGENT'S INITIAL APPLICATION FOR ALLOWANCE OF AN
ADMINISTRATIVE CLAIM PURSUANT TO SECTION 503(B)(1)(A) OF THE
BANKRUPTCY CODE**

> **Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

---

[1] The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases are: Spherature Investments LLC; Rovia, LLC; WorldVentures Marketing Holdings, LLC; WorldVentures Marketplace, LLC; WorldVentures Marketing, LLC; WorldVentures Services, LLC.

**No hearing will be conducted on this Motion/Objection/Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN TWENTYONE (21) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely matter, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE BRENDA T. RHOADES, CHIEF U.S. BANKRUPTCY JUDGE:**

Wayne Nugent, founder and Chief Executive Officer of the Debtors, hereby files this *Application for Allowance of an Administrative Claim Pursuant to Section 503(B)(1)(A) of the Bankruptcy Code* and respectfully states the following:

**PRELIMINARY STATEMENT**

Mr. Nugent is entitled to an administrative expense claim in the amount of no less than $10,174,394.00 for Mr. Nugent's postpetition actual and necessary costs of preserving the bankruptcy estate. Mr. Nugent's administrative expense claim is divided into two categories: (i) the Debtors are obligated to make a tax distribution to Mr. Nugent in accordance with the WorldVentures Holdings LLC Operating Agreement (as amended and restated) (the "LLC Agreement") in order to satisfy the tax liability that has been triggered by the Spherature Investments, LLC f/k/a Worldventures Holdings, LLC 2020 Form 1065 tax return ("Tax Return") that was prepared by Mazars USA LLP ("Mazars"), in the amount of approximately $10 million; and (ii) the Debtors are obligated to indemnify its officers and directors, including

Mr. Nugent, under the LLC Agreement and make advances for expenses and costs incurred.

Mr. Nugent files this initial application in accordance with the Initial Administrative Expense Claims Bar Date proposed in the Debtors' Plan, to the extent any such date is subsequently approved by the Court. As of the date of this filing, administrative expense obligations owed to Mr. Nugent continue to accrue and Mr. Nugent reserves all rights with respect to the same, including without limitation the right to amend this application and file any subsequent applications.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. The Debtors filed the *Fourth Amended Joint Chapter 11 Plan for Spherature Investments LLC and its Debtor Affiliates* on September 23, 2021 [Dkt. No. 459] (the "Plan").

4. Pursuant to the Plan, the Debtors have proposed a deadline for filing applications for administrative claims that arise on or prior to September 1, 2021 (the "Initial Administrative Claims Bar Date").[2]

5. On October 7, 2021, counsel for the Debtors agreed via confirmation email to extend the filing deadline for the Initial Administrative Claim Bar Date for Mr. Nugent to October 15, 2021.

---

[2] Pursuant to the LLC Agreement, the Debtors are required to make tax distributions "at such times as to permit the Members to timely satisfy estimated tax or other tax payment requirements." As set forth herein, the Debtors provided the Tax Return on September 15, 2021. Mr. Nugent's personal return was due April 15, 2021. Although Mr. Nugent filed for an extension for his personal return until October 15, 2021, any tax obligations were due on April 15, 2021. Accordingly, Mr. Nugent includes obligations related to the tax distribution within this request. Mr. Nugent intends to file an additional administrative expense claim for claims arising after the Initial Administrative Claims Bar Date and reserves all rights with respect to the same.

**RELIEF REQUESTED**

6. Section 503(b)(1) of the Bankruptcy Code allows for the payment of administrative expenses, including "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Section 507(a) of the Bankruptcy Code grants administrative expense claims the second highest priority in distribution. 11 U.S.C. § 507(a). The Fifth Circuit has stated that "[t]he principal purpose of according administrative priority to claims for benefit to the estate is to prevent unjust enrichment of the debtor's estate, rather than to simply compensate the creditor." *Matter of TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1419 (5th Cir. 1992) (quotation and citation omitted).

7. An entity is entitled to an administrative expense claim under section 503(b)(1)(A) of the Bankruptcy Code for, among other things, "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A); *Matter of TransAmerican Nat. Gas Corp.*, 978 F.2d 1409, 1420 (5th Cir. 1992). Claims against a debtor arising after a bankruptcy filing are generally "administrative claims" under the Bankruptcy Code. 11 U.S.C. § 503(b); *Reading Co. v. Brown*, 391 U.S. 471 (1968) (postpetition tort claims are administrative claims); *In re MD Promenade, Inc.*, 2009 WL 80203, at *6 (Bankr. N.D. Tex. Jan. 8, 2009) (postpetition claims for conversion and breach of contract damages were administrative claims).

**A. The Debtors are obligated to make a tax distribution to Mr. Nugent**

8. On September 15, 2021, the Debtors presented Mr. Nugent (in his capacity as a Member of the Worldventures Holdings, LLC and Chief Executive Officer) with a copy of the Tax Return that was prepared by the Debtors' accountant, Mazars.

9. Notwithstanding the Debtors' filing of the Debtors' bankruptcy petition, failure to pay any income or tax distributions to Mr. Nugent or other members in 2020 or 2021 and the

$10,594,774 post-petition losses reflected in the Debtors' August 31, 2021 monthly operating report, at Dkt. No. 453, the Tax Return purports to show gross profits of $50,643,427, and income of $21,805,624.[3]

10. The tax liability associated with this return is estimated to exceed $10 million.[4]

11. Under the LLC Agreement,[5] the Debtors are required to pay a Tax Distribution to Mr. Nugent to satisfy the LLC taxes. Specifically, section 5.5 of the LLC Agreement provides:

> the Company ***shall*** distribute to each Member on a quarterly basis by the 10th (or next succeeding business day) of each of March, June, September, and January of each year (or such other dates as may be appropriate in light of tax payment requirements (each a "*Tax Distribution Date*"), an amount (each a "*Tax Distribution*") in cash equal to (x) the excess, if any, of (A) such Member's Cumulative Tax Liability (as defined in clause (ii) below) over (B) the amounts previously distributed pursuant to this Section 5.5(a)(i). ***For the avoidance of doubt, such distributions shall be made at such times as to permit the Members to timely satisfy estimated tax or other tax payment requirements***.

12. The tax distribution is an actual and necessary expense of the Debtors' estate.

13. The LLC Agreement is not executory and the Debtors have continued to operate pursuant to and benefit from the LLC Agreement post-petition. *See In re THC Financial Corporation*, 446 F. Supp. 1329, 1331 (D. Haw. 1977); *see also In re Van Dyk Research Corp.*, 13 B.R. 487, 506 (D.N.J. 1981) (finding that indemnity provision in a purchase agreement "is not an 'executory contract' under the Bankruptcy Act").

14. The Debtors have breached their obligations under the LLC Agreement post-petition.

---

[3] A redacted excerpt from the return is attached as **Exhibit A**.

[4] In addition, interest and penalties continue to accrue based on the Debtors' untimely provision of the 2020 Return and apparent flaws with the same. Given the Debtors' untimely provision for the 2020 Return and the potential accrual of penalties and interest, the amount of any such penalties and interest cannot be fully ascertained. Mr. Nugent asserts all rights with respect to the same and will amend this application or include claims related to the penalties and interest in a subsequent application, as appropriate.

[5] A true and correct copy of the LLC Agreement is attached as **Exhibit B**.

15. Further, the Debtors could not operate or generate the income absent the LLC Agreement and the organization of the Debtors under the same and accordingly benefit from the LLC Agreement and the obligations thereunder. Moreover, the Debtors have and continue to benefit from the pass-through structure of the Debtors through the retention of income that otherwise would be disbursed to the LLC members and/or the IRS. To be clear, neither Mr. Nugent nor (upon information and belief) any of the Debtors' members received *any* distributions of the over $20 million of income reported on the 2020 Return or throughout the pendency of these bankruptcy cases.

16. It would be unconscionable and inconsistent with the Bankruptcy Code and public policy to consider a scenario where a debtor, having accepted and retained income generated by a company based on a commitment to make tax distributions sufficient to satisfy associated tax liabilities of its members, could simply dispose of those obligations through bankruptcy. Indeed, as courts have recognized, an estate would receive an inequitable windfall if Debtors were not required to comply with their tax obligations, receiving the benefit of income without any of the burdens. *See Jalbert v. McClelland et. al. (In re F-Squared Inv.)*, 2021 WL 3533377, at *7 (Bankr. D. Del. Aug. 10, 2021) (ignoring tax distribution obligations would grant creditors "a windfall at the expense of the shareholders who agreed to take on [the company's] tax liability only if the Tax Distributions were made."); *In re Kenrob Inf. Tech. Solutions, Inc.*, 474 B.R. 799, 802-03 (Bankr. E.D. Va. 2012) ("it is clear that there is a benefit derived by the corporation" from a pass-through structure and the obligations to pay tax distributions on account of the same in that "[i]n addition to the reduction in taxes, the corporation also receive[s] the benefit of not distributing its income to the shareholders even though that income was passed through for tax purposes" and therefore such funds are retained by the company "as operating capital."); *In re*

*Northlake Foods, Inc.*, 483 B.R. 247, 252 (M.D. Fla. 2012) (pass-through election of corporation was reasonable equivalent value for tax distribution paid to shareholder) .

### B. The Debtors' are obligated to indemnify Mr. Nugent for his expenses under the LLC Agreement

17. Under section 3.8 of the LLC Agreement, as an officer of the Debtors, Mr. Nugent is entitled to indemnification for his reasonable expenses. *See* LLC Agreement, at § 3.8 ("The Company shall indemnify the Company's Managers and the Company's officers, employees, and other agents and make advances for expenses to the maximum extent permitted under the NRS.").

18. Mr. Nugent has served as an officer and "nothing now remains save the corporations' obligation to indemnify." *In re THC Financial Corporation*, 446 F. Supp. at 133. Further, because Mr. Nugent has "served in reliance on indemnification," the costs of a successful defense "ought in equity to be borne by the bankrupt's estate." *Id*. at 1332. "Indeed, it is a fundamental tenet that officers and directors lawfully acting on behalf of their corporation should do so at no risk of personal expense or liability in properly performing their duties." *Id*. at 1331. *See also In re Miller*, 290 F.3d 263, 267 (5th Cir. 2002) ("Delaware intended to encourage capable people to serve as corporate employees, officers and directors by permitting corporations to shield them from liability for their official activities.").

19. Mr. Nugent's expenses largely relate to his retention of counsel to respond to extensive discovery propounded by major stakeholders in the cases, conferring with the Debtors on the wind-down of foreign entities, coordinating with the Debtors in connection with prospective bidders that contacted Mr. Nugent, and supporting the Debtors on various issues that have arisen in the case. By way of example, Mr. Nugent's professionals reviewed several thousand pages of documents and subsequently produced thousands of pages of documents in

response to six separate 2004 notices served on Mr. Nugent and his affiliates from the Official Committee of Unsecured Creditors that covered a number of issues. Mr. Nugent also produced thousands of documents to Seacret's counsel and Mr. Head's counsel in connection with the *Seacret Investments LLC, et al. v. Seacret Direct LLC* (Adversary Case No. 21-04059) and *Spherature Investments LLC, et al. v. Head* (Adversary No. 21-04058) adversary proceedings. Mr. Nugent was also required to attend certain hearings as a potential witness in both matters.

20. As previously discussed, Mr. Nugent has been forced to retain tax professionals to assist with the Tax Return.

21. Such professional costs are actual and necessary post-petition expenses of the estate entitled to administrative expense treatment and continue to accrue.

## **PRAYER**

22. For the reasons set forth herein, Mr. Nugent respectfully requests allowance of an initial administrative expense claim in the amount of no less than $10,174,394.00, as well as any further relief Mr. Nugent may be entitled, whether at law or in equity.

Dated: October 15, 2021

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP
By: */s/ Ryan E. Manns*
Ryan E. Manns (SBT 24041391)
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
ryan.manns@nortonrosefulbright.com

Bob Bruner (SBT 24062637)
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone: (717) 6515151
Facsinile: (717) 651-5246
bob.bruner@nortonrosefulbright.com

Counsel for Wayne Nugent, KGS Services, LLC and Nugent Holdings, LLC

### **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing was served upon the counsel and parties of record, electronically through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service, on the 15th day of October, 2021.

*/s/ Ryan E. Manns*
Ryan E. Manns