## LIQUIDATING TRUST AGREEMENT

This Liquidating Trust Agreement (as it may be amended, modified, supplemented or restated from time to time, this "Agreement") dated as of [ • ], 2021, is made and entered into by and among Spherature Investments LLC and its affiliated debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), and Joseph M. Coleman, solely in his capacity as Liquidating Trustee for purposes of this Agreement for the purpose of forming a trust and is executed in connection with and pursuant to the terms of the *[Fourth] Amended Joint Chapter 11 Plan for Spherature Investments LLC and its Debtor Affiliates* [Docket No. •] (as it may be amended, modified, supplemented or restated from time to time, the "Plan"), which Plan provides for, among other things, the establishment of the Liquidating Trust evidenced hereby (the "Liquidating Trust").[1]

### W I T N E S S E T H

WHEREAS, the Chapter 11 Cases were commenced by the Debtors filing voluntary chapter 11 petitions in the Bankruptcy Court on December 21, 2020;

WHEREAS, the Bankruptcy Court confirmed the Plan by order dated [ • ], 2021;

WHEREAS, this Agreement is entered into to effectuate the establishment of the Liquidating Trust as provided in the Plan and the Confirmation Order;

WHEREAS, the Liquidating Trust is established for the benefit of the Liquidating Trust Beneficiaries;

WHEREAS, the Liquidating Trust is established to liquidate the Liquidating Trust Assets for the benefit of the Liquidating Trust Beneficiaries;

WHEREAS, the Liquidating Trust shall have no objective or authority to continue or to engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the purpose of the Liquidating Trust as set forth in this Agreement and the Plan;

WHEREAS, the Liquidating Trust Beneficiaries are entitled to their applicable Liquidating Trust Interests;

WHEREAS, the Liquidating Trust is intended to qualify as a liquidating trust within the meaning of United States Treasury Regulation (hereinafter "Treasury Regulation") Section 301.7701-4(d) and to be exempt from the requirements of the Investment Company Action of 1940;

WHEREAS, the Debtors, the Liquidating Trustee, and the Liquidating Trust Beneficiaries agree to treat, for all federal income tax purposes, the transfer of the Liquidating Trust Assets to the Liquidating Trust as a deemed transfer of the Liquidating Trust Assets by the Debtors to the Liquidating Trust Beneficiaries on account of their Allowed Claims under the Plan, followed by a deemed transfer of the Liquidating Trust Assets by the Liquidating Trust Beneficiaries to the Liquidating Trust in exchange for the beneficial interests herein, and to treat the Liquidating Trust

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Beneficiaries as the grantors and owners of the Liquidating Trust in accordance with Treasury Regulation Section 301.7701-4;

WHEREAS, the Liquidating Trust is intended to be treated as a grantor trust for federal income tax purposes pursuant to I.R.C. Section 671, *et seq.*, with the Liquidating Trust Beneficiaries treated as the grantors of the Liquidating Trust; and

WHEREAS, the Bankruptcy Court shall have jurisdiction over the Liquidating Trust, the Liquidating Trustee, and the Liquidating Trust Assets as provided herein and in the Plan.

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and in the Plan, the Debtors and the Liquidating Trustee agree as follows:

## ARTICLE I
## DEFINITIONS AND INTERPRETATIONS

1.1     <u>Definitions</u>. All capitalized terms used in this Agreement not otherwise defined herein shall have the respective meanings ascribed to such terms in the Plan. The following capitalized terms have the meanings herein as described below:

1.1.1.  "<u>Liquidating Trustee</u>" shall mean (x) initially, the person or entity named in the introductory paragraph to this Agreement as the Liquidating Trustee, and (y) any successors or replacements duly appointed under the terms of this Agreement.

1.1.2.  "<u>Transfer</u>" shall mean, with respect to a Liquidating Trust Interest, any transfer, sale, pledge, assignment, conveyance, gift, bequest, inheritance, grant, distribution, hypothecation or other disposition of or creation or a security interest in such Liquidating Trust Interest, whether voluntarily or by operation of law. "Transferor," "Transferee," and "Transferred" shall have correlative meanings.

1.1.3.  "<u>Trust Beneficiary Claims</u>" shall mean General Unsecured Claims, Non-Opt Out Sales Representative Commission Claims, and Opt Out Sales Representative Commission Claims, as applicable.

1.2     <u>Plan Terms Control</u>.  In the case of any inconsistency between the terms of this Agreement and the terms of the Plan, the terms of the Plan shall govern and control.  This Agreement shall not be construed to impair or limit in any way the rights of any person under the Plan.  Further, references herein to the "Plan" shall also include the terms, provisions and Plan modifications as set forth in the Confirmation Order.

## ARTICLE II
## ESTABLISHMENT, PURPOSE AND FUNDING OF LIQUIDATING TRUST

2.1     <u>Creation and Name; Formation.</u>

2.1.1.   Upon the Effective Date of the Plan, the Liquidating Trust, which is referred to in the Plan, is hereby created. The Liquidating Trustee may conduct the affairs of the Liquidating

Trust under the name of the "Spherature Liquidating Trust," or such variation thereof as the Liquidating Trustee sees fit.

2.2     Purpose of Trust.  The Debtors and the Liquidating Trustee, pursuant to the Plan and the Confirmation Order and in accordance with the Bankruptcy Code, hereby establish the Liquidating Trust (i) for the purpose of collecting, administering, distributing, and liquidating the Liquidating Trust Assets for the benefit of the Liquidating Trust Beneficiaries in accordance with the terms of this Agreement and the Plan and (ii) to make Distributions to the Liquidating Trust Beneficiaries, in each case to the extent required by the Plan.  The Debtors shall have no liability with respect to the distribution or payment of any proceeds of the Liquidating Trust Assets to any of the Liquidating Trust Beneficiaries.  The activities of the Liquidating Trust shall be limited to those activities set forth in this Agreement and as otherwise contemplated by the Plan.  The Liquidating Trust is intended to qualify as a liquidating trust pursuant to Treasury Regulation Section 301.7701-4(d) and the primary purpose of the Liquidating Trust shall be to liquidate and distribute the Liquidating Trust Assets and the Liquidating Trustee understands and agrees that the Liquidating Trust has no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust as set forth in the Plan.

2.3     Transfer of Trust Assets.

        2.3.1.   On or prior to the Effective Date, the Debtors shall have transferred to the Liquidating Trust the Liquidating Trust Assets.  Each Debtor hereby grants, releases, assigns, conveys, transfers, and delivers, on behalf of the Liquidating Trust Beneficiaries, all of the Liquidating Trust Assets owned, held, possessed, or controlled by such Debtor to the Liquidating Trustee as of the Effective Date, in trust for the benefit of the Liquidating Trust Beneficiaries for the uses and purposes as specified in this Agreement and the Plan, and all such Liquidating Trust Assets are automatically vested in the Liquidating Trust without further documentation or instrument of transfer on the Effective Date, free and clear of all liens, claims, encumbrances, and other interests, except as specifically provided in the Plan.

        2.3.2.   For all federal, state, and local income tax purposes, the Debtors, the Liquidating Trust Beneficiaries, and the Liquidating Trustee shall treat the transfer of the Liquidating Trust Assets to the Liquidating Trust as a deemed transfer of the Liquidating Trust Assets by the Debtors to the Liquidating Trust Beneficiaries on account of their Allowed Claims under the Plan, followed by a deemed transfer of the Liquidating Trust Assets by the Liquidating Trust Beneficiaries to the Liquidating Trust in exchange for their beneficial interests in the Liquidating Trust.  Thus, the Liquidating Trust Beneficiaries shall be treated as the grantors and owners of the Liquidating Trust for federal income tax purposes.

2.4     Capacity of Trust.  Notwithstanding any state or federal law to the contrary or anything herein, the Liquidating Trust shall itself have the capacity, in its own right and name, to act or refrain from acting, including the capacity to sue and be sued and to enter into contracts.  The Liquidating Trust may alone be the named movant, respondent, party plaintiff or defendant, or the like in all adversary proceedings, contested matters, and other state or federal proceedings brought by or against it, and may settle and compromise all such matters in its own name.

2.5     Nature of Trust.  The Liquidating Trust is irrevocable but this Agreement is subject to amendment and waiver as provided in this Agreement.  The Liquidating Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, limited liability partnership, joint venture, corporation, limited liability company, joint stock company, or association, nor shall the Liquidating Trustee, or the Liquidating Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers.  The relationship of the Liquidating Trust Beneficiaries, on the one hand, to the Liquidating Trust and the Liquidating Trustee, on the other hand, shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Agreement, the Plan, and the Confirmation Order.

2.6     Effectiveness.  The effectiveness of this Agreement shall occur upon the Effective Date of the Plan.

## ARTICLE III
## ADMINISTRATION OF THE TRUST

3.1     Rights, Powers and Privileges.   In connection with the administration of the Liquidating Trust, except as set forth in this Agreement and the Plan, the Liquidating Trustee is authorized to perform any and all acts necessary or desirable to accomplish the purposes of the Liquidating Trust (including, without limitation, all powers, rights, and duties under applicable law); provided that the Liquidating Trustee shall not perform any acts that are inconsistent with this Agreement and/or the Plan.  For the avoidance of doubt, the Liquidating Trust and the Liquidating Trustee are not responsible for the Wind Down of the Debtors and the Debtors' non-Debtor Affiliates.  The Liquidating Trust and the Liquidating Trustee, as applicable, shall have all of the rights and powers granted to the Debtors in the Plan as it pertains to Liquidating Trust Beneficiaries, such as, by example only, and in addition to any powers and authority specifically set forth in other provisions of the Plan, the power to:

3.1.1.   effect all actions and execute all agreements, instruments and other documents necessary to reconcile and resolve Claims;

3.1.2.   establish, as necessary, bank accounts for the deposit and distribution of all amounts to be distributed under the Plan;

3.1.3.   in reliance upon the Debtors' bankruptcy schedules, statement of financial affairs and the official Claims register maintained in the Chapter 11 Cases, maintain a register evidencing the beneficial interest herein held by each Liquidating Trust Beneficiary and, in accordance with section 8.1 of this Agreement, such register may be the official Claims register maintained in the Chapter 11 Cases;

3.1.4.   review, reconcile, allow, object to, compromise, settle, and withdraw objections to Claims, as appropriate;

3.1.5.   establish, adjust, and maintain reserves for Claims required to be administered by the Liquidating Trust;

3.1.6.   calculate and make Distributions in accordance with the Plan to Holders of Allowed Claims;

3.1.7.   enforce, prosecute, and settle claims, interests, rights, and privileges related to Claims, objections to Claims and Causes of Action;

3.1.8.   employ and compensate, without Bankruptcy Court approval, professionals, including the Trustee's Firm (as defined below), Professionals employed in the Chapter 11 Cases, and former employees of the Debtors, to represent and/or aid the Liquidating Trustee with respect to the Liquidating Trustee's responsibilities in a manner and upon terms deemed appropriate by the Liquidating Trustee;

3.1.9.   cause the Liquidating Trust to make all tax withholdings, file tax information returns, file and prosecute tax refund claims, make tax elections by and on behalf of the Liquidating Trust, and file tax returns for the Liquidating Trust as a grantor trust under IRC section 671 and Treasury Regulation section 1.671-4 pursuant to and in accordance with the Plan and this Agreement, and pay taxes, if any, payable for and on behalf of the Liquidating Trust;

3.1.10. to manage, oversee, liquidate, wind down, sell, assign, transfer, or deal in any other manner with the Liquidating Trust Assets or any part thereof or any interest therein, and to sell and dispose of the Liquidating Trust Assets for cash or upon such terms and for such consideration as the Liquidating Trustee deems proper in its discretion;

3.1.11. to appear and participate in any proceeding before the Bankruptcy Court or any other court with respect to any matter regarding or relating to the Chapter 11 Cases, the Plan, the Confirmation Order, or the Liquidating Trust and be entitled to notice and opportunity for a hearing on all such issues;

3.1.12. to execute, deliver, and perform such other agreements and documents and to take or cause to be taken any and all such other actions as it may deem necessary or desirable to effectuate and carry out the purposes of this Trust Agreement; and

3.1.13. exercise such other powers as may be vested in the Liquidating Trustee by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Liquidating Trustee to be necessary and proper to implement the provisions of the Plan as it pertains to Claims, the Liquidating Trust Assets, the Liquidating Trust Beneficiaries, and the purpose of the Liquidating Trust.

3.2     Binding Nature of Trustee's Actions.  All actions taken and determinations made by the Trustee hereunder in accordance with the provisions of the Plan, Confirmation Order or this Agreement shall be final and binding upon any and all Persons, including Liquidating Trust Beneficiaries.

3.3     Agents and Professionals.  The Liquidating Trustee may, but shall not be required to, consult with and retain attorneys (including the Trustee's Firm), accountants, real estate brokers, financial advisors, appraisers, valuation counselors, transfer agents, a third-party disbursing agent, expert witnesses or other parties deemed by the Liquidating Trustee to have qualifications necessary to assist in the proper administration of the Liquidating Trust.  The Liquidating Trustee may pay the

reasonable salaries, fees, and expenses of such persons, including contingency fees, out of the Liquidating Trust Assets without further notice, authorization, Court Order or approval.

3.4  <u>Investment and Safekeeping of Trust Assets</u>.  All Liquidating Trust Assets received by the Liquidating Trust shall, until distributed or paid as provided in this Agreement or the Plan, be held in the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries.  The Liquidating Trustee shall be under no obligation to generate or produce, or have any liability for, interest or other income on any monies received by the Liquidating Trust and held for distribution or payment to the Liquidating Trust Beneficiaries, except as such interest or income shall be actually received by the Liquidating Trustee.  Investments of any monies held by the Liquidating Trustee shall be administered in view of the manner in which individuals of ordinary prudence, discretion, and judgment would act in the management of their own affairs; <u>provided</u>, <u>however</u>, that the right and power of the Liquidating Trustee to invest monies held by the Liquidating Trustee, or any income earned by the Liquidating Trust shall be limited to the right and power to invest such monies, pending periodic Distributions in accordance with the terms hereof and the Plan.  For the avoidance of doubt, the investment powers of the Liquidating Trustee in this Agreement, other than those reasonably necessary to maintain the value of the Liquidating Trust Assets and the liquidation purpose of the Liquidating Trust, are limited to powers to invest in demand and time deposits, such as short-term certificates of deposits, in banks or other savings institutions, or other temporary, liquid investments, such as treasury bills, and in all cases limited only to those assets permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d).

3.5  <u>Limitations on Liquidating Trustee</u>.  On behalf of the Liquidating Trust or the Liquidating Trust Beneficiaries, the Liquidating Trustee shall not at any time: (i) enter into or engage in any trade or business (other than the management and disposition of the Liquidating Trust Assets), and no part of the Liquidating Trust Assets or the proceeds, revenue, or income therefrom shall be used or disposed of by the Liquidating Trust in furtherance of any trade or business, (ii) except as provided in section 3.4 hereof and below, reinvest any Liquidating Trust Assets, or (iii) take any action that would jeopardize treatment of the Liquidating Trust as a "liquidating trust" for federal income tax purposes.

3.5.1.  Other than as contemplated by the Plan or this Agreement, the Liquidating Trustee is not empowered to incur indebtedness.

3.5.2.  The Liquidating Trustee may invest Cash of the Liquidating Trust, including any earnings thereon or proceeds therefrom, any Cash realized from the liquidation of the Liquidating Trust Assets, or any Cash that is remitted to the Liquidating Trust from any other Person, which investments, for the avoidance of doubt, will not be required to comply with section 345(b) of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that such investments must be investments that are permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d), as reflected therein, or under applicable guidelines, rulings, or other controlling authorities.  The Liquidating Trustee shall have no liability in the event of the insolvency or failure of any institution in which they have invested any funds of the Liquidating Trust.

3.5.3.  The Liquidating Trustee shall hold, collect, conserve, protect, and administer the Liquidating Trust Assets in accordance with the provisions of this Agreement and the Plan, and pay and distribute amounts as set forth herein for the purposes set forth in this Agreement.  Any

determination by the Liquidating Trustee as to what actions are in the best interest of the Liquidating Trust shall be determinative.

      3.5.4.   The Liquidating Trustee shall have no responsibility or role whatsoever in reviewing, objecting to or otherwise having any involvement with regard to Professional Fee Claims.

    3.6   <u>Bankruptcy Court Approval of Liquidating Trustee Actions</u>.  Except as expressly provided in the Plan or otherwise specified in this Agreement, the Liquidating Trustee need not obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder, or account to the Bankruptcy Court.  Except as otherwise expressly provided herein, the Liquidating Trustee shall exercise its reasonable business judgment for the benefit of the Liquidating Trust Beneficiaries in order to maximize the value of the Liquidating Trust Assets and Distributions, giving due regard to the cost, risk, and delay of any course of action. Notwithstanding the foregoing, the Liquidating Trustee shall have the right to submit to the Bankruptcy Court any question or questions, disputes, or other issues regarding which the Liquidating Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the Liquidating Trust with respect to any of the Liquidating Trust Assets, this Agreement, or the Plan, including the administration, or distribution of any of the Liquidating Trust Assets.  The Bankruptcy Court shall retain jurisdiction and power for such purposes and shall approve or disapprove any such proposed action upon motion by the Liquidating Trust.

    3.7   <u>Reliance by Trustee</u>:

        (a)   The Liquidating Trustee may rely, and shall be fully protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by them to be genuine and to have been signed or presented by the proper party or parties;

        (b)   The Liquidating Trustee may consult with any and all of the Liquidating Trustee's professionals and the Liquidating Trustee shall not be liable for any action taken or omitted to be taken by the Liquidating Trustee in accordance with the advice of such professionals; and

        (c)   Persons dealing with the Liquidating Trustee shall look only to the Liquidating Trust Assets, and no other asset or property of any kind or character to satisfy any liability incurred, including judgments or orders of any court, by the Liquidating Trustee to such Person in carrying out the terms of this Agreement, and the Liquidating Trustee shall not have any personal obligation to satisfy any such liability.

    3.8   <u>Valuation of Trust Assets</u>.  The Liquidating Trustee shall apprise the Liquidating Trust Beneficiaries of the value of the Liquidating Trust Assets by notice filed with the Court and served solely via CM/ECF filing notice.  The Debtors, the Liquidating Trust Beneficiaries, and the Liquidating Trust will report annually, beginning January 2022, the valuation of the assets transferred to the Liquidating Trust.  Such consistent valuations and revised reporting will be used for all federal, state, local, or other income tax purposes. Income, deductions, gain, or loss from the

Liquidating Trust shall be reported to the Liquidating Trust Beneficiaries of the Liquidating Trust in conjunction with the filing of the Liquidating Trust's income tax returns. Each Trust Beneficiary shall report income, deductions, gain, or loss on such Trust Beneficiary's income tax returns. Any dispute regarding the valuation of Liquidating Trust Assets shall be resolved by the Bankruptcy Court.

3.9     Abandonment. If, in the Liquidating Trustee's reasonable judgment, any non-cash Liquidating Trust Assets cannot be sold in a commercially reasonable manner or the Liquidating Trustee believes in good faith that such property has inconsequential value to the Liquidating Trust or its Liquidating Trust Beneficiaries, the Liquidating Trustee shall have the right to cause the Liquidating Trust to abandon or otherwise dispose of such property.

3.10     Representative Status of Trustee. The Trustee will directly and indirectly be an estate representative solely with respect to Liquidating Trust Assets and, subject to the Plan and Confirmation Order, will have the rights and powers provided for in the Bankruptcy Code, including Section 1107 thereof, in addition to all rights and powers granted in this Agreement. Subject to the Plan and Confirmation Order, the Trustee will be the successor-in-interest to the Debtors with respect to any action that is a Liquidating Trust Asset, including any Causes of Action, which was or could have been commenced by the Debtors prior to the Effective Date, and shall be deemed substituted for the Debtors as the party in such action. Subject to the Plan and Confirmation Order, all Causes of Action or other rights of the Debtors appurtenant to the Liquidating Trust Assets are preserved and retained and may be enforced by the Liquidating Trustee as an estate representative, subject only to any express waiver or release thereof in the Plan, Confirmation Order, or in any other contract, instrument, release, indenture, or other agreement entered into in connection with the Plan and Confirmation Order. To the extent there is disagreement with the Debtors or any other party as to the rights and duties of the Liquidating Trustee vis-à-vis the other party (or vice-versa), the Liquidating Trustee shall (or the other party may) seek appropriate interpretation of the Plan, the Confirmation Order, and this Agreement by the Bankruptcy Court, after notice and a hearing.

3.11     No Implied Obligations. No other further covenants or obligations of the Liquidating Trustee shall be implied into this Agreement. The Liquidating Trustee shall not be responsible in any manner whatsoever for the corrections of any recital, statement, representation, or warranty herein, or in any documents or instruments evidencing or otherwise constituting a part of the Trust Assets.

## ARTICLE IV
## DISTRIBUTIONS FROM THE TRUST

4.1     Distributions to Beneficiaries from Liquidating Trust Assets. After the Effective Date, as and to the extent required by the Plan, the Liquidating Trustee shall make Distributions from the Liquidating Trust Assets in accordance herewith to Liquidating Trust Beneficiaries in respect of their Liquidating Trust Interests.

4.1.1.   All payments to be made by the Liquidating Trust to any Liquidating Trust Beneficiary shall be made only in accordance with the Plan, the Confirmation Order, and this Liquidating Trust Agreement and from the Liquidating Trust Assets (or from the income and proceeds realized from the Liquidating Trust Assets, if any) net of the Liquidating Trust Reserve, as

defined in Section 4.2 below, the Disputed Claims Reserve, and other reserves established by the Liquidating Trustee or otherwise required by the Plan, if any, and only to the extent that the Liquidating Trust has sufficient Liquidating Trust Assets (or income and proceeds realized from the Liquidating Trust Assets) to make such payments in accordance with and to the extent provided for in the Plan, the Confirmation Order, and this Liquidating Trust Agreement.  Any reserve account created by the Liquidating Trustee may be established by opening a separate bank account, bookkeeping entries or similar method.

4.1.2.  Net Distributable Assets consisting of Tier I Proceeds shall be Distributed on a Pro Rata Basis to Holders of Tier I Liquidating Trust Interests. Net Distributable Assets consisting of Tier II Proceeds shall be Distributed on a Pro Rata Basis to Holders of Tier II Liquidating Trust Interests.

4.2     Distributions; Withholding.  The Liquidating Trustee shall make Distributions to Liquidating Trust Beneficiaries as provided in the Plan; *provided, however*, that the Liquidating Trustee may retain and supplement from time to time a reserve from the Liquidating Trust Assets (the "Liquidating Trust Reserve") in such amount (i) as is reasonably necessary to satisfy the obligations under the Plan and meet contingent liabilities and to maintain the value of the Liquidating Trust Assets during the term of the Liquidating Trust, and (ii) to pay the Liquidating Trust Expenses and projected Trust Expenses.  The funding of the Liquidating Trust Reserve may preclude or reduce Distributions to Liquidating Trust Beneficiaries.  All such Distributions shall be made as provided, and subject to any withholding or reserve, in this Liquidating Trust Agreement, the Plan, or the Confirmation Order.  Additionally, the Liquidating Trustee may withhold from amounts distributable to any Liquidating Trust Beneficiary any and all amounts, determined in the Liquidating Trustee's sole discretion, to be (i) required by any law, regulation, rule, ruling, directive, or other governmental requirement and (ii) necessary or appropriate for the Liquidating Trust Reserve.  In addition, all Distributions under this Liquidating Trust Agreement shall be net of the actual and reasonable costs of making such Distributions.  The Liquidating Trustee shall distribute Net Distributable Assets, if any, to the Liquidating Trust Beneficiaries on account of their Liquidation Trust Interests at least annually, to the extent it determined the Liquidating Trust has sufficient cash available for distribution from all net cash income and all other cash received by the Liquidating Trust.

4.3     Timing of Distributions.  Any payment or other distribution required to be made under the Plan on a day other than a business day shall be due on the next succeeding business day, but shall be deemed to have been made on the required date.  Any payment of Cash to be made pursuant to the Plan, subject to the terms hereof, shall be deemed made, if by electronic wire transfer, when the applicable electronic wire transfer is initiated by the sending bank or, if by check drawn on a domestic bank, when the earliest occurs of depositing in the mail for the entitled recipient, receipt by the entitled recipient, or delivery to a third party delivery service for delivery to the entitled recipient.

4.4     Payments Limited to Trust Assets.  All payments to be made by the Liquidating Trustee to or for the benefit of any Liquidating Trust Beneficiary shall be made only to the extent that the Liquidating Trust has sufficient funds or reserves to make such payments in accordance with this Agreement and the Plan.  Each Liquidating Trust Beneficiary shall have recourse only to the Liquidating Trust Assets for Distributions under this Agreement and the Plan.

4.5     Fees and Expenses.  The Liquidating Trustee is authorized to pay the Trust Expenses from the Liquidating Trust Assets without further Court approval or Court Order.

4.6     Priority of Distributions.  Any recovery by the Liquidating Trust on account of the Liquidating Trust Assets shall be applied in accordance with the Plan; provided, however, that the Liquidating Trust must pay or reserve for all of its projected potential expenses before making Distributions to Liquidating Trust Beneficiaries.

4.7     Compliance with Laws.  Any and all Distributions of Liquidating Trust Assets shall be in compliance with applicable laws except as may be expressly provided herein or in the Plan. Without limiting the generality of the foregoing, (a) the Liquidating Trustee shall make Distributions from the Liquidating Trust to the Liquidating Trust Beneficiaries at least annually, to the extent it determines the Liquidating Trust has sufficient cash available for distribution from all net cash income and all other cash received by the Liquidating Trust; provided, however, that the Liquidating Trustee may, to the extent consistent with applicable law as to liquidating trusts (*e.g.*, Revenue Procedure 82-58, 1982-2 C.B. 847, as amplified by Revenue Procedure 91-15, 1991-1 C.B. 484 and Revenue Procedure 94-45, 1994-2 C.B. 684), retain such amounts (i) as are reasonably necessary to meet contingent liabilities (including Disputed Claims), and to maintain the value of the Liquidating Trust Assets during the term of the Liquidating Trust, (ii) to pay reasonable administrative expenses including, without limitation, the compensation and the reimbursement of reasonable, actual and necessary costs, fees (including attorneys' and other professional fees) and expenses of the Liquidating Trustee in connection with the performance of the Liquidating Trustee's duties in connection with this Agreement and any amounts owed to the Liquidating Trustee pursuant to the terms hereof, and (iii) to satisfy all other liabilities incurred, assumed or projected by the Liquidating Trust (or to which the Liquidating Trust Assets are otherwise subject) in accordance with the Plan and this Agreement and (b) the Liquidating Trustee, in its discretion, may cause the Liquidating Trust to withhold and / or pay to the appropriate tax authority from amounts distributable from the Liquidating Trust to any Holder of a Trust Beneficiary Claim any and all amounts as may be sufficient to pay the maximum amount of any tax or other charge that has been or might be assessed or imposed by any law, regulation, rule, ruling, directive, or other governmental requirement on such Holder or the Liquidating Trust with respect to the amount to be distributed to such Holder.  The Liquidating Trustee shall determine such maximum amount to be withheld by the Liquidating Trust in its sole, reasonable discretion and shall cause the Liquidating Trust to distribute to the Holder any excess amount withheld.  All such amounts withheld and paid to the appropriate tax authority (or reserved pending resolution of the need to withhold) shall be treated as amounts distributed to such Holders of Claims for all purposes of this Agreement.

4.8     Setoff Rights.  The Liquidating Trustee may, but shall not be required to, setoff against or recoup from the holder of any Claim (including any Liquidating Trust Beneficiary) on which payments or other Distributions are to be made hereunder, claims or defenses of any nature that the Liquidating Trust may have against such Person.  However, neither the failure to do so, nor the allowance of any Claim under the Plan or otherwise, shall constitute a waiver or release of any such claim, defense, right of setoff, or right of recoupment against the holder of such Allowed Claim.

4.9     Right to Object to Claims.  The Liquidating Trustee shall have the exclusive responsibility and authority for administering, disputing, compromising, and settling or otherwise

resolving and finalizing payments or other Distributions with respect to Holders of Claims, all without Bankruptcy Court approval, and may object to any such Claim until the later of two hundred seventy (270) days following the Effective Date and such later date as may be approved by the Bankruptcy Court.  The Liquidating Trustee at any time may move the Bankruptcy Court for an extension (including multiple extensions) of such Claim objection deadline. The Liquidating Trustee shall generally prosecute objections to Claims pending as of the Effective Date and any additional objections it determines to file from and after the Effective Date but shall be entitled to exercise any and all judgment and discretion with respect to the manner in which to defend against or settle any Claims.  In addition, subject to the foregoing sentence, the Trustee may, at any time, request that the Bankruptcy Court estimate any Contingent Claim, Disputed Claim, or Unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether any party previously objected to or sought estimation of such Claim.

4.10    No Distributions Pending Allowance.  If a Claim or any portion of a Claim is Disputed, no payment or distribution shall be made on account of any portion of such Claim unless and until all objections to such Claim are resolved by Final Order or as otherwise permitted by the Plan or this Agreement.

4.11    Unclaimed and Undeliverable Distributions.  In the event that any distribution to any holder is returned as undeliverable, no further distribution to such holder shall be made and the Liquidating Trust shall have no further responsibility regarding such returned distribution. Distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of ninety (90) months from the Effective Date.  After such date, all unclaimed property or interests in property shall revert to the Liquidating Trust without need for a further order by the Bankruptcy Court (notwithstanding any applicable federal or state escheat, abandoned, or unclaimed property laws to the contrary), and the Claim of any holder to such property or Interest in property shall be disallowed, discharged and forever barred.

4.12    Conflicting Claims.  If any conflicting claims or demands are made or asserted with respect to the beneficial interest of a Liquidating Trust Beneficiary under this Agreement, or if there is any disagreement between the assignees, transferees, heirs, representatives, or legatees succeeding to all or a part of such an interest resulting in adverse claims or demands being made in connection with such interest, then, in any of such events, the Liquidating Trustee shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands.

4.12.1. The Liquidating Trustee, at its sole election, may elect to cause the Liquidating Trust to make no payment or distribution with respect to the beneficial interest subject to the conflicting claims or demand, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands.  Neither the Liquidating Trust nor the Liquidating Trustee shall be or become liable to any of such parties for their refusal to comply with any such conflicting claims or demands, nor shall the Liquidating Trust or Liquidating Trustee be liable for interest on any funds which may be so withheld.

4.12.2. The Liquidating Trustee shall be entitled to refuse to act until either (i) the rights of the adverse claimants have been adjudicated by a final order of the Bankruptcy Court or (ii) all differences have been resolved by a valid written agreement among all such parties to the satisfaction of the Liquidating Trustee, which agreement shall include a complete release of the

Liquidating Trust and Liquidating Trustee.  Until the Liquidating Trustee receives written notice that one of the conditions of the preceding sentence is met, the Liquidating Trustee may deem and treat as the absolute owner under this Agreement of the beneficial interest in the Liquidating Trust the Liquidating Trust Beneficiary identified as the owner of that interest in the books and records maintained by the Liquidating Trustee.  The Liquidating Trustee may deem and treat such Liquidating Trust Beneficiary as the absolute owner for purposes of receiving Distributions and any payments on account thereof for federal and state income tax purposes, and for all other purposes whatsoever.

 4.12.3. In acting or refraining from acting under and in accordance with this <u>Section 4.12</u> of the Agreement, the Liquidating Trustee shall be fully protected and incur no liability of any kind or character whatsoever to any purported claimant or any other Person to the extent set forth in <u>Article VI</u> of this Agreement.

**ARTICLE V**
**INTERESTS AND BENEFICIARIES**

 5.1 <u>Identification and Addresses of Liquidating Trust Beneficiaries</u>.  In order to determine the actual names and addresses of the Liquidating Trust Beneficiaries, the Liquidating Trustee may, but is under no obligation to, deliver a notice to the Liquidating Trust Beneficiaries. Such notice may include a form for each Liquidating Trust Beneficiary to complete in order to be properly registered as a Liquidating Trust Beneficiary and be eligible for Distributions under the Liquidating Trust.  Such form may request the Liquidating Trust Beneficiary's federal taxpayer identification number or social security number if the Liquidating Trustee determines that such information is necessary to fulfill the Liquidating Trust's tax reporting and withholding obligations. A Liquidating Trust Beneficiary may, after the Effective Date, select an alternative mailing address, but only by notifying the Liquidating Trustee in writing via prepaid U. S. certified mail, return receipt requested, of such alternative distribution address.  Absent receipt of such notice, the Liquidating Trustee shall not be obligated to recognize any such change of address.  For Distributions, the Liquidating Trustee shall use the address set forth in the applicable proof of claim (or in the bankruptcy schedules if no proof of claim was filed).  The Liquidating Trustee shall have no obligation to refer to or use for Distributions, Claim objections or otherwise, any other address of any Liquidating Trust Beneficiary, including addresses set forth on ballots, pleadings or otherwise. The Liquidating Trustee, in its reasonable discretion, may suspend Distributions to any Liquidating Trust Beneficiary that has not provided its federal taxpayer identification number or social security number, as the case may be, after a request is made pursuant to this Section 5.1.  If tax information is not provided within forty-five (45) days after an initial request, the applicable Liquidating Trust Beneficiary's underlying claim will be expunged and its Liquidating Trust Interest disallowed for all purposes of this Agreement to the extent provided under the Plan.  Each Liquidating Trust Beneficiary's Liquidating Trust Interest is dependent upon such Liquidating Trust Beneficiary's classification under the Plan and the status of its Allowed Claim.

 5.2 <u>Beneficial Interest Only</u>.  The ownership of a Liquidating Trust Interest shall not entitle any Liquidating Trust Beneficiary to any title in or to, possession of, management of, or control of any of the Liquidating Trust Assets or to any right to call for a partition or division of such Liquidating Trust Assets or to require an accounting, except as specifically provided herein.  Except as expressly provided in this Agreement, a Liquidating Trust Beneficiary shall not have standing to

12

direct or to seek to direct the Liquidating Trust or Liquidating Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person upon or with respect to the Liquidating Trust Assets.

5.3     Ownership of Beneficial Interests Hereunder.  Each Liquidating Trust Beneficiary shall own a beneficial interest in the Liquidating Trust (as represented by the Liquidating Trust Interest(s) issued to such Liquidating Trust Beneficiary consistent with the Plan).  The record holders of the Liquidating Trust Interests shall be recorded and set forth in a registry maintained by, or at the direction of, the Liquidating Trustee expressly for such purpose.

5.4     Evidence of Beneficial Interest.

5.4.1.  Ownership of a Liquidating Trust Interest shall not be evidenced by any certificate, security, or receipt (unless otherwise determined by the Liquidating Trustee) or in any other form or manner whatsoever.  Ownership of the Liquidating Trust Interests shall be maintained on books and records of the Liquidating Trust maintained by the Liquidating Trustee, which may be the official claims register maintained in the Chapter 11 Cases.  The Liquidating Trustee shall, upon the written request of a holder of a beneficial interest, provide reasonably adequate documentary evidence of such holder's Claim, as indicated on the books and records of the Liquidating Trust. The expense of providing such documentation shall be borne by the requesting holder.

5.5     No Right to Accounting.  Except as set forth in sections 7.4 and 7.9 of this Agreement, neither the Liquidating Trust Beneficiaries nor their successors, assigns, creditors, or any other Person shall have any right to an accounting by the Liquidating Trustee, and the Liquidating Trustee shall not be obligated to provide any accounting to any Person.  Nothing in this Agreement is intended to require the Liquidating Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust or as a condition for making any advance, payment, or distribution out of proceeds of Liquidating Trust Assets.

5.6     No Standing.  Except as expressly provided in this Agreement, if at all, a Liquidating Trust Beneficiary shall not have standing to direct or to seek to direct the Liquidating Trust or Liquidating Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person upon or with respect to the Liquidating Trust Assets.

5.7     Requirement of Undertaking.  The Liquidating Trustee may request the Bankruptcy Court to require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Liquidating Trustee for any action taken or omitted by it as Liquidating Trustee, the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; provided, however, that the provisions of this section 5.7 shall not apply to any suit by the Liquidating Trustee.

5.8     Limitation on Transferability.  It is understood and agreed that the Liquidating Trust Interests shall be non-transferable and non-assignable during the term of this Agreement other than if transferred by will, intestate succession, or otherwise by operation of law.  Any such Transfer by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Liquidating Trustee, and the Liquidating Trustee may continue to cause the Liquidating Trust to

pay all amounts to or for the benefit of the assigning Liquidating Trust Beneficiaries until receipt of proper notification and proof of such Transfer.  The Liquidating Trustee may rely upon such proof without the requirement of any further investigation.  Notwithstanding any other provision to the contrary, the Liquidating Trustee may disregard any purported Transfer of Claims by will, intestate succession or operation of law if sufficient necessary information (as reasonably determined by the Liquidating Trustee), including applicable tax-related information, is not provided by such purported transferee or assignee to the Liquidating Trustee.

5.9     Exemption from Registration.   The parties hereto intend that the rights of the Liquidating Trust Beneficiaries arising under this Agreement shall not be "securities" under applicable laws, but none of the parties hereto represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities law. If such rights constitute securities, the exemption from registration provided by section 1145 of the Bankruptcy Code and under applicable securities laws shall apply to their issuance under the Plan. No party to this Agreement shall make a contrary or different contention.

## ARTICLE VI
## THIRD PARTY RIGHTS AND LIMITATION OF LIABILITY

6.1     Parties Dealing With the Trustee.   In the absence of actual knowledge to the contrary, any Person dealing with the Liquidating Trust or the Liquidating Trustee shall be entitled to rely on the authority of the Liquidating Trustee or any of the Liquidating Trustee's agents to act in connection with the Liquidating Trust Assets.  No Person that may deal with the Liquidating Trustee shall have any obligation to inquire into the validity or expediency or propriety of any transaction by the Liquidating Trustee or any agent of the Liquidating Trustee.

6.2     Limitation of Trustee's Liability.   Notwithstanding anything herein, the Plan or the Confirmation Order to the contrary, in exercising the rights granted herein, the Liquidating Trustee shall exercise its best reasonable judgment, to the end that the affairs of the Liquidating Trust shall be properly managed and the interests of all the Liquidating Trust Beneficiaries are reasonably safeguarded; but notwithstanding the foregoing or anything to the contrary in this Agreement, the Liquidating Trustee shall not incur any responsibility or liability of any kind of character whatsoever for any reason, including by reason of any error of law or of any matter or thing done or suffered or omitted to be done under or related to this Agreement, its duties, obligations, activities, or actions as Liquidating Trustee or otherwise related directly or indirectly thereto, unless a Court determines in a Final Order that such action or omission complained of or damage allegedly incurred thereby is solely a direct result of the Liquidating Trustee's gross negligence, fraud, or willful misconduct.  The Liquidating Trustee's obligations, duties, and responsibilities under the Plan, the Confirmation Order, and this Agreement are qualified in their entirety by the availability of and reasonable likelihood of recovery of sufficient assets or Cash to fund the Liquidating Trustee's activities.  Upon the appointment of a successor Liquidating Trustee and the delivery of the then remaining Liquidating Trust Assets to the successor Liquidating Trustee, the predecessor Liquidating Trustee and any of its respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, real estate brokers, transfer agents, distribution agents, managers, members, officers, partners, predecessors, principals, professional persons, representatives, affiliate, employer, and successors shall have no further liability or responsibility with respect thereto (other than liabilities arising prior to the cessation of its role as

Liquidating Trustee).  A successor Liquidating Trustee shall have no duty to examine or inquire into the acts or omissions of its immediate or remote predecessor, and no successor Liquidating Trustee shall be in any way liable for the acts or omissions of any predecessor Liquidating Trustee, unless a successor Liquidating Trustee expressly assumes such responsibility.  A predecessor Liquidating Trustee shall have no liability for the acts or omissions of any immediate or subsequent successor Liquidating Trustee for any events or occurrences subsequent to the cessation of its role as Liquidating Trustee.

        6.3    Indemnification.  The Liquidating Trustee and each of its respective accountants, agents, assigns, attorneys (including the Trustee's Firm), bankers, consultants, directors, employees, executors, financial advisors, investment bankers, real estate brokers, transfer agents, independent contractors, managers, members, officers, partners, predecessors, principals, professional persons, representatives, affiliate, employer, successors and the Trustee's Firm (each, an "Indemnified Party") shall be indemnified for, and defended and held harmless against, by the Liquidating Trust and solely from the Liquidating Trust Assets, any loss, liability, damage, judgment, fine, penalty, claim, demand, settlement, cost, or expense (including the reasonable attorney, other professional and related costs of defense) actually incurred without being solely a direct result of gross negligence, willful misconduct, or fraud on the part of the applicable Indemnified Party (which gross negligence, willful misconduct, or fraud, if any, must be determined by a final, non-appealable order of a court of competent jurisdiction) for any action taken, suffered, or omitted to be taken by the Indemnified Parties in connection with the acceptance, administration, exercise, and performance of their duties under the Plan or this Agreement.  An act or omission taken with the approval of the Bankruptcy Court, and not inconsistent therewith, will be conclusively deemed not to constitute gross negligence, willful misconduct, or fraud.  The amounts necessary for the indemnification provided in this Section 6.3 (including, but not limited to, any costs and expenses incurred in enforcing the right of indemnification in this Section 6.3) shall be paid by the Liquidating Trustee out of the Liquidating Trust Assets.  The Liquidating Trustee shall not be personally liable nor shall any law firm for whom the Liquidating Trustee is employed, including Kane Russell Coleman Logan PC ("Trustee Firm"), be liable for the payment of any Trust expense or claim or other liability of the Liquidating Trust, and no Person shall look to the Liquidating Trustee personally or the Trustee's Firm for the payment of any such expense or liability.  The indemnification provided in this Section 6.3 shall survive the death, dissolution, incapacity, resignation, or removal of the Liquidating Trustee, Indemnified Party, or the termination of the Liquidating Trust, and shall inure to the benefit of each Indemnified Party's heirs and assigns.  If the Trustee becomes involved in any action, lawsuit, proceeding, or investigation in connection with any matter arising directly or indirectly out of or in connection with the Plan, this Agreement, Confirmation Order, or the affairs of the Liquidating Trust, the Liquidating Trust shall periodically advance or otherwise reimburse on demand the reasonable legal and other expenses including, without limitation, the cost of any investigation and preparation and attorney's fees, disbursements, and related expenses of the Liquidating Trustee incurred in connection therewith as a Trust Expense, but the Trustee shall be required to repay promptly to the Liquidating Trust the amount of any such advanced or reimbursed expense paid to the Liquidating Trustee to the extent that it shall be ultimately determined by Final Order that the Liquidating Trustee engaged in fraud, willful misconduct, or gross negligence in connection with the affairs of the Liquidating Trustee with respect to which such expenses were paid.  The Liquidating Trust shall indemnify and hold harmless the officers, employees, agents, affiliates, and professionals of the Liquidating Trust and the Liquidating Trustee to the same extent as provided in this Section 6.3 for the Liquidating Trustee.  The provisions of this Section 6.3 shall remain available to any former Liquidating Trustee

or the estate of any decedent Liquidating Trustee.  The indemnification provided hereby shall be a
Trust Expense.

## ARTICLE VII
## SELECTION, REMOVAL AND COMPENSATION OF TRUSTEE

7.1     <u>Appointment</u>.  The Liquidating Trustee has been selected pursuant to the provisions
of the Plan to effectuate an orderly and efficient transition of the administration, in accordance
herewith, of the Liquidating Trust Assets for the benefit of the Liquidating Trust Beneficiaries.

7.2     <u>Term of Service</u>.  The Liquidating Trustee shall serve until the earlier to occur of
(a) the termination of the Liquidating Trust in accordance with this Agreement and the Plan or
(b) the Liquidating Trustee's death, dissolution, incapacity, resignation, or removal.

7.3     <u>Removal of a Trustee</u>.  Any Person serving as Liquidating Trustee may be removed at
any time for cause.  Any party in interest, on notice and hearing before the Bankruptcy Court, may
seek removal of the Liquidating Trustee for cause.  The Bankruptcy Court shall hear and finally
determine any dispute arising out of this section.  In the event the Liquidating Trustee objects to its
removal, the Trust Assets shall be used to pay the Liquidating Trustee's and its Professional's fees
and expenses relating to such dispute regardless of the outcome.  Notwithstanding the removal of the
Liquidating Trustee pursuant to this Section 7.3, the rights of the resigning Liquidating Trustee
under this Agreement, including all rights of indemnification, with respect to acts or omissions
occurring prior to the effectiveness of such removal will continue for the benefit of such resigning
Liquidating Trustee following the effectiveness of such resignation.

7.4     <u>Resignation of Trustee</u>.  The Liquidating Trustee may resign at any time by giving
prior written notice of its intention to do so to the Persons who were members of the Committee and
its counsel as of the day prior to the Effective Date, and to the Debtors, which notice shall be at least
thirty (30) days unless the resignation is due to a disability or other incapacity.  Without limiting any
other reporting or accounting obligations under the Plan or this Agreement, in the event of a
resignation, the resigning Liquidating Trustee shall file with the Bankruptcy Court a full and
complete written accounting of monies and Liquidating Trust Assets received, disbursed, and held
during the term of office of that Liquidating Trustee.  The resignation shall be effective on the later
to occur of: (a) the date specified in the notice; or (b) the appointment of a successor by the members
of the Committee as of the date of entry of the Confirmation Order, the acceptance by such successor
of such appointment, and the approval of the successor's appointment by the Bankruptcy Court;
<u>provided</u>, that such resignation shall become effective on the date specified in the Liquidating
Trustee's notice without the appointment of a successor Liquidating Trustee if the Insurance
Coverages (as defined below) terminate for any reason other than the Liquidating Trustee's
unreasonable refusal to renew such Insurance Coverages, and <u>provided</u> further that if a successor
Liquidating Trustee is not appointed or does not accept its appointment or if the appointment of a
successor Liquidating Trustee has not been approved by the Bankruptcy Court within sixty (60) days
following delivery of notice of resignation, the resigning Liquidating Trustee may petition the
Bankruptcy Court for the appointment of a successor Liquidating Trustee.  Notwithstanding the
resignation of the Liquidating Trustee pursuant to this Section 7.4, the rights of the resigning
Liquidating Trustee under this Agreement with respect to acts or omissions occurring prior to the

effectiveness of such resignation, including all indemnification rights, will continue for the benefit of such resigning Liquidating Trustee following the effectiveness of such resignation.

7.5     <u>Appointment of Successor Trustee</u>.  Upon the resignation, death, incapacity, or removal of a Liquidating Trustee, a successor Liquidating Trustee shall be appointed by the Bankruptcy Court on an interim or permanent basis, on request of an interested Person or on its own motion.  Any successor Liquidating Trustee so appointed shall consent to and accept in writing the terms of this Agreement and agrees that the provisions of this Agreement shall be binding upon and inure to the benefit of the successor Liquidating Trustee.

7.6     <u>Powers and Duties of Successor Trustee</u>.  A successor Liquidating Trustee shall have all the rights, privileges, powers, and duties of its predecessor under this Agreement and the Plan. Notwithstanding anything to the contrary herein, a removed or resigning Liquidating Trustee shall, when requested in writing by the successor Liquidating Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidating Trustee under the Liquidating Trust all the estates, properties, rights, powers, and trusts of such predecessor Liquidating Trustee.

7.7     <u>Trust Continuance</u>.  The death, resignation, dissolution, incapacity or removal of the Liquidating Trustee shall not terminate the Liquidating Trust or revoke any then-existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Liquidating Trustee.

7.8     <u>Compensation and Costs of Administration</u>.  The Liquidating Trustee shall receive fair and reasonable compensation for its services as determined by agreement between the Liquidating Trustee and the Committee plus all reasonable costs and expenses, which shall be charged against and paid out of the Liquidating Trust Assets without further Bankruptcy Court approval or order (subject to the limitations set forth in this Agreement and the Plan).  All costs, expenses, and obligations, including filing fees, incurred by the Liquidating Trustee (or professionals who may be employed by the Liquidating Trustee in administering the Liquidating Trust and Liquidating Trust Assets, in carrying out their responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid from the applicable Liquidating Trust Assets prior to any distribution to the Liquidating Trust Beneficiaries without further Bankruptcy Court approval or order (subject to the limitations set forth in this Agreement and the Plan).

7.9     <u>Periodic Reporting; Filing Requirements</u>.

7.9.1.   The Liquidating Trustee shall provide the U.S. Trustee and Bankruptcy Court the information and reports they may reasonably request concerning Liquidating Trust administration.

7.9.2.   The Liquidating Trustee shall file tax returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and any other applicable laws or regulations with the Liquidating Trust Beneficiaries treated as the grantors of the Liquidating Trust for federal income tax purposes in respect of their Liquidating Trust Interests.  In addition, the Liquidating Trustee shall file in a timely manner such other tax returns as are required by applicable law and pay any taxes shown as due thereon. The Liquidating Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Liquidating Trustee's reasonable

sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

7.9.3.   The tax returns filed by the Liquidating Trustee shall report all Liquidating Trust earnings for the taxable year being reported.  The "taxable year" of the Liquidating Trust shall be the "calendar year" as those terms are defined in I.R.C Section 441.

7.10    Prohibited Use of Liquidation Trust Assets.  Except as required in the performance of its duties, the Liquidating Trustee shall, while serving as Liquidating Trustee under this Agreement, shall not use for personal gain any material, non-public information of or pertaining to the Liquidating Trust Assets.

## ARTICLE VIII
## MAINTENANCE OF RECORDS

8.1    The Liquidating Trustee shall maintain accurate records of the administration of Liquidating Trust Assets, including receipts and disbursements and other activity of the Liquidating Trust. The Claims Register may serve as the Liquidating Trustee's register of beneficial interests held by Liquidating Trust Beneficiaries. The books and records maintained by the Liquidating Trustee and any records of the Debtors transferred to the Liquidating Trust may be disposed of by the Liquidating Trustee at the later of (i) such time as the Liquidating Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Liquidating Trust or its Liquidating Trust Beneficiaries and (ii) upon the termination and completion of the winding down of the Liquidating Trust.

## ARTICLE IX
## DURATION OF TRUST

9.1    Duration.  This Agreement shall remain and continue in full force and effect until the Liquidating Trust is terminated in accordance with the provisions of this Agreement and the Plan.

9.2    Termination of the Trust.  The Liquidating Trustee and the Liquidating Trust shall be discharged or terminated, as the case may be, at such time as all Distributions required to be made by the Liquidating Trustee to the Liquidating Trust Beneficiaries have been made, but in no event shall the Liquidating Trust be terminated later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such fifth anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six (6) months before the end of the preceding extension), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, unless a favorable letter ruling from the Internal Revenue Service that any further extension would not adversely affect the status of the Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Liquidating Trust Assets.  The Liquidating Trust may not be terminated at any time by the Liquidating Trust Beneficiaries.  In connection with the termination of the Liquidating Trust, notwithstanding other provisions hereof, including section 3.1, any remaining Liquidating Trust Assets that the Liquidating Trustee determines, in its sole discretion, are of inconsequential value or otherwise insufficient to support the cost of a distribution, may be

transferred by the Liquidating Trustee to a non-profit charitable organization qualifying under section 501(c)(3) of the IRC.

9.3     Continuance of Trust for Winding Up.  After the termination of the Liquidating Trust and for the purpose of liquidation and winding up the affairs of the Liquidating Trust, the Liquidating Trustee shall continue to act as such until its duties have been fully performed, including such post-distribution tasks as necessary to wind up the affairs of the Liquidating Trust.  Subject to the provisions of Section 8.1 hereof, after the termination of the Liquidating Trust, the Liquidating Trustee, for a time, may (but is under no obligation) retain or cause to be retained certain books, records, Liquidating Trust Beneficiary lists, and certificates and other documents and files that shall have been delivered to or created by the Liquidating Trustee.  Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Liquidating Trust and final distribution of the Liquidating Trust, the Liquidating Trustee shall have no further duties or obligations hereunder. Notwithstanding anything to the contrary herein, upon termination of the Liquidation Trust, the Liquidating Trustee may destroy all books, records, correspondence, and all other paper and electronic documentation from related to the Liquidation Trust.

9.4     No Termination by Beneficiaries.  The Liquidating Trust may not be terminated at any time by the Liquidating Trust Beneficiaries.

## ARTICLE X
## MISCELLANEOUS

10.1     Books and Records.  The Debtors shall reasonably cooperate with the Liquidating Trust and the Liquidating Trustee regarding information pertaining to the Liquidating Trust Assets, including the Debtors' personnel and books and records upon request; in order to allow the Liquidating Trustee to (i) discharge its duties in reconciling and prosecuting objections to Claims and (ii) prosecute, settle, and enforce the Causes of Action.

10.2     Preservation of Privilege.  The Debtors, as applicable, and the Liquidating Trust shall be deemed to be working in common interest whereby the Debtors will be able to share documents, information or communications (whether written or oral), including as relating to Claims and Causes of Action, subject to a common interest privilege. The Liquidating Trust shall seek to preserve and protect all applicable privileges attaching to any such documents, information, or communications. The Liquidating Trustee's receipt of such documents, information, or communications shall not constitute a waiver of any privilege.

10.3     Notices.  Unless otherwise expressly provided herein, all notices to be given to Liquidating Trust Beneficiaries may be given by ordinary mail, or may be delivered personally, to the holders at the addresses appearing on the books kept by the Liquidating Trustee.  Any notice or other communication which may be or is required to be given, served, or sent to the Liquidating Trust shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery (if receipt is confirmed) addressed as follows:

If to the Liquidating Trust:



10.4    No Bond / Insurance.  Notwithstanding any state law to the contrary, the Liquidating Trustee (including any successor) shall be exempt from giving any bond or other security in any jurisdiction, unless the Liquidating Trustee decides in its reasonable judgment to obtain such bond or other security.   The Liquidating Trustee is hereby authorized, but not required to obtain all reasonable insurance coverage for itself, its agents, representatives, employees or independent contractors, including coverage with respect to the liabilities, duties and obligations of the Liquidating Trustee and its agents, representatives, employees or independent contractors under this Agreement and the Plan ("Insurance Coverages").  The cost of any such Insurance Coverage shall be an expense of the Liquidating Trust and paid out of the Liquidating Trust Assets.

10.5    Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of Texas (excluding conflict of laws rules), including all matters of validity, construction, and administration; provided, however, that there shall not be applicable to the Liquidating Trust, the Liquidating Trustee, or this Agreement, any provisions of the laws (statutory or common) of the State of Texas pertaining to trusts that relate to or regulate, in a manner inconsistent with the terms hereof, (i) the filing with any court or governmental body or agency of trustee accounts or schedule of trustee fees and charges, (ii) affirmative requirements to post bonds for trustees, officers, agents or employees of a trust, (iii) the necessity for obtaining court or other governmental approval concerning the acquisition, holding or disposition of real or personal property, (iv) fees or other sums payable to trustees, officers, agents or employees of a trust, (v) the allocation of receipts and expenditures to income and principal, (vi) restrictions or limitations on the permissible nature, amount or concentration of trust investments or requirements relating to the titling, storage or other manner of holding or investing trust assets, or (vii) the establishment of fiduciary or other standards or responsibilities or limitations on the acts or powers of trustees.

10.6    Successors and Assigns.  This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns.

10.7    Headings.  The various headings of this Agreement are inserted for convenience only and shall not affect the meaning or understanding of this Agreement or any provision hereof.

10.8    Cumulative Rights and Remedies.   The rights and remedies provided in this Agreement are cumulative and not exclusive of any rights and remedies under law or in equity.

10.9    No Execution.  All funds in the Liquidating Trust shall be deemed *in custodia legis* until such times as the funds have actually been paid to or for the benefit of a Liquidating Trust Beneficiary, and no Liquidating Trust Beneficiary or any other Person can execute upon, garnish or attach the Liquidating Trust Assets or the Liquidating Trust in any manner or compel payment from the Liquidating Trust except by Final Order of the Bankruptcy Court.  Payment will be solely governed by this Agreement and the Plan.

10.10    Intention of Parties to Establish Grantor Trust.  This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a grantor trust.   Consistent with Revenue Procedure 82-58, 1982-2 C.B. 847, as amplified by Revenue Procedure 91-15, 1991-1 C.B. 484 and Revenue Procedure 94-45, 1994-2 C.B. 684, the Liquidating Trust shall be treated as a liquidating trust pursuant to Treasury Regulation Section 301.7701-4(d) and as a grantor trust pursuant to

Sections 671-677 of the Internal Code of 1986 as amended ("IRC").  As such, for federal income tax purposes, the Liquidating Trust Beneficiaries will be treated as both the grantors and the deemed owners of the Liquidating Trust.

10.11   Tax Treatment of Reserves for Disputed Claims.  The Liquidating Trustee shall maintain reserves for Disputed Claims as provided in the Plan. The Liquidating Trustee may, in the Liquidating Trustee's sole discretion, determine the best way to report for tax purposes with respect to any reserve for any Disputed Claims of Liquidating Trust Beneficiaries, including, but not limited to, (i) filing a tax election to treat any and all reserves for Disputed Claims as a Disputed Ownership Fund ("DOF") within the meaning of Treasury Regulation Section 1.468B-9 for federal income tax purposes rather than to tax such reserve as a part of the Liquidating Trust or (ii) electing to report as a separate trust or sub-trust or other entity.  If an election is made to report any reserve for Disputed Claims as a DOF, the Liquidating Trust shall comply with all federal and state tax reporting and tax compliance requirements of the DOF, including, but not limited to, the filing of a separate federal tax return for the DOF and the payment of federal and/or state income tax due.  For the avoidance of doubt, all of the Liquidating Trust's income shall be treated as subject to tax on a current basis consistent with Revenue Procedure 82-58, 1982-2, C.B. 847, as amplified by Revenue Procedure 91-15, 1991-1 C.B. 484 and Revenue Procedure 94-45, 1994-2 C.B. 684.

10.12   Amendment.  The Liquidating Trustee may, from time to time, modify, supplement, or amend this Agreement but only to clarify any ambiguity or inconsistency, or render the Agreement in compliance with its stated purposes, and only if such amendment does not materially and adversely affect the interests, rights, treatment, or Distributions of any Liquidating Trust Beneficiary.  The Liquidating Trustee, with the approval of the Bankruptcy Court may, from time to time, modify, supplement, or amend this Agreement in any way that is not inconsistent with the Plan or the Confirmation Order.

10.13   Waiver.  No failure by any Party to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

10.14   Severability.  If any term, provision, covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable, or against its regulatory policy, the remainder of the terms, provisions, covenants, and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

10.15   Further Assurances.  Without limitation of the generality of Section 2.4 of this Agreement, the Parties agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes and provide for the full implementation of this Agreement and the pertinent provisions of the Plan, and to consummate the transactions contemplated hereby.

10.16   Counterparts and Facsimile Signatures.  This Agreement may be executed in counterparts and a facsimile or other electronic form of signature shall be of the same force and effect as an original.

10.17   <u>Interpretation</u>.  Use of the word "including" necessarily means "including without limitation" without repeating same each time "including" is used in this Liquidation Trust Agreement.

10.18   <u>Jurisdiction</u>.  The Bankruptcy Court shall have jurisdiction regarding the Liquidating Trust, the Liquidating Trustee, and the Liquidating Trust Assets, including the determination of all disputes arising out of or related to administration of the Liquidating Trust.  The Bankruptcy Court shall have continuing jurisdiction and venue to hear and finally determine all disputes and related matters arising out of or related to this Agreement or the administration of the Liquidating Trust. The parties expressly consent to the Bankruptcy Court hearing and exercising such judicial power as is necessary to finally determine all such disputes and matters.  If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under, or related to the Chapter 11 Cases, including the matters set forth in this Agreement, then the provisions of this Agreement shall have no effect on and shall not control, limit, or prohibit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter, and all applicable references in this Agreement to an order or decision of the Bankruptcy Court shall instead mean an order or decision of such other court of competent jurisdiction.

*[The remainder of this page is intentionally left blank.]*

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year written above.

**DEBTORS**:
Spherature Investments LLC *et al.*

By: _____
Name:
Title:

**LIQUIDATING TRUSTEE**:
Joseph M. Coleman, solely in his capacity as
Liquidating Trustee

By: _____